**07 CV 3219**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GMA ACCESSORIES, INC.

               Plaintiff,

    - against -

BOP, LLC, GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SOLNICKI,
BELMONDO and EMINENT, INC.

             Defendants.
-----------------------------------------------------------X

**COMPLAINT and Jury Demand**

Civil Action No.

*RECEIVED APR 20 2007 U.S.D.C. S.D.N.Y. CASHIERS*

Plaintiff, GMA Accessories, Inc., (hereinafter "GMA"), brings this complaint against, Defendants BOP, LLC (hereinafter "BOP") and GIRLSHOP, INC. (hereinafter "GIRLSHOP") and SHOWROOM SEVEN STUDIOS, INC. (hereinafter "SHOWROOM") and JONATHAN SOLNICKI ("hereinafter "SOLNICKI") and BELMONDO (hereinafter "BELMONDO") and EMINENT, INC. (hereinafter "EMINENT") alleging upon information and belief as follows:

### PARTIES

1. Plaintiff, GMA ACCESSORIES, INC. (hereinafter referred to as "GMA"), is a corporation, duly organized and existing under the laws of the State of New York, with a place of business at 1 East 33rd Street, New York, New York.

2. GMA does business as "Capelli New York".

3. Defendant BOP is a limited liability company duly organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 101 East Badger Road, Madison, WI 53713.

4. Defendant GIRLSHOP is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 154 West 14th Street, 9th Floor, New York, NY 10011.

5. Defendant SHOWROOM is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 498 7th Avenue, 24th Floor, New York, NY 10018.

6. Defendant SOLNICKI is an individual residing at Martin Lezica 3098 – B1642GJB San Isidro – Buenos Aires, Argentina.

7. Defendant BELMONDO is an unorganized business with its principal place of business located at 605 Hwy 35, Shrewsbury, NJ 07702.

8. Defendant EMINENT is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 16000 Canary Ave., La Mirada, CA 90638.

9. Defendants are using CHARLOTTE and/or CHARLOTTE SOLNICKI to display, market, distribute, sell, and/or offer for sale merchandise to the public.

10. Defendants have in the past displayed, marketed, distributed, sold, and/or offered for sale merchandise in connection with the CHARLOTTE mark (hereinafter "past infringing items").

11. EMINENT uses the website www.revolveclothing.com to further infringe upon the CHARLOTTE mark.

12. BELMONDO uses the website www.girldujour.com to further infringe upon the CHARLOTTE mark.

13. SOLNICKI uses the website www.charlottesolnicki.com to further infringe upon the CHARLOTTE mark.

2

14. BOP uses the website www.shopbop.com to further infringe upon the CHARLOTTE mark.

15. GIRLSHOP uses the website www.girlshop.com to further infringe upon the CHARLOTTE mark.

## JURISDICTION AND VENUE

16. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b). The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

17. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

18. The Mark CHARLOTTE has been continuously used, on a nationwide basis, in connection with GMA's products since 1996, and GMA has incurred substantial expense in promoting and advertising its products under the Mark.

19. Each of GMA's CHARLOTTE registrations pre-date the Defendants' first use of the CHARLOTTE mark.

20. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

21. Since 1999, GMA has been and is now the owner of Registration # 2,216,405 for the mark CHARLOTTE in International Class 26. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

22. Since 1999, GMA has been and is now the owner of Registration # 2,217,341 for the mark CHARLOTTE in International Class 18. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

23. Since 2002, GMA has been and is now the owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25. This mark has been deemed uncontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

24. Since 2002, GMA has been and is now the owner of Registration # 2,561,025 for the mark CHARLOTTE in International Class 9.

25. GMA is also the owner of the mark CHARLOTTE & Friends, which is the subject of 6 additional federal trademark registrations. ("CHARLOTTE" and "CHARLOTTE & Friends" are hereinafter collectively referred to as the "GMA Marks.")

26. In November of 2001, Opposer was assigned all rights to Registration # 1135037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979.

27. The GMA Marks consist of words only, with the dominant word CHARLOTTE prominently appearing in block letters.

28. The use of the word CHARLOTTE in the GMA Marks in connection with GMA's products is arbitrary.

29. Defendants were aware of the GMA marks before they began using CHARLOTTE to identify their goods.

30. Defendants are now using the mark CHARLOTTE to identify their goods.

31. Defendants are intentionally infringing upon the GMA marks.

32. Defendants are infringing in bad faith.

33. Prior to using the CHARLOTTE mark, Defendants failed to conduct a trademark search.

34. Defendants commenced use of the CHARLOTTE mark after December, 2004.

35. The CHARLOTTE mark is inherently distinctive as it pertains to the goods that are the subject of this proceeding.

36. GMA's use of CHARLOTTE has substantial secondary meaning in the marketplace.

37. Since at least summer of 2006, Defendants have advertised their products as CHARLOTTE brand.

38. Since at least the summer of 2006, DEFENDANTS have sold an infringing line of "CHARLOTTE" brand clothing.

39. The past and present infringing items are products closely related to those for which GMA owns registered trademarks.

40. The past and present infringing goods are in Class 25.

41. Plaintiff has priority over defendants in the CHARLOTTE mark for products in Class 25.

42. Defendants have been offering for sale products using a confusingly similar name, e.g., "CHARLOTTE" Collection, CHARLOTTE and/or CHARLOTTE SOLNICKI.

43. Defendants, by their acts as aforesaid, have taken advantage of the creative skill of PLAINTIFF, and of the good will developed by PLAINTIFF, and have capitalized upon advertisements for CHARLOTTE.

44. The Defendants' use of PLAINTIFF's word mark results in confusion as to

sponsorship, association, source and origin of the party's products.

45. Defendants have extensively advertised, promoted, marketed and sold their products under names CHARLOTTE and/or CHARLOTTE SOLNICKI.

46. Having adopted the mark after plaintiff, defendants are the junior users of the mark.

## COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

47. GMA repeats and realleges the allegations of paragraphs 1 through 46 as if fully set forth herein.

48. Long after the adoption and use by GMA of the CHARLOTTE Trademark, and with at least constructive notice of the registration of the GMA Trademarks, Defendants have and continue to knowingly and intentionally use reproductions, copies or colorable imitations of the CHARLOTTE Trademarks to market, promote, identify design, manufacture, sell and distribute their products.

49. Defendants continue to inject their products into commerce with the express intent of profiting from GMA's valuable registered trademarks.

50. The acts of Defendants complained of herein have been without the authorization or consent of GMA.

51. The activities of Defendants, complained of herein, constitute willful and intentional infringement of the GMA Trademarks in violation of Section 35 of the Lanham Act, 15 U.S.C. Section 1114(1), have improperly caused trade to be diverted from GMA and have caused and will continue to cause irreparable harm and injury to GMA.

## COUNT II - VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

52. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 51 as if fully set forth herein.

53. Section 360-1 of the New York General Business Law provides: "Likelihood of injury to business or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark . . . or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen.Bus. Law sec. 360-1.

54. Defendants have engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale products using the same, or similar CHARLOTTE word mark and upon information and belief continues to fill purchase orders using the word CHARLOTTE and/or CHARLOTTE SOLNICKI for this product.

55. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of the Plaintiff's products.

56. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association of the Plaintiff's products with the Defendants' products.

57. PLAINTIFF has not consented to any sponsorship, approval, status, affiliation, or connection with the Defendants' products.

58. PLAINTIFF has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to injunctive relief, pursuant to N.Y.Gen.Bus.Law 360-1.

**COUNT III – UNFAIR <u>COMPETITION UNDER NEW YORK'S COMMON LAW</u>**

59. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in acts of trademark infringement, unfair competition and misappropriation in violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 58 as if fully set forth herein.

60. Defendants have infringed PLAINTIFF's trademarks and continue to do so, by manufacturing, marketing and/or selling products that infringe the CHARLOTTE trademark

61. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

62. Upon information and belief, Defendants intend that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

63. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendants' acts are restrained by this Court, Defendants' deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

64. Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to

affiliation, connection, or association with PLAINTIFF, or origin, sponsorship, or affiliation of Plaintiff's products by Defendants.

65. Defendants' acts have harmed PLAINTIFF's reputation and have severely damaged PLAINTIFF's goodwill.

66. Upon information and belief Defendants' acts are an attempt to deceive the public. The public is likely to be confused as to the source and origin of Plaintiff's products.

67. Defendants have misappropriated PLAINTIFF's trade name, and upon information and belief continue to do so, by selling products that is ordered under a mark that is confusingly similar to PLAINTIFF's line of "CHARLOTTE" products.

68. Defendants' trade name infringement is in violation of the common law of New York.

69. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of PLAINTIFF's trademark, unfair competition, palming-off and passing-off against PLAINTIFF, and unjust enrichment by Defendants, all in violation of PLAINTIFF's rights under the common law of New York.

70. Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with PLAINTIFF, or origin, sponsorship, or affiliation of Plaintiff's products by Defendants.

71. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of the parties' products.

72. Upon information and belief, Defendants' actions have been willful and deliberate.

73. GMA has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' deceptive business practices and therefore PLAINTIFF is entitled to injunctive relief under New York Common Law.

**WHEREFORE**, PLAINTIFF prays:

A.  That this Court adjudge that the Defendants have infringed, tarnished and diluted GMA's CHARLOTTE trademark, competed unfairly, engaged in deceptive trade and business practices, and committed consumer fraud as set forth in this Complaint, in violation of PLAINTIFFS' rights under the Lanham Act, 15 U.S.C. §§ 1114, New York statutory and common law.

B.  That Defendants, and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, CHARLOTTE and/or CHARLOTTE SOLNICKI and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with CHARLOTTE or CHARLOTTE SOLNICKI or (3) from in any other way infringing PLAINTIFF's "CHARLOTTE" word mark. Including, in particular, that Defendants be preliminarily and permanently enjoined and restrained directly or indirectly from:

  (1)  Using the CHARLOTTE or CHARLOTTE SOLNICKI Trademark, or any other confusingly similar marks, in connection with the advertising, distribution, promotion, offering for sale or sale of Defendants line of "CHARLOTTE" products.

  (2)  Holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark;

  (3)  Performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion to cause mistake or to deceive, or to

otherwise mislead the trade or public into believing that CHARLOTTE and the Defendants are one and the same or are in any way connected, or that Defendants are a sponsor of Plaintiff, or that Defendants and Plaintiff are in any manner affiliated or associated with or under the supervision or control of each other, or that Plaintiff's products originate from Defendants or are otherwise manufactured, offered for sale or sold with approval, consent authorization, or under the supervision of Defendants, to engage in any other activity which may lead the trade or public to associate Defendants with PLAINTIFF;

(4) Using any words, names, styles, titles or marks, either individually or otherwise, which create a likelihood of injury to the business reputation of PLAINTIFF, or a likelihood of dilution of PLAINTIFF's Trademark and the goodwill associated therewith;

(5) Engaging in any other practices, including those complained of herein, which tend to unfairly compete with or injure PLAINTIFF's business and the goodwill appertaining thereto;

(6) Effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) through (6) hereof.

C. That Defendants be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the infringed "CHARLOTTE" (including CHARLOTTE SOLNICKI) word mark, and any plates, molds, and other materials for making such infringing products.

D. That Defendants be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs B and C, pursuant to 15 U.S.C. 1116(a).

E. That GMA recover Defendants' profits arising from Defendants' acts of trademark infringement, trademark dilution, false designation of origin, dilution, tarnishment, false description or representation, unfair competition, deceptive trade and business practices, and consumer fraud pursuant to 15 U.S.C. 1117(a).

F. That the Court treble such damages as awarded pursuant to 15 U.S.C. 1117(a).

G. That GMA recover pre-judgment and post-judgment interest on each and every award.

H. That GMA recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a).

I. That GMA have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a).

J. That GMA have such other and further relief as the Court may deem just and proper.

K. That GMA at its option be awarded statutory damages of $1 million in lieu of actual damages pursuant to 1117(a).

L. That the website www.charlottesolnicki.com be removed from the world wide web.

## JURY DEMAND

GMA respectfully requests a trial by jury as to all issues.

Dated: New York, New York
April 20, 2007

Respectfully Submitted,

THE BOSTANY LAW FIRM

By: /s/ Andrew T. Sweeney
ANDREW T. SWEENEY (AS-0724)
Attorney for Plaintiff GMA Accessories, Inc.
40 Wall Street, 61st Floor
New York, New York 10005
(212) 530-4400