UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMA ACCESSORIES, INC.<br><br>                          Plaintiff,<br><br>v.<br><br>BOP, LLC, GIRLSHOP, INC., SHOWROOM SEVEN STUDIOS, INC., JONATHAN SOLNICKI, BELMONDO, and EMINENT, INC.<br><br>                          Defendants. | No. 07 CIV 3219 (LTS)<br><br>ANSWER OF DEFENDANT EMINENT, INC. TO THE AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendant Eminent, Inc. ("Eminent"), through its counsel, Garvey Schubert Barer, as and for its Answer to the Amended Complaint filed by GMA Accessories, Inc. ("GMA"), states as follows:

      1.      Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Amended Complaint.

      2.      Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Amended Complaint.

      3.      Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Amended Complaint.

      4.      Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Amended Complaint.

      5.      Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Amended Complaint.

6.  Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Amended Complaint.

7.  Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Amended Complaint.

8.  Defendant Eminent denies the allegations of paragraph 8, except that it admits that is principal place of business is located at 16000 Canary Ave., La Mirada, CA 90638.  Eminent further avers that it is incorporated under the laws of the State of Delaware.

9.  Defendant Eminent denies the allegations of paragraph 9 insofar as they concern Eminent, except that it admits that clothing identified as "Charlotte Solnicki" is currently offered for sale on Eminent's website.  Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 with regard to all defendants other than Eminent.

10. Defendant Eminent denies the allegations of paragraph 10 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website.  Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 with regard to all defendants other than Eminent.  Further, Defendant Eminent notes that "the CHARLOTTE mark" is an unidentified entity or undefined term in the Amended Complaint.

11. Defendant Eminent denies the allegations of paragraph 11, except that it admits that Eminent operates a website with the IP address www.revolveclothing.com.

12. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Amended Complaint.

16. The allegations contained in paragraph 16 of the Amended Complaint constitute conclusions of law, to which no response is required.

17. The allegations contained in paragraph 17 of the Amended Complaint constitute conclusions of law, to which no response is required.

18. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Amended Complaint.

21. The allegations contained in paragraph 21 of the Amended Complaint constitute conclusions of law, to which no response is required.

22. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Amended Complaint.

26. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Amended Complaint.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 27 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27. Further, Defendant Eminent notes that "Opposer" is an unidentified entity or undefined term in the Amended Complaint.

28. The allegations contained in paragraph 28 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 28 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. The allegations contained in paragraph 29 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 29 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

29. Defendant Eminent denies the allegations of paragraph 30 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Defendant Eminent denies the allegations of paragraph 31 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website." Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 with regard to all defendants other than Eminent.

32. Defendant Eminent denies the allegations of paragraph 32 insofar as they concern Eminent, except that it admits that clothing identified as "Charlotte Solnicki" is currently offered for sale on Eminent's website. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 with regard to all defendants other than Eminent.

33. Defendant Eminent denies the allegations of paragraph 33 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Defendant Eminent denies the allegations of paragraph 34 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Defendant repeats its response as to paragraph 31. Eminent denies the allegations of paragraph 35 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Defendant repeats its response as to paragraph 31. Defendant Eminent denies the allegations of paragraph 36 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website." Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. The allegations contained in paragraph 37 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 37 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. The allegations contained in paragraph 38 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 38 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Defendant repeats its response as to paragraph 31. Defendant Eminent denies the allegations of paragraph 39 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte,"

either standing alone or in conjunction with other names, through its website." Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. Defendant repeats its response as to paragraph 31. Defendant Eminent denies the allegations of paragraph 40 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website." Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. The allegations contained in paragraph 41 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 41 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. The allegations contained in paragraph 42 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 42 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. The allegations contained in paragraph 43 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 43 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.     Defendant Eminent repeats its responses to paragraphs 1 through 43 of the Amended Complaint.

45.     The allegations contained in paragraph 45 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 45 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.     Defendant Eminent denies the allegations of paragraph 46 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.     Defendant Eminent denies the allegations of paragraph 47 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.     Defendant Eminent denies the allegations of paragraph 48 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.     Defendant Eminent denies the allegations of paragraph 49 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website." Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49.

50. The allegations contained in paragraph 50 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 50 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. Defendant Eminent denies the allegations of paragraph 51 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52. Defendant Eminent admits that is have never sought any authorization or consent from GMA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53. Defendant Eminent denies the allegations of paragraph 53 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. The allegations contained in paragraph 54 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 54 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. The allegations contained in paragraph 55 constitute conclusions of law, to which no response is required, otherwise Defendant Eminent repeats its responses to paragraphs 1 through 54 of the Amended Complaint.

56. The allegations contained in paragraph 56 constitute conclusions of law, to which no response is required.

57. The allegations contained in paragraph 57 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 57 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. The allegations contained in paragraph 58 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 58 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59. The allegations contained in paragraph 59 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 59 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 60 of the Amended Complaint.

61. The allegations contained in paragraph 61 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 61 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62. The allegations contained in paragraph 62 constitute conclusions of law, to which no response is required, otherwise Defendant Eminent repeats its responses to paragraphs 1 through 61 of the Amended Complaint.

63. The allegations contained in paragraph 63 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 63 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64. The allegations contained in paragraph 64 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 64 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65. The allegations contained in paragraph 65 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 65 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66. The allegations contained in paragraph 66 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 66 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67. Defendant Eminent denies the allegations of paragraph 67 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67.

68. Defendant Eminent denies the allegations of paragraph 68 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69. Defendant Eminent denies the allegations of paragraph 69 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70. The allegations contained in paragraph 70 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 70 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. The allegations contained in paragraph 71 constitute conclusions of law, to which no response is required.

72. The allegations contained in paragraph 72 constitute conclusions of law, to which no response is required.

73. The allegations contained in paragraph 73 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 73 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74.     Defendant Eminent denies the allegations of paragraph 74 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.     The allegations contained in paragraph 75 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 75 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.     The allegations contained in paragraph 76 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 76 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77.     Defendant Eminent repeats its responses to paragraphs 1 through 76 of the Amended Complaint.

78.     The allegations contained in paragraph 78 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 78 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79. The allegations of paragraph 79 do not concern Eminent, thus no response is required.

80. The allegations contained in paragraph 80 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 80 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81. The allegations of paragraph 81 do not concern Eminent, thus no response is required.

82. The allegations of paragraph 82 do not concern Eminent, thus no response is required.

83. The allegations contained in paragraph 83 constitute conclusions of law, to which no response is required. The allegations of paragraph 83 do not concern Eminent, thus no response is required.

84. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84 of the Amended Complaint.

85. The allegations contained in paragraph 85 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 85 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85.

86. Defendant Eminent repeats its responses to paragraphs 1 through 85 of the Amended Complaint.

87.     The allegations contained in paragraph 87 constitute conclusions of law, to which no response is required.

88.     Defendant Eminent denies the allegations of paragraph 88 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website." Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88.

89.     The allegations contained in paragraph 89 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 89 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.

## FIRST AFFIRMATIVE DEFENSE

90.     The Amended Complaint fails to state a claim upon which relief can be granted against Eminent.

## SECOND AFFIRMATIVE DEFENSE

91.     If Eminent infringed or violated any rights of plaintiffs (which it expressly denies), it did so innocently and/or without the necessary scienter or state of mind.

## THIRD AFFIRMATIVE DEFENSE

92.     Plaintiff's prayer for damages is barred on the ground that the remedy for innocent infringement, if proven, is limited to an injunction against the future printing or publishing of the specific infringing material.

## FOURTH AFFIRMATIVE DEFENSE

93. Plaintiff's state law claims are barred by 47 U.S.C. § 230(c) and 17 U.S.C. § 512.

## FIFTH AFFIRMATIVE DEFENSE

94. Plaintiff's prayer for treble damages or profits is barred on the ground that plaintiff has failed to allege or prove facts sufficient to show that Eminent has intentionally used plaintiff's marks knowing that such marks are counterfeit marks.

## SIXTH AFFIRMATIVE DEFENSE

95. The claims asserted in the Amended Complaint are barred in whole or in part by the doctrines of laches, estoppel, failure to use the mark as specified in the registration, failure to use the mark as a trade name, acquiescence and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

96. The claims asserted in the Amended Complaint and the prosecution of this action are in bad faith and, pursuant to 15 U.S.C. § 1117, Eminent seeks an award of all legal fees incurred in defending the action.

## EIGHTH AFFIRMATIVE DEFENSE

97. Eminent has not infringed and is not infringing, directly or indirectly, the Charlotte mark.

## NINTH AFFIRMATIVE DEFENSE

98. Eminent is informed and believes and thereon alleges that plaintiff's Charlotte mark is invalid.

## TENTH AFFIRMATIVE DEFENSE

99.     Eminent is informed and believes and thereon alleges that Plaintiff has misused the alleged trademark and is therefore not entitled to any recovery on the Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

100.    Eminent is informed and believes and thereon alleges that any recovery on the Amended Complaint by plaintiff is barred by the Doctrine of Unclean Hands.

### TWELFTH AFFIRMATIVE DEFENSE

101.    Eminent is informed and believes and thereon alleges that any recovery on the Amended Complaint is barred by the Doctrine of Abandonment.

### THIRTEENTH AFFIRMATIVE DEFENSE

102.    Eminent is informed and believes, and thereon alleges that Eminent's and Plaintiff's goods are sold through dissimilar channels of trade and no likelihood of confusion exists.

### FOURTEENTH AFFIRMATIVE DEFENSE

101.    Eminent is informed and believes, and thereon alleges that Plaintiff's "CHARLOTTE" mark is a weak mark which is widely used and hence is a weak signifier of origin.  Plaintiff's mark is also weak because there are other marks which use the word "Charlotte".  Thus Plaintiff's mark is not distinct and, therefore, no likelihood of confusion exists.

**WHEREFORE**, Defendant Eminent prays that the Court

i.      Dismiss the Amended Complaint in its entirety as against Eminent, with prejudice;

    ii.    Award attorneys' fees, costs and disbursements associated with Eminent's defense of the Amended Complaint, and;

    iii.    Grant such additional relief as the Court deems just and equitable.

Dated: New York, New York
       June 8, 2007

                                          GARVEY SCHUBERT BARER

                                          By __/s/ Roberto Carrillo____
                                               Roberto Carrillo (RC-0721)
                                          100 Wall Street, 20th Floor
                                          New York, New York 10005
                                          (212) 431-8700

                                          Attorneys for Defendant
                                          Eminent, Inc.

### JURY DEMAND

Eminent hereby demands a trial by jury of all issues in this action as provided in Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: New York, New York
       June 8, 2007

                                          GARVEY SCHUBERT BARER

                                          By __/s/ Roberto Carrillo__
                                             Roberto Carrillo (RC-0721)
                                          100 Wall Street, 20th Floor
                                          New York, New York 10005
                                          (212) 431-8700

                                          Attorneys for Defendant
                                          Eminent, Inc.

David Gerard, under penalty of perjury, declares and says:

1. I am over eighteen years of age and I am not a party to this action.

2. On June 8, 2007, I served the following documents:

- ANSWER of DEFENDANT EMINENT, INC.

- NOTICE OF APPEARANCE

- RULE 7.1 DISCLOSURE STATEMENT

by sending a copy by first class mail, postage prepaid, to:

**Andrew Thomas Sweeney**
The Bostany Law Firm
40 Wall Street
New York, NY 10005

**Jeffrey Ross Wang**
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019

**Noel W. Hauser and Associates**
415 Madison Avenue
New York, NY 10017

I declare under penalty of perjury that the foregoing is correct and true.

Dated:    New York, New York
         June 8, 2007

_____
David Gerard