# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

**NEW JERSEY OFFICE**

ONE GATEWAY CENTER
NEWARK, NJ 07102

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 6 2007

July 5, 2007

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

Re: *GMA v. BOP, LLC, et. al*
Docket No.: 07 CV 3219 (LTS)

Your Honor:

    I represent the plaintiff and respectfully request your Honor's assistance with regard to the interpretation of the word "parties" in paragraph 2 of the Court's Initial Conference Order. As the Court is aware, default has been entered by the Clerk as to 3 of the defendants under Rule 55(a) (Solnicki, Showroom Seven and Girlshop) and a consent judgment was entered as to defendant Belmondo. Only BOP and Eminent remain as defendants. BOP is a subsidiary of Amazon.com, and Eminent appears to be another on line clothing website that continues to sell merchandise claimed to infringe upon the CHARLOTTE trademark.

    We have been attempting to get discovery underway with respect to these 2 remaining defendants since May but they refuse to conduct a Rule 26(f) conference based on their view that the Court meant "parties" to include the defaulted defendants and that since the defaulted defendants cannot appear at the 26(f) conference that the conference simply cannot take place.

    Although they finally agreed to hold the conference on June 25 (see attached letters dated June 18), and counsel for both defendants were on the call with me at the scheduled time, they refused to confer until I forwarded them certificates of default. Thus the conference was adjourned to today July 5 at 2 p.m. *See* letter from Mr. Wang dated June 25 attached. I forwarded the certificates of default to the defense lawyers the next day. A copy of my June 26 letter with attachments is respectfully annexed.

Today, both defense lawyers told me at the outset of the conference that they would not proceed even though they had the certificates of default for everyone else in the caption in their hands, now saying that they wanted default judgments to be issued with respect to the defendants in default before they would agree to confer. I spent at least another 15 minutes trying to persuade them that their reasoning was unsound.

Accordingly, I respectfully request permission pursuant to Rule 26(d) to commence discovery and ask that the Court rule that the word "parties" for purposes of its Initial Conference Order, means the plaintiff and defendants that are not in default.

Respectfully,

Andrew T. Sweeney

cc: Jeffrey R. Wang, Esq. (via fax with enclosures)
    Robert Carillo, Esq. (via fax with enclosures)

Defaulted defendants are not required to participate in preparation of the JPPTS, and defendants' obligations under the Initial Conference Order are not interdependent. The parties shall meet, confer and make their submissions in accordance with the Initial Conference Order and Rule 26(f). The Rule 26(f) conference shall be held promptly. Plaintiff's request for an order permitting discovery in advance of the conference is denied without prejudice. SO ORDERED.

5 July 2007

LAURA TAYLOR SWAIN U.S.D.J.