# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

August 17, 2007

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *GMA v. BOP, LLC, et. al*
              Docket No.: 07 CV 3219 (LTS)

Your Honor:

      We represent the plaintiff and respectfully submit the fully execute Preliminary Pre-Trial Statement. On behalf of all parties, we apologize for its lateness.

                                              Respectfully,

                                              Adrienne S. Raps

cc: Jeffrey R. Wang, Esq. (via fax with enclosures)
    Robert Carillo, Esq. (via fax with enclosures)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

GMA ACCESSORIES, INC.

                Plaintiff,                    **PRELIMINARY PRE-TRIAL STATEMENT**

                                                    Civil Action No.: 07CV3219 (LTS)

    - against -

BOP, LLC, GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SOLNICKI,
BELMONDO and EMINENT, INC.

                Defendants.
-------------------------------------------------X

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 26(f) and to section 4 of the Initial Conference Order dated May 16, 2007, the following statements, directions and agreements are adopted as the Preliminary Pre-trial Statement.

                      **a.**     **Nature of Action**

This action arises out of defendants' alleged use of the terms CHARLOTTE and CHARLOTTE SOLNICKI. Plaintiff GMA is the purported owner of the registered mark CHARLOTTE.

                      **b.**     **Jurisdiction**

The Court's jurisdiction is proper because this is an action for unfair competition, federal trademark infringement, federal and state dilution and common law infringement pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1124 and 1125. There is a question of federal law. Diversity of citizenship exists between GMA Accessories, Inc. a corporation based in New York State, BOP, LLC a limited liability company based in

500983.1

Wisconsin, and Eminent, Inc., a corporation based in California. The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. § 1367.

### c. Material Uncontested/Admitted Facts

1. GMA Accessories is a corporation organized under the laws of the state of New York, with its principal place of business at 1 East 33rd Street, New York, New York.

2. BOP, LLC is a limited liability company organized under the laws of Wisconsin, with its principal place of business at 101 East Badger Road, Madison, WI 53713.

3. Eminent, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 16000 Canary Avenue, La Mirada, CA 90638.

4. BOP, LLC admits that clothing identified as "Charlotte Solnicki" is offered for sale on Bop's website.

5. Eminent, Inc. admits that, for a period in the past, it offered for sale goods with the identifier "CHARLOTTE," either standing alone or in conjunction with other names, such as "SOLNICKI" through its website. Eminent also admits that clothing identified as "CHARLOTTE SOLNICKI" is currently offered for sale on Eminent's website.

### d. Uncontested Legal Issues

There are no uncontested legal issues.

### e. Legal Issues to be Decided by the Court

1. Likelihood of confusion between the defendants' alleged use of CHARLOTTE and CHARLOTTE SOLNICKI and plaintiff's CHARLOTTE brand.

2. Whether the alleged trademark is valid.

3. Whether the defendants have infringed the alleged trademark.

4. If any infringement is found, whether that infringement was willful.

5. Whether issuance of an injunction is warranted.

6. Damages for the defendants' alleged use of the mark

### f. Concise Statement of Material Disputed Facts

Plaintiff alleges that Defendants have been willfully infringing on the Plaintiff's CHARLOTTE trademark and that defendants are liable to Plaintiff for damages. Defendants deny all allegations of infringement.

### g. Concise Statement of Plaintiff's Legal Basis of Cause of Actions Asserted (Alleged By Plaintiff Only)

1. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce. 15 U.S.C. § 1114(1); *Gucci America, Inc. v. Exclusive Imports Intern.*, 2007 WL 840128 at * 3 (S.D.N.Y. 2007).

2. Since 2002, GMA has been and is now the owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25. The registration was deemed uncontestable by the United States Patent and Trademark Office

pursuant to section 15 of the Lanham Act on February 14, 2007. This registration includes clothing which is the product that Defendants' identify under the mark CHARLOTTE and/or CHARLOTTE SOLNICKI.

3. Defendants were aware of the GMA marks before they began using CHARLOTTE and/or CHARLOTTE SOLNICKI to identify their goods. 15 U.S.C. §1072; *Toyota Jidosha Kabushiki Kaisha v. Aliments Lexas Inc.*, 2004 WL 1304054 at * 8 (E.D.N.Y. 2004)

4. Defendants are intentionally infringing upon the GMA marks. *International Star v. Tommy Hilfiger*, 80 F.3d 749, 753-754 (2d Cir. 1996); *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 258 (2d Cir. 1987); *Paddington Corp., v. Attiki Importers & Distrib.*, 996 F.2d 577, 587 (2d Cir. 1993).

5. Defendants are infringing in bad faith. *Id.*

6. The Defendants' acts have caused and will continue to cause irreparable harm and injury to GMA by causing Plaintiff to lose control over the mark and leading to consumer confusion over source. *Polymer Technology Corp. v. Mimran*, 975 F.2d 58, 62 (2d Cir. 1992) citing *El Greco Leather Products Co., Inc. v. Shoe World, Inc.* 806 F.2d 392, 395 (2d Cir. 1986); *Frank Brunckhorst Co. v. G. Heileman Brewing Co., Inc.*, 875 F. Supp. 966, 985 (E.D.N.Y. 1994).

7. Defendants are engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute. N.Y. Gen.Bus. Law sec. 360-1; *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1048 (2d Cir. 1992); *Friesland Brands, B.V. v. Vietnam Nat. Milk Co.*, 228 F.Supp.2d 399, 413-14 (S.D.N.Y. 2002); *New York Stock Exchange, Inc. v. New York, New York*

*Hotel, LLC*, 69 F.Supp. 2d 479, 490 (S.D.N.Y. 1999).

8. Defendants have engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale products using the same, or similar CHARLOTTE word mark and upon information and belief continue to fill purchase orders using the word CHARLOTTE and/or CHARLOTTE SOLNICKI for this product. *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 216 (2d Cir. 1999); *Friesland Brands, B.V. v. Vietnam Nat. Milk Co.*, 228 F.Supp.2d 399, 412 (S.D.N.Y. 2002).

9. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of the Plaintiff's products. *Banff Ltd. v. Federated Department Stores, Inc.*, 841 F.2d 846, 490-91 (2d Cir. 1988).

10. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of PLAINTIFF's trademark, unfair competition, palming-off and passing-off against PLAINTIFF, and unjust enrichment by Defendants, all in violation of PLAINTIFF's rights under the common law of New York; *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 216 (2d Cir. 1999); *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1048 (2d Cir. 1992); *Friesland Brands, B.V. v. Vietnam Nat. Milk Co.*, 228 F.Supp.2d 399, 413-14 (S.D.N.Y. 2002); *Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F.Supp.2d 305, 328 (S.D.N.Y. 2000); *New York Stock Exchange, Inc. v. New York, New York Hotel, LLC*, 69 F.Supp. 2d 479, 490 (S.D.N.Y. 1999).

11. <u>Defendants have imported the infringing goods into the United States from Buenos Aires, Argentina in violation of 15 U.S.C. Section 1125(b).</u>

12. Defendants' use of the CHARLOTTE mark is counterfeiting and PLAINTIFF has been irreparably damaged, and will continue to be damaged by the sale of Defendants' counterfeit goods. 15 U.S.C. Sections 1114(1) and 1116(d)(1)(B)(i); *Playboy Enterprises, Inc., v. Universal Tel-A-Talk, Inc.*, 1998 WL 288423 (E.D. Pa. 1998).

13. GMA is entitled to recover actual profits arising from Defendants' acts of trademark infringement, trademark dilution, false designation of origin, dilution, tarnishment, false description or representation, unfair competition, deceptive trade and business practices, and consumer fraud. 15 U.S.C. 1117(a).

14. GMA is entitled to treble damages. 15 U.S.C. 1117(b).

15. GMA is entitled to recover pre-judgment and post-judgment interest on each and every award.

16. GMA is entitled to recover its reasonable attorney fees incurred in this action. 15 U.S.C 1117(a).

17. GMA is entitled to recover its taxable costs and disbursements incurred in this action. 15 U.S.C. 1117(a).

18. GMA is entitled, at its option, to statutory damages of $1 million in lieu of actual damages. 15 U.S.C. Section 1117(c).

h.     **Defendants presently intend to rely, *inter alia*, on the following defenses (Alleged By Defendants Only):**

i) Defendants have not infringed and are not infringing, directly or indirectly,

Plaintiff's "CHARLOTTE" mark. Plaintiff's "CHARLOTTE" mark is a weak mark which is widely used by numerous third parties and hence is a weak signifier of origin. Plaintiff's mark is also weak because there are numerous other marks extensively used by third parties which use the word "Charlotte" and plaintiff has taken no action in regards to these marks. Thus Plaintiff's mark is not distinct and, therefore, no likelihood of confusion exists. Further, Defendants' goods are significantly different from Plaintiff's goods, and such goods are sold through dissimilar channels of trade. Therefore no likelihood of confusion exists. Defendants are unaware of any, and believe that there has been no, actual confusion between the origin of goods sold by Plaintiff and goods sold by defendants. 15 U.S.C. § 1125.

ii) Defendants believe that plaintiff's "CHARLOTTE" mark is invalid (15 U.S.C. § 1115(a)) and un-protectable as it has not acquired secondary meaning in the marketplace.

iii) Defendants believe that any recovery on the Amended Complaint is barred by the Doctrine of Abandonment. 15 U.S.C. § 1115(b)(1).

iv) The claims asserted in the Amended Complaint are barred in whole or in part by the doctrines of laches, estoppel, failure to use the mark as specified in the registration, failure to use the mark as a trade name, acquiescence and/or waiver. 15 U.S.C. § 1115(b)(8).

v) Defendants believe that any recovery on the Amended Complaint is barred by the Doctrine of Unclean Hands. 15 U.S.C. § 1115(a).

vi) Defendants believe that any recovery on the Amended Complaint is barred by the Doctrine of Trademark Misuse. 15 U.S.C. § 1115(a).

vii) Plaintiff's prayer for damages or profits is barred on the ground that plaintiff

has failed to allege or prove facts sufficient to show actual confusion. 15 U.S.C. §§ 1111, 1117.

viii) Plaintiff's prayer for damages is barred on the ground that the remedy for innocent infringement, if proven, is limited to an injunction against the future use of the "CHARLOTTE" mark in a way which would lead to a future likelihood of confusion. 15 U.S.C. § 1111.

ix) If Defendants infringed or violated any rights of plaintiffs (which they expressly deny), they did so innocently and/or without the necessary scienter or state of mind. 15 U.S.C. § 1114

x) Plaintiff's prayer for treble damages or profits is barred on the ground that plaintiff has failed to allege or prove facts sufficient to show that Defendants have intentionally used Plaintiff's marks knowing that such marks are counterfeit marks. 15 U.S.C. § 1117(b).

xi) Plaintiff's state law claims are barred by 47 U.S.C. § 230(c) and 17 U.S.C. § 512.

xii) Defendants contend that the instant case is an exceptional case under 15 U.S.C. § 1117 such that it is brought by GMA in bad faith entitling defendants to an award of attorneys' fees.

In addition to the above, defendants intend to rely on case law interpreting the Lanham Act and New York business and common law, as well as the statutes plaintiff relies on in paragraph (g).

### i.    Measure and Burden of Proof

Plaintiff bears the burden of proving both the validity of the "Charlotte" mark, and the alleged infringement. The parties must meet their burdens by a preponderance of the

500983.1

8

evidence.

**(Alleged By Plaintiff Only):**

Defendants bear the burden of proving their defenses as well as any deductions of revenue on sales to arrive at actual damages. *Quaker State Oil Refining Corp. v. Kooltone, Inc.*, 649 F.2d 94, 95 (2d Cir. 1981); *New York Racing Association, Inc. v. Stroup News Agency, Corp.*, 920 F. Supp. 295, 300 (N.D.N.Y. 1996); The parties must meet their burdens by a preponderance of the evidence. Bad faith is no longer required for recovery of damages due to the amendments to the Lanham Act which separately define those instances where a showing of bad faith is needed. *Nike v. Top Brand, Co.*, 2005 WL 1654859 at * 10 (S.D.N.Y. 2005)

**(Alleged By Defendants Only):**

In order to recover monetary damages, plaintiff bears the burden of showing actual confusion or intentional and willful infringement. *WWW Pharmaceuticals Co. v. Gillette Co.*, 984 F.2d 567, n. 6 (2nd Cir. 1993); *Masterpiece of Penn. Ins. V. Consolidated Novelty Co.*, 186 USPQ 134 (SD NY 1975). Defendants bear the burden of proving their affirmative defenses. Should plaintiff succeed in proving actual confusion and/or intentional and willful infringement, and in proving infringing sales figures, defendants would bear the burden of proving actual profits based on allowable deductions for costs of goods sold and other measures, as well as an apportionment of the profit based on the extent to which the value of the goods sold is attributable to the use of the infringed trademark. 15 U.S.C. § 1117; *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390 (1940).

    **j.    Amendments to Pleadings and/or Addition or Substitution of Parties**

Plaintiff is unsure whether or not amendments to pleadings and/or the addition or substitution of parities would be needed. A deadline of September 30, 2007 has been agreed to by the parties.

k.  **Whether or Not Parties Consent to Trial of the Case by Magistrate Judge**

The parties do not consent to the trial of the case by a magistrate judge.

l.  **Whether or Not Any Changes should be made to the Disclosures under Fed. R. Civ. P. 26(a)**

Plaintiff's and defendants' initial disclosures under Fed. R. Civ. P. 26(a) are completed.

m.  **Subjects on Which Disclosure May be Needed and Proposed Discovery Cut-Off Date**

Plaintiff believes that disclosure will be needed as to the dates and manner of alleged uses of the CHARLOTTE mark by defendants, the steps taken by defendants to comport with the trademark law and defendants' reaction to the actual notice of infringement sales and revenue figures for the Defendants. Plaintiff also believes that it will need to know how much of the CHARLOTTE goods were bought by the defendants and from whom as well as the identities of intermediaries. Defendants believe that disclosure will be needed as to the proposed mark, the scope of the alleged infringement, efforts to enforce the mark, as well as other issues related to plaintiff's claims of infringement and damages. Plaintiff and defendants were unable to agree on some of the discovery dates, and in an attempt to reach agreement regarding discovery deadlines, on July 23, 2007 plaintiff proposed compromise dates; on July 25, 2007 defendants proposed compromise dates. Thus, the parties' current position is as follows (plaintiff's proposed dates first, defendants' proposed dates second):

    a. Fact discovery deadline: 11/1/07, 1/1/08

b. Fact deposition deadline: 11/1/07, 1/15/08 (to accommodate out of state depositions)

c. Identification of experts: 11/15/07, 1/1/08 (Rebuttal Experts Identified 2/1/08)

d. Expert report deadline: 12/15/07, 2/1/08

e. Rebuttal report deadline: 1/15/08, 3/1/08

f. Expert deposition deadline: 2/15/08, 3/21/08

g. Dispositive motion deadline: 2/28/08, 4/11/08.

h. Pre-Trial Order submission deadline: 3/1/08, 5/9/08

n.     **Requirement for Expert Evidence and Proposed Deadline for Expert Discovery**

Plaintiff is unsure whether expert discovery will be needed. On July 23, 2007, plaintiff proposed 11/15/07, 12/15/07 and 1/31/08 for expert report deadline, rebuttal report deadline and expert deposition deadline respectively. Defendants believe that expert discovery will likely be necessary and, on July 25, 2007, proposed 3/15/08, 4/15/08 and 5/22/08 for these respective deadlines.

o.     **What, if any, Changes should be made in the Limitations on Discovery**

No limitations on discovery should be imposed under the Federal Rules of Civil Procedure or the Local Rules of court.

p.     **Status of Settlement Discussions and Prospects for Settlement**

The parties have discussed settlement, but no agreement has been reached. Defendants believe that the Court may be able to facilitate settlement.

q.     **Whether or Not Case should be Tried by a Jury and Number of Trial Days**

This case is to be tried before a jury and is expected to last 3 to 5 days.

r.     **Any Other Orders under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c)**

The parties will request that this Court enter a scheduling order pursuant to Fed. R. Civ. P. 16(b) resolving the following issues:

1. The Scheduling of Discovery Dates Not Previously Agreed to By the Parties (both expert and fact).

2. Plaintiff's 30(b)(6) Notices to Defendants.

3. Defendants' Responses to Plaintiff's Discovery Requests.

Dated: New York, New York
August 16, 2007

_____
ROBERTO CARRILLO, Esq.
Garvey Schubert Barer
Attorney for Defendant, Eminent, Inc.
100 Wall Street, 20th Floor
New York, NY 10005

_____
ANDREW T. SWEENEY (AS-0724)
The Bostany Law Firm
Attorney for Plaintiff GMA Accessories, Inc.
40 Wall Street, 61st Floor
New York, New York 10005

_____
JEFFREY R. WANG, Esq.
Friedman Kaplan Seiler & Adelman, LLP
Attorney for Defendant, BOP, LLC
1633 Broadway
New York, NY 10019