USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/07

NEW YORK OFFICE
twentieth floor
100 wall street
new york, new york 10005-3708
TEL 212 431 8700 FAX 212 334 1278

OTHER OFFICES
beijing, china
portland, oregon
seattle, washington
washington, d.c.
GSBLAW.COM

G A R V E Y  S C H U B E R T  B A R E R

*Please reply to* ROBERT CARRILLO
rcarrillo@gsblaw.com  TEL EXT 4511

August 15, 2007

**Via Facsimile: (212) 805-7900.**

The Honorable Judge Kimba M. Wood
Chief United States District Judge
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

**MEMO ENDORSED**

Re:    *GMA. v. Eminent, et al.*, Case No. 07-CV-3219 (LTS)

Dear Judge Wood:

We represent defendant Eminent Inc. ("Eminent") in the above-captioned matter, which is pending before the Honorable Judge Laura Swain. As you know, Judge Swain is presently on vacation and is thus unavailable. We have been informed that in Judge Swain's absence, as Part 1 Judge, discovery issues arising in Judge Swain's cases are within Your Honor's purview. We write to request the scheduling of a judicial conference regarding a prospective motion for a Rule 26(c) protective order, and to request permission to file our proposed motion after Judge Swain's return (should one still be necessary after the judicial conference). As an alternative, we request that plaintiff's deposition notice of Eminent be adjourned until after an August 23, 2007 conference that is scheduled before Judge Swain.  [Granted KMW]

Plaintiff GMA Accessories Inc. ("GMA") initiated the instant case alleging trademark infringement against Eminent, BOP LLC ("BOP"), and three other defendants that have not answered (one other defendant has answered and has reached a settlement with GMA). This case is still in relative infancy, as only one judicial conference has been held and the initial pre-trial conference is scheduled for August 23, 2007. Discovery dates and deadlines have not been set.

The instant request before Your Honor is based on a 30(b)(6) deposition notice served by the plaintiff. Defendant Eminent received a 30(b)(6) notice served by GMA on July 30, 2007. Very shortly thereafter, on August 2, 2007, Eminent wrote a letter to GMA raising objections as to plaintiff's 30(b)(6) notice (attached). Contrary to the applicable Federal Rules and precedent, GMA's notice failed to describe the scope of the deposition with reasonable particularity, set the place for Eminent's deposition in New York City (despite its status as an out-of-state defendant corporation), did not provide an adequate amount of time for production of documents, and was not properly served. The sole other defendant appearing in the case, BOP, mailed a similar letter to GMA shortly thereafter, identifying the exact same concerns.

Copies ~~mailed~~ faxed counsel of record 8.17.07
Chambers of Judge Swain



August 15, 2007
Page 2

After sending their respective letters, counsel for Eminent and BOP have repeatedly attempted to confer with GMA's counsel regarding the defective 30(b)(6) notices. Despite many, many attempts to confer with opposing counsel, made by email, fax, and telephone, GMA has not responded, in one way or another to defendants' concerns. In an effort to save judicial resources, on August 13th, defendant Eminent proposed to GMA that the 30(b)(6) notices be adjourned pending the initial conference scheduled before Judge Swain on August 23rd (counsel for BOP has also made this request repeatedly). Counsel for GMA has yet to respond, and has largely ignored the email, faxes, and telephone calls made by defendants on this issue. In fact, during recent negotiations regarding the execution of a confidentiality agreement between the parties, counsel for GMA indicated that he would not turn his attention to the 30(b)(6) issue until after the confidentiality agreement is fully executed by the parties (the agreement was finalized and signed by each party earlier today).

Defendant Eminent believes that this discovery issue could be easily resolved at the August 23rd conference. However, GMA's notice sets Eminent's deposition for August 20th, 2007, and Local Rule 37.2 instructs Eminent to request an informal conference before filing a motion for a protective order. As GMA refuses to address this issue, we regrettably are compelled to write Your Honor and request the scheduling of an informal conference regarding GMA's 30(b)(6) notice and to request permission to serve and file a motion for a protective order (should it remain necessary), after such conference is held. We have no objection to scheduling the conference after Judge Swain's return. As a simpler alternative, we request that Your Honor order that GMA's 30(b)(6) notice be adjourned until after the August 23, 2007 conference before Judge Swain, so that Eminent has the opportunity to raise its concerns at the scheduled pre-trial conference.

As Judge Swain will not return until August 20th, we respectfully forward this request to Your Honor. We appreciate Your Honor's consideration of our request, apologize for the inability of the parties to resolve this issue without Court intervention and thank Your Honor for your attention to this matter.

Respectfully Submitted,

By

*[signature]*

Robert Carrillo

cc: The Honorable Judge Laura Swain (fax) (212) 805-0426
    Andrew Sweeney, counsel for GMA Accessories Inc. (fax) 212-530-4488
    Jeffrey R. Wang, counsel for BOP LLC (fax) 212-373-7975

Encl.

*[Handwritten:]* GMA's Rule 30(b)(6) notice is adjourned until further notice of the Court.

SO ORDERED, N.Y., N.Y. 8-16-07

*[signature]*
KIMBA M. WOOD
U.S.D.J.

Part I



NEW YORK OFFICE
twentieth floor
100 wall street
new york, new york 10005-3708
TEL 212 431 8700 FAX 212 334 1278

OTHER OFFICES
beijing, china
portland, oregon
seattle, washington
washington, d.c.
GSBLAW.COM

GARVEY SCHUBERT BARER

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

August 2, 2007

**VIA REGULAR MAIL**

Andrew Sweeney
The Bostany Law Firm
40 Wall Street
New York, New York, 10005

Re: Plaintiff's 30(b)(6) Notice in *GMA Accessories Inc. v. Eminent Inc., et al.*

Dear Andrew:

We write in response to your recently-served 30(b)(6) deposition notice. At the outset I note that it appears you are not copying counsel for all parties when serving papers. For example, we did not receive a copy of the 30(b)(6) notice served on BOP, LLC. Under the Federal Rules you are required to contemporaneously copy counsel for all parties when serving materials.

Further, you have noticed Eminent's deposition for August 20, 2007, in New York City. As you must know from our initial disclosures and from your discussions with Marvin Bartel, Eminent's principal place of business is in La Mirada, California. It has no physical presence in New York. Also, as you must know the deposition of an out-of-state corporate defendant should presumptively take place at the corporation's principal place of business. Eminent therefore objects to your notice to the extent you insist on taking Eminent's 30(b)(6) deposition in New York.

There are additional issues that must be corrected. The scope of plaintiff's Rule 30(b)(6) notice is also deficient. Under 30(b)(6), the noticing party must "describe with reasonably particularity the matters on which examination is requested." Your notice is astonishingly open-ended, as it covers "all matters contained in the Amended Complaint in this action." Your notice plainly fails to describe the issues to be covered at deposition with the requisite "reasonable particularity" required by the aforesaid rule and therefore is facially defective.

In addition, plaintiff's attempt to accompany the deposition notice with document demands pursuant to 30(b)(5) does not provide the required time for production of documents under Rule 34. FRCP 30(b)(5) specifically incorporates the requirements of Rule 34. Rule 34, as you know, specifies a 30-day response period for the production of documents. Though the date of service for plaintiff's 30(b)(6) notice is not clear, it plainly does not accommodate the minimum response time under Rule 34.

GARVEY SCHUBERT BARER

August 2, 2007
Page 2

Finally, we would like you to consult with us prior to setting a date for any new 30(b)(6) notice, as we are entitled to reasonable notice which allows for preparation and does not conflict with existing obligations. This is especially true in light of the fact that we may have to make travel and other arrangements to attend the deposition and confirm the availability of Eminent's representatives for deposition. Advanced notice of your contemplated dates is essential.

Please let me know whether you will correct the above-mentioned defects in your 30(b)(6) notice, and what dates you are considering for the 30(b)(6) deposition of Eminent's representatives in California. Otherwise we will begin preparing formal objections to GMA's deposition notice.

Sincerely,

Robert Carrillo

cc: Jeffrey Wang, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, New York 10019