Swain, T

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP    (WED) 8.15'07  7:35/ST. 7:34/NO. 4860644656 P 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 1 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
GMA ACCESSORIES, INC.

          Plaintiff,

  - against -

BOP, LLC, GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SOLNICKI,
BELMONDO and EMINENT, INC.

          Defendants.
-----------------------------------------X

**CONSENT PROTECTIVE ORDER**

Civil Action No.: 07CV3219 (LTS)

    To expedite the exchange of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties hereby stipulate and agree as follows:

    1.    The terms and conditions of this Confidentiality Protective Order shall apply to documents or things produced under FED.R.CIV.P. 34, responses to written interrogatories under FED.R.CIV.P. 33, responses to requests for admissions under FED.R.CIV.P. 36, testimony adduced at depositions upon oral examination or upon written request pursuant to FEDR.CIV.P. 30 and FED.R.CIV.P. 31 (hereinafter referred to collectively as "Discovery Material"), responses by a non-party to a subpoena pursuant to FED.R.CIV.P. 45 and documents produced by a party, its affiliates, divisions, subsidiaries, corporate parents,

491475.2

1  predecessors or successors in interest, officers, directors,
2  administrators, agents, employees, or other representatives (a
3  "Party") at a hearing on the case but which are not responsive to
4  a request from any other Party.
5      2.    Discovery Material that a Party believes in good faith to contain commercially
6  sensitive information of the Party or its clients, may be designated as follows:
7          (i) "Confidential Material," marked with the
8          legend CONFIDENTIAL,
9          (ii) "Highly Confidential," marked with the legend
10         HIGHLY CONFIDENTIAL, or
11         (iii) "Attorneys' Eyes Only Material," marked with
12         the legend ATTORNEYS' EYES ONLY
13     <u>Designations of Confidentiality</u>. The following are the
14 only methods by which a party can designate information or
15 documents as confidential:
16 All information contained in any page of any document produced,
17 interrogatory answer, other documentary form of discovery
18 response, or other document may be designated confidential by
19 stamping each and every such page "CONFIDENTIAL," "HIGHLY
20 CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL." For documents
21 produced in electronic form, the foregoing requirement shall be
22 satisfied if (i) a person viewing the document on a screen in the
23 format in which it is produced will be able to see the words
24 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY
25 MATERIAL" on each page to be designated confidential and (ii)
26 when the document is printed in the format in which it was
27 produced in the Action, each printed page to be designated

confidential will contain the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL." The parties may also designate information in documents as confidential by alternative methods if approved and agreed to in writing by all parties. Each page designated confidential in accordance with this paragraph, and the information contained on such page, shall be considered confidential unless the designating party states in writing that only a portion of the page is to be treated as confidential.

3.   The Parties agree that Discovery Material shall not be designated as Attorneys' Eyes Only Material unless it contains especially sensitive confidential material. Generally, the following types of documents are sensitive enough to qualify for the "Attorneys' Eyes Only" designation: documents revealing trade secrets, documents containing patent development information. Documents related to the creation, development, filing, or sale of trademarks, and merchandise sales and marketing documents are generally not considered to be sensitive enough for "Attorneys' Eyes Only" designation.

    a.   Generally, sales and marketing information for merchandise is not subject to "Highly Confidential" protection.

4.   Information or material that is or has been available to the general public, or is already in the lawful possession of the party receiving the information or material, or is lawfully provided by a third party that is not a party to this action and is not bound by this confidentiality agreement shall not be

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP    (WED) 8.15'07  7:35/ST. 7:34/NO. 4860644656 P 5

1  classified as Confidential Material, Highly Confidential
2
3  Material, or Attorneys' Eyes Only Material.
4      5.   Discovery Material classified as Confidential Material,
5  Highly Confidential Material, or Attorneys' Eyes Only Material
6  shall be so labeled or marked when the document or thing is
7  produced or provided to the party seeking discovery.
8      6.   With respect to testimony adduced at depositions upon
9  oral examination of former or current directors, officers,
10 employees, agents, consultants or experts of the Parties, the
11 testimony of the witness shall be deemed Confidential Material
12 until the expiration of thirty (30) days after receipt of the
13 transcript of the deposition by counsel for the deposed Party,
14 unless otherwise designated as Highly Confidential Material or
15 Attorneys' Eyes Only Material on the record at the time of the
16 deposition or otherwise stipulated or ordered. If counsel for
17 any Party believes that the transcript of the deposition or any
18 portion thereof constitutes or contains Confidential Material,
19 Highly Confidential Material, or Attorneys' Eyes Only Material,
20 counsel shall designate in writing to counsel for all other
21 Parties and to the reporter, prior to the expiration of the 30-
22 day period, the specific pages and lines of the transcript that
23 constitute or contain Confidential Material, Highly Confidential
24 Material, or Attorneys' Eyes Only Material. The court reporter
25 transcribing a deposition shall separately bind Confidential
26 Material, Highly Confidential Material, or Attorneys' Eyes Only
27 Material and non-confidential Discovery Material. Counsel for
28 any Party may designate deposition testimony as Confidential

491475.2

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP    (WED) 8.15'07  7:35/ST. 7:34/NO. 4860644656 P 6

Material, Highly Confidential Material, or Attorneys' Eyes Only Material during the course of a deposition. Prior to the expiration of the time periods set forth in this paragraph, all discovery material shall be treated as Confidential.

7. If a Party believes that inspections, measuring, testing, sampling or photographing of its processes, products, equipment, premises or other property pursuant to FED. R. CIV. P. 34 will reveal or disclose information that it deems in good faith to be Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material, that Party shall advise the Party seeking such discovery in advance, and the inspection, measuring, testing, sampling or photographing will be performed only by individuals qualified under this protective order to receive such information. The material discovered shall be treated as Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material in accordance with the producing Party's designation.

8. If a Party inadvertently produces Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material without labeling or marking it with the appropriate legend, the producing Party, promptly upon discovery of the inadvertent production without proper labeling, may give written notice to the receiving Party that the Discovery Material is Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material and shall, upon notice, be treated as such in accordance with the provisions of this Protective Order. To the extent that the receiving Party may have already

4914752

5

disclosed such Discovery Material to persons other than those qualified to receive it, the receiving Party shall request that the Discovery Material be returned.

9. Nothing contained in this Protective Order shall be construed to limit the scope of discovery in this action provided for by the Federal Rules of Civil Procedure, or to preclude any Party from moving the Court for a further order pursuant to FED. R. CIV. P. 26(c) or other provisions of the Federal Rules of Civil Procedure.

10. Nothing in this Protective Order shall be construed to require production or disclosure of any Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material deemed by counsel for the Party possessing such material to be immune from discovery. Likewise, nothing in this Protective Order shall preclude any Party from moving the Court for an order directing the disclosure of such material.

11. Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material shall not be used by any person for any purpose other than the prosecution or defense of this action, and shall not be used for any business, competitive, personal or any other purpose, except upon the express prior written consent of counsel for the producing Party or by order of this Court or by order (upon due notice to the producing Party) of another court tribunal of competent authority. Such material shall not be used by the receiving Party in any other litigation or proceeding, including any proceeding before the United States Patent and Trademark Office, the United States Copyright Office

491475.2

6

and foreign patent offices, except upon the express written consent of counsel for the producing Party or by order of this Court or by order (upon due notice to the producing Party) of the court or tribunal in which such other litigation or proceeding is pending.

12.  Use at trial of such Confidential Material, Highly Confidential Material, or Attorneys' Eyes Only Material shall be governed by the pretrial order or as otherwise directed by the Court.

13.  Unless and until the Court rules to the contrary and/or rules that there may be further disclosure and subject to the requirements of paragraph 9 herein, access to and disclosure of Confidential Material or Highly Confidential Material shall be limited to:

   a. Outside Counsel for the Parties who have entered appearances in this action, their stenographic, clerical and paralegal employees and outside copy services;

   b. Inside counsel employed by a Party, their stenographic, clerical and paralegal employees;

   c. Non-employee experts for or non-employee consultants to a Party ("outside experts") whose advice and consultation are being or will be used by the Party in connection with this action, including their stenographic or clerical employees;

   d. The Parties to this action, including officers, directors, board members and representatives;

e.   The authors, addressees and copy recipients of the Confidential Material or Highly Confidential Material;

f.   The Court and its staff and, if applicable, the jury; and

g.   Court reporters transcribing any deposition, hearing or trial in this action.

Before any person described in section (c) or (e) of paragraph 13 above is given access to material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY MATERIAL", that person shall sign an affidavit containing the following statement:

I have received and read a copy of the Confidentiality Stipulation and Protective Order dated August __, 2007 entered in GMA Accessories, Inc. v. Bop LLC, et al., Case Number 07 CV 3219 (the "Order") and understand and agree to be bound by its terms. I consent to the exercise of personal jurisdiction by the United States District Court for the Southern District of New York for the purposes of enforcement of the Order, and understand that violation of the terms of this Order may be punished as contempt of court.

Such affidavit shall not be required to be served on any other party but shall be retained by counsel for the party making the disclosure.

14.   Unless and until the Court rules to the contrary and/or rules that there may be further disclosure and subject to the requirements of paragraph 14 herein, access to and disclosure of Attorneys' Eyes Only Material shall be limited to:

a.   Outside Counsel for the Parties, their stenographic, clerical and paralegal employees and outside copy services;

b.   Non-employee experts for or non-employee consultants to a Party whose advice and consultation are being or will be used by the Party in connection

4914752

8

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP    (WED) 8.15' 07  7:36/ST. 7:34/NO. 4860644656 P 10

with this action and their stenographic or clerical employees;

    c.   The authors, addressees and copy recipients of the Attorneys' Eyes Only Material;

    d.   All stenographic, clerical, technical, professional and paralegal personnel employed with qualified persons;

    e.   The Court and its staff and, if applicable, the jury; and

    f.   Court reporters transcribing any deposition, hearing or trial in this action.

15. Any person in possession of Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material shall exercise reasonable and appropriate care with regard to storage, custody, and use of such material in order to ensure that the confidential nature of the same is maintained.

16. Should Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material be discussed, disclosed or used as an exhibit at a deposition, the portions of the deposition at which such material is discussed, disclosed or used as an exhibit shall be conducted only in the presence of persons entitled under the terms of this Protective Order to access to such material.

17. Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material may be included in whole or in part with any papers filed with the Court, including, without limitation pleadings, motions or briefs. Papers marked HIGHLY

1
2  CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be filed with the
3  Clerk of this Court in sealed envelopes or containers prominently
4  marked with the caption of the case, a general description of the
5  contents of the envelope or container and the notation:

CONTAINS CONFIDENTIAL INFORMATION<br>
UNDER THE PROTECTIVE ORDER<br>
TO BE OPENED BY OR AS DIRECTED BY THE COURT

8  or in such other manner as the Court may instruct. The clerk
9  shall maintain such material separate from the public records in
10 this action and shall release such material only to Court
11 personnel, to those entitled to access thereto per the terms of
12 this Confidentiality Protective Order or as further ordered by
13 the Court. Subject to the approval of the Court, attendance at
14 those portions of a hearing or trial in this action during which
15 Highly Confidential Material or Attorneys' Eyes Only Material
16 will be disclosed shall be limited to individuals entitled to
17 access to such materials under the terms of this Protective
18 Order.

19     18.  If any party objects to the designation of any
20 discovery material as Confidential Material, Highly Confidential
21 Material or Attorneys' Eyes Only Material, the party shall state
22 the objection by letter to counsel for the party making the
23 designation. If the parties are unable to resolve the objection
24 within three business days, any party may move the Court to do
25 so.  Until the Court rules on any such motion, the discovery
26 material shall continue to be deemed Confidential Material,
27
28

491475.2

10

Highly Confidential Material or Attorneys' Eyes Only Material under the terms of this Stipulation and Order.

19. Nothing herein shall prevent any party from seeking from the court further, greater or lesser protection with respect to the use of any Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material in connection with any trial, hearing or other proceeding in this litigation.

20. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial of this litigation. Nothing herein shall be construed to limit in any way any party's use of its own Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material.

21. Within sixty (60) days after termination of this litigation, counsel shall return all Confidential Material, Highly Confidential Material or Attorneys' Eyes Only Material and copies (including excerpts and summaries) thereof to counsel for the producing party, or, in lieu thereof, certify in writing that such material has been destroyed. Failure to do so shall not constitute a violation until and unless the producing Party, at or after the conclusion of this case, requests that materials be returned or destroyed. Notwithstanding the foregoing, counsel of record for each party may retain one archival copy of pleadings, deposition exhibits, court exhibits and documents included in submissions to the Court.

22. No part of the restrictions imposed by the Stipulation may be waived or terminated, except by the written stipulation

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP      (WED) 8.15' 07  7:36/ST. 7:34/NO. 4860644656 P 13

1  executed by counsel of record for each designating party, subject
2  to the approval by the Court, or by an order of the Court for
3  good cause shown. The restrictions provided for herein shall not
4  terminate upon conclusion of this case, but instead shall survive
5  its termination, and shall continue until further Order of this
6  Court.
7     23. The Parties agree that this Confidentiality Protective
8  Order is binding upon execution by the parties irrespective of
9  when it is entered by the Court.
10

11  FRIEDMAN KAPLAN SEILER & ADELMAN LLP
12  By: *[signature]*
13  Jeffrey R. Wang, Esq.
    Friedman Kaplan Seiler & Adelman LLP
14  1633 Broadway
    New York, NY 10019-6708
15  Telephone: (212) 833-1175
16  Facsimile: (212) 373-7975

17  Attorneys for DEFENDANTS
    BOP, LLC
18

19  GARVEY SCHUBERT BARER
20  By: *[signature]*

21  Robert Carrillo, Esq.
    Garvey Schubert Barer
22  100 Wall Street
    20th Floor
23  New York, NY 10005
    Telephone: (212) 431-8700 (x 4511)
24  Facsimile: (212) 334-1278

25
    Attorneys for DEFENDANTS
26  EMINENT, INC.

27
28

491475.2

12

FROM FRIEDMAN KAPLAN SEILER & ADELMAN LLP     (WED) 8.15'07 7:36/ST. 7:34/NO. 4860644656 P 14

1  By: _____
2  Andrew T. Sweeney (AS 0724)
   40 Wall Street
3  New York, New York 10005
4  Telephone: (212) 530-4400
   Facsimile: (212) 530-4488
5
   Attorney for PLAINTIFF
6  GMA ACCESSORIES, INC.

7  Dated: August 20, 2007

8

9

10.    So Ordered: _____
       Hon. Laura Taylor Swain, U.S.D.J.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

491475.2

13