

| NEW YORK OFFICE | OTHER OFFICES |
|---|---|
| twentieth floor | beijing, china |
| 100 wall street | portland, oregon |
| new york, new york 10005-3708 | seattle, washington |
| TEL 212 431 8700 FAX 212 334 1278 | washington, d.c. |
| | GSBLAW.COM |

**GARVEY SCHUBERT BARER**

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 5 2007

Please reply to ROBERT CARRILLO
rcarrillo@gsblaw.com  TEL EXT 4511

September 4, 2007

**BY FACSIMILE (212) 805-0426**

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 755
New York, NY 10007

**MEMO ENDORSED**

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

Re: *GMA Accessories, Inc. v. Bop LLC, et al.*
Case No. 07 CV 3219 (LTS)(DCF)

Dear Judge Swain:

We represent defendant Eminent Inc. ("Eminent") in the above-captioned matter. Along with counsel for defendant Bop LLC ("Bop"), we write to request that Your Honor modify and clarify this Court's August 29 Memorandum Order Granting Default Judgment Motions and Injunction (the "Order"), a copy of which is attached hereto.

Specifically, in granting plaintiff's motion for default judgment against defendants Girlshop, Inc., Showroom Seven Studios, Inc., and Jonathan Solnicki (collectively, the "Defaulted Defendants"), Your Honor permanently enjoined the Defaulted Defendants "and all those acting in concert or active participation with them" from using the CHARLOTTE or CHARLOTTE SOLNICKI mark. *See* Order at 5.

Because defendants Eminent and Bop (a) were not parties to the default motion practice that gave rise to the Order, and (b) believe that – as mere end-sellers of products containing the allegedly infringing mark – they are not acting in concert or active participation with the Defaulted Defendants, Eminent and Bop do not believe Your Honor intended the Order to apply to Eminent or Bop. However, to avoid any suggestion that Eminent or Bop might be violating the Order by continuing to sell what they in good faith believe are non-infringing items, Eminent and Bop respectfully request that Your Honor modify the Order to clarify that it is not intended to apply to Eminent and Bop or to Bop's parent, Amazon.com, Inc. In the interim, in an abundance of caution, Eminent and Bop have each taken steps to remove the allegedly infringing items from their respective websites pending clarification of the Order.

Faxed
Copies mailed counsel for D. Eminent + BOP
Chambers of Judge Swain  9.4.07

GARVEY SCHUBERT BARER

September 4, 2007
Page 2

We are available to discuss this matter further, either in person or by telephone, at any time convenient for the Court. We can provide formal briefing on the issue if Your Honor so desires.

Respectfully,

Robert Carrillo
Counsel for Defendant Eminent Inc.

Jeffrey Wang
Counsel for Defendant Bop LLC

Attachment

cc:   Adrienne Kosta, Esq. (by facsimile, with attachments)
      (counsel for plaintiff GMA Accessories, Inc.)
      Marvin Bartel, Esq. (by facsimile, with attachments)
      (co-counsel for defendant Eminent Inc.)

Counsel's attention is directed to Rule 1A of the Individual Practices Rules of the undersigned. If the parties concerned are unable to devise a stipulation addressing the foregoing issue in a manner satisfactory to all, they shall propose a schedule for further submissions.

SO ORDERED.

9/4/2007
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE