UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GMA ACCESSORIES, INC.,

                              Plaintiff,

            - against -

BOP, LLC, GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SOLNICKI,
BELMONDO and EMINENT, INC.

                             Defendants.

------------------------------------------------------------------x

07 Civ. 3219 (LTS)(DCF)
<u>ECF Case</u>

**CERTIFICATE OF SERVICE**

        Jeffrey Wang, an attorney duly admitted to the practice of law in this Court, hereby affirms, under the penalties of perjury, as follows:

        1.      On September 19, 2007, I served true copies of the attached memo-endorsed Order, by facsimile, on the following individuals:

        Andrew Sweeney, Esq.
        THE BOSTANY LAW FIRM
        40 Wall Street
        New York, New York 10005-1304
        Fax # 212-530-4488
        *Attorneys for plaintiff*

        Robert Carrillo, Esq.
        GARVEY SCHUBERT BARER
        100 Wall Street, 20th Floor
        New York, New York 10005
        Fax # 212-334-1278

        Marvin Bartel, Esq.
        BARTEL & EVANS
        4695 MacArthur Court, Suite 310
        Newport Beach, CA 92660
        Fax # 949-752-3701
        *Attorneys for defendant Eminent, Inc.*

510760.1

Dated: September 19, 2007
      New York, New York

_____
JEFFREY WANG

510760.1

## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

1633 BROADWAY
NEW YORK, NY 10019-6708
TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

WRITER'S DIRECT DIAL
(212) 833-1175

WRITER'S DIRECT FAX
(212) 373-7976

E-MAIL
JWANG@FKLAW.COM

September 19, 2007

BY FACSIMILE (212) 805-0426

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street, Room 755
New York, NY 10007

**MEMO ENDORSED**

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

Re: *GMA Accessories, Inc. v. Bop, LLC, et al.*
    Case No. 07 CV 3219 (LTS)(DCF)

Dear Judge Swain:

We represent defendant Bop, LLC ("Bop") in the above-captioned matter. We write to request a pre-motion conference to request withdrawal or vacatur of Bop's offer of judgment – which plaintiff yesterday purported to accept and entered on the docket – due to the absence of a meeting of the minds between the parties regarding the scope of the injunction set forth in the offer of judgment. In addition, we request that the Court not enter judgment pending resolution of this dispute.

Pursuant to this Court's individual practices, during a telephone conference yesterday evening Bop notified counsel for plaintiff that it had come to Bop's attention that plaintiff believed the injunction in Bop's offer of judgment to be far broader than Bop ever intended. Upon receiving this information, Bop notified plaintiff's counsel that the injunction in Bop's offer of judgment was never intended to (nor do we believe it did) include all items with the mere word "Charlotte" in them – such as, for example, Charlotte Ronson. Rather, Bop intended the injunction in the offer of judgment to include the stand-alone mark Charlotte by itself, as well as the Charlotte Solnicki mark, which were the subjects of this action. During that telephone conference, counsel for plaintiff advised us that plaintiff did not share this view. In

Honorable Laura Taylor Swain            - 2 -            September 19, 2007

addition, last evening we sent plaintiff's counsel a letter reiterating our position, and requesting its consent to formally withdraw the offer of judgment on the docket. Although we have not yet received an answer from counsel for plaintiff with regard to this request, in light of the emergent nature of this issue we believe it is necessary to contact the Court at this time.

Accordingly, Bop requests that the Court not enter judgment pending resolution of this dispute, and that the Court schedule a pre-motion conference at the Court's earliest convenience to consider Bop's request for permission to move for an order withdrawing or vacating the offer of judgment on the docket.

Respectfully,

Jeffrey Wang

cc:     Andrew Sweeney, Esq. (by facsimile)
        (counsel for plaintiff GMA Accessories, Inc.)
        Robert Carrillo, Esq. (by facsimile)
        (counsel for defendant Eminent Inc.)
        Clerk of Court (by hand)

(ie, Plaintiff and Bop) The parties shall promptly meet with Judge Freeman to seek to resolve their differences as to the scope of the injunction and, failing that, to devise a schedule for briefing on the motion to withdraw the Rule 68 offer.

SO ORDERED.

9/19/07
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE