# THE BOSTANY LAW FIRM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 0 2007

40 WALL STREET
61ST FLOOR
NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400
FAX: 212-530-4468

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

September 19, 2007

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**
IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do [illegible] such certification to Chambers.

Re:   *GMA v. BOP, LLC, et. al*
      Docket No.: 07 CV 3219 (LTS)

Your Honor:

    I respectfully reply to defense counsel's request for a pre-motion conference concerning BOP's offer of judgment which was accepted by GMA.

    BOP's argument is similar to that advanced in *SAS v. Trintex*, 709 F.Supp. 455 (S.D.N.Y. 1989) "where defendant argues that this court must determine what its intentions were in making the offer and what the plaintiff's assumptions were in accepting it." "To subject Rule 68 offers to such collateral proceedings would undermine entirely the purpose of the rule." *Id.* See also *Chambers v. Manning*, 169 F.R.D. 5 (D. Conn. 1996) ("Protracted proceedings would inevitably occur if courts slogged through extrinsic evidence and did not immediately and definitively construe ambiguity against the offerer.") Part of the reason why GMA agreed to accept a fraction of BOP's profits along with the injunction was to reduce the expenditure of legal fees.

    BOP offered almost the same injunction that this honorable Court issued as against other defendants. See Order dated August 29, 2007. BOP argues that its offer of an injunction against use of "the mark CHARLOTTE or any mark similar to or indistinguishable therefrom" would prohibit it from selling CHARLOTTE RONSON products, a result that it did not appreciate until after the offer was accepted. BOP's attorney called me last evening to ask whether or not I shared the view that CHARLOTTE RONSON products were off limits pursuant to the settlement. I responded affirmatively. He then wrote to me and then the Court. A copy of last evening's letter is respectfully annexed.

But Mr. Wang's discovery of the meaning of his language it is respectfully submitted is not grounds to vacate a settlement. "The offer of judgment accepted and filed by the plaintiffs conclusively determined the rights of the parties in this action." *Gardner v. Catering by Henry Smith, Inc.* 205 F.Supp.2d 49 (E.D.N.Y 2002). "Even were there some ambiguity in the language of the offer, however, that ambiguity would be appropriately resolved against the defendants." *Shapiro v. Credit Protection Association I, Inc.*, 53 F.Supp.2d 626 (S.D.N.Y 1999). "With respect to offers of judgment, 'a defendant should state his intentions clearly, and any failure to do so will be at his peril.'" *Foster v. Kings Park Central School District*, 174 F.R.D. 19 (E.D.N.Y. 1997). The offeror's recognition that it did not intend to make the offer that results from the language it drafted cannot use a "meeting of the minds" argument to set aside an offer of judgment already accepted. *Id.* The acceptance of the "Rule 68 offer constitutes a final judgment" *Kapoor v. Rosenthal*, 269 F.Supp.2d 408, 412 (S.D.N.Y 2003)

Where, as here, there is no dispute that the offer of judgment was accepted before defendant's attempt at withdrawal, it is respectfully submitted that defendant BOP's argument lacks even a colorable basis.

Plaintiff respectfully asks that your Honor preside over any conference on this issue that your Honor requires in advance of the motion. The reason for this is that Magistrate Judge Freeman advised the parties that she used to work at BOP's lawyer's firm and we seek to avoid any appearance of non-neutrality.

Respectfully,

Andrew T. Sweeney

*The request that the undersigned conduct the conference is denied.*

SO ORDERED.

_____ 9/20/2007
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

Enclosure
cc: Jeffrey R. Wang, Esq. (via fax with enclosure)
    Robert Carillo, Esq. (via fax with enclosure)