UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

     - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                Defendants.
-----------------------------------------------------X

**SECOND AMENDED COMPLAINT**

Civil Action No.:  07CV3219 (LTS)

Plaintiff, GMA Accessories, Inc., (hereinafter "GMA"), brings this SECOND AMENDED COMPLAINT against, Defendants GIRLSHOP, INC. (hereinafter "GIRLSHOP"), SHOWROOM SEVEN STUDIOS, INC. (hereinafter "SHOWROOM"), JONATHAN SOLNICKI ("hereinafter "SOLNICKI"), EMINENT, INC. (hereinafter "EMINENT"), LEWIS TIERNEY (hereinafter "TIERNEY"),  INTERMIX, INC. (hereinafter "INTERMIX"), LISA KLINE, INC. (hereinafter "KLINE"), SAKS FIFTH AVENUE, INC. (hereinafter "SAKS"), WINK NYC INC. (hereinafter "WINK") and JONATHAN SINGER (hereinafter "SINGER") alleging upon information and belief as follows:

**PARTIES**

1. Plaintiff, GMA ACCESSORIES, INC. (hereinafter referred to as "GMA"), is a corporation, duly organized and existing under the laws of the State of New York, with a place of business at 1 East 33rd Street, New York, New York.

2. Capelli is an assumed name of GMA ACCESSORIES, INC.

3.  Defendant GIRLSHOP is a corporation duly organized and existing under the laws of the State of New York.

4.  Defendant SHOWROOM is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 498 7th Avenue, 24th Floor, New York, NY 10018.

5.  Defendant SOLNICKI is an individual residing in New York and Buenos Aires, Argentina.

6.  On August 29, 2007, this Court issued an injunction with respect to defendants SHOWROOM, GIRLSHOP and SOLNICKI. A copy is annexed hereto.

7.  Defendant EMINENT is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 16000 Canary Ave., La Mirada, CA 90638.

8.  Defendant INTERMIX is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 48 West 25th Street, 11th Floor, New York, NY 10010.

9.  Defendant KLINE is a corporation duly organized and existing under the laws of the state of California, with its principal place of business located at 7207 Melrose Avenue, Los Angeles, CA 90046.

10.  Defendant SAKS is a corporation duly organized and existing under the law of the state of Massachusetts, with its principal place of business located at 12 East 49th Street, New York, NY 10017.

11.  Defendant TIERNEY is an individual owner of a business known as COCO & DELILAH located at 115 Saint Mark's Place, New York, NY 10009.  TIERNEY resides at 280 E. 2nd St., Apt. 6A, NY, NY  10009.

12. Defendant WINK is a corporation duly organized and existed under the law of the state of New York, with its principal place at 401 Washington Street, 3rd Flr, New York, NY 10013.

13. Defendant SINGER is an individual with a principal place of business located at 441 Glen Cove Road, East Hills, NY 11577.

14. Defendants are using CHARLOTTE and/or CHARLOTTE SOLNICKI to display, market, distribute, sell, and/or offer for sale merchandise to the public.

15. Defendants have in the past displayed, marketed, distributed, sold, and/or offered for sale merchandise in connection with the CHARLOTTE mark (hereinafter "past infringing items").

16. EMINENT uses and has used the website www.revolveclothing.com to further infringe upon the CHARLOTTE mark.

17. SOLNICKI uses and has used the website www.charlottesolnicki.com to further infringe upon the CHARLOTTE mark.

18. TIERNEY uses and has used the website www.coco-delilah.com to further infringe upon the CHARLOTTE mark.

19. INTERMIX has used the website www.intermixonline.com to further infringe upon the CHARLOTTE mark.

20. KLINE uses and has used the website www.lisakline.com to further infringe upon the CHARLOTTE mark.

21. WINK uses and has used the website www.winknyc.com to further infringe upon the CHARLOTTE mark.

22. SINGER uses and has used the website www.singer22.com to further infringe upon the CHARLOTTE mark.

## JURISDICTION AND VENUE

23. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b).   The Court has supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C.  Section 1367.

24. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

25. The Mark CHARLOTTE has been continuously used, on a nationwide basis, in connection with GMA's products since at least as early as 1996.

26. GMA has incurred substantial expense in promoting and advertising its products under the Mark.

27. Each of GMA's CHARLOTTE registrations pre-date the Defendants' first use of the CHARLOTTE mark.

28. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

29. Since 1999, GMA has been and is now the title owner of Registration # 2,216,405 for the mark CHARLOTTE in International Class 26.  This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

30. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the mark CHARLOTTE in International Class 18.  This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

31. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25.  This mark has been deemed uncontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

32. Since 2002, GMA has been and is now the title owner of Registration #  2,561,025 for the mark CHARLOTTE in International Class 9.  This mark has been deemed uncontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

33. GMA has been and is now the title owner of Registration # 3,242,358 for the mark CHARLOTTE in International Class 22.

34.  In November of 2001, GMA was assigned all rights to Registration # 1135037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979.

35. The GMA Products consist of, among other things, clothing and fashion accessories.

36. The use of the word CHARLOTTE in connection with GMA's products is arbitrary.

37. Defendants were aware of the GMA marks before they began using CHARLOTTE and/or CHARLOTTE SOLNICKI to identify their goods.

38. Defendants have used the mark CHARLOTTE alone and/or in conjunction with the name CHARLOTTE SOLNICKI to identify their goods.

39. Defendants are now using the mark CHARLOTTE alone and/or in conjunction with the name CHARLOTTE SOLNICKI to identify their goods.

40. Defendants are intentionally infringing upon the CHARLOTTE mark.

41. Defendants are infringing in bad faith.

42. Prior to using the CHARLOTTE mark as described in paragraph 8, Defendants failed to conduct a trademark search.

43. Defendants commenced use of the CHARLOTTE mark as stated in paragraph 38 after December, 2004.

44. The CHARLOTTE mark is inherently distinctive as to GMA's goods.

45. GMA's use of CHARLOTTE has substantial secondary meaning in the marketplace.

46. Since at least summer of 2006, Defendants have advertised and/or used the CHARLOTTE mark as described in paragraph 38.

47. Since at least the summer of 2006, DEFENDANTS as stated in paragraph 38 have sold an infringing line of "CHARLOTTE" brand clothing.

48. Defendants SAKS, INTERMIX, WINK and KLINE received cease and desist letters in May 2007.

49. Defendant TIERNEY received a cease and desist letter in July 2007.

50. Defendant SINGER received a cease and desist letter in August 2007.

51. Defendant EMINENT received a cease and desist letter in July 2006.

52. The past and present infringing items are products closely related to those for which GMA owns registered trademarks.

53. The past and present infringing goods are in Class 25.

54. Plaintiff has priority over defendants in the CHARLOTTE mark for products in Class 25.

## COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

55. GMA repeats and realleges the allegations of paragraphs 1 through 54 as if fully set forth herein.

56. Long after the adoption and use by GMA of the CHARLOTTE Trademark, and with at least constructive notice of the registration of the GMA Trademarks, Defendants have and continue to knowingly and intentionally use reproductions, copies or colorable imitations of the CHARLOTTE Trademark to market, promote, identify design, manufacture, sell and distribute their products.

57. Defendants have been offering for sale products using a confusingly similar name, e.g., "CHARLOTTE" Collection, CHARLOTTE and/or CHARLOTTE SOLNICKI.

58. Defendants, by their acts as aforesaid, have taken advantage of the creative skill of PLAINTIFF, and of the good will developed by PLAINTIFF, and have capitalized upon advertisements for CHARLOTTE.

59. The Defendants' use of PLAINTIFF's word mark results in confusion as to sponsorship, association, source and origin of the PLAINTIFF and defendants' products.

60. Defendants have advertised, promoted, marketed and/or sold their products under names CHARLOTTE and/or CHARLOTTE SOLNICKI.

61. Having adopted and used the mark after plaintiff, defendants are the junior users of the mark.

62. Defendants continue to inject their products into commerce with the express intent of

profiting from GMA's valuable registered trademarks.

63. The acts of Defendants complained of herein have been without the authorization or consent of GMA.

64. The Defendants' acts have caused and will continue to cause irreparable harm and injury to GMA.

65. The activities of Defendants, complained of herein, constitute infringement of the GMA Trademarks in violation of Section 35 of the Lanham Act, 15 U.S.C. Section 1114(1).

## COUNT II – VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

66. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in deceptive trade practices in violation of the New York Anti-Dilution Statute, and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 65 as if fully set forth herein.

67. Section 360-1 of the New York General Business Law provides: "Likelihood of injury to business or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark… or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." N.Y. Gen.Bus. Law sec. 360-1.

68. Defendants have engaged in trademark infringement and unfair competition by manufacturing, marketing, selling and/or offering for sale products using the same, or similar CHARLOTTE word mark and upon information and belief continue to fill purchase orders using the word CHARLOTTE and/or CHARLOTTE SOLNICKI for

this product.

69. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of the Plaintiff's products.

70. Defendants have engaged in, and continue to engage in, trademark infringement and unfair competition by causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association of the Plaintiff's products with the Defendants' products.

71. PLAINTIFF has not consented to any sponsorship, approval, status, affiliation, or connection with the Defendants' products.

72. PLAINTIFF has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to injunctive relief, pursuant to N.Y.Gen.Bus.Law 360-1.

## COUNT III – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

73. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in acts of trademark infringement, unfair competition and misappropriation in violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 72 as if fully set forth herein.

74. Defendants have infringed PLAINTIFF's trademarks and continue to do so, by manufacturing, marketing  and/or selling products that infringe the CHARLOTTE trademark.

75. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

76. Upon information and belief, Defendants intend that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

77. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendants' acts are restrained by this Court, Defendants' deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

78. Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with PLAINTIFF, or origin, sponsorship, or affiliation of Plaintiff's products by Defendants.

79. Defendants' accts have harmed PLAINTIFF's reputation and have severely damaged PLAINTIFF's goodwill.

80. Upon information and belief Defendants' acts are an attempt to deceive the public. The public is likely to be confused as to the source and origin of Plaintiff's products.

81. Defendants have misappropriated PLAINTIFF's trade name, and upon information and belief continue to do so, by selling products that are ordered under a mark that is confusingly similar to PLAINTIFF's line of "CHARLOTTE" products.

82. Defendants' trade name infringement is in violation of the common law of New York.

83. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of PLAINTIFF's trademark, unfair competition, palming-off and passing-off against PLAINTIFF, and unjust enrichment by Defendants, all in violation of PLAINTIFF's rights under the common law of New

York.

84. Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with PLAINTIFF, or origin, sponsorship, or affiliation of Plaintiff's products by Defendants.

85. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of the parties' products.

86. Upon information and belief, Defendants' actions have been willful and deliberate.

87. GMA has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' deceptive business practices and therefore PLAINTIFF is entitled to injunctive relief under New York Common Law.


**COUNT IV – IMPORTATION OF INFRINGING GOODS (FEDERAL)**


88. GMA repeats and realleges the allegations of paragraphs 1 through 87 as if fully set forth herein.

89. Defendants have imported and continued to import infringing goods into the United States in violation of 15 U.S.C. Section 1125(b).

90. Defendants' acts are also prohibited by 15 U.S.C. Section 1124.

91. The activities of Defendants, complained of herein, constitute willful and intentional infringement of the GMA Trademarks in violation of 15 U.S.C. Section 1125(b) and 15 U.S.C. Section 1124.


**COUNT V – INFRINGING USE OF DOMAIN NAME (FEDERAL)**

92. As a cause of action and ground for relief, GMA alleges that Defendant SOLNICKI is engaged in trademark infringement practices in violation of 15 U.S.C. Section 1125(d), and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 91 as if fully set forth herein.

93. SOLNICKI registered, traffics in, and uses the domain name www.charlottesolnicki.com .

94. The registration and use of this domain name is in bad faith and increases the likelihood of confusion or of misunderstanding as to affiliation, connection or association of the Plaintiff's products with the Defendants' products.

95. PLAINTIFF has not consented to any sponsorship, approval, status, affiliation, or connection with the Defendants' products.

96. PLAINTIFF has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to relief, pursuant to 15 U.S.C. Section 1125(d)(1)(C).


**COUNT VI – DEFENDANTS SALE OF COUNTERFEIT GOODS**


97. GMA repeats and realleges the allegations of paragraphs 1 through 96 as if fully set forth herein.

98. A "counterfeit mark" is a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom the relief is sought knew such mark was so registered.   15 U.S.C. 1116(d)(1)(B)(i).

99. Defendants have used the CHARLOTTE mark in connection with the sale or offering of goods via their respective businesses and websites.

100.    Defendants' use of the CHARLOTTE mark is counterfeiting and PLAINTIFF has been irreparably damaged, and will continue to be damaged by the sale of Defendants' counterfeit goods and is entitled to relief, pursuant to 15 U.S.C. Sections 1114(1) and 1116(d)(1)(B)(i).

**WHEREFORE**, PLAINTIFF prays:

A.    That this Court adjudge that the Defendants have infringed, counterfeited, tarnished and diluted GMA's CHARLOTTE trademark, competed unfairly, engaged in deceptive trade and business practices, and committed consumer fraud as set forth in this Complaint, in violation of PLAINTIFFS' rights under New York Law as well as the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1124 and 1125.

B.    That Defendants, and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including CHARLOTTE SOLNICKI and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including CHARLOTTE SOLNICKI and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing PLAINTIFF's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or

utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

C.     That Defendants be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the "CHARLOTTE" (including CHARLOTTE SOLNICKI) word mark, and any plates, molds, and other materials for making such infringing products.

D.     That Defendants be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs B and C, pursuant to 15 U.S.C. 1116(a).

E.     That GMA recover Defendants' profits arising from Defendants' acts of trademark infringement, trademark dilution, false designation of origin, dilution, tarnishment, false description or representation, unfair competition, deceptive trade and business practices, and consumer fraud pursuant to both New York law and 15 U.S.C. 1117(a).

F.     That the Court treble such damages as awarded pursuant to 15 U.S.C. 1117(b).

G.     That GMA recover pre-judgment and post-judgment interest on each and every award.

H.     That GMA recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a).

I.     That GMA have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a).

J.     That GMA have such other and further relief as the Court may deem just

and proper.

      K.     That GMA at its option be awarded statutory damages of $1 million in lieu of actual damages pursuant to 15 U.S.C. Section 1117(c).

      L.     That the website www.charlottesolnicki.com be removed from the world wide web pursuant to 15 U.S.C. 1125(a)(1)(D).

Dated: New York, New York
      September 28, 2007

                              Respectfully Submitted,

                              THE BOSTANY LAW FIRM

                              By:_____
                              ANDREW T. SWEENEY (AS-0724)
                              Attorney for Plaintiff GMA Accessories, Inc.
                              40 Wall Street, 61st Floor
                              New York, New York 10005
                              (212) 530-4400

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GMA ACCESSORIES, INC.,

        Plaintiff,

   -v-                               No.  07 Civ. 3219 (LTS) (DCF)

BOP LLC, et al.,

        Defendants.
------------------------------------------------------------x

## MEMORANDUM ORDER GRANTING DEFAULT JUDGMENT MOTIONS AND INJUNCTION

        In this trademark infringement action, Plaintiff GMA Accessories, Inc. ("GMA")

moves for judgment by default against three of the Defendants – Girlshop, Inc. ("Girlshop"),

Showroom Seven Studios, Inc. ("Showroom 7"), and Jonathan Solnicki ("Solnicki" and,

collectively, "Defendants").  GMA seeks immediate relief in the form of a determination on the

issue of liability as to each Defendant and the issuance of a permanent injunction, and requests

further proceedings relating to damages.  The Clerk of Court has issued a Certificate of Default as

to each of the Defendants, each of whom has also been served with the Court's order authorizing

the default application and the relevant motion for judgment by default.  None of the Defendants

has responded to the default judgment motions.

        The Court has jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

§§ 1331 and 1338.  For the following reasons, GMA's default judgment motions (docket entries 32

and 45) are granted.  This Memorandum Order constitutes the Court's findings of fact and

conclusions of law for purposes of Rules 52 and 65 of the Federal Rules of Civil Procedure.

GMA Accessories Def.wpd    Version 8/29/07

Copies mailed _counsel for Plaintiff_
Chambers of Judge Swain 8.29.07

By reason of their failure to respond to GMA's Amended Complaint ("Complaint"), Defendants are deemed to have admitted the factual allegations set forth in the Complaint. See Fed. R. Civ. P. 8(d); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The Court makes the following findings of fact based on GMA's allegations in its Complaint and its further evidentiary proffers in connection with the instant motion practice.


ANALYSIS

Findings of Fact

GMA does business as "Capelli New York." (Compl. ¶1.) GMA sells its CHARLOTTE brand clothing to numerous retail outlets, including boutiques, specialty stores and department stores. (Decl. of William Maloof, dated June 18, 2007 ("Maloof Decl.") ¶4.) Since 1999, GMA has been the owner of the registered trademark "CHARLOTTE" in International Classes 18 and 26. This mark was deemed incontestable pursuant to section 15 of the Lanham Act. (Id. ¶¶ 22, 23; see 15 U.S.C. §1065.) Since 2002, GMA has been the owner of the registered mark "CHARLOTTE" in International Class 25. This mark has also been deemed incontestable pursuant to section 15 of the Lanham Act. (Compl. ¶ 27.) Pursuant to an assignment, GMA's use in commerce of the mark dates back to January 2, 1979. GMA is also the owner of the registered mark "CHARLOTTE & Friends." (Id. ¶ 26.) These marks consist of words only, with the dominant word "CHARLOTTE" in block letters. (Id. ¶28.) The CHARLOTTE mark has been in continuous use on a nationwide basis in connection with GMA's products since 1996, and each of GMA's CHARLOTTE registrations predates Defendants' first use of the CHARLOTTE mark. (Id. ¶¶ 18, 20.) GMA has incurred substantial expense in promoting and advertising its products under the CHARLOTTE mark. (Id. ¶19; Maloof Decl. ¶ 7.)

Defendants are using the mark CHARLOTTE and/or CHARLOTTE SOLNICKI to display, market, distribute, sell and/or offer for sale merchandise, including clothing, to the public. (Compl. ¶¶ 9, 13; Exs. D, E, H, I, J to Decl. of Andrew T. Sweeney in Support of Motion for Default Judgment as to Jonathan Solnicki; Exs. A, B, C, F to Decl. of Andrew T. Sweeney in Support of Motion for Default Judgment as to Girlshop and Showroom 7 (collectively, "Sweeney Decls.").) Defendants use the mark CHARLOTTE alone and/or in conjunction with the name CHARLOTTE SOLNICKI to identify their goods. (Compl. ¶¶ 31, 32; exhibits to Sweeney Decls.) Defendants were aware of the GMA marks before they began using CHARLOTTE and/or CHARLOTTE SOLNICKI to identify their goods, are intentionally infringing on the GMA marks, and are doing so in bad faith. (Compl. ¶¶ 30, 33, 34.) Defendants failed to conduct a trademark search before using the CHARLOTTE mark. The items on which Defendants use the CHARLOTTE and/or CHARLOTTE SOLNICKI marks are closely related to those for which GMA owns registered trademarks. (Compl. ¶¶ 35, 41; exhibits to Sweeney and Maloof Decls.)


Conclusions of Law

To obtain relief under the Lanham Act, Plaintiffs must show that (1) their marks are entitled to protection and (2) Defendant's use of the marks is likely to cause consumer confusion as to the origin or sponsorship of Defendant's goods. See Virgin Enter. Ltd v. Nawab., 335 F.3d 141, 146 (2d Cir. 2003). The likelihood of confusion is assessed with reference to the nonexclusive factors cited in Polaroid Corp v. Polarad Elec. Corp., 287 F.2d 492 (2d Cir. 1961), where a senior user challenges a junior user's allegedly infringing use of a mark. See Polaroid 287 F.2d at 492; The Sports Auth., Inc. v. Prime Hospitality Corp., 89 F.3d 955, 960 (2d Cir. 1996); Virgin Enter. Ltd., 335 F.3d at 146; Pfizer, Inc. v. Y2K Shipping & Trading, Inc., No. 00 Civ. 5304, 2004 WL

896952, at *2 (E.D.N.Y. Mar. 26, 2004).

Plaintiff's uncontroverted demonstration that it owns registered, incontestable CHARLOTTE marks for the relevant types of merchandise is sufficient to show that its marks are entitled to protection. The registration of an incontestible mark is conclusive evidence of the validity of the registered mark and of the registrant's exclusive right to use the registered mark in commerce in connection with the relevant goods. 15 U.S.C.A. § 1115(b) (West 2006).

The Court has considered the six Polaroid factors and finds that viewed in their entirety, on this record, they weigh in Plaintiff's favor. Plaintiff's CHARLOTTE mark is arbitrary as used in connection with its apparel products and has been advertised extensively over a long period of time, and thus is a strong one. The marks are in some instances identical and in all instances share the common, arbitrary term CHARLOTTE, indicating a significant degree of similarity and likelihood of confusion as to source. The first two Polaroid factors thus weigh strongly in Plaintiff's favor. The products are proximate in nature and are in the same broad category of trendy clothing and accessories, although Plaintiff has not shown a practice or intent of marketing precisely the same type of designer fashion-type street clothing offered by Defendants. The third and fourth factors thus weigh in Plaintiff's favor, albeit not as strongly as the first two. Although there has been no demonstration of actual confusion, a showing of actual confusion is not necessary. Savin Corp. v. Savin Group, 391 F.3d 439, 459 (2d Cir. 2004). Furthermore, where there is a high degree of similarity between the goods, consumer sophistication is not a significant factor. See, e.g., The Morningside Group Ltd. v. Morningside Capital Group, LLC, 182 F.3d 133, 143 (2d Cir. 1999).

<u>CONCLUSION</u>

Having considered the uncontroverted factual record and the relevant law, the Court finds that Plaintiff has proffered sufficient evidence to prevail on the merits of its trademark infringement claim and is entitled to the entry of a permanent injunction against Defendants. Defendants Girlshop, Showroom 7 and Solnicki, their owners, agents, employees and all those acting in concert or active participation with them who receive actual notice of this Order by personal service or otherwise are hereby permanently enjoined from using the word mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI, in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of unauthorized clothing and related merchandise.

The issue of damages will be considered by the Court in the context of the resolution of the damages claims against the other defendants insofar as the damages claims against the other defendants relate to the same sales and merchandising activities.

Dated: New York, New York
       August 29, 2007

LAURA TAYLOR SWAIN
United States District Judge

STATE OF NEW YORK       )

                             )    ss.:

COUNTY OF NEW YORK    )

       Andrew T. Sweeney, an attorney duly licensed to practice in the state of New York, hereby affirms under penalty of perjury: deponent is not a party to the action, is over 18 years of age and works at 40 Wall Street, New York, New York 10005. On September 28, 2007, deponent served the within SECOND AMENDED COMPLAINT and attachment upon:

| Party(s) | Address | Attorney |
|---|---|---|
| Girlshop, Inc. | 154 West 14th St., 9th Fl. New York, NY 10011 | |
| Showroom Seven Studios, Inc. | 498 7th Avenue, 24th Fl. New York, NY 10018 | |
| Eminent, Inc. | 100 Wall St., 20th Fl. New York, NY 10005 | Robert Carrillo, Esq. Garvey Schubert Barer |
| Jonathan Solnicki | Martin Lezica 3098 – B1642GJB San Isidro – Buenos Aires, Argentina | |
| Lewis Tierney | 115 Saint Mark's Place New York, NY 10009 | Jonathan M. Anderson, Esq. Holland & Hart LLP |
| Saks Fifth Avenue, Inc. | 12 East 49th St. New York, NY 10017 | |
| Intermix, Inc. | 48 West 25th St., 11th Floor New York, NY 10010 | |
| Wink NYC, Inc. | 401 Washington St., 3rd Fl. New York, NY 10013 | |
| Jonathan Singer | 441 Glen Cove Road East Hills, NY 11577 | |
| Lisa Kline, Inc. | 10900 Wilshire Blvd. Suite 500 Los Angeles, CA 90024 | O. Andrew Wheaton, Esq. Richardson & Patel LLP |

the said address(es) for that purpose by depositing the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____

Andrew T. Sweeney