UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GMA ACCESSORIES, INC.,

                              Plaintiff,    :  07 Civ. 3219 (LTS)(DCF)

            - against -    :  ECF Case

BOP, LLC, GIRLSHOP, INC.,    :  **AFFIDAVIT OF**
SHOWROOM SEVEN STUDIOS, INC.,    :  **JEFFREY R. WANG**
JONATHAN SOLNICKI,
BELMONDO and EMINENT, INC.,

                            Defendants.    :
------------------------------------------------------------------x

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK  )

        JEFFREY R. WANG, being duly sworn, deposes and says:

        1.    I am a member of the bar of this Court and am associated with Friedman Kaplan Seiler & Adelman LLP, counsel in this action for defendant Bop, LLC ("Bop"). I submit this affidavit in support of Bop's motion to withdraw, vacate, or modify Bop's offer of judgment and the resulting judgment.

        2.    After the Court entered a default judgment order against the defendants Jonathan Solnicki, Girlshop, Inc., and Showroom Seven Studios, Inc. (together, the "Solnicki Defendants") on August 29, 2007, I, along with Robert Carrillo, Esq., counsel for defendant Eminent, Inc. ("Eminent"), contacted the Court by letter on September 4, 2007. Bop and Eminent told the Court that because they had not been served with the default motion and were mere end-sellers of products containing the

517865.4

allegedly infringing mark, they believed they were not "acting in concert or active participation with" the defaulted defendants, and they did not believe this Court intended the order to apply to Bop or Eminent. However, to avoid any suggestion that Bop or Eminent might be violating the order by continuing to sell what they in good faith believed were non-infringing items, we requested that this Court modify the order to clarify that it was not intended to apply to Eminent or Bop or to Bop's parent, Amazon.com, Inc.

3. Bop and Eminent advised this Court and plaintiff that, in the interim, in an abundance of caution, Bop and Eminent had removed the allegedly infringing items from their respective Web sites pending clarification of the order. In accordance with that undertaking, Bop removed all CHARLOTTE SOLNICKI items from its Web site but took no action with regard to other items that simply included the word "Charlotte" as part of a larger name (such as Charlotte Ronson), because Bop believed that the language of the default injunction did not extend – nor did it believe the Court intended it to extend – to all such items.

**The Settlement Discussions Between Plaintiff and Bop**

4. I participated in settlement discussions with plaintiff's counsel at The Bostany Law Firm in this matter. Those settlement discussions included several conversations with various attorneys from plaintiff's counsel's firm between September 7, 2007 – the date Bop served its Rule 68 offer of judgment – and September 18, 2007 – the date Bop purported to accept the offer of judgment.

5. On September 7, 2007, I called Adrienne Raps of the Bostany firm, to offer $15,000 in settlement of the action. During that call, I explained the rationale for

2

517865.4

this offer: namely, that Bop (a) believed that its exposure in this action was limited – among other things, it believed that its actions plainly did not constitute infringement and that even if they did, its gross profit from the CHARLOTTE SOLNICKI items subsequent to July 2006 was roughly $50,000 (with considerably lower net profits); (b) did not want to expend substantial resources litigating whether CHARLOTTE SOLNICKI was an infringing mark; and (c) was willing to remove the underperforming CHARLOTTE SOLNICKI items from its Web site in exchange for a resolution of the matter. Plaintiff had previously demanded a settlement amount of $231,866.38, which was based solely on the sale of CHARLOTTE SOLNICKI items on Bop's Web site – the number represented half of Bop's total, historical gross profits over all time – and not on the sale of any other items, such as Charlotte Ronson.

6.   Shortly thereafter, Bop served an offer of judgment pursuant to Rule 68, in the amount of a monetary payment of $15,000 (inclusive of costs) plus an injunction. Consistent with Bop's belief that the default judgment entered by this Court against the Solnicki Defendants did not extend beyond the CHARLOTTE and CHARLOTTE SOLNICKI marks actually at issue in this litigation, the injunctive language in Bop's offer of judgment – namely, an injunction from "using the mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI" – matched the injunctive language in the Court's August 29, 2007 default judgment order against the Solnicki Defendants.

7.   Following receipt of the offer of judgment, John Bostany, lead counsel for plaintiff, called me early the following week to discuss settlement.

8. Mr. Bostany asked whether Bop would be willing to pay $75,000 in settlement of the action. He reiterated this offer in a settlement conversation on Friday, September 14. On both occasions, I told Mr. Bostany that I would check with my client, which I did.

9. The next business day, Monday, September 17, I informed Mr. Bostany that Bop believed its exposure was far less than $75,000; however, in furtherance of a possible settlement, Bop raised its settlement offer to $22,000.

10. Mr. Bostany replied that he would check with his client as to whether that payment would be acceptable, and asked whether the injunction offered would be the same as in the offer of judgment. I raised the possible alternative of accomplishing the settlement by way of a duly-executed settlement agreement, but I also told him that if his client wanted a court-ordered injunction, I would check with my client to confirm if that would be acceptable.

11. Without waiting for an answer to that question or even responding to Bop's most recent settlement offer, plaintiff's counsel that evening purported to accept the offer of judgment at the lower amount of $15,000.[1]

12. At no point during any of my settlement discussions with plaintiff's counsel did any of plaintiff's attorneys ever mention that they would want Bop to remove any product other than Charlotte Solnicki from Bop's Web site as part of any

---

[1] The purported acceptance plaintiff served on September 17 added costs to the terms of the offer. Because the offer of judgment was inclusive of costs, on the morning of September 18 plaintiff filed a purported amended acceptance, which simply accepted Bop's offer.

4

517865.4

settlement, nor did they ever mention that they viewed the language in the Court's default judgment order (or Bop's offer of judgment) to include any items other than Charlotte Solnicki.

13. Within hours of plaintiff's purported amended acceptance of Bop's offer of judgment, I received a call from counsel for Eminent, who informed me that plaintiff's counsel had now taken the position that Charlotte Ronson items – which were never the subject of this lawsuit (even though they were known to plaintiff at the initiation of this action) – were covered by the injunctive language in Bop's offer of judgment.

14. I then called both Mr. Bostany (who did not take my call) and Andrew Sweeney, another lawyer at the Bostany firm, with whom I spoke. I informed Mr. Sweeney that the injunction in Bop's offer of judgment was never intended to (nor did Bop believe it did) include all items with the mere word "Charlotte" in them. Mr. Sweeney responded that plaintiff did not share that interpretation of the language.

15. Having confirmed that plaintiff had adopted this different interpretation of the injunctive language in the offer of judgment, I wrote to the Court on September 19, the day after the purported acceptance, to request that the offer of judgment be withdrawn or vacated.

16. During the parties' conference with Magistrate Judge Freeman – to whom this Court referred the parties "to seek to resolve their differences as to the scope of the injunction and, failing that, to devise a schedule for briefing on the motion to withdraw the Rule 68 offer" – Judge Freeman set a briefing schedule for Bop's motion,

517865.4

with Bop's moving papers due on October 19, plaintiff's opposition due on October 26, and Bop's reply due on October 30.

**Documents Attached to this Affidavit**

17. Attached hereto as Exhibit A is a true and correct copy of a letter, dated July 7, 2006, from John Bostany, Esq. to Bop, LLC.

18. Attached hereto as Exhibit B is a true and correct copy of a letter, dated July 27, 2006, from Adrian Garver, Copyright/Trademark Agent for Amazon.com, Inc. (Bop's parent company), in response to Mr. Bostany's July 7, 2006 letter.

19. Attached hereto as Exhibit C is a true and correct copy of plaintiff's amended complaint (the "Complaint"), dated May 7, 2007, in this action. The Complaint is Document 9 on the Court's docket sheet.

20. Attached hereto as Exhibit D is a true and correct copy of this Court's August 29, 2007 Memorandum Order Granting Default Judgment Motions and Injunction, against the Solnicki Defendants. This document is Document 61 on the Court's docket sheet.

21. Attached hereto as Exhibit E are true and correct copies of plaintiff's proposed forms of default judgment as to the Solnicki Defendants. These documents are Document 34-15 (entry titled "Text of Proposed Order," against Girlshop, Inc. and Showroom Seven Studios, Inc.) and Document 46-12 ("Text of Proposed Order Default Judgment as to Jonathan Solnicki") on the Court's docket sheet.

22. Attached hereto as Exhibit F is a true and correct copy of a letter to the Court, dated September 4, 2007, from defendants Bop and Eminent.

23. Attached hereto as Exhibit G is a true and correct copy of the Court's docket sheet, printed on October 18, 2007, showing the parties served with plaintiff's default motion papers.

24. Attached hereto as Exhibit H is Bop's Rule 68 offer of judgment, dated September 7, 2007.

25. Attached hereto as Exhibit I is a true and correct copy of plaintiff's original purported acceptance of the offer of judgment, dated September 17, 2007. This document is Document 66 on the Court's docket sheet.

26. Attached hereto as Exhibit J is a true and correct copy of plaintiff's amended purported acceptance of the offer of judgment, dated September 18, 2007. This document is Document 67 on the Court's docket sheet.

27. Attached hereto as Exhibit K is a true and correct copy of a letter to this Court from Jeffrey R. Wang, counsel for Bop, dated September 19, 2007, requesting a pre-motion conference to consider Bop's request for permission to move for an order withdrawing or vacating the offer of judgment on the docket. This letter, along with the Court's memo endorsement, is Document 68 on the Court's docket sheet.

28. Attached hereto as Exhibit L is a true and correct copy of a letter to this Court from Andrew T. Sweeney, counsel for plaintiff, dated September 28, 2007, requesting that the Court enter judgment against Bop.

29. Attached hereto as Exhibit M is a true and correct copy of a letter to this Court from Jeffrey R. Wang, counsel for Bop, dated October 1, 2007, responding to plaintiff's September 28, 2007 letter and requesting that the Court deny plaintiff's

517865.4

request that the Court enter judgment against Bop and requesting, if necessary, the opportunity to brief the issue before the Court.

30. Attached hereto as Exhibit N is a true and correct copy of a letter to this Court from John P. Bostany, counsel for plaintiff, dated October 17, 2007.

31. Attached hereto as Exhibit O is a true and correct copy of an Order and Judgment as to Bop, LLC, dated October 18, 2007, and filed on October 19, 2007. This Order is Document 79 on the Court's docket sheet.

32. Attached hereto as Exhibit P is a true and correct copy of plaintiff's Memorandum of Law in Support of Motion for Default Judgment against defendants Girlshop, Inc. and Showroom Seven Studios, Inc., dated June 18, 2007. This document is Document 35 on the Court's docket sheet.

33. Attached hereto as Exhibit Q is a true and correct copy of a decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board ("TTAB"), denying summary judgment to GMA Accessories, Inc., in *GMA Accessories, Inc. v. Sanei Charlotte Ronson, LLC*, Nos. 91167353, 91168148, 91172117 (TTAB Nov. 6, 2006).

WHEREFORE, it is respectfully requested that defendant Bop's motion be granted.

_____
Jeffrey R. Wang

Sworn to before me this
19th day of October, 2007

BARBARA J. GRAVES
Notary Public, State of New York
No. 02GR6154917
Qualified in New York County
Commission Expires October 23, 20 10

_____
Notary Public

8

517865.4