# EXHIBIT K

## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

1633 BROADWAY
NEW YORK, NY 10019-6708

TELEPHONE (212) 833-1100
FACSIMILE (212) 833-1250
WWW.FKLAW.COM

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: SEP 19 2007]

September 19, 2007

BY FACSIMILE (212) 805-0426

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street, Room 755
New York, NY 10007

**MEMO ENDORSED**
IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

Re: *GMA Accessories, Inc. v. Bop, LLC, et al.*
Case No. 07 CV 3219 (LTS)(DCF)

Dear Judge Swain:

We represent defendant Bop, LLC ("Bop") in the above-captioned matter. We write to request a pre-motion conference to request withdrawal or vacatur of Bop's offer of judgment – which plaintiff yesterday purported to accept and entered on the docket – due to the absence of a meeting of the minds between the parties regarding the scope of the injunction set forth in the offer of judgment. In addition, we request that the Court not enter judgment pending resolution of this dispute.

Pursuant to this Court's individual practices, during a telephone conference yesterday evening Bop notified counsel for plaintiff that it had come to Bop's attention that plaintiff believed the injunction in Bop's offer of judgment to be far broader than Bop ever intended. Upon receiving this information, Bop notified plaintiff's counsel that the injunction in Bop's offer of judgment was never intended to (nor do we believe it did) include all items with the mere word "Charlotte" in them such as, for example, Charlotte Ronson. Rather, Bop intended the injunction in the offer of judgment to include the stand-alone mark Charlotte by itself, as well as the Charlotte Solnicki mark, which were the subjects of this action. During that telephone conference, counsel for plaintiff advised us that plaintiff did not share this view. In

510664.1

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Honorable Laura Taylor Swain        - 2 -              September 19, 2007

addition, last evening we sent plaintiff's counsel a letter reiterating our position, and requesting its consent to formally withdraw the offer of judgment on the docket. Although we have not yet received an answer from counsel for plaintiff with regard to this request, in light of the emergent nature of this issue we believe it is necessary to contact the Court at this time.

Accordingly, Bop requests that the Court not enter judgment pending resolution of this dispute, and that the Court schedule a pre-motion conference at the Court's earliest convenience to consider Bop's request for permission to move for an order withdrawing or vacating the offer of judgment on the docket.

Respectfully,

Jeffrey Wang

cc: Andrew Sweeney, Esq. (by facsimile)
(counsel for plaintiff GMA Accessories, Inc.)
Robert Carrillo, Esq. (by facsimile)
(counsel for defendant Eminent Inc.)
Clerk of Court (by hand)

*The parties (ie, Plaintiff and Bop) shall promptly meet with Judge Freeman to seek to resolve their differences as to the scope of the injunction and, failing that, to devise a schedule for briefing on the motion to withdraw the Rule 68 offer.*

SO ORDERED.

LAURA TAYLOR SWAIN    9/19/07
UNITED STATES DISTRICT JUDGE