# EXHIBIT M

## FRIEDMAN KAPLAN SEILER & ADELMAN LLP

| | | |
|---|---|---|
| BRUCE S. KAPLAN<br>EDWARD A. FRIEDMAN<br>GARY D. FRIEDMAN<br>BARRY A. ADELMAN<br>ERIC SEILER<br>ROBERT D. KAPLAN<br>ANDREW W. GOLDWATER<br>ROBERT J. LACK<br>GREGG S. LERNER<br>PAUL J. FISHMAN<br>WILLIAM P. WEINTRAUB<br>RICHARD M. HOFFMAN<br>SCOTT M. BERMAN<br>HAL NEIER<br>PHILIPPE ADLER<br>LANCE J. GOTKO<br>KATHERINE L. PRINGLE<br>MERYL S. ROSENBLATT<br>DANIEL B. RAPPORT<br>DAVID I. TANENBAUM<br>HALLIE B. LEVIN<br>ANNE E. BEAUMONT<br>MARY E. MULLIGAN<br>EMILY A. STUBBS | 1633 BROADWAY<br><br>NEW YORK, NY 10019-6708<br><br>TELEPHONE (212) 833-1100<br><br>FACSIMILE (212) 833-1250<br><br>WWW.FKLAW.COM<br><br>WRITER'S DIRECT DIAL<br>(212) 833-1175<br><br>WRITER'S DIRECT FAX<br>(212) 373-7975<br><br>E-MAIL<br>JWANG@FKLAW.COM | NORMAN ALPERT<br>MARC N. EPSTEIN<br>SNEHA DEVADASON<br>ANDREW A. QUARTNER<br>COUNSEL<br><br>KENT K. ANKER<br>AMY C. BROWN<br>MALA AHUJA HARKER<br>HEATHER WINDT<br>LISA S. GETSON<br>GAURAV I. SHAH<br>ASAF REINDEL<br>JOHN N. ORSINI<br>JEFFREY R. WANG<br>VANESSA RICHARDS<br>CHAD B PIMENTEL<br>MYRIAM FORD<br>JOSHUA D. JACOBSON<br>CHAD M. LEICHT<br>JONATHAN GOTTFRIED<br>BARBARA J. GRAVES<br>MICHAEL A. GORDON<br>DANYA SHOCAIR REDA<br>ROBERT S. LANDY<br>DANIEL R. GREENBERG<br>DAVID N. SLARSKEY<br>KEVIN S. HAEBERLE |

October 1, 2007

BY FACSIMILE (212) 805-0426

Honorable Laura Taylor Swain
United States District Judge
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl Street, Room 755
New York, NY 10007

> Re: *GMA Accessories, Inc. v. Bop, LLC, et al.*
>     Case No. 07 CV 3219 (LTS)(DCF)

Dear Judge Swain:

      We represent defendant Bop, LLC ("Bop") in the above-captioned matter. We write in response to plaintiff's September 28 letter requesting that the Court enter judgment in the above-captioned matter.

      Plaintiff's request should be denied, as it is plainly an attempt to circumvent Your Honor's September 19 initial reference of this matter to Judge Freeman (a copy of which is attached hereto), in which this Court directed the parties to "meet with Judge Freeman to resolve their differences as to the scope of the injunction and, failing that, to devise a schedule for briefing on the motion to withdraw the Rule 68 offer."

      Plaintiff's request also lacks legal basis. Although plaintiff states that the judgment "is effectively in force as of the date of the plaintiff's acceptance" and asks that this Court enter judgment only "for purposes of completeness," the law is to the contrary. Rule 68 provides that the *clerk* shall enter judgment (plaintiff's letter erroneously suggests that the rule states that the *Court* shall do so); but the law is clear that that provision does *not* apply where, as here, the proposed offer of judgment includes an injunction. In those instances, only the Court

512889.2

FRIEDMAN KAPLAN SEILER & ADELMAN LLP

Honorable Laura Taylor Swain        - 2 -        October 1, 2007

can enter judgment, because "the decision whether to enter any injunction is ultimately within the court's discretion." *See, e.g.*, 12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 3005 (2d ed. 1997).[1] Attempting to resolve the issue of the scope of the injunction was precisely the reason for the Court's reference to Judge Freeman; thus, plaintiff's request is merely an improper attempt at an end-run around that reference.

       Accordingly, we respectfully request that – in accordance with Your Honor's September 19 order – plaintiff's request be denied and the parties be given the opportunity to confer with Judge Freeman tomorrow, October 2, and, if necessary, brief the issue for Your Honor.[2]

       Respectfully,

       Jeffrey Wang

cc:    Honorable Debra C. Freeman (by facsimile)
       Andrew Sweeney, Esq. (by facsimile)
         (counsel for plaintiff GMA Accessories, Inc.)
       Robert Carrillo, Esq. (by facsimile)
         (counsel for defendant Eminent Inc.)

---

[1] The case plaintiff cites for the proposition that an accepted offer of judgment is final – *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408 (S.D.N.Y. 2003) – is inapposite, as it did not involve an offer of judgment that included injunctive relief. *See id.* at 411 (offer of $1,000 plus reasonable attorneys' fees). Plaintiff's instant request is particularly surprising because it was made after Bop served on plaintiff its written legal argument to Judge Freeman on the issue, in which we pointed out this very fact.

[2] In the event Your Honor is nonetheless inclined to grant plaintiff's request, we note that plaintiff misrepresents its proposed judgment as "mirror[ing] Bop's offer," when in fact it does not. In reality, plaintiff's language greatly expands the scope of the injunction, including not only Bop (which was the only entity listed in Bop's Rule 68 offer) but also "its owners, agents, employees and all those acting in concert or active participation with them." Accordingly, the additional language should be stricken.

512889.2