# Exhibit P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

- against -                        Civil Action No.: 07CV3219 (LTS)

BOP, LLC, GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SOLNICKI,
BELMONDO and EMINENT, INC.

                Defendants.
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff respectfully submits the following proposed Conclusions of Law:

1. By virtue of their default, defendants, Girlshop, Inc. and Showroom Seven Studios, Inc., have admitted the allegations in the Amended Complaint that they willfully and knowingly infringed plaintiff's trademark CHARLOTTE in violation of Section 35 of the Lanham Act, 15. U.S.C. Section 1114(1), have improperly caused trade to be diverted from GMA and have caused and will continue to cause irreparable harm and injury to GMA. *U2 Home Entertainment, Inc. v. Fu Shun Wang*, 482 F.Supp.2d 314, 317-18 (E.D.N.Y. 2007); *GMA Accessories, Inc. v. Megatoys, Inc.*, 2003 WL 193507 * 1 (S.D.N.Y. 2003); *Rolex Watch U.S.A. v. Jones*, 2002 WL 596354 *5 (S.D.N.Y. 2002). See also *Transatlantic Marine Claims v. Ace Shipping*, 109 F. 3d 105, 108 (2d Cir. 1997)("It is, of course, ancient learning that a default judgment deems all well-pleaded allegations in the pleadings to be admitted").

2. The two part test for a claim of trademark infringement looks to (1) whether or not the

plaintiff's mark is entitled to protection; and (2) whether defendant's use of the mark is likely to cause confusion. *Virgin Enterprises Ltd. v. Tahir Nawab, et al*, 335 F.3d 141, 146 (2d Cir. 2003).

3. The first part of this test is satisfied by GMA's registration for clothing to the CHARLOTTE trademark which has been deemed incontestable by the USPTO pursuant to Section 15 of the Lanham Act in the same class of goods trafficked as CHARLOTTE by defendants. GMA's incontestable registration is "conclusive evidence" of GMA's exclusive right to the CHARLOTTE trademark. 15 U.S.C. §1115(b); *24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC*, 277 F.Supp.2d 356, 361 (S.D.N.Y. 2003). The right to exclusive use extends to all goods contained in the registration certificate. *Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir. 2004).

4. The Second Circuit has found six nonexclusive *Polaroid* factors to directly relate to the likelihood of consumer confusion analysis. *Virgin Enterprises Ltd. v. Tahir Nawab, et al*, 335 F.3d at 146-47. The six relevant factors are as follows: (1) the strength of the senior mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will "bridge the gap"; (5) actual confusion; and (6) sophistication of the consumers. *Id.*

   a. Strength of the Mark

The strength of a trademark encompasses two concepts, "inherent distinctiveness" and "acquired distinctiveness." *Virgin Enterprises Ltd. v. Tahir Nawab, et al*, 335 F.3d at 147. Inherently distinctive marks are either (1) "arbitrary" ("Camel" cigarettes), (2) "fanciful" ("Kodak" film); or (3) "suggestive" ("Tide" laundry detergent). *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000) (*Citing* "the now-classic test originally formulated by

Judge Friendly" in *Abercrombie & Fitch, Co. v. Hunting World, Inc.*, 537 F.2d 4, 10-11 (2d Cir. 1976)).

Of the four categories that a trademark may be classified as, arbitrariness is afforded the most protection. *The Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d 133, 139 (2d Cir. 1999); *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d at 11. When a word is applied in an unfamiliar way, it is deemed arbitrary. *Id.* There should be "no logical relationship whatsoever between the mark and the product on which it is used." *Nabisco, Inc. v. PE Brands, Inc.*, 191 F.3d 208, 216 (2d Cir. 1999). In *Lane Capital Management, Inc. v. Lane Capital Management, Inc.*, 15 F.Supp.2d 389 (S.D.N.Y. 1998), the Court concluded that a mark is arbitrary when it does not describe the trademark owner's services or anyone actually associated with the company. *Id.* at 394 *aff'd Lane Capital Management, Inc. v. Lane Capital Management, Inc.*, 192 F.3d 337, 346 (2d Cir. 1999). For example, Dana is an arbitrary mark in part because no individual named "Dana" was associated with the company. *Satinine v. Les Parfums de Dana, Inc.*, 1984 WL 830 at * 5 (S.D.N.Y. 1984). Another example is found in *Charles of the Ritz Group Ltd. V. Quality King Distributors, Inc.*, 832 F.2d 1317, 1321 (2d Cir. 1987), where the court concluded that "Opium" as applied to perfume is arbitrary.

It is respectfully submitted that under this standard, the CHARLOTTE mark deserves to be classified as arbitrary as it pertains to clothing because the word Charlotte is not commonly associated with the products marketed by GMA nor does it identify a particular individual associated with GMA. The arbitrariness of the mark is evidence of its strength. *Virgin Enterprises Ltd. v. Tahir Nawab, et al*, 335 F.3d at 147; *The Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d at 139; *Charles of the Ritz Group Ltd. V. Quality King Distributors, Inc.*, 832 F.2d at 1321; *American Home Products v. Johnson Chemical Co.*,

3

589 F.2d 103, 106 (2d Cir. 1977).

Acquired distinctiveness lends credence to the strength of the mark where the mark enjoys commercial success. *Virgin Enterprises Ltd. v. Tahir Nawab, et al*, 335 F.3d at 147. GMA's CHARLOTTE trademark has been extensively promoted and advertised and CHARLOTTE brand products have had substantial sales success. *See* Declaration of William Maloof. It is respectfully submitted that the CHARLOTTE trademark is a very strong mark based upon both its distinctiveness and extensive commercial use.

b. Similarity

Defendants' brand of clothing has a confusingly similar name to GMA's CHARLOTTTE trademark. Where both plaintiff's and defendant's marks consist of the same word, minor differences are inconsequential. *Savin Corp. v. Savin Group*, 391 F.3d at 458; *Virgin Enterprises Ltd. v. Tahir Nawab, et al*, 335 F.3d at 149.

It is well-settled that adding another word or name to a single word mark is not sufficient to overcome a likelihood of confusion between two separate marks under Section (d) of the Lanham Act. *See, e.g., Coca Cola Bottling Co. v. Joseph E. Eagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A 1967)("THE LILY" and "LILY ANN"); *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY's ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"). *See also*

*Physicians Formula Cosmetic, Inc v West Cabot Cosmetics*, 857 F.2d 80, 82 (2d Cir. 1988); *Wynn Oil Company v. Thomas*, 239 F.2d 1183 (6th Cir. 1988); *CFM Majestic, Inc. v. NHC, Inc.*, 93 F.Supp.2d 942 (N.D. Ind. 2000); *Trident Seafoods Corp. v. Triton Fisheries, LLC.*, 2000 WL 33675750 at *6 (D. Alaska 2000); *In re Denisis*, 225 U.S.P.Q. 624 (TTAB 1985); 3 McCarthy on Trademarks §§ 23:55-23:56 at 23-164 through 23-169.

"Moreover, the use of a defendant's own name in conjunction with an otherwise similar mark does not generally excuse the infringement..." *Home Shopping Club v. Charles of the Ritz Group*, 820 F.Supp.763, 769 (S.D.N.Y. 1993) (concluding that the addition of defendant's name increases the misappropriation in that it could lead a consumer to believe that there is a connection between the products where none exists). Accordingly, it is respectfully submitted that any difference between GMA's registered trademark and defendants' brand name is minor and therefore, inconsequential to a finding of likelihood of confusion, particularly where as here, in its advertising Girlshop, Inc. dropped the Solnicki and referred to the goods simply as CHARLOTTE. *See* Declaration of Andrew Sweeney paragraph 2.

    c. & d. <u>Proximity of the Products & Bridging the Gap</u>

Both GMA's and defendants' products consist of clothing. "To the extent goods serve the same purpose, fall within the same general class, or are used together, the use of similar designations is more likely to cause confusion." *Savin Corp. v. Savin Group*, 391 F.3d at 458 *quoting Lang v. Ret. Living Pub. Co.*, 949 F.2dd 576, 582 (2d Cir. 1991). Further, if products are sold in different segments of the market, i.e. luxury versus non-luxury, confusion is more likely. *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Company*, 799 F.2d 867, 874 (2d Cir. 1986) (*quoting* Judge Learned Hand, "...unless the borrower's use is so foreign to the owner's as to insure against any identification of the two, it is unlawful." *Yale Electric Corp. v. Robertson*, 26

5

F.2d 972, 974 (2d Cir. 1928)). In *Bear U.S.A. v. A.J. Sheepskin & Leather*, the court held that there was a heightened sense of confusion where the parties sold the same products even if they did not directly compete. *Bear U.S.A. v. A.J. Sheepskin & Leather*, 909 F.Supp.896, 906 (S.D.N.Y. 1995). Since both GMA's CHARLOTTE products and defendants' products fall within Class 25, they are in close proximity resulting in a likelihood of consumer confusion. Further, the plaintiff and defendants are both marketing and selling clothing to young women.

Similarly, here, there is no gap to bridge. "If the gap is bridged or if consumers would conceive no gap at all, this factor weighs in favor of the trademark owner even if the trademark owner is not targeting the same customers as the alleged infringer." *Cache, Inc. v. M.Z. Burger & Co.*, 2001 WL38283 * 9 (S.D.N.Y. 2001). There is no gap to bridge between GMA and defendants because both sell clothing, marketing young women and any minor difference in market segment causes more, not less confusion.

    e.    Actual Confusion

"[I]t is black letter law that actual confusion need not be shown to prevail under the Lanham Act, since actual confusion is very difficult to prove and the Act requires only a likelihood of confusion as to source." *Savin Corp. v. Savin Group*, 391 F.3d at 459 (citing *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Company*, 799 F.2d at 875).

    f.    Sophistication of Consumers

The sophistication of GMA's and defendants' consumers is inconsequential because the products are similar. Where there is a high degree of similarity between the goods, a buyer's sophistication cannot be relied upon to prevent confusion. *The Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d at 143. *See also Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Company*, 799 F.2d at 875 (concluding that, with respect to jeans, it is the

sophisticated consumer who is most likely to assume an association between the two brands). The similarity of the GMA's CHARLOTTE products and defendants' products weighs against relying on a buyer's sophistication.

We therefore request a default judgment as to liability and an injunction with respect to Girlshop, Inc. and Showroom Seven Studios, Inc. and leave to brief the damages issue.

Dated: New York, New York
       June 18, 2007

Respectfully submitted,

By: _____
Andrew T. Sweeney
THE BOSTANY LAW FIRM
Attorneys for Plaintiff
40 Wall Street, 61st Floor
New York, New York 10005
(212) 530-4400

7