Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel. (212) 328-6100
*Attorneys for Defendant/Counterclaim*
*Plaintiff Saks Fifth Avenue, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

GMA ACCESSORIES, INC.,

                    Plaintiff,

           -against-

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP. INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                    Defendants.
———————————————————————x

SAKS FIFTH AVENUE, INC.,

                Counterclaim Plaintiff,

           -against-

GMA ACCESSORIES, INC.,

                Counterclaim Defendant.
———————————————————————x

Civil Action No.:
07 CV 3219 (LTS)

**ANSWER TO SECOND
AMENDED COMPLAINT
AND COUNTERCLAIMS**

**TRIAL BY JURY
DEMANDED**

      Defendant/Counterclaim Plaintiff Saks Fifth Avenue, Inc. ("SAKS"), by and

through its attorneys Dreier LLP, answers the Second Amended Complaint (the

"Complaint") of Plaintiff/Counterclaim Defendant GMA Accessories, Inc. ("GMA") on

knowledge as to its own acts and otherwise on information and belief, as follows:

## PARTIES

1.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      SAKS denies each and every allegation in paragraph 6 of the Complaint, except admits that this Court issued a memorandum order granting default judgment motions and injunction on August 29, 2007, the contents of which are found therein.

7.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.     SAKS admits the allegations contained in paragraph 10 of the Complaint.

11.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     SAKS denies each and every allegation in paragraph 14 of the Complaint as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

15.     SAKS denies each and every allegation set forth in paragraph 15 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  SAKS states further that it has displayed, marketed, distributed, sold and/or offered for sale merchandise bearing the CHARLOTTE SOLNICKI mark in the past.

16.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

## JURISDICTION AND VENUE

23.     SAKS denies each and every allegation set forth in paragraph 23 of the Complaint, except admits that Plaintiff purports to assert the present action under the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b) and under certain allegedly related claims under the statutory and common law of the State of New York and alleges jurisdiction under the cited federal statute.

24.     SAKS denies each and every allegation set forth in paragraph 24 of the Complaint, except admits that venue is alleged pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

25.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, except denies that it has used the CHARLOTTE mark.

28.     SAKS neither admits nor denies the allegations set forth in paragraph 28 of the Complaint because the Plaintiff asserts a legal conclusion to which no response is required.

29.    SAKS denies each and every allegation in paragraph 29 of the Complaint, except admits that GMA is the owner of Registration No. 2,216,405 for the mark CHARLOTTE in International Class 26.

30.    SAKS denies each and every allegation in paragraph 30 of the Complaint, except admits that GMA is the owner of Registration No. 2,217,341 for the mark CHARLOTTE in International Class 18.

31.    SAKS denies each and every allegation in paragraph 31 of the Complaint, except admits that GMA is the owner of Registration No. 2,535,454 for the mark CHARLOTTE in International Class 25.

32.    SAKS denies each and every allegation in paragraph 32 of the Complaint, except admits that GMA is the owner of Registration No. 2,561,025 for the mark CHARLOTTE in International Class 9

33.    SAKS denies each and every allegation in paragraph 33 of the Complaint, except admits that GMA is the owner of Registration No. 3,242,358 for the mark CHARLOTTE in International Class 22.

34.    SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35.    SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.    SAKS denies each and every allegation in paragraph 36 of the Complaint.

37.    SAKS denies each and every allegation set forth in paragraph 37 as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

38.    SAKS denies each and every allegation set forth in paragraph 38 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  SAKS states further that it has used the mark CHARLOTTE SOLNICKI to identify CHARLOTTE SOLNICKI merchandise.

39.    SAKS denies each and every allegation set forth in paragraph 39 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

40.    SAKS denies each and every allegation set forth in paragraph 40 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

41.    SAKS denies each and every allegation set forth in paragraph 41 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

42.    SAKS denies each and every allegation set forth in paragraph 42 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

43.    SAKS denies each and every allegation set forth in paragraph 43 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

44.    SAKS denies each and every allegation set forth in paragraph 44 of the Complaint.

45.     SAKS denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     SAKS denies each and every allegation set forth in paragraph 46 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  SAKS states further that since at least the summer of 2006, it has advertised and/or used the mark CHARLOTTE SOLNICKI in conjunction with CHARLOTTE SOLNICKI merchandise.

47.     SAKS denies each and every allegation set forth in paragraph 47 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

48.     SAKS denies the allegations contained in paragraph 48 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning INTERMIX, WINK and KLINE, except admits that it received a baseless letter regarding the CHARLOTTE mark in May 2007.

49.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.     SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     SAKS denies each and every allegation set forth in paragraph 52 of the Complaint.

53.    SAKS denies each and every allegation in paragraph 53 of the Complaint, except admits that it sold CHARLOTTE SOLNICKI apparel in the past.

54.    SAKS denies each and every allegation in paragraph 54 of the Complaint.

### COUNT I - TRADEMARK INFRINGEMENT (FEDERAL)

55.    In response to paragraph 55 of the Complaint, SAKS repeats and realleges its responses to the allegations set forth in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.    SAKS denies each and every allegation set forth in paragraph 56 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

57.    SAKS denies each and every allegation set forth in paragraph 57 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  SAKS states further that it sells CHARLOTTE SOLNICKI products, but states that CHARLOTTE SOLNICKI is not confusingly similar to GMA's CHARLOTTE Mark.

58.    SAKS denies each and every allegation set forth in paragraph 58 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

59.    SAKS denies each and every allegation set forth in paragraph 59 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

60.    SAKS denies each and every allegation set forth in paragraph 60 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as

to the truth of the allegations concerning the other Defendants.  SAKS states further that in the past it has advertised, promoted, marketed and/or sold CHARLOTTE SOLNICKI merchandise under the name CHARLOTTE SOLNICKI.

61.    SAKS denies each and every allegation set forth in paragraph 61 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

62.    SAKS denies each and every allegation set forth in paragraph 62 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

63.    SAKS denies each and every allegation set forth in paragraph 63 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

64.    SAKS denies each and every allegation set forth in paragraph 64 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

65.    SAKS denies each and every allegation set forth in paragraph 65 of the Complaint.

## COUNT II - VIOLATION OF THE NEW YORK ANTI-DILUTION STATUTE

66.    SAKS denies each and every allegation set forth in paragraph 66 of the Complaint, and repeats and realleges its responses to the allegations set forth in paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67.     SAKS neither admits nor denies the allegations set forth in paragraph 67 of the Complaint because the Plaintiff asserts a legal conclusion to which no response is required.

68.     SAKS denies each and every allegation set forth in paragraph 68 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

69.     SAKS denies each and every allegation set forth in paragraph 69 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

70.     SAKS denies each and every allegation set forth in paragraph 70 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

71.     SAKS denies each and every allegation set forth in paragraph 71 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

72.     SAKS denies each and every allegation set forth in paragraph 72 of the Complaint.

## COUNT III - UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

73.     SAKS denies each and every allegation set forth in paragraph 73 of the Complaint, and SAKS repeats and realleges its responses to the allegations set forth in paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74.    SAKS denies each and every allegation set forth in paragraph 74 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

75.    SAKS denies each and every allegation set forth in paragraph 75 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

76.    SAKS denies each and every allegation set forth in paragraph 76 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

77.    SAKS denies each and every allegation set forth in paragraph 77 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

78.    SAKS denies each and every allegation set forth in paragraph 78 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

79.    SAKS denies each and every allegation set forth in paragraph 79 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

80.    SAKS denies each and every allegation set forth in paragraph 80 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

81.     SAKS denies each and every allegation set forth in paragraph 81 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

82.     SAKS denies each and every allegation set forth in paragraph 82 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

83.     SAKS denies each and every allegation set forth in paragraph 83 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

84.     SAKS denies each and every allegation set forth in paragraph 84 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

85.     SAKS denies each and every allegation set forth in paragraph 85 of the Complaint.

86.     SAKS denies each and every allegation set forth in paragraph 86 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

87.     SAKS denies each and every allegation set forth in paragraph 87 of the Complaint.

## COUNT IV - IMPORTATION OF INFRINGING GOODS (FEDERAL)

88.     In response to paragraph 88 of the Complaint, SAKS repeats and realleges its responses to the allegations set forth in paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89.    SAKS denies each and every allegation set forth in paragraph 89 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

90.    SAKS denies each and every allegation set forth in paragraph 90 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

91.    SAKS denies each and every allegation set forth in paragraph 91 of the Complaint.

## COUNT V - INFRINGING USE OF DOMAIN NAME (FEDERAL)

92.    SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and in response to paragraph 92 of the Complaint, SAKS repeats and realleges its responses to the allegations set forth in paragraphs 1 through 91 of the Complaint as if fully set forth herein.

93.    SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint.

94.    SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint.

95.    SAKS denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint.

96.    SAKS denies each and every allegation set forth in paragraph 96 of the Complaint.

## COUNT VI - DEFENDANTS SALE OF COUNTERFEIT GOODS

97.     In response to paragraph 97 of the Complaint, SAKS repeats and realleges its responses to the allegations set forth in paragraphs 1 through 96 of the Complaint as if fully set forth herein.

98.     SAKS neither admits nor denies the allegations set forth in paragraph 98 of the Complaint because the Plaintiff asserts a legal conclusion to which no response is required.

99.     SAKS denies each and every allegation set forth in paragraph 99 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

100.     SAKS denies each and every allegation set forth in paragraph 100 of the Complaint.

## SAKS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

101.     The Complaint fails to state a claim against SAKS upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

102.     The claims in the Complaint are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

103.     The claims in the Complaint are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

104.    SAKS is not manufacturing, marketing, selling, and/or offering for sale products using a mark that is confusingly similar to GMA's CHARLOTTE mark.

## FIFTH AFFIRMATIVE DEFENSE

105.    SAKS is not engaging in and has not engaged in any acts which constitute a violation of 15 U.S.C. §§1114(1) and/or 1116(1)(B)(i).

## SIXTH AFFIRMATIVE DEFENSE

106.    SAKS is not engaging in and has not engaged in any acts which constitute a violation of 15 U.S.C. §§1124 and/or 1125(b).

## SEVENTH AFFIRMATIVE DEFENSE

107.    SAKS is not engaging in any acts which constitute trademark infringement, unfair competition or misappropriation under the common law of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

108.    SAKS is not engaging in and has not engaged in any acts which constitute a violation of N.Y. General Business Law §360-1.

## NINTH AFFIRMATIVE DEFENSE

109.    The following alleged CHARLOTTE trademarks are invalid as a result of a fraud perpetrated by Plaintiff on the United States Patent Office during prosecution of the underlying applications: U.S. Registration No. 2,535,454, issued February 5, 2002 in International Class 25, U.S. Registration No. 2,217,341, issued January 12, 1999 in International Class 18, U.S. Registration No. 2,216,405, issued on January 5, 1999 in International Class 26 and U.S. Registration No. 3,242,358, issued on May 15, 2007 in

International Class 22, U.S. Registration No. 2,561,025 in International Class 9 (the "GMA CHARLOTTE Marks").

### TENTH AFFIRMATIVE DEFENSE

110.    Plaintiff is barred from seeking the relief requested, in whole or in part, by virtue of unclean hands and/or trademark misuse.

### ELEVENTH AFFIRMATIVE DEFENSE

111.    Plaintiff is barred, in whole or in part, from seeking the relief requested on the grounds that, as of the date of the relevant Statements of Use and/or as Section 8&15 Declarations, GMA was not using the mark on all the goods covered by the GMA CHARLOTTE Marks.

### TWELFTH AFFIRMATIVE DEFENSE

112.    Plaintiff's alleged trademark "CHARLOTTE" does not function as a trademark as it is a weak mark, because standing alone, it is a commonly-used style designation in the apparel and jewelry industry.

### THIRTEENTH AFFIRMATIVE DEFENSE

113.    Plaintiff is barred, in whole or in part, from seeking the relief requested on the grounds that it failed to join necessary and/or indispensable parties/

### FOURTEENTH AFFIRMATIVE DEFENSE

114.    Plaintiff has failed to mitigate damages, if any.

### SAKS' COUNTERCLAIMS

### JURISDICTION

115.    This Court has jurisdiction over this matter pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*); 28 U.S.C. §§ 1331, 1338 and 1367, and related claims under

the common law of the State of New York.  Venue is proper in this district pursuant to 28

U.S.C. § 1391(b) because Defendant resides within this judicial district.

## FACTS

## CHARLOTTE IS A WEAK MARK

116.    Charlotte, standing alone, is a commonly-used style designation in the

apparel and jewelry industry because it is a popular female first name and because it has

geographic significance as the capital of the state of North Carolina, the 20th largest city

in the United States, and as the site of a large campus, the University of North Carolina.

117.    In addition to CHARLOTTE SOLNICKI, several other designers use the

name CHARLOTTE in connection with their apparel and accessories' lines, including,

but not limited to, CHARLOTTE RUSSE, CHARLOTTE TARANTOLA, CHARLOTTE

RONSON and CHARLOTTE CORDAY.

118.    Charlotte Russe owns several federal trademark registrations for the mark

CHARLOTTE RUSSE.  Specifically, CHARLOTTE RUSSE's numerous trademark

registrations on the USPTO include Registration No. 2,416,273 in Class 25 for clothing;

Registration No. 2,416,270 in Class 26 for hair ornaments; Registration No. 2,416,269 in

Class 14 for costume jewelry; Registration No. 2,416,268 in Class 18 for handbags and

other related goods; Registration Nos. 2,414,477 and 1,485,692 in Class 42 for retail store

services specializing in women's apparel and accessories; and Registration No. 2,451,427

in Class 3 for cosmetics.  Moreover, Charlotte Russe's use of CHARLOTTE is prior to,

and senior to, GMA's use.

119.    Ehringer-Schwarz GMBH & Co. KG owns the trademark registration for

CHARLOTTE in Class 14, U.S. Registration No. 2,117,619, which was issued on

17

December 2, 1997. The Section 8&15 was filed for this mark on April 14, 2003 and acknowledged on July 12, 2003.

120. Additionally, at the time GMA obtained its CHARLOTTE registrations, CHARLOTTE FORD had a registration for CHARLOTTE FORD in Class 25. That mark has since expired.

121. Moreover, despite the fact that CHARLOTTE TARANTOLA has prior rights to the name CHARLOTTE based on common law use, GMA has instituted an opposition against CHARLOTTE TARANTOLA's federal trademark application and refuses to enter into a co-existence agreement.

122. The use of CHARLOTTE in the apparel and accessories' business is so widespread that SAKS is aware of at least 49 companies using CHARLOTTE as a style designation for their various fashion products.

123. Because of the name and geographic significance of "Charlotte" and the widespread use of "Charlotte" as a style designation in the apparel and jewelry industries, "Charlotte" has little or no significance as a source or association identifier and does not serve to identify a single apparel, handbag or jewelry source, much less serve to identify GMA as the exclusive source of "Charlotte" products.

124. The apparel produced by CHARLOTTE SOLNICKI is high-end and is not competitive with GMA's products.

**THE GMA CHARLOTTE MARKS**

125. On January 12, 1999, U.S. Registration No. 2,217,341 for the mark CHARLOTTE was registered to GMA in International Class 18 for the following goods: sacks and bags, namely, handbags made of textiles and beads. On November 26, 2004,

GMA's counsel filed a Section 8 & 15 Declaration, wherein he declared in relevant part that "[t]he owner is using or is using through a related company or licensee the mark in commerce on or in connection with the goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The mark has been in continuous use in commerce for five consecutive years after the date of registration, or the date of publication under Section 12(c), and is **still in use in commerce on or in connection with all goods and/or services as identified above**….." (Emphasis added). (Such a declaration is hereinafter referred to as an "8&15 Declaration".)

126.    On January 5, 1999, U.S. Registration No. 2,216,405 for the mark CHARLOTTE was registered to GMA in International Class 26 for the following goods: Hair accessories, namely, hair clips, scrunchies, ribbons and braids.  On November 24, 2004, GMA's counsel filed an 8&15 Declaration.

127.    On February 5, 2002, U.S. Registration No. 2,535,454 for the mark CHARLOTTE was registered to GMA in International Class 25 for the following goods: clothing, footwear and headgear, namely hats, scarves, gloves and socks.  On February 14, 2007, GMA filed an 8&15 Declaration.

128.    On April 16, 2002, U.S. Registration No. 2,561,025 for the mark CHARLOTTE was registered to GMA in International Class 9 for the following goods: sunglasses.  On May 22, 2007, GMA filed an 8&15 Declaration

129.    On May 15, 2007, U.S. Registration No. 3,242,358 for the mark CHARLOTTE was registered to GMA in International Class 22 for the following goods: Bags for securing valuables; Bands for wrapping or binding; Belts, not of metal, for handling loads; Fabric and polyester mesh net used for storing toys and other household

items; Garment bags for storage; Mesh bags for storage; Multi-purpose cloth bags;

Packaging bags of textile material; Rice straw bags (kamasu); Shoe bags for storage;

String.  On July 22, 2006, GMA filed this application as an actual use application,

claiming a first use date of November 1, 1996 on all the goods listed in the application.

**FIRST COUNTERCLAIM**
**(CANCELLATION OF THE GMA MARKS BASED ON TRADEMARK MISUSE)**

130.    SAKS repeats and realleges the allegations set forth in paragraphs 115

through 129 above as if fully set forth herein.

131.    The GMA CHARLOTTE Marks lack significance as single source

identifiers.  Nevertheless, GMA has continued to sue companies who use the word

CHARLOTTE in connection with other words and continues to sue retailers for selling

said goods.  Those suits and threatened suits are objectively and subjectively baseless and

interposed by GMA with bad faith and the intent to directly injure and harass SAKS'

business relationships through the use of governmental process as an anticompetitive

weapon.  As a result, SAKS has been injured by GMA's actions.

132.    Accordingly, SAKS seeks an order, pursuant to 15 U.S.C. §1119, directing

cancellation of the GMA CHARLOTTE Marks.

**SECOND COUNTERCLAIM**
**(CANCELLATION OF THE GMA MARKS BASED ON FRAUD)**

133.    SAKS repeats and realleges the allegations set forth in paragraphs 115

through 132 above as if fully set forth herein.

134.    In GMA's 8&15 Declarations, GMA declared that it was aware "that

willful false statements and the like are punishable by fine or imprisonment, or both,

under 18 U.S.C. Section 1001, and that such willful false statements and the like may

jeopardize the validity of this document" and stated unequivocally that "all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true."

135.    GMA, as of the dates of the Statements of Use and/or the Section 8&15 Declarations for the various CHAROTTE Marks, was not using the marks in connection with all the goods listed in the applications/registrations.  Moreover, the dates of first use set forth in the applications for GMA's CHARLOTTE Marks are fraudulent.

136.    The aforesaid acts of GMA constitute fraud on the USPTO.  Accordingly, SAKS seeks an order from the Court directing cancellation of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

<b>THIRD COUNTERCLAIM<br>(CANCELLATION OF THE GMA MARKS BASED ON FRAUD)</b>

137.    SAKS repeats and realleges the allegations set forth in paragraphs 115 through 136 above as if fully set forth herein.

138.    GMA has sued many retailers claiming that their use of CHARLOTTE SOLNICKI infringes upon its CHARLOTTE Marks.

139.    As stated above, Charlotte Russe, Charlotte Tarantola and Charlotte Ford, among others, had prior use to GMA's use of CHARLOTTE.

140.    GMA knew, or should have known, of the existence of these prior uses.

141.    As part of its applications which led to the CHARLOTTE Registrations, GMA swore to the USPTO that no one else had the right to use a mark that was likely to cause confusion with its applied-for mark.

21

142.    The aforesaid acts of GMA constitute fraud on the USPTO.  Accordingly, SAKS seeks an order from the Court directing cancellation of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

WHEREFORE, Defendant SAKS, demands judgment as follows:

(a)    Dismissing the Complaint with prejudice;

(b)    On the First Counterclaim, directing the Commissioner of the U.S. Patent and Trademark Office to cancel GMA's CHARLOTTE Registrations, based on trademark misuse;

(c)    On the Second Counterclaim, directing the Commissioner of the U.S. Patent and Trademark Office to cancel GMA's CHARLOTTE Registrations based on fraud;

(d)    On the Third Counterclaim, directing the Commissioner of the U.S. Patent and Trademark Office to cancel GMA's CHARLOTTE Registrations based on fraud;

(e)    On the Second and Third Counterclaim, an award of damages to SAKS as a consequence of GMA's acts of false declarations and/or fraud in obtaining and maintaining trademark registrations in an amount to be determined at trial or such other sum as this Court shall decide;

(f)    For its costs and disbursements in this action, including its reasonable attorneys' fees; and

(g)     Granting such other and further relief as the Court deems just, equitable

and proper.

## **JURY DEMAND**

SAKS hereby demands a trial by jury on all issues so triable.

Dated: New York, New York
      October 24, 2007                                        DREIER LLP


                    By: /s/ Ira S. Sacks
                       Ira S. Sacks
                       Robert J. Grand
                       499 Park Avenue
                       New York, New York 10022
                       (212) 328-6100
                       *Attorneys for*
                       *Defendant/Counterclaim*
                       *Plaintiff Saks Fifth Avenue, Inc.*