UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
GMA ACCESSORIES, INC.

               Plaintiff,
      -against-

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP. INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS IERNEY and
JONATHAN SOLNICKI

               Defendants.
_____x

Civil Action 07 CV 3219 (LTS)

**MEMORANDUM OF LAW IN SUPPORT OF**
**CHARLOTTE B, LLC'S MOTION TO INTERVENE**

                                        Ira S. Sacks
                                        Robert J. Grand
                                        DREIER LLP
                                        499 Park Avenue
                                        New York, New York 10022
                                        (212) 328-6100
                                        *Attorneys for Charlotte B, LLC*

Charlotte B, LLC ("Charlotte B" or the "LLC") respectfully submits this Memorandum of Law in support of its Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Rule 24"). Intervention is required because Charlotte B is the real party in interest in connection with all of Plaintiff's claims in this action since it is Charlotte B that manufactures and markets the clothing under the name CHARLOTTE SOLNICKI, which is at the heart of this action

This action was brought by GMA Accessories, Inc. ("Plaintiff" or "GMA"), alleging various claims of trademark infringement stemming from the use of the name CHARLOTTE SOLNICKI. Charlotte B seeks to intervene as of right because (i) its interests will be severely impaired if this case were to be disposed of without intervention; and (ii) the existing parties do not adequately represent its interests. This Court has granted a permanent injunction on default enjoining the use by certain of the defendants of the "word mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI." This injunction severely impairs Charlotte B and the conduct of its business, and Charlotte B must be permitted to intervene in order to protect is legal interests.

**STATEMENT OF FACTS**

Charlotte B is a Delaware limited liability company established by three siblings, Jonathan, Melina, and Jessica Solnicki. The Solnickis are each members of the LLC. The business of Charlotte B is designing and manufacturing clothing and accessories, which are sold to various retailers who, in turn, sell those products to the public. The clothing and accessories are sold under the name CHARLOTTE SOLNICKI. Charlotte B owns the CHARLOTTE SOLNICKI brand.

This action was brought by GMA Accessories for trademark infringement, dilution, unfair competition, importation of infringing goods, and sale of counterfeit goods against Jonathan Solnicki, individually, and various retailers that sell CHARLOTTE SOLNICKI clothing. Inexplicably, the LLC that owns the CHARLOTTE SOLNICKI brand and that is responsible for the manufacture and sale of the subject clothing and accessories was omitted as a defendant in the case. Jonathan Solnicki ("Solnicki"), a member of the LLC, was named as an individual defendant, but he does not manufacture or sell the clothing and accessories that are the subject of this lawsuit. Moreover, Jonathan Solnicki lives in Argentina. As a result, Jonathan Solnicki – who was not properly served and defaulted as a consequence[1] – is not in a position to protect the interests of Charlotte B, the real party in interest in this lawsuit. Charlotte B, as the legal entity that is ultimately affected by any final disposition in this action, is entitled to intervene and protect its legal interests.

### I.

### CHARLOTTE B HAS A RIGHT TO INTERVENE PURSUANT TO FRCP 24(a)

Charlotte B has a right to intervene pursuant to Rule 24(a). Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that, "[u]pon timely application anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." As this Court is aware, a proposed intervenor must demonstrate: (i) timeliness of the application; (ii) an interest in the action, (iii) the

---

[1] Separately, Defendant Jonathan Solnicki is moving to vacate the default judgment and injunction entered against him.

3

interest may be impaired by the disposition of the action, and (iv) the interest is not protected adequately by the parties to the action.  *See Con. Edison, Inc., v. Northeast Utilities*, 2004 WL 35445, at * 5 (S.D.N.Y. Jan. 7, 2004); *Provenanc Media Group, LLC v. Alibraheem*, 2007 WL 2701978, at *1 (S.D.N.Y. Sept. 13, 2007).  Each of those factors is met here.

**A.     This Motion is Timely**

This motion is timely.  In evaluating timeliness, courts consider four factors to determine whether a motion to intervene is timely: "(i) the length of time the applicant knew or should have known of his interest before making the motion; (ii) prejudice to existing parties resulting from the applicant's delay; (iii) prejudice to the applicant if the motion is denied; and (iv) the presence of unusual circumstances for or against a finding of timeliness."  *See Con. Edison, Inc*., 2004 WL 35445, at * 5.   The stage of the litigation is not dispositive in determining timeliness of the application.  *See Equal Employment Opportunity Commission v. Rekrem, Inc.*, 199 F.R.D. 526, 528 (S.D.N.Y. 2001); *LaSala v. Needham & Co., Inc.*, 2006 WL 1206241, at *3 (S.D.N.Y. May 2, 2006) ("Rule 24 imposes no particular deadline to file a motion to intervene").

Here, Charlotte B did not receive notice of this litigation until September 2007, after the Plaintiff had already secured a default judgment and injunction against certain of the defendants, including Jonathan Solnicki.  *See* Declaration of Melina Solnicki, ¶ 4.[2] As soon as Charlotte B became aware of the litigation and, more importantly, that its interests were not being adequately protected in the case, it sought to retain counsel, did so, and then filed this motion to intervene. Solnicki Decl., ¶4.   There has been no delay.

---

[2] References to the accompanying Declaration of Melina Solnicki shall be noted herein as "Solnicki Decl. ¶ _."

4

In addition, Charlotte B would be extremely prejudiced if this motion to intervene is denied, as the disposition of the case affects every aspect of Charlotte B's business.

**B.     Charlotte B Has A Direct, Substantial and Legally Protectable Interest in This Action**

A potential intervenor must demonstrate a "direct, substantial, and legally protectable interest in the subject matter of the action." *See Con. Edison, Inc.*, 2004 WL 35445, at * 6 (quoting *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999)). Charlotte B plainly has such a direct, substantial, and legally protectable interest in the subject matter of this action.

Charlotte B's interests are central to the litigation. Indeed, Charlotte B's interests are paramount in the litigation. Charlotte B is the entity that manufactures and markets the clothing that is at issue in this lawsuit. Charlotte B is the owner of the brand CHARLOTTE SOLNICKI. The claims asserted by the plaintiff of trademark infringement by the use of the marks CHARLOTTE and CHARLOTTE SOLNICKI are properly asserted against Charlotte B, not Jonathan Solnicki, individually. Charlotte B has a legally protectable interest in the dispute concerning the use of the CHARLOTTE SOLNICKI mark and, unless permitted to intervene in this action, Charlotte B will be irreparably prejudiced.

**C.     Charlotte B's Interests May Be Impaired by the Disposition of This Action**

As noted above, any disposition in this action will affect Charlotte B's use of its trade name CHARLOTTE SOLNICKI to sell its clothing. As this Court is aware, a permanent injunction on default has enjoined certain defendants (from using the word marks CHARLOTTE or CHARLOTTE SOLNICKI "in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of

5

unauthorized clothing and related merchandise. *See* M. Solnicki Decl., Exhibit A. The business of Charlotte B has already been severely impaired by this injunction because retailers have begun to stop selling Charlotte B's clothing as a result.

**D.      Charlotte B's Interests Have Not Been and Will Not Be Adequately Protected by the Other Defendants**

The other defendants will not adequately protect Charlotte B's rights. Most of the defendants in this case are retailers that purchase clothing and accessories from Charlotte B and sell those goods to the public. Those defendants are not united in interest with Charlotte B in defending its right to use the name CHARLOTTE SOLNICKI. Those retailers purchase, display, market and sell clothing and other goods from many other designers and manufacturers besides Charlotte B. On the other hand, the CHARLOTTE SOLNICKI brand is the lifeblood of Charlotte B's business. No other defendant in this case can possibly protect Charlotte B's legal and business interests. In addition, Jonathan Solnicki, while a member of the LLC, has different interests than the LLC itself. He does not manufacture or sell anything. He is not the business entity that has a protectible interest in this dispute. And Jonathan Solnicki lives in Argentina. Therefore, Charlotte B has a right to intervene in this action to protect its distinct interests.

For all of the foregoing reasons, intervention of right under Rule 24(a) is required here.

**II.**

**ALTERNATIVELY, CHARLOTTE B SHOULD BE PERMITTED TO INTERVENE PURSUANT TO FRCP 24(B)**

Charlotte B also should be permitted to intervene under Rule 24(b). Pursuant to FRCP 24(b), "on timely motion, the court may permit anyone to intervene…who has a

claim or defense that shares with the main action a common question of law or fact." To determine whether to grant a permissive intervention, courts look at "the nature and extent of the intervenors' interests, and to what, if any, degree those interests are adequately represented by other parties, as well as whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *International Design Concepts, LLC v. Saks Inc.*, 486 F.Supp.2d 229, 235 (S.D.N.Y. 2007) (internal quotations omitted). A court should also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b).

Even if this Court refuses to grant this motion to intervene under FRCP 24(a), Charlotte B should be allowed a permissive intervention. Here, Charlotte B's defenses and counterclaims are identical to the defenses and counterclaims of other parties in the action, and plainly share common questions of fact and law. In addition, the factual record cannot possibly be fully developed without the participation of Charlotte B in the case. Finally, allowing Charlotte B to intervene would not unduly delay or prejudice the rights of the original parties. The plaintiff filed the Second Amended Complaint on September 28, 2007, and the deadline for the Defendants to answer has not passed. Therefore, there would be no delay or prejudice by allowing Charlotte B to intervene.

**CONCLUSION**

For all of the foregoing reasons, Charlotte B, LLC respectfully requests that the Court grant its Motion to Intervene.

Dated: New York, New York
October 24, 2007

Respectfully submitted,

DREIER LLP

By:  /s/ Ira S. Sacks
Ira S. Sacks
Robert J. Grand
499 Park Avenue
New York, New York 10022
Tel. (212) 328-6100
*Attorneys for Charlotte B, LLC*