Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Defendant Jonathan Solnicki*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
GMA ACCESSORIES, INC.,                                        :
                                                              :
                      Plaintiff,       :    **DECLARATION OF**
                                                              :    **MARY L. GRIECO**
    v.                                                      :    **IN SUPPORT OF**
                                                              :    **MOTION TO**
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                       :    **VACATE DEFAULT**
INTERMIX, INC., WINK NYC, INC.,                               :    **JUDGMENT AND**
LISA KLINE, INC., GIRLSHOP, INC.,                             :    **PERMANENT**
SHOWROOM SEVEN STUDIOS, INC.,                                 :    <u>**INJUNCTION**</u>
JONATHAN SINGER, LEWIS TIERNEY and                            :
JONATHAN SOLNICKI,                                            :    07 CV 3219 (LTS)
                                                              :
                      Defendants,      :
                                                              :
------------------------------------------------------------- x

       Mary L. Grieco, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

       1.     I am an attorney at the firm Dreier LLP, counsel for Defendant Jonathan Solnicki ("Solnicki"). I submit this Declaration in support of Solnicki's motion to vacate the Order of default judgment and permanent injunction rendered by this Court on August 29, 2007. Other than as expressly set forth, I have personal knowledge as to all facts set forth herein.

2.     I have been involved in a dispute with Plaintiff GMA Accessories, Inc. ("GMA") as counsel to an unrelated party, Sanei Charlotte Ronson LLC, in a trademark opposition proceeding before the Trademark Trial and Appeal Board (the "TTAB").  In that proceeding, I have learned that GMA is apparently an accessory company that does business under the name Capelli New York.  From a review of GMA's website, it is clear that GMA is not a fashion company in the sense that Charlotte B LLC is a fashion company.  Namely, GMA does not sell a full line of apparel. GMA sells primarily inexpensive accessories such as hair ornaments, socks, slippers, and flip flops.  The only items of "clothing" GMA purports to sell are robes and sleepwear.  Further, from a review of this website, it is impossible to ascertain which of these products is sold using the "Charlotte" mark as opposed to GMA's numerous other "brands."  *See*, Exhibit A hereto, which is a true and correct copy of a printout of relevant pages from GMA's website.

3.     During the course of my involvement in the Charlotte Ronson opposition, I learned that GMA sent a cease and desist letter to Charlotte Russe on March 9, 2001, attempting to assert GMA's alleged rights in the CHARLOTTE marks. In response, an attorney for Charlotte Russe pointed out that the Charlotte Russe began using the CHARLOTTE RUSSE mark long before GMA's purported use.  The letter further stated that given the years of co-existence between the marks, "we trust that GMA **will agree to continue to peacefully coexist with our client, as it has for several years.**  However, should GMA disagree and attempt to enforce its rights in the CHARLOTTE mark … Charlotte Russe intends to vigorously defend any such action and assert its prior rights in the CHARLOTTE RUSSE mark."  GMA's counsel thereafter sent a letter to Charlotte Russe's counsel conceding that the parties could co-exist.  True and correct copies of these letters are annexed hereto as Exhibit B.

4. There are countless other uses of the first name, CHARLOTTE, in the fashion industry. For example, Charlotte Russe and Charlotte Tarantola sell apparel and jewelry, among other products, and according to the filings in the US Patent and Trademark Office ("USPTO"), both of these marks were used PRIOR to GMA's alleged date of first use of its marks. Attached as Exhibit C are true and correct copies of the printouts of the CHARLOTTE RUSSE and CHARLOTTE TARANTOLA records from the USPTO online database. In addition, Charlotte Ronson has been selling apparel and related items for several years using the CHARLOTTE RONSON mark.

5. There are also numerous other third-party uses of the name CHARLOTTE for clothing, including: Charlotte hoodie by HYP, Charlotte jeans by Guess, Charlotte hoodie and Charlotte cap by Roxy, Charlotte sweater by J Jill, Charlotte tank by J Crew, Charlotte bikini by Brette Sandler, Charlotte capri pants by Lilly Pulitzer, Charlotte bra by Felina, Charlotte shorts by 7 For All Mankind, Charlotte skirt by Ernest Sewn, Charlotte sweater by Lily McNeal, Charlotte jacket by LaROK, Charlotte bra by La Perla, Charlotte pants by Joe Benbasset, Charlotte top by Hobby Horse, Charlotte jeans by Jainesse, Charlotte coat by Soni & Cindy, Charlotte skirt by True Religion, Charlotte jeans by Serena Maternity, Charlotte dress by Plenty, Charlotte jeans by Meli-Melo, Charlotte jeans by Joe's Jeans, and Charlotte skirt by Gianni Bini. Attached hereto as Exhibit D are true and correct copies of printouts from various e-commerce websites showing these items for sale.

6. Similarly, there are dozens of third-party uses of the name CHARLOTTE for shoes, including: Charlotte sandal by Highest Heel, Charlotte ballet flat by Sam Edelman, Charlotte steel toe shoes by Carolina, Charlotte bowling shoes by Dexter, Charlotte sandals by Touch Ups, Charlotte children's shoes by Kid Express, Charlotte clogs by Frye, Charlotte

sandals by Rock & Republic, Charlotte shoes by Eastland, Charlotte kids' boots by Fiorucci, Charlotte flip flops by Flojos, Charlotte sandals by Salon Shoes, Charlotte sandals by Born, and Charlotte pumps by Yves St. Laurent.  Attached hereto as Exhibit E are true and correct copies of printouts from various e-commerce websites showing these items for sale

7. Likewise, there are numerous third-party uses of the name CHARLOTTE for handbags, including handbags by Jill Stuart, Miguel Rius, JP Tods, Guess, Latico, Charles David, Aaneta, XOXO, Gianni Bini, Lauren Merkin, Dana Reed, and Volcom  Attached hereto as Exhibit F are true and correct copies of printouts from various e-commerce websites showing these items for sale.

8. Moreover, there are numerous third-party uses of the name CHARLOTTE for jewelry, including:  Charlotte Rufenacht, Charlotte Singleton, Charlotte's Web bracelet sold by Shop Intuition, Charlotte Dishta, Charlotte Richardson, Charlotte earrings sold by Etsy, Charlotte Healy, Charlotte Barnard, Beads by Charlotte, Charlottes Jewelry Store, Charlotte necklace sold by Carrie D. Mader, Charlotte McConnell, Charlotte pendant sold by Reflective Images, Charlotte's Fine Jewelry in California, Charlotte Singelton, Delphine-Charlotte Parmentier, Charlotte Narunsky. Attached hereto as Exhibit G are true and correct copies of printouts from various e-commerce websites showing these items for sale.

9. In addition to the aforementioned common-law uses, numerous third-party registrations for marks incorporating the name "Charlotte" coexist on the Principal Register of the US Patent and Trademark Office for the same or highly related goods.  Discounting the sports team related "Charlotte" registrations, there are still several third-party registrations for CHARLOTTE marks for apparel and related goods.  For example:

| MARK | REG. NO. | REGISTRANT/ LAST LISTED OWNER | CLASSES | REG. DATE |
|---|---|---|---|---|
| CHARLOTTE RUSSE | 2416268 | Charlotte Russe Merchandising, Inc. | Class 18 | 12/26/00 |
| CHARLOTTE RUSSE | 2416273 | Charlotte Russe Merchandising, Inc. | Class 25 | 12/26/00 |
| CHARLOTTE RUSSE | 2451427 | Charlotte Russe Merchandising, Inc. | Class 3 | 5/15/01 |
| CHARLOTTE RUSSE | 2416269 | Charlotte Russe Merchandising, Inc. | Class 14 | 12/26/00 |
| CHARLOTTE RUSSE | 2414477 | Charlotte Russe Merchandising, Inc. | Class 42 | 12/19/00 |
| CHARLOTTE RUSSE | 2416270 | Charlotte Russe Merchandising, Inc. | Class 26 | 12/26/00 |
| CHARLOTTE RUSSE Stylized | 1485692 | Lawrence Merchandising Corporation | Class 42 | 4/19/88 |
| CHARLOTTE Stylized | 2117619 | Ehringer-Schwarz GMBH & Co. KG | Class 14 | 12/2/97 |
| CHARLOTTE CORDAY | 2754463 | JJJ International LLC | Class 25 | 8/19/03 |

Attached hereto as Exhibit H are true and correct copies of the printouts of the foregoing registrations from the USPTO online database.

10. I am aware that GMA has been involved in other cases regarding its CHARLOTTE marks, and other than trademark oppositions that were uncontested, GMA has yet to prevail. In two of those matters with facts similar to the facts at issue in this case, GMA attempted, unsuccessfully, to obtain summary judgment. Specifically, in *GMA Accessories, Inc. v. Croscill, Inc., et al.*, 2007 WL 766294, 06 Civ. 6236-GEL (S.D.N.Y. 2007) ("GMA/Croscill Matter"), Judge Lynch denied GMA's Motion for Summary judgment against the defendants

finding that not only was GMA not entitled to summary judgment, but that GMA's evidence was "sufficiently weak that this Court cannot fairly conclude that [GMA] is likely to prevail on the merits." Attached hereto as Exhibit I is a true and correct copy of this Order. I am informed and believe that the defendants in the GMA/Croscill Matter have since filed their own Motion for Summary Judgment against GMA, and that motion is still pending.

11. In *GMA Accessories, Inc. v. Sanei Charlotte Ronson, Inc.*, Consolidated Opposition No. 91167353 (TTAB) ("GMA/Ronson Matter"), GMA opposed Sanei's CHARLOTTE RONSON applications in the trademark office. In that proceeding, GMA filed a Motion for Summary Judgment, which was also denied. Attached hereto as Exhibit J is a true and correct copy of this Order. The TTAB found that the multitude of other CHARLOTTE marks, coupled with the fact that it is common in the fashion industry for fashion designers to have the same first and/or last names raised - at a minimum - questions of fact to preclude summary judgment. Since that time Sanei has filed a Motion for Summary Judgment as well, and that motion is currently pending in the TTAB.

12. In addition, GMA was recently sued by Jimlar Corporation d/b/a The Frye Company (07 Civ. 8622- SHS (S.D.N.Y.) ("GMA/Frye Matter"). In that case, the plaintiff is seeking a declaration that its use of "Charlotte" as a style name for footwear does not violate GMA's CHARLOTTE marks. Further, the plaintiff alleges that GMA's CHARLOTTE mark in Class 25 is unenforceable as a source identifier and that GMA is misusing its trademarks in order to unfairly compete with Frye and interfere with Frye's business relations. Attached hereto as Exhibit K is a true and correct copy of the Complaint in that action.

13. In view of the foregoing, Solnicki's motion to vacate the default judgment and permanent injunction should be granted and Solnicki should be permitted to file an Answer and Counterclaim in the form attached hereto as Exhibit L.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 25, 2007
       New York, New York

                                                          s/ Mary L. Grieco
                                                          Mary L. Grieco