# Exhibit K

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUDGE STEIN**

------------------------------------x
JIMLAR CORPORATION d/b/a/
THE FRYE COMPANY

        Plaintiff,

v.

GMA ACCESSORIES, INC.

        Defendant.
------------------------------------x

**'07 CIV 8622**
Civil Action No.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Jimlar Corporation d/b/a The Frye Company ("FRYE") for its Complaint against GMA Accessories, Inc. ("GMA") alleges as follows:

1. Plaintiff FRYE is a New York Corporation having its principal place of business at 160 Great Neck Road, Great Neck, New York 11021.

2. Upon information and belief, GMA is a New York Corporation having a place of business at 1 East 33rd Street, 9th Floor, New York, New York 10016, within this Judicial District.

3. This is a Complaint for a declaration of non-infringement, invalidity and unenforceability of rights to the trademark CHARLOTTE and of U.S. Registration No. 2,535,454, issued February 5, 2002 by the United States Patent and Trademark Office, and for tortuous interference with business relations under the laws of New York and for common law unfair competition. This Court has subject matter jurisdiction pursuant to 15 USC § 1121, 28 USC § 1338 and 28 USC § 2201.

1

4. An actual and justifiable controversy exists between the parties regarding the validity and alleged infringement of GMA's rights to the exclusive use of CHARLOTTE on footwear and the alleged infringement of U.S. Trademark Registration No. 2,535,454, entitling plaintiff to declaratory relief pursuant to 28 U.S.C. § 2201.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6. The Frye Company was founded in 1863 and is believed to be the oldest continuously operating footwear company in the United States. FRYE currently supplies of men's, women's and children's footwear, primarily boots, sandals, clogs and mules, under the famous registered FRYE, FRYE & FF Design and FF Design trademarks (the "FRYE trademarks") which footwear is sold to the public through retail stores throughout the United States and through the Internet.

7. FRYE brand footwear is sold in boxes that prominently display one or more of the FRYE trademarks. Exhibit 1 annexed hereto depicts the top of a FRYE footwear box.

8. FRYE brand footwear prominently displays one or more of the FRYE trademarks and/or the FRYE trade name.

9. FRYE footwear boxes have a label on the side that includes the style number, the style name, the color and the gender/size of the footwear within the box. Exhibit 2 annexed hereto depicts the side of a FRYE footwear box with such a label.

10. Starting in 2004, FRYE sold four footwear styles under the style names: "Charlotte Braid", "Charlotte Flower Cut", "Charlotte Ring" and "Charlotte 2" (the "FRYE Charlotte Styles"). Those styles were sold in FRYE boxes as depicted in Exhibits 1 and 2.

11. Charlotte is a commonly used style designation in the footwear and clothing industries because it is a popular female first name and because it has geographic significance as the capital of the state of North Carolina, the 20th largest city in the United States, and as the site of a large campus of the University of North Carolina.

12. Aside from FRYE, the following footwear companies currently use or recently have used "Charlotte" as a style designation: Eastland Shoe Corp. of Freeport, Maine; Rock & Republic; Springstep of Medford, MA; Touch Ups; and Kid Express. Further, Guess uses "Charlotte" as a handbag style designation. Roxy uses "Charlotte" as a style designation for hoodies. See Exhibit 3 which is a copy of a recent printout from the Zappos.com web site.

13. Because of the name and geographic significance of "Charlotte" and the widespread use of "Charlotte" as a style designation in the footwear industry, "Charlotte" has little or no significance as a source or association identifier and does not serve to identify a single footwear source, much less GMA.

14. Upon information and belief, GMA is not primarily a footwear company and, at most, may sell some slippers.

15. The footwear products sold by FRYE are not competitive with slippers.

16. On July 11, 2007, Andrew T. Sweeney of The Bostany Law Firm wrote a "cease and desist" letter to Laurence Tarica of Jimlar Corporation on behalf of GMA accusing Jimlar of "blatant copying of the CHARLOTTE ® brand name" demanding that Jimlar provide information as to its sales of the FRYE Charlotte Styles and stating: "If you fail to comply we will be forced to enforce the trademark owner's rights in court." Exhibit 4 annexed hereto is a copy of that letter.

3

17. On August 14, 2007 the identical "cease and desist" letter was sent by Adrienne S. Reps to FRYE's customer, Jildor Stores, Inc. of Cedarhurst, New York 11516 ("Jildor") demanding sales information regarding the FRYE Charlotte Styles and threatening court action for non-compliance. Exhibit 5 annexed hereto is a copy of that letter.

18. FRYE has a business relationship with Jildor which purchases footwear from FRYE for resale to the public. By sending the letter of Exhibit 4 to Jildor, GMA clearly knew of FRYE's relationship with Jildor, and intentionally attempted to interfere with that relationship, using unfair or improper means, resulting in injury to FRYE's relationship with Jildor.

### FIRST CLAIM FOR RELIEF

### NON-INFRINGEMENT

19. Plaintiff recites and re-alleges the allegations of paragraphs 1-18 above as if same were set forth herein in their entirety.

20. Because FRYE's footwear and boxes are so clearly and prominently marked with the famous registered FRYE trademarks and trade name, confusion on the part of potential purchasers as to the source or origin of the FRYE Charlotte Styles is virtually impossible, even through a style name including the word "Charlotte" appears on the box label.

21. Accordingly, the manufacture, marketing and/or sale by FRYE or its customers of the FRYE Charlotte Styles cannot cause confusion as to the source of its footwear and does not constitute an infringement of the trademark rights of GMA or of Trademark Registration No. 2,535,454.

22   FRYE is entitled to a judgment that the manufacture, marketing and/or sale of the FRYE Charlotte Styles by FRYE and by FRYE's customers do not constitute an infringement of GMA's trademark rights or of U.S. Trademark Registration No. 2,535,454.

## SECOND CLAIM FOR RELIEF

### INVALIDITY

23.   Plaintiff recites and re-alleges the allegations of paragraphs 1-18 above as if same were set forth herein in their entirety.

24.   Upon information and belief, U.S. Trademark Registration No. 2,535,454 is invalid and/or unenforceable because CHARLOTTE lacks significance as a single source identification for footwear and GMA has abandoned any exclusive right to the trademark CHARLOTTE.

25.   FRYE is entitled to a judgment that GMA's trademark rights in and registration of CHARLOTTE are invalid and unenforceable.

## THIRD CLAIM FOR RELIEF

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

26.   Plaintiff recites and re-alleges the allegations of paragraphs 1-18 above as if same were set forth herein in their entirety.

27.   By asserting a frivolous claim of trademark infringement against FRYE and FRYE's customer, and by harassing FRYE's customer by threatening it with trademark infringement, GMA has knowingly and intentionally interfered with FRYE's business relations with its customer, thereby damaging FRYE.

28. FRYE is entitled to a judgment prohibiting GMA from contacting, threatening and/or harassing FRYE's customers with false accusations of trademark infringement.

## FOURTH CLAIM FOR RELIEF

### COMMON LAW UNFAIR COMPETITION

29. Plaintiff recites and re-alleges the allegations of paragraphs 1-18 above as if same were set forth herein in their entirety.

30. By asserting a frivolous claim of trademark infringement against FRYE and FRYE's customer, and by harassing FRYE's customer by threatening it with trademark infringement, GMA has knowingly and intentionally unfairly competed with FRYE and violated the common law unfair competition law of the State of New York.

31. FRYE is entitled to a judgment prohibiting GMA from unfairly competing with FRYE, threatening FRYE and/or harassing FRYE's customers with false accusations of trademark infringement.

## FIFTH CLAIM FOR RELIEF

### MONETARY DAMAGES

32. Plaintiff recites and re-alleges the allegations of paragraphs 1-18 above as if same were set forth herein in their entirety.

33. By asserting a frivolous claim of trademark infringement against FRYE and FRYE's customer, and by harassing FRYE's customer by threatening it with

trademark infringement, GMA has injured FRYE and FRYE's reputation in the footwear industry.

34. By contacting and threatening FRYE's customer with false accusations of trademark infringement, GMA has knowingly and purposefully interfered with FRYE's relations with its customer, and has injured or attempted to injure FRYE's reputation, goodwill and business relations with its customers.

35. The injury caused by GMA as a result of its false accusations of trademark infringement against FRYE and the harassment of FRYE's customer has irreparably damaged FRYE, its reputation and its business relations with its customer.

36. FRYE is entitled to monetary compensation from GMA for the injury that GMA has caused, in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, FRYE respectfully requests that the Court enter judgment as follows:

A. Declaring that the manufacture, marketing and/or sale of the FRYE Charlotte Styles do not infringe the trademark rights of GMA or U.S. Trademark Registration No. 2, 535,454.

B. Declaring that GMA's trademark rights to CHARLOTTE and its U.S. Trademark Registration No. 2, 535,454 are invalid and unenforceable.

C. Permanently enjoining GMA from contacting FRYE's customers or threatening FRYE's customers with trademark infringement based on the sale of the FRYE Charlotte Styles.

    D.    Awarding FRYE monetary compensation for the injury caused by GMA by its frivolous claims of trademark infringement and harassment of FRYE's customer in an amount to be determined.

    E.    Awarding FRYE reasonable attorneys fees and costs of bringing this Action.

    F.    Awarding FRYE increased damages due to the frivolous nature of the claims made by GMA against FRYE and its customer.

    G.    Awarding FRYE such other and further relief as the Court may deem just and appropriate.

Dated: October 2, 2007

Respectfully submitted,

EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

By: _____
Robert L. Epstein, Esq. (RE 8941)
Jason M. Drangel, Esq. (JD 7204)
William C. Wright, Esq. (WW 2213)
60 East 42nd Street, Suite 820
New York, New York 10165
Tel. No.: (212) 292 5390
Fax. No.: (212) 292-5391

Attorneys for Plaintiff
Jimlar Corporation d/b/a
The Frye Company

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
JIMLAR CORPORATION d/b/a/
THE FRYE COMPANY

        Plaintiff,                         Civil Action No.

  v.

GMA ACCESSORIES, INC.

        Defendant.
------------------------------------x

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on each and every claim and defense so triable.

Dated: October 2, 2007            Respectfully submitted,

                                     EPSTEIN DRANGEL BAZERMAN & JAMES, LLP

                                     By: _____
                                       Robert L. Epstein, Esq. (RE 8941)
                                       Jason M. Drangel, Esq. (JD 7204)
                                       William C. Wright, Esq. (WW 2213)
                                       60 East 42nd Street, Suite 820
                                       New York, New York 10165
                                       Tel. No.: (212) 292 5390
                                       Fax. No.: (212) 292-5391

                                       Attorneys for Plaintiff
                                       Jimlar Corporation d/b/a
                                       The Frye Company