UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

**DECLARATION IN OPPOSITION TO DEFENDANT BOP, LLC'S MOTION TO VACATE THE JUDGMENT**

Civil Action No.: 07CV3219 (LTS)

- against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                Defendants.
-------------------------------------------------------X

JOHN P. BOSTANY, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. During negotiations that took place after BOP served its September 7 offer of judgment, Mr. Wang made the argument contained on the bottom of p. 5 of his brief, i.e. it would only have to pay damages on the profits that BOP realized after it received the July 2006 cease and desist letter - $50,000.[1]

2. It is not unusual as BOP suggests, for GMA to accept BOP's Offer of Judgment of $15,000 together with the complete injunction contained in the offer, rather than $22,000 along with a voluntary "agreement' by BOP to discontinue use. It is no secret that an injunction is a big benefit. BOP seeks to undo the settlement

---

[1] We never received BOP's purported response to GMA's cease and desist letter.

based on its baseless accusation that GMA's acceptance 10 days after the date of the offer, is an "external indication" that there was no "mutual assent".

3. For over a week after the offer was made, GMA sought to obtain a higher monetary payment. BOP replied that it would only increase its offer by $7,500 but then that would mean an "agreement" rather than an "injunction". GMA decided to stem its expenditure of legal fees and accepted the offer.

4. BOP requested an amended acceptance and GMA complied. See letter from Mr. Wang dated September 17 annexed as **Exhibit A**. Then Mr. Wang requested that the Amended Acceptance be e-filed. See emails dated September 18 annexed as **Exhibit B**. GMA complied.

5. Only after a contract was formed did BOP call us to ask whether we viewed the injunction as precluding the sale of Charlotte Ronson products.

6. The fact that we had rejected a proposal by Eminent, Inc. to enter into a consent injunction with it that contained language excluding Charlotte Ronson products from the injunction, only confirms that the plain language of the injunction prepared by BOP would apply to all products using the word Charlotte, whether they be Charlotte Solnicki, Charlotte Ronson or Charlotte something else. A copy of Eminent's proposal to include different language in its injunction as well as GMA's response is respectfully annexed as **Exhibit C**.

7. BOP fails to mention that its September 4 letter request for modification of the Court's August 29 Opinion was returned to BOP by this Court with instructions to meet with counsel. BOP had requested an Order insulating it from the injunction

which would apply to those acting in concert with the defaulted defendants under Rule 65. BOP never raised this issue with counsel or the Court again.

8. In citing the TTAB's initial denial of GMA's motion for summary judgment against Charlotte Ronson, BOP neglects to include

   a. GMA's motion for reconsideration pointing out that that decision was comparing 2 hypothetical full names to each other rather than using the subject mark in its comparison. A copy of the November 2006 motion for reconsideration is annexed as **Exhibit D**. The Board has yet to decide this motion.

   b. The trademark examiner's 3 denials of Charlotte Ronson's trademark application based on confusion with GMA's mark. See office actions annexed as **Exhibits E, F and G**.

   c. All of the non geographic indicator third party registrations pertaining to clothing have been cancelled or abandoned with the exception of Charlotte Russe.

Dated: New York, New York
      October 26, 2007

Respectfully Submitted,

By: _____
JOHN P. BOSTANY (JB 1986)