IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD
-----------------------------------------------------------x
GMA ACCESSORIES, INC.,

        Plaintiff-Opposer,

v.

C. RONSON, INC.,

        Defendant-Applicant.
-----------------------------------------------------------x

Consolidated
Opposition No. 91167353
Opposition No. 91168148
Opposition No. 91172177

**MOTION FOR RECONSIDERATION**

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT

Pursuant to 37 CFR § 2.129(c), TBMP § 518, and TBMP § 543, plaintiff-opposer *GMA Accessories, Inc.* moves for reconsideration of the Court's November 6, 2006 Consolidated Order denying Opposer's motion for summary judgment.

### Statement of Facts

For a comprehensive summary of the facts germane to this motion, the Board is respectfully referred to the earlier fully briefed motion decided by the Board on November 6. Defendant-Applicant, C. RONSON seeks to register CHARLOTTE RONSON as a trademark while the opposer owns the brand CHARLOTTE in the same classes that are the subject of the applications.

## ARGUMENT

### A. PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED BECAUSE THE BOARD RELIED ERRONEOUSLY ON A FASHION INDUSTRY EXCEPTION TO CONCLUDE THAT THERE EXISTS A GENIUNE ISSUE OF MATERIAL FACT TO DENY SUMMARY JUDGMENT

In denying summary judgment, it is respectfully submitted that the Board accepted the argument that Applicant's name CHARLOTE RONSON might be allowed to proceed to registration primarily because it is a common and accepted practice for designers, specifically *in the fashion industry,* to have the same first or last name as other designers. We believe that the Board erroneously carved out an entire exception for the fashion industry. This is a unique finding and has no precedential support.

In recognizing this fashion industry exception, the Board embraces Applicant's evidence of several designers with the same first or last name as other designers whose full name is the trademark (e.g. GIORGIO BEVERLY HILLS, GIORGIO ARMANI, GIORGIO COSANI, RALPH LAUREN, LAUREN LEE, LAUREN GUINOT). We agree that confusion between GIORGIO ARMANI and GIORGIO COSANI is unlikely to arise because both designers use both a first and last name and ARMANI is the dominant portion of the original mark. However, neither the Applicant nor the Board raises the legitimate concern of likelihood of confusion between a designer who uses a one-word name and another designer who uses the same one-word name with the addition of a last name or extra word.

It is respectfully submitted that adding another word or name to a single word mark is not sufficient to overcome a likelihood of confusion between two separate marks under Section 2(d). Traditionally, single name marks such as *AGATHA, GUCCI, ARMANI* and *BRIONI* in the fashion industry have been and are entitled to protection

against other designers who use the one word registered mark even when used as the complete name of the newcomer. Applicants attempting to register marks using these names with the addition of a last name or additional term have been consistently denied registration. See e.g. Exhibit A (*Applicants attempting to register GEMMA GUCCI and REBEL GUCCI denied registration since the GUCCI part of the mark gives the "dominant commercial impression" and since mere addition of a term to the already registered GUCCI mark is not sufficient to overcome a likelihood of confusion with the existing registrant*). Similarly, it is respectfully submitted that there should not be a recognized fashion industry exception that would allow the mark CHARLOTTE to be copied by other designers that tack on another name.

This is consistent with settled precedent finding a likelihood of confusion notwithstanding the inclusion of additional words, prefixes or suffixes. *Coca Cola Bottling Co. v. Joseph E. Eagram & Sons, Inc.*, 526 F.2d 556, 188 USPQ 105 (C.C.P.A 1975) ("BENGAL" and "BENGAL LANCER"); *Lilly Pulitzer, Inc. v. Lilli Ann Corp.*, 376 F.2d 324, 153 USPQ 406 (C.C.P.A 1967)("THE LILY" and "LILY ANN"); *In re El Torito Restaurants Inc.*, 9 USPQ2d 2002 (TTAB 1988) ("MACHO" and "MACHO COMBOS"); *In re United States Shoe Corp.*, 229 USPQ 707 (TTAB 1985) ("CAREER IMAGE" and "CREST CAREER IMAGES"); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985) ("CONFIRM" and "CONFIRMCELLS"); *In re Riddle*, 225 USPQ 630 (TTAB 1985) ("ACCUTUNE" and "RICHARD PETTY's ACCU TUNE"); *In re Cosvetic Laboratories, Inc.*, 202 USPQ 842 (TTAB 1979) ("HEAD START" and "HEAD START COSVETIC"). TMEP Section 1207.01(b)(iii). <u>In re Denisis</u>, 225 U.S.P.Q. 624 (TTAB 1985); <u>CFM Majestic, Inc. v. NHC, Inc.</u>, 93 F.Supp.2d 942 (N.D. Ind. 2000); <u>Trident Seafoods Corp. v. Triton Fisheries, LLC.</u>, 2000 WL 33675750 at *6 (D. Alaska June 30, 2000);

<u>Physicians Formula Cosmetic, Inc v West Cabot Cosmetics</u> 857 F.2d 80, 82 (2d Cir. 1988); <u>Wynn Oil Company v. Thomas</u>, 239 F.2d 1183 (6th Cir. 1988); 3 McCarthy on Trademarks §§ 23:55-23:56 at 23-164 through 23-169.

If the Board were to allow this type of confusion under a fashion industry exception, thereby departing from well-settled law, it would dampen any incentive original registrants may have to be the first to file for a trademark.

### B.   GMA has been policing other confusingly similar CHARLOTTE uses

In denying summary judgment, the Board also concluded there is a genuine issue of material fact as to the similarity and dissimilarity of the marks at issue. Applicants' argument that the term CHARLOTTE exists in a crowded field of marks in the fashion industry is erroneous considering that GMA has aggressively policed the mark from its inception.

Respectfully submitted with GMA's reply declaration was a schedule showing Plaintiff's policing activities, which Applicant cited in support of its 'crowded field' argument. The listed marks have either been cancelled or are in a pending proceeding as a result of Plaintiff's policing activities. CHARLOTTE RUSSE is a service mark of a store in California with whom GMA has had a co-existence agreement for many years. We recognize that it is not appropriate on a motion to reconsider to introduce new evidence. But we respectfully submit that even without the co-existence agreement the presence of a single mark that is arguably confusing to GMA's nine separate CHARLOTTE registrations should not be a reason to allow rampant confusion as to source by allowing confusing marks to enter the market place.

Opposer here again submits a chart of the status of the other proceedings.

| MARK | TTAB # | STATUS |
| --- | --- | --- |
| Charlotte Jumper Classics | 91167274 | Judgment for GMA |
| Joie De Charlotte | 92045994 | Judgment for GMA |
| Charlotte Corday | 92046002 | Applicant in Default |
| Eau De Charlotte | 92046003 | Pending |
| Princess Charlotte | 92045997 | Judgment for GMA |
| Charlotte Lynggaard | 91158541 | Consent Abandonment |
| Charlotte Tarantola | 91168132 | Pending |
| Charlotte Tillbury | 91171089 | Pending |
| Good Charlotte | 91171219 | Pending |

Any doubt regarding the likelihood of confusion must be resolved in favor of the prior registrant. In re Hyper Shoppes (Ohio), Inc., 837 F.2d 463, 6 U.S.P.Q.2d 1025 (Fed. Cir 1988).

## CONCLUSION

For all of the foregoing reasons, GMA respectfully requests that its motion for reconsideration be granted and that the order denying summary judgment be overturned.

Dated: New York, New York
November 24, 2006

THE BOSTANY LAW FIRM

By: John P. Bostany
*Digitally signed by John P. Bostany
DN: CN = John P. Bostany, C = US, O = The Bostany Law Firm
Reason: I am the author of this document
Date: 2006.11.29 17:56:26 -05'00'*

John P. Bostany

40 Wall Street 61st Floor
New York, New York 10005
(212) 530-4400
Attorney for Plaintiff-Opposer