| | |
|---|---|
| To: | C. Ronson, Inc. (mgrieco@gurskypartners.com) |
| Subject: | TRADEMARK APPLICATION NO. 78507248 - CHARLOTTE RONSON - RO003 USA A1 |
| Sent: | 8/2/05 8:44:50 AM |
| Sent As: | ECOM111@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE

SERIAL NO:    78/507248

APPLICANT:    C. Ronson, Inc.

**\*78507248\***

CORRESPONDENT ADDRESS:
    STEVEN R. GURSKY
    GURSKY & PARTNERS, LLP
    1350 BROADWAY FL 11
    NEW YORK, NY 10018-0947

RETURN ADDRESS:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

MARK:    CHARLOTTE RONSON

CORRESPONDENT'S REFERENCE/DOCKET NO:    RO003 USA A1

CORRESPONDENT EMAIL ADDRESS:
    mgrieco@gurskypartners.com

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**: TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

Serial Number 78/507248

This letter responds to the applicant's communication filed on July 5, 2005. The applicant has supplied the Consent to Register from Charlotte Ronson, but argued against the refusal to register the mark under section 2(d). The examining attorney has considered the applicant's arguments, but finds them unpersuasive. As such, the refusal to register the mark is maintained and made *FINAL*.

### *Similarity of the Marks*

Trademark Act Section 2(d) bars registration where an applied-for mark so resembles a registered mark that it is likely, when applied to the goods, to cause confusion, mistake or to deceive the potential consumer as to the source of the goods. TMEP §1207.01. The Court in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973), listed the principal factors to consider in determining whether there is a likelihood of confusion. Among these factors are the similarity of the marks as to appearance, sound, meaning and commercial impression, and the relatedness of the goods. The overriding concern is to prevent buyer confusion as to the source of the goods. *In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt as to the existence of a likelihood of confusion must be resolved in favor of the registrant. *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir. 1988); *Lone Star Mfg. Co. v. Bill Beasley, Inc.*, 498 F.2d 906, 182 USPQ 368 (C.C.P.A. 1974).

The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. *In re Mack*, 197 USPQ 755 (TTAB 1977). TMEP §§1207.01(b) *et seq*.

Although the applicant has argued otherwise, the marks are indeed very closely related, namely, **CHARLOTTE RONSON**, **CHARLOTTE**, and **CHARLOTTE & FRIENDS**. All three marks contain the common word CHARLOTTE. The fact that the applicant's mark contains the word RONSON and one of the registered marks contains the word FRIENDS is not enough to lessen the likelihood of confusion. CHARLOTTE is the dominant portion of the mark, and therefore creates the same commercial impression in all of the above named marks.

### *Similarity between Goods*

The goods of the parties need not be identical or directly competitive to find a likelihood of confusion. They need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the goods come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Products Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re International Telephone & Telegraph Corp.*, 197 USPQ 910 (TTAB 1978). TMEP §1207.01(a)(i). In this case, the goods are identical, namely, <u>handbags</u>, wallets, luggage, backpacks, travel bags and cosmetic cases sold empty; and sacks and bags, namely, <u>handbags</u> made of textiles and beads.

### *Conclusion*

The applicant has failed to show that a likelihood of confusion does not exist in this case. As such, the refusal to register the mark is maintained and made *FINAL*.

If applicant fails to respond to this final action within six months of the mailing date, the application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final action by:

  (1) submitting a response that fully satisfies all outstanding requirements, if feasible (37 C.F.R. §2.64(a)); or

(2) filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class (37 C.F.R. §§2.6(a)(18) and 2.64(a); TMEP §§715.01 and 1501 *et seq.*; TBMP Chapter 1200).

In certain circumstances, a petition to the Director may be filed to review a final action that is limited to procedural issues, pursuant to 37 C.F.R. §2.63(b)(2). 37 C.F.R. §2.64(a). *See* 37 C.F.R. §2.146(b), TMEP §1704, and TBMP Chapter 1201.05 for an explanation of petitionable matter. The petition fee is $100. 37 C.F.R. §2.6(a)(15).

/Inga Ervin/

Trademark Examining Attorney

United States Patent & Trademark Office

Law Office 111

571 272-9379

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond formally using the Office's Trademark Electronic Application System (TEAS) Response to Office Action form (visit http://www.uspto.gov/teas/index.html and follow the instructions, but if the Office Action has been issued via email, you must wait 72 hours after receipt of the Office Action to respond via TEAS).
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above and include the serial number, law office number and examining attorney's name in your response.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.