UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

GMA ACCESSORIES, INC.

        Plaintiff,

                                          Civil Action No.: 07CV3219 (LTS)

   - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

        Defendants.
------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION
TO BOP's MOTION TO VACATE THE JUDGMENT AGAINST IT**

PRELIMINARY STATEMENT

The instant motion is just another step in the effort by BOP to recant an offer after acceptance. Initially, BOP sought to prevent the Court from entering judgment under an unsound theory that a party may unilaterally withdraw its offer of judgment after it is accepted. Three conferences were held with the Magistrate Judge. GMA was forced to submit a letter brief responding to BOP's frivolous argument. The Court then correctly entered judgment and there is no mistake of law, or any other reason why this honorable Court should disturb the Order and Judgment signed on October 18 and entered on October 19. The terms of the injunction that BOP now objects to are the precise terms contained in the offer that BOP itself drafted.

FACTS

The Court is respectfully referred to the accompanying Declaration of John P. Bostany for the relevant facts.

ARGUMENT

### Point I

**BOP must show extraordinary circumstances to vacate or modify a judgment that is the product of a settlement**

The standard that applies to BOP's motion is the same strict standard contained in Rule 60 that governs motions to vacate any judgment. *Webb v. James* 147 F.3d 617, 621 (7th Cir.1998). *Mallory v. Eyrich,* 922 F.2d 1273, 1279 (6th Cir. 1991); *Harris v. City of New York* 2004 WL 1555194 (S.D.N.Y. 2004).

There is a strong policy interest in the finality of judgments, particularly those spawned by a settlement agreement. See *Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986)* ("Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments."). Because Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer, 793 F.2d at 61; see also Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir.1990)* ("Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."). "Courts typically require that the evidence in support of the motion for relief [under Rule 60(b) ] be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties."

2

*Jedrejcic v. Croatian Olympic Committee,* 190 F.R.D. 60, 77 (E.D.N.Y.1999) (quoting *Gonzalez v. Gannett Satellite Info. Network, Inc.,* 903 F.Supp. 329, 331 (N.D.N.Y.1995)*, aff'd,* 101 F.3d 109(2dCir.1996)).

To grant relief under Rule 60(b) "a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." *Jedrejcic,* 190 F.R.D. at 77 (quoting *Cobos v. Adelphi Univ.,* 179 F.R.D. 381, 385 (E.D.N.Y.1998)). The "burden is even more formidable where the movant has made a deliberate choice to enter into a settlement agreement as opposed to having litigated the case on the merits and lost." *Rand Int'l Leisure Prods., Ltd. v. TekSource, L.C.,* No. 97-319, 1998 WL 372356 at *1 (E.D.N.Y. July 2, 1998) (citing *Nemaizer,* 793 F.2d at 63); *see also Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 95 L.Ed. 207 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.").

**Point II**

**BOP has not shown any circumstances warranting relief and has certainly not shown the extraordinary circumstances required for the extraordinary relief it requests and its motion should be denied**

*SAS v. Trintex*, 709 F.Supp. 455 (S.D.N.Y. 1989) and the other cases cited by the plaintiff in letters to the Court dated September 28 and October 17 are not misplaced, as BOP suggests, simply because they did not involve an offer containing an injunction. This is not one of the rare instances cited by BOP in *Wright & Miller* where the injunction "calls for an illegal act" or "for affirmative action involving distinctions based on race" and this Court properly entered judgment here following BOP's objection to the language of the injunction.

3

BOP's argument is strikingly similar to the one in SAS "where defendant argues that this court must determine what its intentions were in making the offer and what the plaintiff's assumptions were in accepting it." *Id.* "To subject Rule 68 offers to such collateral proceedings would undermine entirely the purpose of the rule." *Id.* See also *Chambers v. Manning*, 169 F.R.D. 5 (D. Conn. 1996) ("Protracted proceedings would inevitably occur if courts slogged through extrinsic evidence and did not immediately and definitively construe ambiguity against the offerer.")

"Even were there some ambiguity in the language of the offer, however, that ambiguity would be appropriately resolved against the defendants." *Shapiro v. Credit Protection Association I, Inc.*, 53 F.Supp.2d 626 (S.D.N.Y 1999). "With respect to offers of judgment, 'a defendant should state his intentions clearly, and any failure to do so will be at his peril.'" *Foster v. Kings Park Central School District*, 174 F.R.D. 19 (E.D.N.Y. 1997). The offeror's recognition that it did not intend to make the offer that results from the language it drafted cannot use a "meeting of the minds" argument to set aside an offer of judgment already accepted. *Id.*

BOP's argument that its own language should be deemed ambiguous because there is a lack of certainty whether the public will confuse the marks at issue, is a red herring. The cases cited by BOP did not involve a situation where it was already decided that marks similar to the plaintiff's mark were enjoined. Instead, they involved situations where the marks were similar but Courts were seeking to decide the more difficult question of likelihood of confusion. While plaintiff absolutely believes that there is likelihood of confusion between Charlotte Ronson and Charlotte, it is respectfully submitted that the question of likelihood of confusion is not before this Court at this time and that the judgment as to BOP is not ambiguous by virtue of BOP's view that if it had litigated rather than settled it might have prevailed.

While it is immaterial to the determination of the instant motion, it is respectfully submitted that BOP would not have prevailed had it litigated the question and a majority of cases hold that a defendant will not be permitted to "appropriate the entire name of plaintiff" by adding an additional word. *American Optical Corporation v. North American Optical Corporation*, 489 F.Supp. 443, 449 (N.D.N.Y. 1979). For example, protecting Trident, a seafood company, another Court cited numerous examples where likelihood of confusion was found despite the addition of a word, and held that KING TRITON was likely to be confused with TRIDENT. *Trident Seafoods Corp. v. Triton Fisheries, LLC.*, 2000 WL 33675750 at *6 (D. Alaska 2000). *See also*, *Tefal v. Products International Company*, 529 F.2d 495, 497 (3d Cir. 1976) (TEPAL – WARE likely to be confused with T-FAL).

There are also the numerous citations contained in the plaintiff's memorandum of law in support of default judgment as to other parties, which it is interesting BOP claims was not served upon it, though it is on the docket and BOP cannot dispute was ECF'd to its lawyers contemporaneous with its filing. The several TTAB citations mentioned by BOP did not involve situations where the defendant appropriated the plaintiff's entire mark and are therefore inapposite.

## CONCLUSION

For the foregoing reasons, it is respectfully asked that BOP's motion be denied.

Dated: New York, New York
October 26, 2007

                                                    Respectfully submitted,

By: _____
John P. Bostany (JB 1986)
THE BOSTANY LAW FIRM
Attorneys for Plaintiff
40 Wall Street, 61st Floor
New York, New York 10005
(212) 530-4400

Case 1:07-cv-03219-LTS-DCF   Document 100   Filed 10/27/2007   Page 6 of 6