UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GMA ACCESSORIES, INC.,

                    Plaintiff,      :    07 Civ. 3219 (LTS)(DCF)

         - against -            :    ECF Case

BOP, LLC, GIRLSHOP, INC.,                  :    <u>ORAL ARGUMENT REQUESTED</u>
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SOLNICKI,
BELMONDO and EMINENT, INC.,

                    Defendants.
------------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF BOP'S
MOTION TO WITHDRAW, VACATE OR MODIFY
BOP'S OFFER OF JUDGMENT AND THE RESULTING
JUDGMENT**

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
Robert J. Lack
Jeffrey R. Wang
1633 Broadway
New York, NY 10019-6708
(212) 833-1100

Attorneys for Defendant Bop, LLC

October 30, 2007

527455.3

## **TABLE OF CONTENTS**

*Page*

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT .........................................................................................................2

    I.    PLAINTIFF'S PAPERS SHOW THAT ITS OWN COUNSEL HAD DIFFERENT INTERPRETATIONS OF THE OFFER OF JUDGMENT ........................................................................................2

    II.    THE ABSENCE OF A MEETING OF THE MINDS CONSTITUTES "EXCEPTIONAL CIRCUMSTANCES" UNDER RULE 60 ........................................................................................3

    III.    THE TORRENT OF RECENT LITIGATION CONCERNING THE CHARLOTTE MARK SUPPORTS GRANTING BOP'S MOTION ........................................................................................4

CONCLUSION ........................................................................................6

**PRELIMINARY STATEMENT**

Plaintiff's three-page opposing declaration does not address, and thus concedes, Bop's central argument that the injunctive language of the offer of judgment is ambiguous and that, under well-established rules of contract interpretation, this Court should therefore examine the extrinsic evidence surrounding whether the parties had a meeting of the minds when their contract was purportedly formed. Nor does plaintiff's opposing brief address this central issue, and that brief should be stricken in any event because it was not filed until 11:57 p.m. on Saturday, October 27, well after the deadline set by Magistrate Judge Freeman.[1]

The few additional facts that plaintiff does include in its opposition papers in fact support Bop's argument that the wording of the offer of judgment was ambiguous and the parties lacked a meeting of the minds when the offer was purportedly accepted. Plaintiff, while attaching some documents concerning GMA's trademark dispute with the owner of the CHARLOTTE RONSON mark, fails even to acknowledge the cascade of recent litigation alleging non-infringement of plaintiff's CHARLOTTE mark and seeking cancellation of that mark based on fraud and misuse. This recent litigation demonstrates both the weakness of plaintiff's argument that the CHARLOTTE and CHARLOTTE RONSON marks are similar, and the existence of ambiguity in the injunctive language at issue.

Finally, plaintiff does not dispute that it would suffer no harm by having to litigate a case that it presumably believes is meritorious (and that it is presently litigating

---

[1] Judge Freeman required plaintiff's opposing papers to be filed by October 26 (Wang Aff. ¶ 16). Plaintiff's attorney declaration barely met that deadline, being filed at six minutes before midnight on October 26. Plaintiff's brief, however, was not filed until 24 hours later.

against several other defendants anyway) as a result of the withdrawal or vacatur of the offer of judgment and resulting judgment.  Nor does plaintiff give any reason why it should be permitted to exploit an ambiguity in the injunctive language to argue that the language imposes, upon pain of contempt, restrictions that the parties clearly *never* intended and *never* agreed upon, and that go well beyond the relief sought in this litigation.  Under these circumstances, withdrawal or vacatur of the offer of judgment and resulting judgment is in the interest of justice.

## ARGUMENT

**I.     PLAINTIFF'S PAPERS SHOW THAT ITS OWN COUNSEL HAD DIFFERENT INTERPRETATIONS OF THE OFFER OF JUDGMENT**

In an e-mail message dated the same day as the purported acceptance of the offer of judgment, GMA's counsel Andrew Sweeney made a telling comment in response to a request by Bop's counsel Jeffrey Wang that the purported amended acceptance be e-filed:

> Since *GMA is not seeking to obtain any relief outside the offer of judgment*, is there any reason why you would want me to file today's acceptance?

(Bostany Decl. Ex. B (emphasis added).)  Sweeney's comment – indicating that the only use plaintiff expected to make of the offer of judgment was to have Bop pay GMA $15,000 – was not a remark that would have been made by someone who interpreted the offer of judgment as containing an injunction so important that it could be used to preclude Bop from selling other products, like Charlotte Ronson.  Rather, Sweeney's comment indicates that *he interpreted the language of the offer of judgment the same way Bop did, as a narrow settlement of the Charlotte Solnicki matter.*  Although Sweeney's co-counsel John Bostany may have taken a different view of the injunctive language (*id*.

Ex. C), it is obvious from plaintiff's own evidence that the language was so ambiguous that two of plaintiff's own lawyers had different interpretations of it at the time of acceptance.

## II. THE ABSENCE OF A MEETING OF THE MINDS CONSTITUTES "EXCEPTIONAL CIRCUMSTANCES" UNDER RULE 60

Plaintiff's untimely brief cites the general proposition that Bop must show "exceptional circumstances" to warrant relief under Rule 60. But plaintiff fails to acknowledge the *Stewart* case (or, for that matter, any of the other cases Bop cited in its moving papers), in which the court of appeals held that "exceptional circumstances" under Rule 60(b) exist where, as here, the parties lack a meeting of the minds regarding the meaning of a Rule 68 offer of judgment at the time of acceptance. *See Stewart v. Professional Computer Centers, Inc.*, 148 F.3d 937, 940 (8th Cir. 1998) ("Since there was no valid offer and acceptance under Rule 68, exceptional circumstances justify relief from the judgment under Rule 60(b) and the motion to vacate should have been granted."); *see also* 13 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE 3d § 68.09.[2]

---

[2] Plaintiff also argues that any ambiguity in the contract language should be construed against Bop, as drafter. This argument fails for three reasons. First, New York law is well settled that "the general rule that ambiguities are resolved against the drafter is used only as a matter of last resort after all aids to construction have been employed without a satisfactory result." 22 N.Y. JUR. 2d *Contracts* § 260 (1996) (emphasis added). This is not the case here. As Bop set forth in detail in its moving papers, the extrinsic circumstances provide ample evidence to allow this Court to construe the agreement properly, without need to employ a construction of last resort. Second, the injunctive language here was the same language drafted by *plaintiff* that this Court incorporated in its default judgment against the Solnicki Defendants, and thus there is no reason to construe this same language against Bop. Finally, unlike in other contract construction cases, this Court has a preferable, just alternative to construing the contract – namely, to vacate the order and withdraw the offer of judgment, thus placing the parties in the same litigation position they would have been in had the offer of judgment never been made.

527455.3

3

### III. THE TORRENT OF RECENT LITIGATION CONCERNING THE CHARLOTTE MARK SUPPORTS GRANTING BOP'S MOTION

Plaintiff submits with its opposition papers a copy of its brief filed nearly a year ago with the Trademark Trial and Appeal Board ("TTAB") (Bostany Decl. Ex. D), asking the TTAB to reconsider its denial of summary judgment to GMA in a proceeding against the owner of the CHARLOTTE RONSON mark. The TTAB has not granted reconsideration, and for good reason, as shown in the opposing memorandum of law filed by the owner of the CHARLOTTE RONSON mark, and the July 31, 2006 Declaration of Mary L. Grieco to which it refers (Exhibits A and B, respectively, to the Reply Affidavit of Jeffrey R. Wang ("Wang Reply Aff."), sworn to Oct. 30, 2007).[3] In particular, the Grieco Declaration shows that "there are dozens of trademark registrations that share a common name just as GMA's Marks and the CHARLOTTE RONSON Marks share the name CHARLOTTE" (Grieco Decl. ¶ 5 [Wang Reply Aff. Ex. B] (citing marks with the names LAUREN, GIORGIO, LIZ, KATE, CARLA, DIANE, GIO, CHRISTIAN, KLEIN, REBECCA, and TOMMY).

Notably, plaintiff never once acknowledges the highly-relevant wave of additional, recent litigation against plaintiff challenging its claim that its mark precludes the use of other marks containing the name "Charlotte." Specifically, within the past weeks, the following pleadings and motions – including a declaratory judgment action by

---

[3] Exhibits E, F, and G to the Bostany Declaration are entitled to little weight because they are actions by a single trademark examining attorney that all pre-date the TTAB's November 2006 denial of summary judgment to plaintiff. Moreover, as the TTAB observed in denying GMA summary judgment, "[W]e reject opposer's argument that the Board should defer to the examining attorney's initial refusal of one of applicant's applications under Section 2(d). The examining attorney's determination made during *ex parte* examination has no bearing in this Board *inter partes* case" (Wang Aff., Oct. 19, 2007, Ex. Q, at 9).

the owner of the CHARLOTTE RONSON mark – have been filed against GMA in the Southern District, alleging, *inter alia*, non-infringement of plaintiff's CHARLOTTE mark, invalidity of the mark, and/or seeking cancellation of the mark based on GMA's fraud and misuse:

- *Sanei Charlotte Ronson LLC v. GMA Accessories, Inc.*, No. 07 Civ. 9578 (CM) (S.D.N.Y. filed Oct. 26, 2007) (Wang Reply Aff. Ex. C)

- *Jimlar Corp. d/b/a The Frye Co. v. GMA Accessories, Inc.*, No. 07 Civ. 8622 (SHS) (S.D.N.Y. filed Oct. 4, 2007) (copy filed in the *GMA v. Bop* docket as Document 97, Ex. K)

- Counterclaim by Saks Fifth Avenue, Inc. against GMA (Document 85)

- Counterclaim by Wink NYC, Inc. against GMA (Document 88)

- Counterclaim by Intermix, Inc. against GMA (Document 90)

- Motion by Charlotte B, LLC to Intervene (Document 91)

- Motion by Jonathan Solnicki to Set Aside Default Judgment (Document 94)

- Counterclaim by Jonathan Singer against GMA (Document 101)

Indeed, earlier this year, Judge Lynch denied summary judgment to GMA even though GMA's complaint concerned alleged infringement by the defendants' use of the CHARLOTTE mark *standing alone*. *GMA Accessories, Inc. v. Croscill, Inc.*, No. 06 Civ. 6236 (GEL), 2007 WL 766294, at *3 (S.D.N.Y. Mar. 12, 2007) (finding that GMA's "showing is sufficiently weak that this Court cannot fairly conclude that it is likely to prevail on the merits").

These recent litigations, as well as the pre-existing dispute between Charlotte Ronson and GMA, underscore the ambiguity of the language of the injunction – "the mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom" – by demonstrating that whether various marks are similar to or substantially

527455.3                                  5

indistinguishable from the CHARLOTTE mark will be much-litigated, and is far from settled.

## CONCLUSION

For the reasons set forth above as well as in Bop's moving papers, Bop requests that this Court permit Bop to withdraw the offer of judgment, or in the alternative vacate or modify the offer of judgment and resulting judgment.

Dated:   New York, New York
        October 30, 2007

                        Respectfully submitted,

                        FRIEDMAN KAPLAN SEILER &
                           ADELMAN LLP

                        s/ Robert J. Lack
                        Robert J. Lack
                        Jeffrey R. Wang
                        1633 Broadway
                        New York, NY 10019-6708
                        (212) 833-1100

                        Attorneys for Defendant Bop, LLC