# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

June 18, 2007

**AIR MAIL**

Joe Benbasset
Joe Benbasset, Inc.
253 W. 35th Street
New York, New York 10001

Re:     CHARLOTTE® Trademark Infringement

Dear Mr. Benbasset:

We represent GMA Accessories, Inc., the owner of the registered trademark CHARLOTTE® in various classes including clothing. A copy of this registration is attached. It has come to our attention that you are is marketing and selling pants named CHARLOTTE without permission from the trademark owner.

We demand that you immediately cease and desist this blatant copying of the CHARLOTTE® brand name. Provide me with certification within 7 days of your receipt of this letter that you have stopped purchasing, selling, marketing, advertising, distributing or transferring products bearing the CHARLOTTE® mark. Within 14 days of your receipt of this letter we demand that you provide us:

(1)     a list of all items that you have purchased, advertised, and/or sold that in any way incorporate GMA's Charlotte® brand name;

(2)     the quantity sold of each; the purchase and sale price; and your remaining inventory.

If you fail to comply we will be forced to enforce the trademark owner's rights in court.

Very truly yours,

Adrienne S. Raps

Enclosure

GMA 34688

HIGHLY CONFIDENTIAL

DARBY &
DARBY
PROFESSIONAL CORPORATION

INTELLECTUAL PROPERTY LAW

NEW YORK
· 7 WORLD TRADE CENTER
250 GREENWICH STREET
NEW YORK, NY 10007-0042
TEL 212.527.7700
FAX 212.527.7701
www.darbylaw.com

NEW YORK
SEATTLE
WASHINGTON, D.C.
FRANKFURT

CONFIRMATION

June 27, 2007

Reference: Our Ref.: 01913/800G623-000

KARIN SEGALL
PRINCIPAL
·212.527.7619
ksegall@darbylaw.com

*VIA FACSIMILE (212-530-4488)*

Adrienne S. Raps, Esq.
The Bostany Law Firm
40 Wall Street - 61st Floor
New York, NY  10005-1304

Re:    CHARLOTTE Trademark Infringement

Dear Ms. Raps:

We refer to your letter of June 18, 2007 alleging infringement of GMA Accessories
Inc.'s ("GMA") CHARLOTTE trademark by our client, Joe Benbasset, Inc.

We note that the only clothing items for which GMA has registered the
CHARLOTTE trademark are accessories, namely "hats, scarves, gloves and
socks."    Although GMA owns other registrations covering the mark
CHARLOTTE, those registrations cover use with other accessory items, such as
handbags and sunglasses.  GMA does not own a registration covering the mark
CHARLOTTE for use with pants, nor have you alleged use of the CHARLOTTE
mark in connection with pants or for any other particular items of clothing.  Based
on the information before us, it appears that GMA's rights in the CHARLOTTE
mark are limited to certain accessories and do not extent to pants or other staple
clothing items.

Our client has used "Charlotte" as a style designation for a line of pants sold under
its JOE BENBASSET mark for three years.  It is increasingly common in the
clothing industry to identify a style of pant by reference to a woman's name.  The
Charlotte style pant denotes a wide waisted, semi-flared leg pant.  Thus, Charlotte
is not used as a source indicator of these pants.  Rather, Charlotte is used to
distinguish a particular style of pants from others sold within a line of pants.  For
this reason, the hangtags on our client's pants prominently show the JOE
BENBASSET mark (see attached).  The price tag features Charlotte as the style
name in a much less prominent manner (see attached).  Similarly the sewn in labels
more prominently show JOE BENBASSET with the Charlotte style name shown in
smaller lettering on a separate, smaller tag featured well below the brand tag (see
attached).  For all of these reasons, consumers are not likely to perceive our client's
use of Charlotte as trademark use.

{W:\01913\800G623-000\01150016.DOC ||||||||||||||||||||||||||||||||||||||||||||| }

GMA  34689

HIGHLY CONFIDENTIAL

DARBY &
DARBY

Adrienne S. Raps, Esq.
June 27, 2007
Page 2

Throughout the three years during which our client has sold these pants, not a single instance of consumer confusion has been brought to our client's attention.

Your allegation of "blatant copying" is misplaced. Our client was unaware of your client's mark until it received your June 18 letter. Thus, there is no intent to trade off of your client's mark.

For all of the above reasons, we are confident that there is no likelihood of confusion between these already coexisting uses. Our client's use of a common woman's name to denote a style of pants within a larger line of pants is simply not likely to cause confusion. Our position is supported by the fact that no confusion has resulted from the coexisting uses for the past three years.

We are particularly struck by the statements of Judge Lynch in the recent case of *GMA Accessories, Inc. v. Croscill Inc.*, involving your client's CHARLOTTE mark as follows:

- There was an issue as to whether the parties (including GMA) "even utilize 'Charlotte' as a designator of origin, as opposed to simply as a style name, let alone whether public recognizes it as such."

- The court took note of GMA's lack of evidence, such as heavy advertising, to support the strength of the CHARLOTTE mark.

- There was at least a legitimate dispute as to whether CHARLOTTE "as a woman's name applied to women's fashion items" is an arbitrary or suggestive mark.

- The fact that "fashion accessories" like those sold by GMA are sold in "different departments" helped to distinguish the goods.

- The lack of evidence of actual confusion was considered an important factor.

- The fact finder would need to consider the "utter absence of any evidence that [the defendant] adopted the name 'Charlotte' in actual bad faith."

All of the above points apply equally to the allegations you have asserted against our client and would thus prevent GMA from prevailing in an infringement claim.

{W:\01913\800G623-000\01150016.DOC ||||||||||||||||||||||||||||||||| }

GMA 34690

HIGHLY CONFIDENTIAL

DARBY &
DARBY

Adrienne S. Raps, Esq.
June 27, 2007
Page 3

For all of the above reasons, our client declines to provide any of the information you have requested concerning its sales of pants under the Charlotte style designation. Nevertheless, our client would consider an amicable resolution of this dispute that allowed it to phase out use of its Charlotte style designation over a reasonable period of time.

The statements herein are made for settlement purposes only and without prejudice to our client's rights, all of which are expressly reserved.

Sincerely yours,

Karin Segall

KFS:ss
Enclosure

cc: Mr. Corey Benbasset (via e-mail)

{W:\01913\800G623-000\01150016.DOC ||||||||||||||||||||||||||||||||||||||||||| }

GMA 34691

HIGHLY CONFIDENTIAL



GMA 34692

HIGHLY CONFIDENTIAL

KOHL'S

CHARLOTTE

044 40 42

STYLE 1963617K

COLOR BLACK

13550 23568

SIZE 7R

$36.00

GMA 34693

HIGHLY CONFIDENTIAL



GMA 34694

HIGHLY CONFIDENTIAL

# THE BOSTANY LAW FIRM

### 40 WALL STREET
### 61ST FLOOR
### NEW YORK, NEW YORK 10005-1304
### TEL: 212-530-4400
### FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

July 6, 2007

Karen Segall, Esq.
Principal
Darby & Darby
7 World Trade Center
250 Greenwich Street
New York, New York 10007-0042

     Re:   CHARLOTTE®

Dear Ms. Segall:

    This letter is in response to your letter of June 27, 2007.

    GMA's registration to the CHARLOTTE trademark in Class 25, which includes, among other items, "clothing", has been deemed incontestable by the USPTO pursuant to Section 15 of the Lanham Act in the same class of goods trafficked as CHARLOTTE by your client, Joe Benbasset, Inc. GMA's incontestable registration is "conclusive evidence" of GMA's exclusive right to the CHARLOTTE trademark on the goods listed in the registration. 15 U.S.C. §1115(b); *Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir 2004); *Gucci America, Inc. v. Exclusive Imports International*, 2007 WL 840128 at *3 (S.D.N.Y. March 19, 2007). There is no question that "pants" are clothing.

    Furthermore, even if there is a question as to whether or not GMA's products compete with your client's, the products are certainly related goods. "The Lanham Act extends trademark protection to related goods in order to guard against numerous evils in addition to restraints on the possible expansion of the senior user's market, including consumer confusion, tarnishment of the senior user's reputation, and unjust enrichment of the infringer." *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 259 (2d Cir. 1987). *See also, Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Company*, 799 F.2d 867, 874 (2d Cir. 1986) (*quoting* Judge Learned Hand, "...unless the borrower's use is so foreign to the owner's as to insure against any identification of the two, it is unlawful." *Yale Electric Corp. v. Robertson*, 26 F.2d 972, 974 (2d Cir. 1928)). It is well established that one of the interests protected by the Lanham Act is a "senior user's interest in being able to enter a related field at some future time." *Scarves by Vera, Inc. v. Todo Imports Ltd.*, 544 F.2d 1167, 1172 (2d Cir.1976); *Horn's Inc. v. Sanofi Beaute, Inc.*, 963 F.Supp. 318, 325 (S.D.N.Y. 1997).

GMA 34695

HIGHLY CONFIDENTIAL

The Second Circuit has in many instances protected trademark owners' rights when their marks are used by others on related, but not directly competing, products. *Rosenthal v Ritelite* 986 F.Supp. 133, 140 (E.D.N.Y. 1997). *See also, Warner Bros., Inc. v. Gay Toys, Inc.,* 658 F.2d 76, 78-79 (2d Cir. 1981). These cases recognize that consumers do not always know all of the types of products manufactured by a particular company and can reasonably be expected to be confused about source or sponsorship when a mark from one product area appears in a related product area. *Rosenthal v Ritelite,* 986 F.Supp. at 140.

GMA's CHARLOTTE mark cannot be classified as a surname because the use of the name is entirely insignificant to the company itself. *Lane Capital Management, Inc. v. Lane Capital Management, Inc.,* 15 F.Supp. 2d 389, 396 (S.D.N.Y. 1998) *aff'd Lane Capital Management, Inc. v. Lane Capital Management, Inc.,* 192 F.3d 337, 346 (2d Cir 1999) (names are weak marks only if the mark is actually associated with the company). "Dana" is an arbitrary mark in part because no individual named "Dana" was associated with the company. *Santinine v. Les Parfums,* 184 WL 830 at * 5 (S.D.N.Y. 1984).

The addition of a company name to an incontestable trademark does not excuse the infringement. *Home Shopping Club v. Charles of the Ritz Group,* 820 F.Supp.763, 769 (S.D.N.Y. 1993) (concluding that the addition of defendant's name increases the misappropriation in that it could lead a consumer to believe that there is a connection between the products where none exists).

Your reliance upon *GMA Accessories, Inc. v. Croscill, Inc.* for the proposition that you may escape penalties set forth under 15 U.S.C. §1117(a) is misplaced. In this recent case, Judge Lynch was faced with a motion for summary judgment on an incomplete record of claims against the maker of bath accessories. GMA had not submitted all of its evidence of sales and advertising due to GMA's mistaken belief that because the mark was inherently distinctive and incontestable, such proof was not relevant. GMA has since supplemented the record with detailed evidence of "acquired distinctiveness" much of which is available to you on PACER.

Your client's offer to phase out use of CHARLOTTE does not adequately respond to the demands made by our client. Please comply with the request contained in our June 18, 2007 letter so that we can have a discussion in an effort to resolve this without the need for a lawsuit.

Very truly yours,

Andrew T. Sweeney

GMA  34696

HIGHLY CONFIDENTIAL

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

October 10, 2007

BY HAND

Karin Segall, Esq.
Principal
Darby & Darby
7 World Trade Center
250 Greenwich Street
New York, New York 10007-0042

Re:    CHARLOTTE®

Dear Ms. Segall:

Here is the fully executed original settlement agreement.

Sincerely,

John P. Bostany

GMA 34697

HIGHLY CONFIDENTIAL

<u>SETTLEMENT AGREEMENT AND RELEASE</u>

THIS SETTLEMENT AGREEMENT is made between GMA Accessories, Inc. (hereinafter "GMA") and Joe Benbasset, Inc. (hereinafter "Joe Benbasset").

WHEREAS, GMA has accused Joe Benbasset of infringing upon the trademark CHARLOTTE; and

WHEREAS, Joe Benbasset and GMA, agree and enter into this agreement to resolve any and all claims between them pertaining to this accusation; and

WHEREAS, Joe Benbasset enters into this Agreement without any admission of wrongdoing or liability; and

WHEREAS, Joe Benbasset does not dispute that GMA is the current title owner of Registration Nos. 2,535,454, 2,412,360, 2,217,341, 2,216,405, 2,561,024 and 3,242,358;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in consideration of the mutual covenants hereinafter set forth, the parties, desiring to resolve their disputes and disagreements and intended to be legally bound hereby agree as follows:

1.    <u>Payment of the Settlement Amount.</u>

Joe Benbasset will pay a total of $60,000 in two equal installments of $30,000 each by check to be paid to GMA and deliverable to The Bostany Law Firm, the first check to be tendered within 10 days of receipt of GMA's execution counterpart and the second check to be tendered thirty (30) days thereafter.

Formatted: Font: 3 of 9 Barcode

Deleted: (W:\01913\800G623-000\01265592.DOC *01913000G623-000* )

{W:\01913\800G623-000\01268253.DOC *01913000G623-000* }                                                                    1

GMA  34698

HIGHLY CONFIDENTIAL

2.    Consent to No Further Sale

IT IS hereby agreed that Joe Benbasset, its agents, employees, subsidiaries and divisions will cease all use of the word mark CHARLOTTE or any marks confusingly similar thereto o in connection with the sale, purchase, transfer, marketing, advertising or distribution of handbags, leather goods, clothing, home goods, bedding, bath items, footwear, headgear, glasses, jewelry, cosmetics, toys and playthings, hair and fashion accessories (hereinafter (the "GMA's Goods"), provided, however, that Joe Benbasset's customers as identified on Exhibit A annexed hereto and made a part hereof (the "Benbasset Customers")  shall have until March 31, 2008 to exhaust their existing inventory of goods purchased from Joe Benbasset, if any (the "Phase-Out Period").  In the event GMA discovers that one or more of the Benbasset Customers is selling pants bearing the CHARLOTTE style designation after the expiration of the Phase-Out Period, GMA shall give Benbasset written notice thereof identifying the name of the Benbasset Customer, the location of said Customer, the date of purchase and provide a copy of the sales receipt.  Benbasset shall have five (5) business days from receipt of said written notification from GMA to communicate with the Benbasset Customer to request that it remove from sale all pants bearing the CHARLOTTE style designation from the location of the retail store identified by GMA, with a copy of any communication being provided to GMA (the "Benbasset Customer Communication").  If the pants bearing the CHARLOTTE style designation remain on sale after five (5) business days from the date of the Benbasset Customer Communication, the release given hereunder in paragraph 3 by GMA to the particular Benbasset Customer shall become null and void and GMA shall be free to take whatever legal action it deems appropriate against said Benbasset

Formatted: Font: 3 of 9 Barcode
Deleted: {W:\01913\800G623-000\01265582.DOC +01913800G623-000+ }

{W:\01913\800G623-000\01268253.DOC +01913800G623-000+ }                    2

GMA  34699

HIGHLY CONFIDENTIAL

Customer provided, however, that the release given to Benbasset and the remaining Benbasset Customers shall remain in full force and effect and Benbasset shall not be in breach of this Agreement by reason of one or more of the Benbasset Customers continuing to sell pants bearing the CHARLOTTE style designation beyond five (5) days after receiving the Benbasset Customer Communication.

3.    Release

GMA, fully, finally, unconditionally, irrevocably and forever releases and discharges Joe Benbasset, its agents, employees, subsidiaries, divisions and Benbasset Customers from any and all claims arising out of its use of the name CHARLOTTE on products manufactured by or on behalf of Benbasset prior to the date on which this Agreement is fully executed.

4.    GMA's Representations and Warranties

GMA represents and warrants that it:

(a) has not assigned Registration Nos. 2,535,454, 2,412,360, 2,217,341, 2,216,405, 2,561,024 and 3,242,358 ;

(b) has not assigned the claims that are the subject matter of this Agreement to any third party; and

(c) has the full right and authority to enter into this Agreement, and that the officer executing this Agreement on behalf of it has the full right and authority to commit and bind it to this Agreement.

5.    Joe Benbasset's Representations and Warranties

Joe Benbasset represents and warrants that:

> Formatted: Font: 3 of 9 Barcode
>
> Deleted: [W:\0191\W00G623-000\01265582.DOC *019138000623-000* ]

[W:\0191\W00G623-000\01268253.DOC *019138000623-000* ]                    3

HIGHLY CONFIDENTIAL

(a) its net profits in connection with its sales of clothing upon which GMA's claims are based were approximately $192,000; and

(b) that it has the full right and authority to enter into this Agreement, and that the officer executing this Agreement on behalf of it has the full right and authority to commit and bind it to this Agreement.

6.  **Prevailing party.**

The prevailing party in any action to enforce the terms of this Agreement shall be entitled to its reasonable attorney's fees and costs.

7.  **Integration.**

This settlement agreement constitutes the entire agreement between the parties, with respect to this matter and no representations, agreements or undertaking of any kind either written or oral, shall be binding upon the parties, unless expressly contained therein.

8.  **Applicable Law.**

The parties and all signatories to this document hereby acknowledge that this settlement agreement and release shall be governed by and construed in accordance with the laws of the State of New York without regard to conflict of law principles.

9.  **Counterparts.**

This settlement agreement may be executed in any number of counterparts.  Also such counterparts shall be determined to be originals and shall together constitute one and the same legal instrument.

> **Formatted:** Font: 3 of 9 Barcode
> **Deleted:** [W:\01913\000G623-000\01265382.DOC *01913000G623-000* ]

{W:\01913\000G623-000\01268253.DOC *01913000G623-000* }                                    4

GMA 34701

HIGHLY CONFIDENTIAL

IN WITNESS WHEREOF, the parties have caused this Settlement Agreement to be executed on the dates written below.

GMA ACCESSORIES, INC.

By: _____

Name: _George Altirs_

Title: _CEO_

Date: _10-9-07_

JOE BENBASSET, INC.

By: _____

Name: _Corey Benbasset_

Title: _Vice President_

Date: _10/5/07_

Formatted: Font: 3 of 9 Barcode

Deleted: [W:\01913\000G623-000\012G8253.DOC *01913000G623-000* ]

[W:\01913\000G623-000\012G8253.DOC *01913000G623-000* ]    5

GMA  34702

HIGHLY CONFIDENTIAL

EXHIBIT A

THE BENBASSET CUSTOMERS

Kohls Department Stores

Stage Stores

Gordmans

Formatted: Font: 3 of 9 Barcode

Deleted: [W:\01913\800G623-
000\01265582.DOC *01913800G623-
000* ]

{W:\01913\800G623-000\01268253.DOC *01913800G623-000* }

G

GMA 34703

HIGHLY CONFIDENTIAL