UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

                                  Civil Action No.:  07CV3219 (LTS)

- against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                Defendants.
---------------------------------------------------------X

## MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE
## DEFAULT JUDGMENT

### PRELIMINARY STATEMENT

This case is proceeding against the retailers of infringing goods manufactured abroad by defendant in default, JONATHAN SOLNICKI. Millions of dollars of these goods are impermissibly imported into the United States by his co-defendant, also in default, SHOWROOM SEVEN STUDIOS, INC. which in turn acts as the exclusive distributor of the infringing goods. SOLNICKI and SHOWROOM SEVEN together service the retailers and market the infringing goods via the internet and a New York City showroom that SOLNICKI calls his U.S. corporate office.

Almost immediately after being served with the complaint, SOLNICKI went on a campaign to discourage retailers from complying with GMA's request that they stop infringing. All the while SOLNICKI remained in willful default and comes to this Court now, 6 months later, with no meritorious defense, asking the Court to overlook his intentional default and vacate an injunction to the severe prejudice to GMA.

## FACTS

The Court is familiar with the facts by way of an opinion dated August 28, 2007. Additional facts are contained in the accompanying Declaration of Andrew T. Sweeney.

## ARGUMENT

### POINT I. Defendants' Motion Must Be Denied As Untimely.

In the words of the late Chief Judge Henry Friendly,

> Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment. Professor Moore says that a reasonable time for making a motion under Rule 60(b) on the basis of judicial error should not exceed that allowed for an appeal.

*Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) (internal citations omitted).

This holds litigants to the statutory time frame within which to seek relief from an Order or Judgment when they appeal on Motion.

Solnicki should have appealed from the August 29 Default Judgment within the thirty days allowed or moved under Rule 60(b) during that time. Defendant did neither. On this point alone, it is respectfully submitted that the motion be should denied.

## POINT II. In The Event Defendant's Rule 60(b) Motion Is Entertained It Must Be Denied On The Merits

"Federal Rule of Civil Procedure 60(b) permits a court, upon motion, to relieve a party from a final judgment for (1) mistake, inadvertence, surprise or excusable neglect; … or (6) any other reason justifying relief from the operation of the judgment." *U.S. v. Goldstein*, 2005 WL 323740 (S.D.N.Y. 2005); see also Fed.R.Civ.P. 60(b).

When a moving party seeks to set aside a default judgment pursuant to the Rule, the principal considerations are: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the non-moving party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 90 (2d Cir. 1993).

### A. Defendant Defaulted As A Matter Of Choice.

All allegedly infringing activities were conducted in this case as CHARLOTTE SOLNICKI which consists of Jonathan Solnicki, Melina Solnicki and Jessica Solnicki.[1]

When two or more people conduct business in this fashion for a profit partnership principles govern. See e.g. *Gramercy Equities Corp. v. Dumont*, 72 N.Y.2.d 560, 565 (1988). Here notice to the partner is considered notice to the partnership. Partnership Law Section 23. The partnership is liable to the same extent as the partner. Partnership Law Section 24.

Solnicki's argument that service upon his sister and partner is not valid because he resided in Argentina at the time is unsound. *See American v. Price Waterhouse*, 154

---

[1] Solnicki makes the self serving argument that they were operating as an LLC, but none of the conduct complained of here was by CHARLOTTE B LLC which is a Delaware Company not even authorized to do business in New York.

F.3d 16, 19 (2d Cir. 1998) ("personal service upon persons conducting a business as a partnership may be made by personally serving the summons upon any one of them").

Indeed, Jonathan Solnicki admits in paragraph 7 of his affidavit that he was aware of "legal papers" being delivered as of May 2007, but he decided not to take them seriously.    He then goes on to say that he was in contact with attorneys at least as of August 2007 and he knew of the default judgment at that time. His claim that he attempted to speak with GMA's counsel is academic. *See e.g. U.S.A. v. Manhattan Central Capital Corp.*, 2001 WL 902573, *7 (S.D.N.Y 2001) (reasonable business persons are not excused from a default judgment when they knew or had reason to know about).

Here, Solnicki has not offered a reasonable excuse for ignoring the process, closing his eyes to the proceedings and disregarding the default judgment for months after discussing it with the lawyers for his customers. Indeed, after being served with the complaint, instead of answering or seeking an extension, Solnicki wrote and emailed United States retailers of his goods and encouraged them to continue infringing.

The Defendant could have answered before the Clerk entered its Default. Solnicki neglected to answer; failed to oppose Plaintiff's Motion for Default Judgment and failed to appeal the Default Judgment within the time allowed.

> The Second Circuit has interpreted willfulness in the default judgment context "to refer to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing *American Alliance Insurance Co., LTD v. Eagle Insurance Co.*, 92 F.3d 57, 62 (2d Cir. 1996)). A default may also be found willful where the conduct of the litigant or counsel "was egregious and was not satisfactorily explained." *McNulty*, 137 F.3d

at 738-39; *Gonzalez v. City of New York*, 104 F.Supp.2d 193, 196 (S.D.N.Y. 2000).

*Goldstein*, 2005 WL 323740, supra at *2.

### B. Solnicki has no Meritorious Defense.

"A party seeking relief from default judgment must establish the existence of a meritorious defense. To establish the existence of a meritorious defense the party must submit evidence which, "if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, supra at 98; see also *James v. Demanuel*, 1997 WL 33421164 (D.N.J. 1997). Solnicki has not set forth any reason why it would be permitted to use the Charlotte Solnicki mark.

This Court did not simply enter a default judgment as to Solnicki by reasoning its failure to answer. Instead GMA was required to submit a brief and evidence showing its right to trademark protection and likelihood of confusion. The court carefully reviewed the submissions and issued a thorough opinion discussing GMA's right to an injunction. See *GMA v. BOP*, 507 F.Supp.2d 361 (S.D.N.Y 2007).

Solnicki's argument that it's infringing brand is becoming very popular among celebrities is a red herring. It is axiomatic that a junior user of a mark cannot "house" the trademark by creating greater brand identity than the senior user. See e.g. *Banff v. Federated Department Stores*, 841 F.2d 486, 490-491 (2d Cir. 1988). As set forth in the papers in support of the motion for default judgment, GMA's use of the mark has been widespread and the CHARLOTTE mark derives its strength not only from its incontestability, but from its strong sales and advertising. *Virgin Enterprises Ltd. v. Tahir Nawab, et al*, 335 F.3d 141 (2d. Cir. 2003).

Third party uses only weaken a senior user's mark to the benefit of a junior user if there is a showing that the third party use is active, meaningful and creating potential confusion in the market that the senior holder ignores. *Scarves by Vera, Inc. v. Todo Imports, Ltd.*, 544 F.2d 1167 (2d Cir. 1976); *Polo Fashions, Inc. v. Extra Special Products, Inc.*, 451 F.Supp. 555, 559 (S.D.N.Y. 1978). Here Solnicki has made no such showing and GMA has policed the mark aggressively and even stopped many of the companies named in the defendant's papers, without the need for litigation. See Declaration of Andrew Sweeney paragraph 16 and exhibits annexed thereto.

Further, the policing by GMA adds strength to the mark. *The Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d 133, 139 (2d Cir 1999).

C. Prejudice to Trademark Holder.

Although prejudice need not be shown to defeat the instant motion, *See U.S. v. Burnette*, 2007 WL 201164 (E.D.N.Y 2007); *Fubon Insurance v. China Express Co.*, 2004 WL 326193 (S.D.N.Y 2004), here GMA will suffer irreparable harm if the injunction is vacated. As set forth in the plaintiff's Memorandum of Law dated June 18, 2007 and the Court's August 28 opinion, Plaintiff has established a likelihood of confusion as to the source or sponsorship, satisfying the irreparable harm element.

The damage to a trademark owner through diminished goodwill, loss of control over reputation or loss of quality control of its product is irreparable, and such irreparable injury is typically presumed sufficient for the grant of preliminary injunction. *Paco Rabanne Parfums, S.A. v. Norco Enterps.*, 680 F.2d 891, 894 (2d Cir. 1982); *Hills Bros. Coffee, Inc. v. Hills Supermarkets, Inc.*, 428 F.2d 379, 381 (2d Cir. 1970); P*ower Test*

*Petroleum Distributors, Inc. v. Calcu Gas, Inc.*, 754 F.2d 91, 95 (2d Cir. 1985). This Court has held that, with respect to trademark infringement claims, "irreparable harm may be presumed upon a showing that plaintiff's trademark is protectable and that a likelihood of confusion exists as to the ownership or source of goods in question." *See Firma Melodiya v. ZYX Music GmbH*, 882 F. Supp. 1306 (S.D.N.Y. 1995).

The Second Circuit has stated that establishing a high probability of confusion as to source of sponsorship almost inevitably established irreparable harm. *Omega Importing Corp. v. Petri-Kine Camera Co.,* 451 F.2d 1190, 1195 (2d Cir 1971); *see also Home Box Office, Inc. v. Showtime/The Movie Channel, Inc.*, 832 F.2d 1311, 1314 (2d Cir. 1987 (a showing of likelihood of confusion as to source or sponsorship established the risk of irreparable harm, as well as the requisite likelihood of success on the merits).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to vacate the Default Judgment should be denied.

Dated: New York, New York
       November 7, 2007

    Respectfully Submitted,

    The Bostany Law Firm

    By: _____

    John P. Bostany (JB-1986)
    Attorneys for Plaintiff
    40 Wall Street
    New York, New York
    (212) 530-4400