Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Defendant Jonathan Solnicki*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
|  |  |  |
|---|---|---|
| GMA ACCESSORIES, INC., | : | |
| | : | |
| Plaintiff, | : | **REPLY DECLARATION** |
| | : | **OF ROBERT J. GRAND** |
| v. | : | **IN FURTHER SUPPORT** |
| | : | **OF CHARLOTTE B, LLC'S** |
| | : | **MOTION TO INTERVENE** |
| EMINENT, INC., SAKS FIFTH AVENUE, INC., | : | |
| INTERMIX, INC., WINK NYC, INC., | : | |
| LISA KLINE, INC., GIRLSHOP, INC., | : | |
| SHOWROOM SEVEN STUDIOS, INC., | : | |
| JONATHAN SINGER, LEWIS TIERNEY and | : | |
| JONATHAN SOLNICKI, | : | 07 CV 3219 (LTS) |
| | : | |
| Defendants, | : | |
| | : | |

------------------------------------------------------------- x

Robert J. Grand, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.  I am an attorney at the firm Dreier LLP, counsel for proposed intervenor Charlotte B, LLC ("Charlotte B"). I submit this Reply Declaration in further support of Charlotte B's motion to intervene. Other than as expressly set forth, I have personal knowledge as to all facts set forth herein.

2.  Charlotte B submitted its Motion to Intervene on October 24, 2007. Opposition papers were due on Wednesday, November 7, 2007. The only opposition papers submitted by

GMA that contain a reference to the motion to intervene is the November 7, 2007 Declaration in Opposition submitted by GMA's counsel, Andrew T. Sweeney ("Sweeney Decl."). GMA did not submit a memorandum of law in opposition to the motion to intervene.

3. The Sweeney Declaration indicates that it was submitted both in opposition to Jonathan Solnicki's motion to vacate the default judgment and permanent injunction against him, and in opposition to Charlotte B's motion to intervene. Sweeney Decl., ¶ 2. However, the only substantive argument in opposition to Charlotte B's motion to intervene is found in the last few paragraphs of the Sweeney Declaration.

4. In paragraph 18, the Sweeney Declaration argues that the motion to intervene by Charlotte B is somehow an attempt to evade the default judgment and permanent injunction issued against Jonathan Solnicki, and re-litigate the issues already decided against him in this case. This argument makes absolutely no sense whatsoever. The motion to intervene is not an effort to avoid the default judgment and permanent injunction. Rather, the point of this motion is to ensure that the proper party in interest here – Charlotte B – is permitted to intervene in this case and protect its interests. As we have previously shown, Charlotte B – not Jonathan Solnicki – is the proper party in interest in this case because Charlotte B is the entity that manufactures, markets and/or sells clothing under the CHARLOTTE SOLNICKI mark.

5. In paragraph 19, the Sweeney Declaration argues that Charlotte B has "provided no support for its bare claim that it is the owner of the Charlotte Solnicki mark or has any right to use the mark." This argument is both irrelevant and wrong. First, the issue is not who is the owner of the CHARLOTTE SOLNICKI mark. Rather, the issue is which entity manufactures, markets and/or sells products using the CHARLOTTE SOLNICKI mark. That entity is Charlotte B.

6.      Further, Charlotte B has provided ample evidentiary proof of its ownership of the mark. In her Declaration submitted in support of the motion to intervene, Melina Solnicki, one of the principals of Charlotte B, stated that "Charlotte B is the entity that manufactures and markets the clothing that is at issue in this lawsuit." *See* Melina Solnicki Declaration in Support of Charlotte B LLC's Motion to Intervene ("M. Solnicki Decl."), ¶ 2.  Melina Solnicki additionally stated under oath that, "Charlotte B is the owner of the brand CHARLOTTE SOLNICKI." M. Solnicki Decl. ¶ 2.

7.      Melina Solnicki also explained under oath that "Charlotte B has a legally protectable interest in the dispute concerning the use of the CHARLOTTE SOLNICKI mark and, unless permitted to intervene in this action, Charlotte B will be irreparably prejudiced." *See* M. Solnicki Decl., ¶ 2.

8.      Accordingly, Charlotte B has offered ample proof to establish that it is the entity that manufactures and markets the allegedly infringing products and is also the owner of the CHARLOTTE SOLNICKI mark. That plainly establishes Charlotte B's interest to be protected by intervention. There is no proof to the contrary, and no opposition has been filed.

9.      In view of the foregoing, Charlotte B's motion to intervene should be granted as it is, for all intents and purposes, unopposed, and Charlotte B should be permitted to file a Rule 7.1 Statement and an Answer and Counterclaim in the forms attached to Melina Solnicki's Declaration in Support of Charlotte B LLC's Motion to Intervene as Exhibits B and C, respectively.

4

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 16, 2007
       New York, New York

                                        /s/ Robert J. Grand
                                        Robert J. Grand