UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                  :

GMA ACCESSORIES, INC.,               :

                                  :

                   Plaintiff,       :

                                  :

     v.                               :

                                  :

EMINENT, INC., SAKS FIFTH AVENUE, INC.,  :
INTERMIX, INC., WINK NYC, INC.,        :         07 CV 3219 (LTS)
LISA KLINE, INC., GIRLSHOP, INC.,       :
SHOWROOM SEVEN STUDIOS, INC.,      :
JONATHAN SINGER, LEWIS TIERNEY and  :
JONATHAN SOLNICKI,               :

                                  :

                 Defendants,     :

                                  :

------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JONATHAN SOLNICKI'S
<u>MOTION TO VACATE DEFAULT JUDGMENT AND PERMANENT INJUNCTION</u>**

Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
*Attorneys for Defendant
Jonathan Solnicki*

{00304853.DOC;2}

Defendant Jonathan Solnicki ("Solnicki" or "Jonathan") respectfully submits this Reply Memorandum of Law in further support of his motion (the "Motion to Vacate"), pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, for issuance of an Order vacating the default judgment and order of permanent injunction issued by this Court dated August 29, 2007 (the "Default Judgment"). Plaintiff's opposition to the Motion to Vacate is without basis in fact or law. As a result, the Motion to Vacate should be granted forthwith.

In his moving papers Solnicki demonstrated that the Default Judgment should be vacated because:

1.      The default was not willful or in bad faith because Solnicki did not know of the lawsuit or of Plaintiff's motion for a default judgment and permanent injunction until after the Default Judgment was entered;

2.      Vacating the Default Judgment will not unfairly prejudice Plaintiff in any way, because Plaintiff's recent filing of a Second Amended Complaint, which added six new defendants, means that Plaintiff will be actively engaged in the litigation against the other defendants in any event, and therefore no delay will result at all to Plaintiff if Solnicki is permitted to participate in defending this case on its merits; and

3.      Solnicki has several meritorious defenses to the claims asserted against him: (i) Plaintiff failed to properly serve Solnicki with the Summons and Amended Complaint under applicable law; (ii) Plaintiff's trademark infringement claims are misdirected at Solnicki instead of as against Charlotte B, LLC ("Charlotte B"), because Charlotte B, not Solnicki is the corporate entity that manufactures, sells and distributes products bearing the name CHARLOTTE SOLNICKI; and (iii) Plaintiff's trademark infringement (and other) claims are meritless because there is simply no chance of confusion at all in the marketplace, much less a

likelihood of confusion, between CHARLOTTE SOLNICKI clothing and accessories and

GMA's products.

Plaintiff's opposition to the Motion to Vacate is entirely without merit.  Plaintiff first

argues that Solnicki's motion to vacate is untimely because it was filed more than 30 days after

the Default Judgment was entered on August 29, 2007.  That is wrong.  Rule 60 makes plain that

a motion (such as the Motion to Vacate) under subdivision (b)  "shall be made within a

reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order

or proceeding was entered or taken."   Solnicki filed his motion less than two months after the

Default Judgment was entered, well within the timeframe provided by Rule 60(b).

Second, Plaintiff argues that the Motion to Vacate should be denied because (i) Solnicki's

default was intentional, (ii) he has not established a meritorious defense and (iii) Plaintiff will

suffer "irreparable harm" if the injunction is vacated. Again, these arguments are without basis.

Solnicki's moving papers establish clearly that the default was not intentional.  Rather,

the record reflects that Solnicki did not even know of the Amended Complaint or of Plaintiff's

default judgment motion papers until after the Default Judgment was entered.  Moreover, the

moving papers establish without contradiction that Solnicki has meritorious defenses – that there

is, and can be, no liability for trademark infringement because there is no chance of confusion at

all in the marketplace, much less a likelihood of such confusion, between the relatively high

priced, high quality CHARLOTTE SOLNICKI clothing and related accessories and GMA's

products, which primarily consist of inexpensive accessories such as hair ornaments, socks,

slippers, and flip flops.  Such defenses, if established, will certainly entitle Charlotte B – or

Solnicki – to use the CHARLOTTE SOLNICKI mark.

As a result, as we further demonstrate below, the Motion to Vacate should be granted and the Default Judgment vacated forthwith.

## I.
## THE MOTION TO VACATE IS TIMELY

The Motion to Vacate was timely made.  Contrary to Plaintiff's argument, there is no requirement under Rule 60(b) that a motion to vacate be filed within the 30 day time frame within which a party is permitted to seek an appeal from an order or judgment.  The language of Rule 60 is clear that a motion under subdivision (b) "shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."   As a result, the Motion to Vacate is timely.

The Default Judgment was entered on August 29, 2007.  *See* Ex. 8 to Sweeney Decl. Solnicki did not become aware of the action until after the Default Judgment was entered.  *See* J. Solnicki Reply Decl. ¶ 10.  Solnicki made this motion to vacate the default judgment on October 24, 2007, less then two months after the entry of default.  This is clearly timely – that is, within a reasonable time.  *See Lewis v. Tuscan Dairy Farms, Inc.*, 1992 WL 226927, at * 1 (S.D.N.Y. Sept. 3, 1992) (motion to vacate default judgment made two months after judgment was a reasonable time to satisfy the requirements of Rule 60(b)); *Curtis v. U.S.*, 61 Fed.Cl. 511 (2004) (same).[1]

---

[1] *Schildhaus v. Moe*, 335 F.2d 529 (2d Cir. 1964), cited by Plaintiff in support of its argument that Solnicki was required to file his motion to vacate within 30 days, is completely different from this case and does not even stand for the proposition for which it is cited.  First, *Schildhaus* did not involve a situation – as here – where a default judgment was entered based on a party's failure to answer a complaint, and the defaulted party thereafter moved for its vacatur.  Rather, that case involved a taxpayer's application for an injunction against the collection of an assessment for income taxes by the federal government.  In *Schildhaus*, unlike here, both parties fully participated in the litigation and the issue of a default was not even present.  In *Schildhaus*, the federal government failed to file a timely appeal of an adverse decision, and attempted to circumvent the system by filing a motion under Rule 60 to vacate that decision more than eight months after entry of the judgment which it sought to vacate.  Clearly, this case has no application to the case at bar.

3

**II.**

**THE DEFAULT JUDGMENT ENTERED
AGAINST SOLNICKI SHOULD BE VACATED**

Contrary to Plaintiff's contentions, the record establishes (i) Solnicki's default was not intentional, (ii) Solnicki has meritorious defenses, and (iii) Plaintiff will not suffer "irreparable harm" if the injunction is vacated. As a result, the Motion to Vacate should be granted.

**A.      Solnicki Never Received the Complaint
or the Default Judgment Motion Papers**

As demonstrated in Solnicki's moving papers and in his accompanying Reply Declaration, service of process was improper and Solnicki did not ever receive the Amended Complaint, the default judgment motion papers or the Default Judgment itself, or receive notice of their filing until after the Default Judgment was entered. Solnicki has demonstrated that the Complaint was delivered to his sister at her residence and that he never received a copy of it at any time before the Default Judgment was entered.

Furthermore, Solnicki has stated under oath that he never received copies of the default judgment motion papers and the relevant affidavits of service plainly show that those documents were sent to his sister's residence long _after_ she had moved out of that apartment and to an address in Buenos Aires, Argentina that was not his corporate office. Indisputably, Solnicki did not know of the Complaint or the default judgment motion until after the Default Judgment was entered. Accordingly, the default was not willful.

In its opposition papers, Plaintiff does not even attempt to argue that the West 15th Street apartment was Solnicki's "dwelling house or usual place of abode." Rather, Plaintiff concocts the notion that Solnicki and his sisters conduct their business as a partnership, and thus notice of the Complaint to one of the partners is considered proper notice to the partnership itself. GMA Br., p. 3. This argument is baseless. Plaintiff did not name a _partnership_ or any _entity_ affiliated

4

with the CHARLOTTE SOLNICKI mark as a defendant in this case.  Plaintiff sued Jonathan Solnicki individually; it did not sue the other alleged partners.  Plaintiff did not mention a partnership in the Amended Complaint.  The partnership law and its provisions regarding service of process are thus totally irrelevant to this case.

In any event, the Solnickis do not conduct their business as a partnership.  Rather, as the October 24, 2007 declaration of Melina Solnicki establishes (at ¶ 2), the entity that manufactures, markets and sells clothing under the CHARLOTTE SOLNICKI brand is Charlotte B, LLC, which is a Delaware limited liability company.

As a result, Solnicki's failure to respond to the Amended Complaint or the default judgment papers or appear prior to the entry of default was not willful.[2]

### B.    Solnicki Has Meritorious Defenses to the Claims Asserted Against Him by Plaintiff

In his moving papers, Solnicki demonstrated that he has several meritorious defenses to the claims asserted against him:  (i) Plaintiff failed to properly serve Solnicki with the Summons and Amended Complaint under applicable law; (ii) Plaintiff's trademark infringement claims are misdirected at Solnicki instead of as against Charlotte B, because Charlotte B, not Solnicki is the corporate entity that manufactures, sells and distributes products bearing the name

---

[2]  Plaintiff cites *U.S. v. Goldstein*, 2005 WL 323740, at * 2 (S.D.N.Y. 2005) and *SEC v. McNulty*, 137 F.3d 732, 736 (2d Cir. 1998), in purported support of its argument that Solnicki's default was willful, but those cases are factually distinct from this case.  In *Goldstein*, the court found that the default was willful where the defendant was well-aware of the pending lawsuit, and actually sought permission from the court to file a late response to the Complaint.  In addition, the defendant engaged in settlement discussions with the plaintiff.  There was no question that the defendant knew about the pendency of the lawsuit, and accordingly, the court found that the defendant's default was willful.  That is obviously not the case here.

In *SEC v. McNulty*, the court observed that the defendant was aware of the pendency of the action, having acknowledged receipt of a copy of the complaint, and forwarded that complaint to his attorney.  The defendant's attorney failed to respond to the complaint, failed to appear at pretrial conferences, and failed "to move to set aside the default judgment despite billing his client for preparing a motion."  137 F. 3d. at 736.  This failure "amounted to grossly negligent behavior that [could not] reasonably be characterized as excusable neglect."  *Id*.  Here, Solnicki's clearly excusable conduct cannot be said to come close to rising to this level of neglect.

CHARLOTTE SOLNICKI; and (iii) Plaintiff's trademark infringement (and other) claims are

meritless because there is simply no chance of confusion at all in the marketplace, much less a

likelihood of confusion, between CHARLOTTE SOLNICKI clothing and accessories and

GMA's products.[3]

In its opposition papers, Plaintiff blatantly disregards the entirety of Solnicki's arguments

and instead contends that this Court's decision granting Plaintiff's unopposed motion for a

default judgment and permanent injunction somehow renders moot Solnicki's meritorious

argument that he has not committed trademark infringement. *See* GMA Br., p. 5. Indeed,

Plaintiff asserts that this Court "carefully reviewed the submissions" and "evidence showing its

right to trademark protection" and "issued a thorough opinion discussing GMA's right to an

injunction." That argument ignores the record upon which this Court wrote.

Plaintiff wholly ignores the obvious fact that this Court only granted the injunction

because, under the relevant law, without any opposition from Solnicki, the Court was required to

accept Plaintiff's assertions as true. The whole point of this motion is that, had Solnicki received

notice of the Complaint and of the default judgment papers, Solnicki would have interposed his

meritorious defenses to the claims asserted and the injunction (and default judgment) would not

have been granted. For Plaintiff to argue that the Court's grant of an injunction on an unopposed

record somehow carries weight in evaluating whether Solnicki has presented a meritorious

defense on this motion is ridiculous.

---

[3]  Plaintiff concludes, without support, that none of the conduct it complains of was engaged in by Charlotte B, LLC. Plaintiff is wrong. Charlotte B, LLC is the legal entity that manufactures, markets and sells the clothing bearing the mark CHARLOTTE SOLNICKI. Any action taken by Solnicki with respect to the CHARLOTTE SOLNICKI mark was done in his capacity as a member and/or employee of Charlotte B and not in his individual capacity.

Moreover, it bears emphasis that Solnicki is not at this juncture required to submit proof of a complete defense, only that the stated defenses, if proven to be true at trial, would constitute a complete defense to the claims asserted against him. *See SEC v. McNulty,* 137 F.3d at 740 (a defendant "need not establish his defense conclusively, but must present evidence of facts that, if proven at trial, would constitute a complete defense."); *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (defense does not have to be ultimately persuasive, but merely present the fact finder with some determination to make).

The lengthy analysis in Solnicki's moving brief shows clearly that, if his assertions are proven true at trial, there will be no finding of liability for trademark infringement because there is no likelihood of confusion at all in the marketplace between the relatively high priced, high quality CHARLOTTE SOLNICKI clothing and related accessories and GMA's products, which primarily consist of inexpensive accessories such as hair ornaments, socks, slippers, and flip flops. Such defenses, if proven to be true, will certainly entitle Charlotte B (or Solnicki) to use the CHARLOTTE SOLNICKI mark.

Plaintiff's reference to its co-existence agreement with Charlotte Russe misses the point. The point is that Charlotte Russe was senior in use to Plaintiff. For Plaintiff to co-exist and receive trademark protection means that the stand-alone mark CHARLOTTE is distinct from a mark using the word Charlotte and another word or name – like Charlotte Russe. This only serves to strengthen the argument that CHARLOTTE and CHARLOTTE SOLNICKI can co-exist in the marketplace without likely confusion.

**C.    Plaintiff Will Suffer No Unfair
        Prejudice If the Default is Vacated**

Plaintiff contends that it will suffer irreparable harm if the injunction is vacated, because it will suffer "diminished goodwill, loss of control over reputation or loss of quality control of its

product." GMA Brief., p. 6.[4]  Plaintiff has failed to submit even a shred of evidence in support

of this conclusion.  Plaintiff has not demonstrated how its goodwill – to the extent it has any –

has been or could be diminished if the Default is vacated, nor has it submitted any proof of its

business reputation, much less how it will lose control over that reputation or quality control over

its own products if the case proceeds on its merits.

In point of fact, Plaintiff was never entitled to an injunction to begin with and would not

have obtained one if Solnicki had been properly served and/or if Charlotte B had been properly

sued.  If Plaintiff truly needs injunctive relief – which it did not seek except on Solnicki's default

– let it move for an injunction after Charlotte B has intervened and after the Default Judgment

has been vacated.  That is all the "protection" that Plaintiff needs.

In the end, Plaintiff has not shown that it will suffer any unfair prejudice whatsoever if

Solnicki is permitted to defend this case on the merits, whereas, as set forth in the moving

papers, Solnicki will suffer significant and irreparable harm if the Default Judgment is not

vacated.

---

[4]  Plaintiff also contends that, by reason of the Court's grant of the injunction, it has already "established a likelihood of confusion as to the source or sponsorship" between its products and Charlotte B's CHARLOTTE SOLNICKI brand products.  Again, Plaintiff ignores the fact that the Court's determination was based on Plaintiff's unopposed submissions.  Solnicki's defenses were not presented to the Court in opposition to the motion.

## CONCLUSION

For all of the foregoing reasons and for the reasons previously set forth, Solnicki

respectfully requests entry of an Order (i) vacating the Default Judgment and permanent

injunction entered in this Court dated August 29, 2007, (ii) permitting Solnicki to file the

proposed Answer in the form annexed as Exhibit L to the moving Declaration of Mary L. Grieco,

and (iii) such other and further relief the court deems equitable and just.

Dated: New York, New York
       November 16, 2007

                                          DREIER LLP

                                          By:  /s/ Ira S. Sacks
                                                Ira S. Sacks
                                                  Robert J. Grand
                                              499 Park Avenue
                                              New York, New York  10022
                                              Tel.:  (212) 328-6100
                                              Fax:  (212) 328-6101

                                              *Attorneys for Defendant Jonathan Solnicki*