| | |
|---|---|
| **Ira S. Sacks** | |
| **From:** | Ira S. Sacks |
| **Sent:** | Friday, October 26, 2007 4:30 PM |
| **To:** | 'john@bozlaw.com' |
| **Subject:** | GMA |

**Proposed revisions of 2d and 3d counterclaims**

## SECOND COUNTERCLAIM
## (CANCELLATION OF THE GMA MARKS BASED ON FRAUD)

1. SAKS repeats and realleges the allegations set forth in paragraphs 115 through 132 above as if fully set forth herein.

2. In GMA's 8&15 Declarations, GMA declared that it was aware "that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document" and stated unequivocally that "all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true."

3. As set forth in detail above, GMA and/or its counsel filed 8&15 Declarations for its CHARLOTTE Marks. Prior to the marks passing to registration, GMA and/or its counsel filed Statements of Use for each of the CHARLOTTE Marks. In each of the Statements of Use and 8&15 Declarations, GMA swore that it was using the CHARLOTTE Mark in connection with **all** the goods listed in each of its applications.

4. GMA, as of the dates of the Statements of Use and/or the Section 8&15 Declarations for the various CHARLOTTE Marks, was not using the marks in connection with all the goods listed in the applications/registrations and knowingly filed fraudulent applications claiming use on all of the goods any way. Based on the information known to date, after reasonable investigation into the matter, without any discovery having taken

place, GMA only uses the mark in connection with inexpensive accessories, such as hair ornaments, socks, slippers, and flip flops; and the only items of "clothing" GMA sells are robes and sleepwear.

5. Moreover, based on the information known to date, after reasonable investigation into the matter, without any discovery having taken place, the dates of first use set forth in the applications for GMA's CHARLOTTE Marks are fraudulent and GMA has no evidence relating to the first use dates claimed in its applications.

6. The aforesaid acts of GMA constitute fraud on the USPTO. Accordingly, SAKS seeks an order from the Court directing cancellation of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

## THIRD COUNTERCLAIM
### (CANCELLATION OF THE GMA MARKS BASED ON FRAUD)

7. SAKS repeats and realleges the allegations set forth in paragraphs 115 through 138 above as if fully set forth herein.

8. As part of the applications which led to GMA's CHARLOTTE Registrations, GMA swore to the USPTO that no one else had the right to use a mark that was likely to cause confusion with its applied-for mark.

9. At that time, Charlotte Russe, Charlotte Tarantola and Charlotte Ford, among others, had prior use to GMA's use of CHARLOTTE.

10. Moreover, at the time GMA filed its CHARLOTTE applications, the following registrations existed on the federal register:

    a. CHARLOTTE RUSSE, Registration No. 1,485,692 in Class 42 for retail store services specializing in women's apparel and accessories.

    b. CHARLOTTE FORD, Registration No. 1,098,854, Class 25 for clothing.

c. CHARLOTTE HORNETS, Registration No. 1,650,195, Class 25 for clothing.

d. UNC CHARLOTTE, Registration No. 1,727,518, Class 25 for clothing, among others.

e. UNC CHARLOTTE, Registration No. 1,730,630, Class 25 for clothing, among others.

f. CHARLOTTE HORNETS, Registration No. 1,895,046, Class 25 for clothing and class 28 for toys and sporting goods, among others.

g. THE UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE 1946, Registration No. 1,790,313, Class 25 for clothing, among others.

h. CHARLOTTE STING, Registration Nos. 2,232,708, Class 25 for clothing.

i. CHARLOTTE STING, Registration Nos. 2,234,946, Class 25 for clothing.

j. CHARLOTTE CHECKERS, Registration No. 2,090,707, Class 25 for clothing and Class 28 for stuffed toy animals and sporting goods, among others.

k. CHARLOTTE, Registration No. 2,117,619, in Class 14 for jewelry.

11. Additionally, in 1999 when GMA filed its CHARLOTTE applications, the following CHARLOTTE RUSSE applications had been filed as actual use applications in the USPTO: Registration No. 2,416,273 in Class 25 for clothing; Registration No. 2,416,270 in Class 26 for hair ornaments; Registration No. 2,416,269 in Class 14 for costume jewelry; Registration No. 2,416,268 in Class 18 for handbags and other related goods; Registration Nos. 2,414,477 in Class 42 for retail store services specializing in

women's apparel and accessories; and Registration No. 2,451,427 in Class 3 for cosmetics.

12. GMA knew, or should have known, of the existence of these prior uses.

13. The aforesaid acts of GMA constitute fraud on the USPTO. Accordingly, SAKS seeks an order from the Court directing cancellation of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

My best,

Ira

Ira S. Sacks
**DREIER** LLP
499 Park Avenue
16th floor
New York, NY 10022
212 652 3730 (direct)
212 328 6100 (general)
212 328 6101 (fax)
isacks@dreierllp.com
www.dreierllp.com

PRIVILEGED AND CONFIDENTIAL