UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMA ACCESSORIES, INC. | No. 07 CIV 3219 (LTS) |
| Plaintiff, | AMENDED ANSWER OF DEFENDANT EMINENT, INC. TO THE SECOND AMENDED COMPLAINT |
| v. | |
| EMINENT, INC, et al. | DEMAND FOR JURY TRIAL |
| Defendants. | |

Defendant Eminent, Inc. ("Eminent"), through its counsel, Garvey Schubert Barer, as and for its Answer to the Second Amended Complaint filed by GMA Accessories, Inc. ("GMA"), states as follows:

1.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Second Amended Complaint.

2.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Second Amended Complaint.

3.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Second Amended Complaint.

4.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Second Amended Complaint.

5.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Second Amended Complaint.

1

6.      Defendant Eminent admits the allegation contained in paragraph 6 of the Second Amended Complaint.

7.      Defendant Eminent denies the allegations of paragraph 7, except that it admits that is principal place of business is located at 16000 Canary Ave., La Mirada, CA 90638. Eminent further avers that it is incorporated under the laws of the State of Delaware.

8.      Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Second Amended Complaint.

9.      Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Second Amended Complaint.

10.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Second Amended Complaint.

11.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Second Amended Complaint.

12.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Second Amended Complaint.

13.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Second Amended Complaint.

14.     Defendant Eminent denies the allegations of paragraph 14 insofar as they concern Eminent, except that it admits that clothing identified as "Charlotte Solnicki" was formerly for sale on Eminent's website. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 with regard to all defendants other than Eminent.

15.    Defendant Eminent denies the allegations of paragraph 15 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website. Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 with regard to all defendants other than Eminent. Further, Defendant Eminent notes that "the CHARLOTTE mark" is an unidentified entity or undefined term in the Second Amended Complaint.

16.    Defendant Eminent denies the allegations of paragraph 16, except that it admits that Eminent operates a website with the IP address www.revolveclothing.com.

17.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Second Amended Complaint.

18.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Second Amended Complaint.

19.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Second Amended Complaint.

20.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Second Amended Complaint.

21.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Second Amended Complaint.

22.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Second Amended Complaint.

23.    The allegations contained in paragraph 23 of the Second Amended Complaint constitute conclusions of law, to which no response is required.

24.    The allegations contained in paragraph 24 of the Second Amended Complaint constitute conclusions of law, to which no response is required.

25.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Second Amended Complaint.

26.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Second Amended Complaint.

27.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the Second Amended Complaint.

28.    The allegations contained in paragraph 28 of the Second Amended Complaint constitute conclusions of law, to which no response is required.

29.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29 of the Second Amended Complaint.

30.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Second Amended Complaint.

31.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Second Amended Complaint.

32.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Second Amended Complaint.

33.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Second Amended Complaint.

34.    The allegations contained in paragraph 34 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 34 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 of the Second Amended Complaint.

36.    The allegations contained in paragraph 36 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 36 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.    Defendant Eminent denies the allegations of paragraph 37 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.    Defendant Eminent denies the allegations of paragraph 38 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website."  Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38 with regard to all defendants other than Eminent.

39.    Defendant Eminent denies the allegations of paragraph 39 insofar as they concern Eminent, except that it admits that clothing identified as "Charlotte Solnicki" was formerly offered for sale on Eminent's website.  Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39 with regard to all defendants other than Eminent.

40.     Defendant Eminent denies the allegations of paragraph 40 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.     Defendant Eminent denies the allegations of paragraph 41 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.     Defendant repeats its response as to paragraph 8.  Eminent denies the allegations of paragraph 42 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.     Defendant repeats its response as to paragraph 38.  Defendant Eminent denies the allegations of paragraph 43 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website.  Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.     The allegations contained in paragraph 44 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 44 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.     The allegations contained in paragraph 45 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations,

Eminent denies the allegations of paragraph 45 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.     Defendant repeats its response as to paragraph 38. Defendant Eminent denies the allegations of paragraph 46 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website. Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.     Defendant repeats its response as to paragraph 38. Defendant Eminent denies the allegations of paragraph 47 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website. Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48 of the Second Amended Complaint.

49.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49 of the Second Amended Complaint.

50.     Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Second Amended Complaint.

51.     Defendant Eminent states that no response to this allegation is necessary as the Second Amended Complaint was served and filed pursuant to stipulation between

the parties, and the stipulation did not authorize new allegations or claims against Eminent.

52.     The allegations contained in paragraph 52 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 52 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.     The allegations contained in paragraph 53 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 53 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.     The allegations contained in paragraph 54 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 54 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.     Defendant Eminent repeats its responses to paragraphs 1 through 54 of the Second Amended Complaint.

56.     The allegations contained in paragraph 56 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 56 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.    Defendant Eminent denies the allegations of paragraph 57 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.    Defendant Eminent denies the allegations of paragraph 58 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.    Defendant Eminent denies the allegations of paragraph 59 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.    Defendant Eminent denies the allegations of paragraph 60 insofar as they concern Eminent, except admits that, for a period in the past, it offered for sale goods with the identifier "Charlotte," either standing alone or in conjunction with other names, through its website.  Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61.    The allegations contained in paragraph 61 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 61 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.    Defendant Eminent denies the allegations of paragraph 62 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62.

63.    Defendant Eminent admits that it has never sought any authorization or consent from GMA, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64.    Defendant Eminent denies the allegations of paragraph 64 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65.    The allegations contained in paragraph 65 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 65 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65.

66.    The allegations contained in paragraph 66 constitute conclusions of law, to which no response is required; otherwise Defendant Eminent repeats its responses to paragraphs 1 through 65 of the Second Amended Complaint.

67.    The allegations contained in paragraph 67 constitute conclusions of law, to which no response is required.

68.    The allegations contained in paragraph 68 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 68 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.    The allegations contained in paragraph 69 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 69 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70.    The allegations contained in paragraph 70 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 70 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70.

71.    Defendant Eminent lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 71 of the Second Amended Complaint.

72.    The allegations contained in paragraph 72 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 72 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73.    The allegations contained in paragraph 73 constitute conclusions of law, to which no response is required, otherwise Defendant Eminent repeats its responses to paragraphs 1 through 72 of the Second Amended Complaint.

74.     The allegations contained in paragraph 74 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 74 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.     The allegations contained in paragraph 75 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 75 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75.

76.     The allegations contained in paragraph 76 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 76 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77.     The allegations contained in paragraph 77 constitute conclusions of law, to which no response is required. To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 77 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     Defendant Eminent denies the allegations of paragraph 78 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78.

79.     Defendant Eminent denies the allegations of paragraph 79 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79.

80.     Defendant Eminent denies the allegations of paragraph 80 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     The allegations contained in paragraph 81 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 81 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82.     The allegations contained in paragraph 82 constitute conclusions of law, to which no response is required.

83.     The allegations contained in paragraph 83 constitute conclusions of law, to which no response is required.

84.     The allegations contained in paragraph 84 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 84 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84.

85.     Defendant Eminent denies the allegations of paragraph 85 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85.

86.    The allegations contained in paragraph 86 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 86 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86.

87.    The allegations contained in paragraph 87 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 87 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87.

88.    Defendant Eminent repeats its responses to paragraphs 1 through 87 of the Second Amended Complaint.

89.    The allegations contained in paragraph 89 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 89 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.

90.    The allegations of paragraph 90 do not concern Eminent, thus no response is required.

91.    The allegations contained in paragraph 91 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 91 insofar as they concern Eminent, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of
the allegations of paragraph 91.

92.     The allegations of paragraph 92 do not concern Eminent, thus no response
is required.

93.     The allegations of paragraph 93 do not concern Eminent, thus no response
is required.

94.     The allegations contained in paragraph 94 constitute conclusions of law, to
which no response is required.  The allegations of paragraph 94 do not concern Eminent,
thus no response is required.

95.     Defendant Eminent lacks knowledge or information sufficient to form a
belief as to the allegations contained in paragraph 95 of the Second Amended Complaint.

96.     The allegations contained in paragraph 96 constitute conclusions of law, to
which no response is required.  To the extent this paragraph makes factual allegations,
Eminent denies the allegations of paragraph 96 insofar as they concern Eminent, and
otherwise denies knowledge or information sufficient to form a belief as to the truth of
the allegations of paragraph 96.

97.     Defendant Eminent repeats its responses to paragraphs 1 through 96 of the
Second Amended Complaint.

98.     The allegations contained in paragraph 98 constitute conclusions of law, to
which no response is required.

99.     Defendant Eminent denies the allegations of paragraph 99 insofar as they
concern Eminent, except admits that, for a period in the past, it offered for sale goods
with the identifier "Charlotte," either standing alone or in conjunction with other names,

through its website.  Eminent, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99.

100.    The allegations contained in paragraph 100 constitute conclusions of law, to which no response is required.  To the extent this paragraph makes factual allegations, Eminent denies the allegations of paragraph 100 insofar as they concern Eminent, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

### FIRST AFFIRMATIVE DEFENSE

101.    The Second Amended Complaint fails to state a claim upon which relief can be granted against Eminent.

### SECOND AFFIRMATIVE DEFENSE

102.    If Eminent infringed or violated any rights of plaintiffs (which it expressly denies), it did so innocently and/or without the necessary scienter or state of mind.

### THIRD AFFIRMATIVE DEFENSE

103.    Plaintiff's prayer for damages is barred on the ground that the remedy for innocent infringement, if proven, is limited to an injunction against the future printing or publishing of the specific infringing material.

### FOURTH AFFIRMATIVE DEFENSE

104.    Plaintiff's state law claims are barred by 47 U.S.C. § 230(c) and 17 U.S.C. § 512.

### FIFTH AFFIRMATIVE DEFENSE

105.   Plaintiff's prayer for treble damages or profits is barred on the ground that plaintiff has failed to allege or prove facts sufficient to show that Eminent has intentionally used plaintiff's marks knowing that such marks are counterfeit marks.

### SIXTH AFFIRMATIVE DEFENSE

106.   The claims asserted in the Second Amended Complaint are barred in whole or in part by the doctrines of laches, estoppel, failure to use the mark as specified in the registration, failure to use the mark as a trade name, acquiescence and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

107.   The claims asserted in the Second Amended Complaint and the prosecution of this action are in bad faith and, pursuant to 15 U.S.C. § 1117, Eminent seeks an award of all legal fees incurred in defending the action.

### EIGHTH AFFIRMATIVE DEFENSE

108.   Eminent has not infringed and is not infringing, directly or indirectly, the Charlotte mark.

### NINTH AFFIRMATIVE DEFENSE

109.   Eminent is informed and believes and thereon alleges that plaintiff's Charlotte mark is invalid.

### TENTH AFFIRMATIVE DEFENSE

110.   Eminent is informed and believes and thereon alleges that Plaintiff has misused the alleged trademark and is therefore not entitled to any recovery on the Second Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

111.    Eminent is informed and believes and thereon alleges that any recovery on the Second Amended Complaint by plaintiff is barred by the Doctrine of Unclean Hands.

### TWELFTH AFFIRMATIVE DEFENSE

112.    Eminent is informed and believes and thereon alleges that any recovery on the Second Amended Complaint is barred by the Doctrine of Abandonment.

### THIRTEENTH AFFIRMATIVE DEFENSE

113.    Eminent is informed and believes, and thereon alleges that Eminent's and Plaintiff's goods are sold through dissimilar channels of trade and no likelihood of confusion exists.

### FOURTEENTH AFFIRMATIVE DEFENSE

114.    Eminent is informed and believes, and thereon alleges that Plaintiff's "CHARLOTTE" mark is a weak mark which is widely used and hence is a weak signifier of origin. Plaintiff's mark is also weak because there are other marks which use the word "Charlotte". Thus Plaintiff's mark is not distinct and, therefore, no likelihood of confusion exists.

### FIFTEENTH AFFIRMATIVE DEFENSE

115.    To the extent the Second Amended Complaint includes new allegations against Eminent, these allegations must be denied as the parties have not stipulated to the amendment of the pleadings with new allegations against Eminent.

**WHEREFORE**, Defendant Eminent prays that the Court

i.    Dismiss the Second Amended Complaint in its entirety as against Eminent, with prejudice;

ii.    Award attorneys' fees, costs and disbursements associated with Eminent's

defense of the Second Amended Complaint, and;

iii.    Grant such additional relief as the Court deems just and equitable.

Dated: New York, New York
      November 30, 2007

                            GARVEY SCHUBERT BARER

                            By   /s/ Roberto Carrillo
                               Roberto Carrillo (RC-0721)
                               Marvin Bartel
                            100 Wall Street, 20th Floor
                            New York, New York 10005
                            (212) 431-8700

                            Attorneys for Defendant
                            Eminent, Inc.

## JURY DEMAND

Eminent hereby demands a trial by jury of all issues in this action as provided in Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: New York, New York
      November 30, 2007

                            GARVEY SCHUBERT BARER

                            By   /s/ Roberto Carrillo
                               Roberto Carrillo (RC-0721)
                               Marvin Bartel
                            100 Wall Street, 20th Floor
                            New York, New York 10005
                            (212) 431-8700

                            Attorneys for Defendant
                            Eminent, Inc.

David Gerard, under penalty of perjury, declares and says:

1.    I am over eighteen years of age and I am not a party to this action.

2.    On November 30, 2007, I served AMENDED ANSWER OF

DEFENDANT EMINENT, INC. TO THE SECOND AMENDED COMPLAINT

WITH DEMAND FOR JURY TRIAL by sending a copy by overnight mail to:

**Andrew Thomas Sweeney**
The Bostany Law Firm
40 Wall Street
New York, NY 10005

and by sending a copy by first class mail, postage prepaid, to:

| | |
|---|---|
| **Jeffrey Ross Wang** | **Ira Sacks** |
| Friedman Kaplan Seiler & Adelman LLP | Dreier LLP |
| 1633 Broadway | 499 Park Avenue |
| New York, NY 10019 | New York, NY 10022 |

I declare under penalty of perjury that the foregoing is correct and true.

Dated:      New York, New York
            November 30, 2007

_____
David Gerard