UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GMA ACCESSORIES, INC.,

                              Plaintiff,                      07 Civ. 3219 (LTS) (DF)

        -against-                              **MEMORANDUM**
                                                                          **AND ORDER**
EMINENT, INC., et al.,

                              Defendants.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      On November 28, 2007, this Court held a telephone conference with counsel in this case for the purpose of hearing the parties' discovery disputes regarding the subpoenas purportedly served by Plaintiff on non-parties Jonathan Solnicki and Charlotte B, LLC ("Charlotte B"). At that conference, the Court found that the subpoena directed towards Jonathan Solnicki was not properly served and therefore could not be enforced, but the Court reserved decision with respect to the enforceability of the subpoena purportedly served on Charlotte B. Subsequent to the conference, the parties made additional submissions on this question, which the Court has now considered, along with the parties' initial submissions and oral argument. For the reasons set forth below, Plaintiff's application to compel compliance with the subpoena on Charlotte B is denied.

      Charlotte B, through its counsel, first argues that the subpoena in question is unenforceable because it was delivered to Charlotte B's registered agent for service of process, a method of service which, according to Charlotte B, is not permitted under Rule 45(b)(1) of the Federal Rules of Civil Procedure. Rule 45(b)(1) specifically provides that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such

person . . .," which has generally been interpreted to require "personal service" and to prohibit "substituted service." *See, e.g.*, *Briarpatch Ltd., L.P., v. Geisler Roberdeau, Inc.*, No. 99 Civ. 9623 (RWS), 2006 U.S. Dist. LEXIS 28960, at *2-3 (S.D.N.Y. May 10, 2006) (citing, *inter alia*, 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (2d ed. 1994)). Nonetheless,

> [w]hen a subpoena is to be served on a corporation, association, governmental body, or other artificial entity, the concept of 'personal' service is somewhat obscured, because the entity is not a 'person' on whom service can be directly made. Accordingly, service of a subpoena on an artificial entity may be made by using the analogous method for service of process on that entity under Rule 4.

9 James Wm. Moore, *Moore's Federal Practice* § 45.21[1] (3d ed. 2007). Indeed, this Court has previously upheld a subpoena that was served on a corporation by delivery to the Secretary of State as an agent of the corporation, *see Ultradent Products., Inc. v. Hayman,* No. M8-85 (RPP), 2002 U.S. Dist. LEXIS 18000, at *6-10 (S.D.N.Y. Sept. 24, 2002), which was akin to the means of service utilized in this case. Based on this authority, it was not improper for Plaintiff to serve the subpoena on Charlotte B's registered agent.

Charlotte B also argues, however, that service of the subpoena was ineffective because Charlotte B is located in Dover, Delaware, more than 100 miles from the New York City deposition location specified in the subpoena. (*See* Subpoena to Charlotte B, LLC, dated Oct. 24, 2007 (Dkt. 108) (stating that Charlotte B was to appear for deposition at the offices of Plaintiff's counsel, 40 Wall Street, New York, New York)). Rule 45(b)(2) provides that "a subpoena may be served . . . at any place without the district that is within 100 miles of the place of the deposition . . . specified in the subpoena . . . ." On this point, Plaintiff's counsel

2

represented, during the parties' conference before the Court, that Dover, Delaware – the apparent location of both Charlotte B and its registered agent, to which Plaintiff delivered the subpoena – is less than 100 miles from New York City. Charlotte B's counsel, however, has now submitted information to the Court from two websites that offer tools to calculate the distance between two cities; each of these calculators estimates the distance between New York City and Dover as approximately 134 miles. (*See* documents attached to letter to the Court from Charlotte B's counsel, Ira S. Sacks, dated Nov. 28, 2007.) Although neither proffered calculation provides the precise distance between the two street addresses at issue, Plaintiff has submitted no evidence whatsoever to support its alternative calculation. Accordingly, based on the best information currently available to the Court, it appears that service of the subpoena on Charlotte B was outside the 100-mile range permitted by Rule 45(b)(2), and that service was improper for that reason.

Finally, Charlotte B argues that it was not provided the necessary witness fee, which, in its view, also rendered the subpoena defective. While it is clear that a witness fee is supposed to be tendered to a subpoenaed witness at the time of service of the subpoena, *see* Fed. R. Civ. P. 45(b)(1), the Court need not reach the question of whether Plaintiff's failure in this regard rendered the subpoena unenforceable, given the above analysis regarding Plaintiff's apparent failure to comply with Rule 45(b)(2).

Plaintiff's application to compel Charlotte B to appear for deposition pursuant to subpoena is denied without prejudice to Plaintiff's right to obtain that deposition through proper means. Despite the additional argument by Charlotte B's counsel that such discovery should be stayed pending the outcome of certain motions currently pending before Judge Swain, including

Charlotte B's motion to intervene in this action, the Court perceives no basis for a stay at this time. Counsel, however, are directed to confer in good faith regarding the order of depositions and other discovery in this action, so as to maximize the efficiency of the discovery process and avoid unnecessary expense.

Dated: New York, New York
December 11, 2007

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

John P. Bostany, Esq.
The Bostany Law Firm
40 Wall Street
New York, NY 10005

Roberto C. Carrillo, Esq.
Garvey Schubert Barer
100 Wall Street
20th Floor
New York, NY 10005

Ira S. Sacks, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022