UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

                                                    Civil Action No.: 07CV3219 (LTS)

   - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                Defendants.
-----------------------------------------------------------X

### REPLY MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in reply to the memorandum of law in opposition to plaintiff's motion to dismiss the counterclaims of the Retailer Defendants.

### ARGUMENT

**Point I: Trademark Misuse does not exist as a claim.**

Defendants make much of the fact that one of the litany of cases that have rejected "trademark misuse" as a claim did not involve a registered mark. Obviously, this argument cannot breathe life into a claim that does not exist and that was rejected by every court that had occasion to entertain its existence.

1

Similarly, the *Juno* case cited by the defense does not resuscitate this defunct claim as even the *Juno* court observed the absence of "a single case in which an American court has used trademark misuse affirmatively." *Juno Online Services, L.P. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 690 (N.D.Ill. 1997). The Court hypothesized that "perhaps a court may chose to recognize a new cause of action." Id.

Defendants misrepresent that in *Critical-Vac* the Second Circuit has "recognized the viability of claims for patent misuse". This is false. In *Critical-Vac*, the Second Circuit stated that an "anti trust claim" may be supported by a claim for patent misuse. Here, the Retailer Defendants clarify on page 6 of their brief that they "are not asserting an anti-trust violation".

### Point II: Trademark Misuse is a Phantom Defense.

Trademark misuse cannot survive as an affirmative defense because as in *Juno*, defendants here do not allege that GMA's "purpose in asserting its rights . . . was to derive a competitive advantage [over the Retailer Defendants] which on its face would be an absurd allegation considering" that GMA is a wholesaler and the counterclaimants are all retailers. *Id*. Defendants' indeed allege that they are not competitors.[1]

The *Deere* case cited by defense for the wrong holding, in fact questions whether "the defense of trademark misuse even exists" and goes on to hold that even if it did exist it would not be permitted where the pleadings "indicate plaintiff's intent to vigorously enforce its trademark rights against those it believes are infringing those rights". *Deere v. MTD Holdings*, 2004 WL 1794507 (S.D.N.Y. 2004) (quoting *Clorox v. Sterling Winthrop*, 117 F.3d

---

[1] The defense makes the convoluted argument that even though the pleading alleges that the plaintiff is not a competitor, that this fatal defect should be overlooked because they anticipate in the future that "GMA will assert that its products are competitive with the Retailer Defendants". Defense counsel provides no support for this unsound argument.

2

50, 61 (2d Cir. 1997).  "Absent proof of a sham, the bringing of litigation cannot, as a matter of law, form the bases of an antitrust claim or misuse defense".  *Deere v. MTD Holdings*, *supra* (quoting *Estee Lauder v. Origins*, 189 F.R.D. 269 (S.D.N.Y. 1999).

Even assuming *arguendo* that the conclusions of law contained in the August 29 Order are not binding on the Retailer Defendants (and they have not explained why they would not be), it is certainly not plausible for the Retailer Defendants to allege that the suit is "objectively baseless," where as here, this honorable court has already found, based on prior submissions, that the CHARLOTTE mark is "arbitrary," "extensively advertised" and "strong."  See *GMA v. BOP*, 507 F.Supp.2d 361 (S.D.N.Y 2007).

Following these carefully set forth conclusions of law, this court appropriately found that GMA was entitled to a permanent injunction against the three defaulting defendants, Girlshop, Inc., Showroom Seven and Jonathan Solnicki.  GMA also obtained a consent judgment as to BELMONDO and a Rule 68 judgment as to BOP, both of which were represented by learned counsel.  See e.g., *24 Hour Fitness USA, Inc. v. Annis D.N.H.*, 2004 WL 2656877 at *3 (D.N.H. 2004) (successfully secured "consent judgments" and "permanent injunctions" refute a claim that a mark holder is engaged in baseless litigation).  For defendant to allege that GMA knows its claims are non-meritorious is anathema to the undisputed factual landscape i.e. its claims appear to have significant merit and this Court so found after reviewing evidence of GMA's registrations and advertising.

The prior opinion by Judge Lynch does not revive the defendants' illogical claims, insofar as that opinion denied GMA's summary judgment motion which was filed and decided before GMA's advertising evidence was submitted in a case involving home décor items which GMA argued were sufficiently related to its clothing registration.  Significantly

Judge Lynch also denied the defendants' motion for summary judgment in that case so that these defendants cannot claim that GMA's claims were objectively unreasonable, even with respect to goods in another class. The claim for fees that defendants' made in that case was allowed to proceed as a 15 U.S.C. 1117 claim for fees which each party has a right to claim and that holding in no way lends credence to a claim of sham litigation and in fact is further evidence that GMA's claims cannot as a matter of law be called objectively baseless. *Deere v. MTD Holdings*, (survival of a summary judgment motion is evidence of objective reasonableness). See also *Clorox v. Sterling Winthrop*, 117 F.3d 50, 61 (2d Cir. 1997)("Efforts to protect trademarks, even aggressive ones, serve the competitive purpose of furthering trademark policies").

**Point III:  Re-Pleading the Claims would be Futile**

"Where pleading is permitted on information and belief, a complaint must adduce specific facts supporting a strong inference of fraud" or it should be dismissed. *Wexner v. First Manhattan Co.,* 902 F.2d 169, 172 (2d Cir. 1990). *See Thomson Information Services v. Lyons Commercial Data*, 1998 WL 193236 (S.D.N.Y. 1998) (permission to replead a fraud claim upon the copyright office denied where it would be futile).

Defendants in their proposed amended pleading confess that they have absolutely no factual basis to make the serious and damaging allegation that GMA fraudulently claimed that it was using CHARLOTTE to identify the goods in its Class 25 trademark registration ("clothing, footwear and headgear, namely hats, scarves, gloves and socks") when it filed its statement of use on February 14, 2007.

4

The pertinent portions of the defendants' proposed paragraph 136 are as follows: "it appears from GMA's website that it only uses the mark in connection with inexpensive accessories, such as hair ornaments, socks, slippers, and flip flops.[2] Additionally, it appears that the only items of 'clothing' GMA purports to sell are robes and sleepwear".

Defendants cite nothing more to support their allegation that GMA's statement of use was fraudulently filed and leave the Court to infer (a) that GMA needed to use the CHARLOTTE mark on more types of clothing to support its statement of use and (b) that GMA did not use the mark on other types of clothing. It is respectfully submitted that this pleading falls dramatically short of what is needed in order to make out a fraud claim. *See O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2nd Cir. 1991) ("an ample factual basis must be supplied to support the charges" when pleading upon information and belief, otherwise the claim must fail).

Defendants go on to allege that other registrations had priority over GMA at the time that GMA applied. But defendants do not allege as they must that (a) these entities actually did have priority over GMA and (b) that GMA believed that they had superior rights.[3]

It is respectfully submitted that defendants here are asking the Court to infer that GMA knew its statements to be false which inference is to be based upon facts that are themselves speculative, and this brand of pleading cannot as a matter of law survive Rule 9(b). *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990) ("Clearly, an inference that the defendants knew their statements to be false cannot be based on allegations which are themselves speculative").

---

[2] Defendants do not even bother to identify or attach the website (www.capellinewyork.com) to their proposed amended pleading because the website has many more products.

[3] Defendants do not attach the USPTO trademark file to their pleading, because it would show that the USPTO conducted a search and found no other conflicting marks at the time of GMA's application.

**Point IV:  The proposed amended complaint still fails to allege an injury as required**

Defendants seek to lead this Court down a garden path on page 14 of their brief by pretending that they are seeking cancellation under 15 U.S.C. 1064 which is available by filing a petition in the TTAB against marks that have been registered for less than 5 years.

Here, defendants are plainly seeking cancellation based upon allegations of fraud and as such it is irresponsible of them to argue that they are not bound by settled precedent requiring them to allege that they were damaged by the alleged fraud.  "To prove damage in a fraud action, a plaintiff must demonstrate that the defendant's conduct caused her economic harm".  *Kaye v. Grossman*, 202 F.3d 611, 614 (2nd Cir. 2000).  *See also*, *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F.Supp.2d 234, 243 (S.D.N.Y. 2000) (dismissing fraud claim in part for failure to allege economic harm in a similar counterclaim alleging fraud on the trademark office).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the counterclaims be dismissed along with the affirmative defense of trademark misuse.

Dated: New York, New York
       December 14, 2007

Respectfully submitted,

By: _____

JOHN P. BOSTANY (JB-1986)
THE BOSTANY LAW FIRM
Attorneys for Plaintiff
40 Wall Street
New York, New York
(212) 530-4400

6