UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

GMA ACCESSORIES, Inc.,

       Plaintiff,

  -v-                                                No. 07 Civ. 3219 (LTS)(DCF)

BOP LLC, et al.,

       Defendants.

--------------------------------------------------------x

### MEMORANDUM ORDER[1]

Plaintiff GMA Accessories, Inc. ("GMA") brought this trademark infringement action against Defendant Bop, LLC ("Bop") and other defendants not involved in the current motion. On September 7, 2007, Defendant Bop made Plaintiff a Rule 68 offer of judgment ("Offer of Judgment") in the amount of $15,000, inclusive of costs and exclusive of attorneys' fees, and a permanent injunction. Plaintiff sent its acceptance on September 17, 2007, and provided an amended acceptance on September 18, 2007. Defendant Bop now moves to withdraw, vacate or modify its offer of judgment and the Order and Judgment signed by the Court on October 18, 2007 ("October 18, 2007, Order and Judgment"), pursuant to Federal Rule of Civil Procedure 60. The Court has considered the parties' submissions thoroughly and, for the reasons explained below, denies Defendant Bop's motion in its entirety.

---

[1] *The ECF system provides notice of the entry of this Order to each party that has both entered an appearance in this case and registered with ECF. The ECF-registered attorneys are responsible for providing notice to any co-counsel whose e-mail addresses are not reflected on the ECF docket for this case, and Plaintiff's counsel, upon receiving notice of this Order, is hereby ordered to fax or otherwise deliver promptly a copy to all parties who are not represented by ECF-registered counsel. A certificate of such further service shall be filed within 5 days from the date hereof. Counsel who have not registered for ECF are ordered to register immediately as filing users in accordance with the Procedures for Electronic Case Filing.*

B<small>ACKGROUND</small>

Plaintiff GMA sued Bop, along with other retailers and the companies allegedly responsible for manufacturing and distributing CHARLOTTE SOLNICKI products, asserting that the defendants had infringed plaintiff's trademark CHARLOTTE. (See October 19, 2007, Wang. Aff., Ex. C, Amended Complaint ("Compl.").) Plaintiff moved for default judgments against three Defendants: Girlshop, Inc., Showroom Seven Studios, Inc. and Jonathan Solnicki (collectively "Defaulting Defendants"). Plaintiff's proposed default judgments included language barring those defendants from using "the word mark CHARLOTTE or any marks similar thereto or substantially indistinguishable therefrom, including CHARLOTTE SOLNICKI, in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of any unauthorized goods." (See October 19, 2007, Wang. Aff., Ex. E, Default Judgment as to Girlshop, Inc. and Showroom Seven Studios, Inc., Default Judgment as to Jonathan Solnicki.) Plaintiff proffered documentation of service on the Defaulting Defendants and, after receiving no response from the Defaulting Defendants, the Court granted Plaintiff's unopposed motion. See GMA Accessories, Inc. v. BOP LLC, 507 F. Supp. 2d 361 (S.D.N.Y. 2007). In the August 29, 2007, Order granting the motion, the Court used language almost identical to that which Plaintiff had proposed in connection with its motion -- the August 29, 2007, Order enjoined defendants from using "the word mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI, in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of unauthorized clothing and related merchandise." Id. at 365.

On September 7, 2007, Defendant Bop made an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68. (See October 19, 2007, Wang. Aff., Ex. H, Offer

of Judgment Pursuant to Federal Rule of Civil Procedure 68 ("Offer of Judgment").) The Offer of Judgment was for $15,000, inclusive of costs accrued to the date of the offer and exclusive of attorneys' fees, and an injunction permanently enjoining Bop from using the "mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI, in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of unauthorized clothing or related merchandise." (See Offer of Judgment.) Following discussions between parties' counsel, (see October 26, 2007, Bostany Decl. at ¶¶ 1,3; October 19, 2007, Wang Aff. at ¶¶4-5), Plaintiff sent its acceptance of Defendant's offer on September 17, 2007, and provided an amended acceptance dated September 18, 2007, (October 19, 2007, Wang Aff., Ex. I, Acceptance of Offer of Judgment; October 19, 2007, Wang Aff., Ex. J, Amended Acceptance of Offer of Judgment).[2] Shortly after Plaintiff's acceptance, a dispute arose as to whether the language of the injunction in Bop's offer of judgment included all marks with the word "Charlotte" in them, such as the mark used on CHARLOTTE RONSON clothing. (October 19, 2007, Wang Aff. ¶¶ 13-14.) Defendant Bop wrote a letter to the court on September 19, 2007, requesting that the Offer of Judgment be withdrawn or vacated. (October 19, 2007, Wang. Aff., Ex. K, Bop's Memo-endorsed September 19, 2007, letter.) The

---

[2]   Plaintiff's original acceptance indicated that the offer was for $15,000 plus costs and an injunction. (See October 19, 2007, Wang Aff., Ex. I, Acceptance of Offer of Judgment.) The amended acceptance indicated that the $15,000 portion of the judgment was inclusive of costs. (October 19, 2007, Wang Aff., Ex. J, Amended Acceptance of Offer of Judgment.)

Court referred the parties to Magistrate Judge Debra Freeman. (Id.) The parties were unable to resolve their differences regarding the judgment, and Defendant Bop filed this motion to withdraw, vacate or modify its offer of judgment and the October 18, 2007, Order and Judgment.

### DISCUSSION

Defendant moves the Court, pursuant to Rule 60, to withdraw, vacate or modify Bop's offer of judgment. Defendant makes brief reference to Rule 60(b) in its moving papers, but fails to specify which Rule 60(b) subsection it contends applies to this application. Under Rule 60(b), a court may grant relief from judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Bop argues that the language of the Offer of Judgment is ambiguous and that Plaintiff's counsel ascribed a different meaning to the language of the Offer than did Bop's counsel. The Court will analyze Defendant's motion under Rule 60(b)(1) and 60(b)(6) as the only subsections that Defendant's motion, read generously, can be construed to implicate.

The Second Circuit has repeatedly recognized that relief under Rule 60(b) is extraordinary; it is generally not favored and is appropriate only where exceptional circumstances exist. See e.g., Central Vermont Public Service Corp. v. Herbert, 341 F.3d 186 (2d Cir. 2003); Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986). The party moving for relief from judgment, in

this case Bop, has the burden of proof. U.S. v. International Broth. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). Where the moving party seeks relief from a judgment resulting from an offer of judgment, the standard is even harder to meet. "When the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits . . . the burden to obtain Rule 60(b) relief is heavier than if one party proceeded to trial, lost, and failed to appeal." Nemaizer, 793 F.2d at 63 (citations omitted). Bop has failed to sustain its burden of proof on its Rule 60(b) motion.

### Rule 60(b)(1)

Insofar as Defendant's moving papers can be read to argue that the breadth of language of the Rule 68 Offer of Judgment was unintended, the Court construes Defendant's position as an assertion of mistake, inadvertence or excusable neglect on the part of Defendant's counsel. Nemaizer, 793 F.2d at 62 ("Relief from counsel's error is normally sought pursuant to 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect."). The Second Circuit has instructed courts evaluating Rule 60(b)(1) motions, however, that counsel's "failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from judgment." (Id.); see also U.S. v. Bank of New York, 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."). Neither is a party's dissatisfaction with counsel's deliberate choices sufficient grounds for relief from judgment. (Id.) "Instead the party must make some showing of *why* he was justified in failing to avoid mistake or inadvertence." Interactive Edge, Inc. v. Martise, No. 97 Civ. 3354, 1998 WL 35131, at *3 (S.D.N.Y. 1998) (quoting Wright & Miller § 2858). Bop has not shown why it was justified in failing to avoid its mistake, if mistake there was. The Court finds no grounds for granting Defendant relief under Rule 60(b)(1).

Rule 60(b)(6)

Rule 60(b)(6) is the catch-all provision that allows a court to grant relief from judgment for reasons that do not fall within one of the other subsections.  Rule 60(b)(6) applies only when no other Rule 60(b) subsection is applicable.  Nemaizer, 793 F.2d at 63.  Bop argues that ambiguity in the language of its offer justifies relief under Rule 60(b); the Court construes this as a Rule 60(b)(6) argument.

Having examined the Offer of Judgment, the Court finds no basis for granting Rule 60(b)(6) relief.  "It is well established that a court may not admit extrinsic evidence in order to determine the meaning of an unambiguous contract."  Omni Quartz, 287 F.3d 61, 64 (2d Cir. 2002).  "[T]he determination of whether contract language is unambiguous is made by the court with reference to the contract alone."  Waldman v. Riedinger, 423 F.3d 145, 149 (2d Cir. 2005) (internal quotations omitted).  Contrary to Defendant's contention, the Court finds that the language of Bop's offer, although broad, is not ambiguous.  Even if the term CHARLOTTE, used alone, might have created ambiguity as to whether marks comprised of the word CHARLOTTE and an additional word or term fell within the scope of the injunction, Defendant cured any such potential ambiguity in the offer itself.  Defendant proffered CHARLOTTE SOLNICKI, a two-word term with CHARLOTTE as the first word in the term, as an example of "any marks similar to or substantially indistinguishable" from the term CHARLOTTE.  (See Offer of Judgment.)  To argue now that this language is ambiguous because the Defendant had always intended to limit the language of the offer to CHARLOTTE SOLNICKI flies in the very face of the language of Defendant's own Rule 68 Offer, which clearly encompassed more than just the mark CHARLOTTE SOLNICKI.

Furthermore, even if some ambiguity existed in Defendant's Rule 68 Offer of

Judgment, it should be construed against Defendant. See e.g., Shapiro v. Credit Protection Association I, Inc., 53 F. Supp. 2d 626 (S.D.N.Y. 1999) ("Even were there some ambiguity in the language of the offer, however, that ambiguity would be appropriately resolved against the defendants."); see also Torres v. Walker, 356 F.3d 238, 245-46 (2d Cir. 2004) ("In any event, even assuming the language in the stipulation regarding payment of reasonable attorneys' fees to be ambiguous, any ambiguity therein must be construed against Defendants, who drafted the stipulation."); Jolly v. Coughlin, No. 92 Civ. 9026, 1999 WL 20895, at *4 (S.D.N.Y. 1999) (in evaluating a Rule 68 offer, "ambiguities in the contract will be construed against the drafter").

Courts have recognized the need for defendants to be precise about the terms of a Rule 68 offer. A Plaintiff who rejects a Rule 68 offer of judgment may face costly consequences. See Fed. R. Civ. P. 68 ("If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."). "The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer." Richardson v. National R.R. Passenger Corp., 49 F.3d 760, 765 (D.C. Cir. 1995). Construing ambiguity against the offeror "forces a defendant to be precise about the terms of his offer." Chambers v. Manning, 169 F.R.D. 5, 8 (D. Conn. 1996).

Defendant chose to adopt language that the Court had used earlier in granting Plaintiff's motion for default judgment as to other defendants. Defendant's proffer of the language in question appears to have been the result of a strategic choice by a sophisticated, represented, Defendant. For this reason, Defendant's argument that the language of its offer should not be construed against it is unavailing. Regardless of who drafts the original language, the risk to the Plaintiff in failing to accept Defendant's Rule 68 Offer of Judgment remains the same and the Defendant bears the responsibility of communicating precisely and accurately the terms of the

judgment to which it is willing to be bound.

Nor is Defendant's argument that mutual consent was lacking availing. Defendant asserts that it had intended its Rule 68 offer of an injunction to be limited to products with the CHARLOTTE SOLNICKI mark. Defendant did not make such an offer, however. In the Rule 68 offer's injunction term, CHARLOTTE SOLNICKI is listed as a single example of a much broader category: those marks that are "similar or substantially indistinguishable" from the mark CHARLOTTE. To read the offer to encompass only those products with the CHARLOTTE or CHARLOTTE SOLNICKI mark, would be to render meaningless the language surrounding those terms in the Offer of Judgment. The Court refuses to reduce the Defendant's chosen language: "CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI" to but four words: CHARLOTTE or CHARLOTTE SOLNICKI. See India.Com, Inc. v. Dalal, 412 F.3d 315, 323 (2d Cir. 2005) (recognizing that "effect and meaning must be given to every term of the contract").

In the face of Defendant's clear language, the Court will not now inquire into the intentions of the parties in making and accepting the Rule 68 Offer of Judgment because "[t]o subject Rule 68 offers to such collateral proceedings would undermine entirely the purpose of the rule." SAS v. Trintex, 709 F. Supp. 455, 458 (S.D.N.Y. 1989); see also Medinol Ltd. v. Guidant Corp., 500 F. Supp. 2d 345 (S.D.N.Y. 2007) ("A court should be extremely hesitant to pry into the thoughts and motives of the parties after the fact in an attempt to discern their intent in settling a case. There are many reasons to settle a matter and a court is not in a particularly good position to understand those reasons."). The Court finds no basis to grant relief from the judgment under Rule 60(b)(6) for either ambiguity or lack of mutual assent.

CONCLUSION

For the foregoing reasons, Defendant's motion to withdraw, vacate or modify its offer of judgment and the October 18, 2007, Order and Judgment, is denied in its entirety.

SO ORDERED.

Dated: New York, New York
       December 20, 2007

                                             /s/
                                        LAURA TAYLOR SWAIN
                                        United States District Judge