UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff                Civil Action No.: 07CV3219 (LTS) (DCF)

   - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                Defendants.
-------------------------------------------------------X

## DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Ronald I. Paltrowitz, Esq., hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel to The Bostany Law Firm, attorneys for Plaintiff in this proceeding and respectively make this declaration based upon my review of the files maintained in the firm's offices as well as my personal participation in certain proceedings.

2. This Declaration is respectfully submitted in support of Plaintiff's application for an Order (1) pursuant to Rules 37(a)(1), 37(a)(3)(B)(i) and 45 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") compelling non-party deponent Charlotte B LLC to answer questions properly put to deponent's designated witness pursuant to Fed.R.Civ.P. Rules 30(a)(1), 30(b)(6), and 45; (2) pursuant to Fed.R.Civ.P. Rule 37(a)(3)(B)(ii) and Fed.R.Civ.P. Rule 45 compelling non-party deponent Charlotte B LLC to designate a proper witness pursuant to Fed.R.Civ.P. Rule 30(b)(6); (iii) for

appropriate sanctions pursuant to Fed.R.Civ.P. Rule 30(d) (2); and (iv) for such other relief as this court deems just and proper.

    3.      The procedural history of the Charlotte B deposition is as follows:

        a.      On or about December 13, 2007, non-party Charlotte B LLC ("Charlotte B") was served with a *Subpoena* in this matter pursuant to Fed.R.Civ.P. Rule 30(b)(6) and Fed.R.Civ.P. Rule 45. A copy of *Subpoena* is annexed as **Exhibit "A"**.

        b.      On or about December 31, 2007, Charlotte B applied to this Court for an Order quashing the *Subpoena*, which application was denied by the Court on February 7, 2008.

        c.      On February 7, 2008, the Court ordered the Charlotte B deposition to proceed on or before February 29, 2008.

        d.      Counsel for Charlotte B agreed that a designated witness would appear on February 21, 2008 and, when this depositions failed to go forward, the Court ordered that the deposition be held no later than March 7, 2008. (A copy of the Court's Order, dated March 5, 2008 (the "Order"), is annexed as **Exhibit "B"**.)

    4.      Although the Charlotte B documents demanded by the *Subpoena* were ordered by the Court to be produced no later than February 29, 2008, no documents were produced until the evening of the second day prior to the deposition when 339 pages of documents were received.

    5.      The witness designated by Charlotte B, Melina Solnicki (the "Designated Witness"), appeared for the deposition on March 7, 2008.

    6.      The Designated Witness testified on numerous occasions that she "worked on the design side of the business" and that she had no knowledge of the "business side of the business".

    7.      The Designated Witness did not have any knowledge of any of the 339 pages of documents produced by Charlotte B and could answer no questions regarding the contents of any of them.

8. The Order specifically stated that the scope of the Charlotte B deposition would include "matters limited to any pending claim or defense asserted by any party currently named in this case" (Order, ¶2).

9. During the deposition, Counsel for Charlotte B incorrectly asserted that the scope of the deposition was limited to questions pertaining to "sales to the retailer defendants and the profits earned by those retailer defendants." (See, Transcript of Deposition of Melina Solnicki, March 7, 2008, page 64, lines 19-23.) (A copy of the Transcript is on file as number 140 on the docket sheet. A courtesy copy is also submitted).

10. Based upon this improper interpretation of the Order, Counsel for the Designated Witness, on no fewer than 18 separate occasions, directed the Designated Witness not to answer questions that were clearly within the scope of the deposition as ordered by the Court.

11. Based upon the foregoing, it is respectfully submitted that:

    a. Charlotte B and Counsel for Charlotte B have failed to properly designate and/or prepare a witness with appropriate knowledge to appear pursuant to Fed.R.Civ.P. Rules 30(b)(6) and 45;

    b. Counsel for Charlotte B improperly directed the designated witness not to answer questions that were properly within the scope of the deposition as defined by the Court; and

    c. Charlotte B should be ordered to designate a properly qualified and prepared witness, and that this witness be directed to answer questions within the scope designated by the Court's Order, and

    d. The Court, pursuant to Fed.R.Civ.P. Rule 30(d)(2), should impose appropriate sanctions, including the reasonable expenses and attorney's fees incurred by Plaintiff, on Charlotte B and/or its Counsel for impeding, delaying, and/or frustrating the fair examination of the designated witness

12. Finally, even though Counsel and the Designated Witness did return until shortly after our 1:00 p.m. adjournment, it is clear from the Transcript that Plaintiff's

Counsel had more questions and it was the Designated Witness's Counsel's preference to complete the deposition on another day after rulings were obtained. Thus, it is clear that this deposition has not been concluded. (See, Transcript, pp. 70-72.)

Dated: New York, New York
      March 17, 2008

Respectfully Submitted,

By: _____
    Ronald I. Paltrowitz (RP-2746)