UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

                                          Civil Action No.: 07CV3219 (LTS)

  - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                Defendants.
------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLANTIFF'S MOTION TO DISMISS COMPEL

Plaintiff GMA Accessories, Inc. (hereinafter "GMA") hereby respectfully submits this Memorandum of Law in support of its application for an Order (1) pursuant to Rules 37(a)(1), 37(a)(3)(B)(i) and 45 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") compelling non-party deponent Charlotte B LLC to answer questions properly put to deponent's designated witness pursuant to Fed.R.Civ.P. Rules 30(a)(1), 30(b)(6), and 45; (2) pursuant to Fed.R.Civ.P. Rule 37(a)(3)(B)(ii) and Fed.R.Civ.P. Rule 45 compelling non-party deponent Charlotte B LLC to designate a proper witness pursuant to Fed.R.Civ.P. Rule 30(b)(6); (iii) for appropriate sanctions pursuant to Fed.R.Civ.P. Rule 30(d) (2); and (iv) for such other relief as this court deems just and proper.

## PRELIMINARY STATEMENT

On or about December 13, 2007, non-party Charlotte B LLC ("Charlotte B") was served with a *Subpoena* in this matter pursuant to Fed.R.Civ.P. Rule 30(b)(6) and Fed.R.Civ.P. Rule 45. A copy of *Subpoena* is annexed as **Exhibit "A"** to the Declaration of

Ronald I. Paltrowitz, dated March 7, 2008 (the "Paltrowitz Declaration"). On or about December 31, 2007, Charlotte B applied to this Court for an Order quashing the *Subpoena*, which application was denied by the Court on during a telephone conference on February 7, 2008. Counsel for Charlotte B advised that a designated witness would appear on February 21, 2008. When this deposition failed to go forward, the Court ordered that the deposition be held no later than March 7, 2008. (A copy of the Court's Order, dated March 5, 2008 (the "Order"), is annexed to the Paltrowitz Declaration as **Exhibit "B"**.)

Although ordered by the Court to produce the documents demanded by the *Subpoena* not later than February 29, 2008, 339 pages of documents were produced by Charlotte B's Counsel after 5 p.m. on March 5, 2008. The witness designated by Charlotte B, Melina Solnicki (the "Designated Witness"), appeared for the deposition on March 7, 2008. Despite the requirements of Fed.R.Civ.P. Rule 30(b)(6), the Designated Witness had no knowledge of any of the 339 pages of documents produced by Charlotte B and could not answer any questions regarding the contents of any of them.

Furthermore, despite the fact that the Order specifically stated that the scope of the Charlotte B deposition would include "matters limited to any pending claim or defense asserted by any party currently named in this case (Order, ¶2), during the deposition, Counsel for Charlotte B incorrectly asserted that the scope of the deposition was limited to questions pertaining to "sales to the retailer defendants and the profits earned by those retailer defendants. (See, Transcript of Deposition of Melinda Solnicki, March 7, 2008 ("T"), page 64, lines 19-23 annexed to the Paltrowitz Declaration as **Exhibit "C"**.) Based upon this improper interpretation of the Order, Counsel for the Designated Witness, on no fewer than 18 separate occasions, directed the Designated Witness not to answer questions that were clearly within the scope of the deposition as ordered by the Court.

Based upon the foregoing, it is respectfully submitted that:

    a.    Charlotte B and Counsel for Charlotte B have failed to properly designate and/or prepare a witness with appropriate knowledge to appear pursuant to Fed.R.Civ.P. Rules 30(b)(6) and 45;

    b.  Counsel for Charlotte B improperly directed the designated witness not to answer questions that were properly within the scope of the deposition as defined by the Court;

    c.  Charlotte B should be ordered to designate a properly qualified and prepared witness, and that this witness be directed to answer questions within the scope designated by the Court's Order, and

    d.  The Court, pursuant to Fed.R.Civ.P. Rule 30(d)(2), should impose appropriate sanctions, including the reasonable expenses and attorney's fees incurred by Plaintiff, on Charlotte B and/or its Counsel for impeding, delaying, and/or frustrating the fair examination of the designated witness.

## ARGUMENT

### POINT I

#### The Designated Witness Was Not a Proper Witness

In enforcing the *Subpoena*, the Court set forth the scope of the deposition as "matters limited to any pending claim or defense asserted by any party currently named in this case (Order, ¶2). The witness selected by Charlotte B clearly was not prepared to testify on this subject matter. Courts have consistently held that a witness appearing pursuant to a Rule 30(b)(6) testifies as a representative of the entity and that the witness is responsible for providing **all the relevant information known or reasonably available to the entity**. (See, *Twentieth Century Fox Film Corporation* v. *Marvel Enterprises, Inc., et al.*, 2002 WL 1835439 (S.D.N.Y. Aug. 8, 2002, *2, citing *Sabre v. First Dominion Capital*, LLC, 2001 WL 1590544 at *1 (S.D.N.Y. Dec. 12, 2001), *citing* 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure* § 2103 (2d ed.1994). In addition, the corporate deponent has an affirmative duty to make one or more witnesses available who can give knowledgeable and binding answers on its behalf. *Reilly* v. *Natwest Markets Group Inc.*, 181 F.3d 253 (2d Cir. 1999); *Ierardi* v. *Lorrillard, Inc.*, Civ. No. 90-7049, 1991 WL 158911 (E.D.Pa August 13, 1991). The Designated Witness clearly did not meet these criteria and

was the wrong witness to produce. In fact, the Designated Witness made it clear that Jonathan Solnicki was the person with the requisite knowledge. (See, e.g., Transcript, p.22) As both Jonathan and Melina Solnicki reside in Buenos Aires, Mr. Solnicki could have been produced as easily as Ms Solnicki. It is respectfully submitted that Counsel choice of an inappropriate witness was a calculated obstructive tactic.

Furthermore, "[i]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. *Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70, 75 (D.Neb.1995) (citing *Marker,* 125 F.R.D. at 126)." "Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. *Buycks-Roberson v. Citibank Federal Sav. Bank,* 162 F.R.D. 338, 343 (N.D.Ill.1995); *S.E.C. v. Morelli,* 143 F.R.D. 42, 45 (S.D.N.Y.1992)." Twentieth Century Fox Film Corporation, *supra*, at p. 2.

Similarly, in *A & E Products Group, L.P., v.. Mainetti USA Inc.*, et al., No. 01 Civ. 10820(RPP) SDNY Feb. 25, 2004, at p. 6, the Court held:

> Rule 30(b)(6) provides that when a party notices a corporation for deposition, the latter "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." Fed.R.Civ.P. 30(b)(6). A party has an obligation to **properly prepare its designee to provide testimony on its behalf.** *See, e.g., Reilly v. Natwest Mkts. Group, Inc.,* 181 F.3d 253 (2d Cir.1999) ( "To satisfy Rule 30(b)(6), **the corporate deponent has ... to make available ...' persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf."** ) (citations omitted); *Twentieth Century Fox Film Corp. v. Marvel Enters.,* 2 002 WL 1835439, at *2, 2002 U.S. Dist. LEXIS 14682, at *7 (S.D.N.Y. Aug. 8, 2002) ( "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." ) ( citing *United States v. Taylor,* 166 F.R.D. 356, 361-62 (M.D.N.C.1996)); *Paul Revere Life Ins. Co. v.*

*Jafari,* 206 F.R.D. 126, 127-28 (D.Md.2002) ( " Rule 30(b)(6) ... implicitly requires [designees] to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition." ). Testimony of a Rule 30(b)(6) witness is then binding on the party that designated the witness . 8A Charles A. Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 2103 (2nd ed.1984); Fed.R.Civ.P. 30 advisory committee's note; *see also Sabre v. First Dominion Capital, LLC,* 2001 WL 1590544, at *1, 2001 U.S. Dist. LEXIS 20637, at *2 (S.D.N.Y. Dec. 12, 2001) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.").(emphasis added)

Even a cursory review of the Transcript discloses that the Designated Witness possessed no relevant knowledge. The Designated Witness was shown all 339 pages of the documents produced by Charlotte B and testified that she had no knowledge concerning any of them. (See, Transcript, pp. 47-48, 52-53, and 57-58.) In addition, she could not answer any of the questions regarding monies received by Charlotte B LLC from sales of Charlotte B products. (See, e.g., Transcript, pp. 20-21).

In light of the foregoing, it is apparent that Charlotte B neither designated a witness who previously had the requisite knowledge nor prepared the Designated Witness so that she would have the requisite knowledge at the deposition. Under these circumstances, it is respectfully submitted that Charlotte B should be compelled to produce a witness with the requisite knowledge to testify as to the matters that the Court's Order has designated to be within the scope of the deposition.

## POINT II

### Counsel for the Designated Witness Improperly Directed Her Not To Answer Questions That Were Within the Scope of the Deposition As Ordered By the Court

Counsel may only direct a witness not to answer unless the question " . . . would invade an area of privilege . . . " or "[. . . seek] information that is so irrelevant that the question is abusive" or the question seeks evidence that is not within the scope of discovery. *Flaherty* v. *Filardi*, No. 03 Civ. 2167 (LTS) (HPB), S.D.N.Y. Aug. 15, 2007, at *4. As noted above, the Court's Order provided that " . . . the scope of Charlotte B's deposition shall be

limited to matters relevant to any pending claim or defense asserted by any party currently named in this case."

As noted above, Counsel directed the Designated Witness not to no fewer than 18 questions. The following is a list of the questions and the reasons why they were within the scope of discovery as outlined by the Order:

```
1.    11     Q.  I will show you a document that
      12     has been marked as number five.  Do you know
      13     what this document is?
      14         A.  I guess it is an invoice.
      15         Q.  Is it from Charlotte Solnicki?
      16             MR. GRAND:  Objection.
      17         A.  I don't know.
      18         Q.  It says on the upper left-hand
      19     corner the word Solnicki-Baregman, B-A-R-E
      20     G-M-A-N, do you know who those people are?
      21         A.  Solnicki, it is my last name.
      22     Baregman is a fantasy name. T-12


      14     Q.  Who decided to put these two
      15     names on this piece of paper?
      16             MR. GRAND:  Objection.  You
      17     don't have to answer that question.
      18     John, the questions about Charlotte
      19     B's business are not within the scope
      20     of today's deposition. T-13
```

This question pertained specifically to the sales invoices produced by Charlotte B and is an attempt to determine who would have knowledge regarding these invoices, as the Designated Witness did not.

```
2.    6.Q.    I will repeat it.  Would your
      7     answer be the same, Miss Solnicki, that you
      8     don't know if Jonathan Solnicki received
      9     monies from the sales of goods, the goods
      10    that are contained in these documents that
      11    you produced?
      12        A.  I don't handle the business side
      13    of it.  So I don't know.
      14        Q.  Who does handle the business
      15    side of it?
      16        A.  Jonathan.
```

```
            17      Q.  You don't know if Jonathan
            18   Solnicki has a personal bank account, a
            19   business account, or where the money goes
            20   from the sale of these goods?
            21          MR. GRAND:  Objection.
            22      Q.  Is that your testimony?
            23          MR. GRAND:  I am directing you not to answer the questions. T-22
```

Again, this question is an attempt to determine if Charlotte B received monies from sales to the retailer defendants in this action and, if so, who would know about such receipts.

```
    3, 4, and 5.   6      Q.  Miss Solnicki, where do you
                   7   currently reside?
                   8      A.  Buenos Aires, Argentina.
                   9      Q.  Do you have an apartment in New
                  10   York City?
                  11      A.  No.
                  12      Q.  When did you give up your
                  13   apartment in New York City?
                  14          MR. GRAND:  Objection.  Don't
                  15      answer it.
                  16      Q.  You at one time had an apartment
                  17   in New York City; is that not true?
                  18          MR. GRAND:  Objection.  You
                  19      don't have to answer the question.
                  20      Q.  Are you a United States citizen?
                  21          MR. GRAND:  Objection.  You
                  22      don't have to answer the question. T-28
```

These questions were an attempt to determine the time period of the Designated Witnesses presence in New York as a foundation for questions regarding her contact with the retailer defendants, which, in turn, would serve as a foundation for questions regarding sales and profits.

```
    6. and 7.      5      Q.  Okay.  So the only one you know
                   6   the name of is Lisa Kline?
                   7      A.  Yes.
                   8      Q.  Do you know the first names from
                   9   any --
                  10          MR. GRAND:  Objection.
                  11      Q.  -- from any of the people that
                  12   you met with?
                  13          MR. GRAND:  Objection.  You
```

```
       14      don't have to answer that.

       18      Q.  What are the names of the
       19      companies, Miss Solnicki, that you met
       20      people from, that you can't remember their
       21      names?
       22          MR. GRAND: Objection. You
       23      don't have to answer that question.
       24      It is beyond the scope of today's
       25      deposition. T-30
```

Again, these questions were an attempt to determine the Designated Witnesses relationships with the retailer defendants which would provide a foundation for questions regarding sales and profits.

```
   8.   1      Q.  Miss Solnicki, you said you were
        12     involved in the design of the company -- I
        13     am sorry, strike that.
        14         You said you were involved in
        15     the design end. What did you mean by that?
        16         MR. GRAND: Objection. You
        17     don't have to answer that question. T-31
```

This question was relevant in order to determine the Designated Witnesses areas of relevant knowledge, if any.

```
   9. and 10.  12     A.  [Showroom 7] is a showroom that represents
            13     various designers.
            14     Q.  Okay. Does it have anything to
            15     do with Charlotte Solnicki?
            16     A.  It used to represent us.
            17     Q.  It doesn't anymore?
            18         MR. GRAND: Objection to the
            19     question. I am directing the witness
            20     not to answer. T-59

            5      Q.  Why did they stop, do you know?
            6          MR. GRAND: Objection. I direct
            7      you not to answer the question. T-62
```

These questions clearly pertain to one of the retail defendants and the claims made in this matter by Plaintiff.

```
   11., 12, and 13.   8    Q.  Do you know that we sued
```

```
            9      Showroom Seven in this case, Miss Solnicki?
           10         A.   I have heard about it.
           11         Q.   From whom?
           12         A.   From my attorneys.
           13         Q.   Did you speak to either Karen
           14      Erickson or John Mark Black about it?
           15             MR. GRAND: Objection. I direct
           16         you not to answer.

           22             Have you had any conversations,
           23      Miss Solnicki, with anyone about the claims
           24      in this case, that the defendants in this
           25      case infringed on the Charlotte trademark? T-62

            2             MR. GRAND: Objection. I direct
            3         the witness not to answer. T-63
```

These questions pertain specifically to the claims made in the litigation.

```
14., 15, 16 and 17     6      Q.   Are you aware, Miss Solnicki,
                       7    that GMA accessories, the plaintiffs in this
                       8    case, has a registration to Charlotte in the
                       9    United States patent and trademark office?
                      10         MR. GRAND: Objection. I direct
                      11         the witness not to answer.
                      12      Q.   Do you and your brother,
                      13    Jonathan, own Charlotte Solnicki?
                      14         MR. GRAND: Objection to the
                      15         form of the question. And I direct
                      16         the witness not to answer. T-63

            5      Q.   Did you all start to sell
            6    clothing and decide to call it Charlotte
            7    Solnicki brand?
            8         MR. GRAND: Objection. I direct
            9         the witness not to answer.
           10      Q.   Who decided to start calling
           11    your clothing Charlotte Solnicki brand?
           12         MR. GRAND: Objection. I direct
           13         the witness not to answer. T-64
```

These questions pertain specifically to the claims made in the litigation.

```
18.    1      Q.   Miss Solnicki, when was the last
```

```
22    time that you spoke to either Karen Erickson
23    or Portia Summerville?
24            MR. GRAND: Objection. I direct
25    the witness not to answer. T-68
```

Based upon the foregoing, it is respectfully submitted that Counsel improperly directed the Designated Witness not to answer questions that were within the scope of discovery as ordered by the Court in a further attempt to delay and frustrate the deposition of this witness.

## POINT III

### The Court Should Impose Sanctions for the Improper Delay and Frustration of the Deposition

Fed.R.Civ.P. Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction — including the reasonable expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates the fair examination of the deponent." Under 28 U.S.C. § 1927, an award of sanctions is appropriate when the offending attorney "essentially destroys a deposition through excessive groundless objections or lengthy personal attacks on his or her adversary." *Am. Fun & Toy Creators, Inc. v. Gemmy Indus., Inc.*, 96 Civ. 799(AGS)(JCF), 1997 WL 482518 at *8 (S.D.N.Y. Aug. 21, 1997); *accord Sicurelli v. Jeneric/Pentron, Inc.*, 03 CV 4934(SLT)(KAM), 2005 WL 3591701 at *3 (E.D.N.Y. Dec. 30, 2005), *report & recommendation adopted* by, 2006 WL 681212 (E.D.N.Y. Mar. 14, 2006); *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 54 (S.D.N.Y.2001). Furthermore, as the Court held in *Steinman v. Spinal Concepts, Inc.*, No. 05-CV-774S W.D.N.Y. Nov. 7, 2007 at *5):

> If [a] motion to compel is granted, the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion. . . .

In *Kyoei Fire & Marine Insurance Co.., Ltd. v. M/V Maritime Antalya,* ___ F.R.D. ___, 2007 WL 2907317 (S.D.N.Y. October 4, 2007), the Court reiterated the finding in *Reilly, supra,* that there is an affirmative duty to designate a witness who can give "complete and binding answers (*Kyoei,* at p. *25) and further held that "[p]roducing an unprepared

witness is tantamount to a failure to appear (citations omitted) and that sanctions under these circumstances are warranted (*Id* at 25.)

Accordingly, it is respectfully submitted that sanctions are appropriate in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that (i) Charlotte B should be ordered to designate a properly qualified and prepared witness; (ii) the designated witness be directed to answer questions within the scope designated by the Court's Order, and (iii)the Court, pursuant to Fed.R.Civ.P. Rule 30(d)(2), impose appropriate sanctions, including the reasonable expenses and attorney's fees incurred by Plaintiff, on Charlotte B and/or its Counsel for impeding, delaying, and/or frustrating the fair examination of the designated witness.

Dated: New York, New York
         November 13, 2007

Respectfully submitted,

THE BOSTANY LAW FIRM
Attorneys for Plaintiff

By: _____
     Ronald I. Paltrowitz (RP-2746)
     40 Wall Street
     New York, New York
     (212) 530-4400