Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Third Party Charlotte B, LLC and Defendants Eminent, Inc., Saks Fifth Avenue, Inc., Intermix, Inc., Wink NYC, Inc., Lisa Kline, Inc., Jonathan Singer, and Lewis Tierney*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
GMA ACCESSORIES, INC., :
:
                Plaintiff, : **DECLARATION OF**
: **ROBERT J. GRAND IN**
    v. : **OPPOSITION TO**
: **PLAINTIFF'S**
: <u>**MOTION TO COMPEL**</u>
EMINENT, INC., SAKS FIFTH AVENUE, INC., :
INTERMIX, INC., WINK NYC, INC., :
LISA KLINE, INC., GIRLSHOP, INC., :
SHOWROOM SEVEN STUDIOS, INC., :
JONATHAN SINGER, LEWIS TIERNEY and :
JONATHAN SOLNICKI, : 07 CV 3219 (LTS) (DF)
:
                Defendants, :
:
------------------------------------------------------------- x

      Robert J. Grand, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.     I am an attorney at the firm Dreier LLP, counsel for third party Charlotte B, LLC ("Charlotte B"), and for Defendants Jonathan Solnicki, Eminent, Inc. ("Eminent"), Saks Fifth Avenue, Inc. ("Saks"), Intermix, Inc. ("Intermix"), Wink NYC, Inc. ("Wink"), Lisa Kline, Inc. ("Lisa Kline"), Jonathan Singer ("Singer"), and Lewis Tierney ("Tierney") (collectively the

"Retailer Defendants"). I submit this Declaration in opposition to Plaintiff's motion to compel (the "Motion") further discovery from Charlotte B and for related sanctions.[1] Other than as expressly set forth, I have personal knowledge as to all facts set forth herein.

2. The Motion must be denied. It based on Plaintiff's own violation of Rule 30(b)(6) as well as Plaintiff's counsel's fraud upon this Court.

3. Plaintiff's application arises from the Charlotte B deposition, which occurred on March 7, 2008. Plaintiff complains that (1) the Charlotte B witness, Melina Solnicki ("Solnicki"), lacked sufficient knowledge regarding the documents produced by Charlotte B, and (2) counsel for Charlotte B improperly directed Solnicki not to answer questions that were properly within the scope of the deposition. Accordingly, Plaintiff contends that Charlotte B should be ordered to designate a second witness for a deposition and that the witness be directed to answer questions within the scope designated by the Court in its March 5, 2008 Order.

4. As set forth more fully below, Plaintiff is not entitled to the relief it seeks as a matter of law. More importantly however, Plaintiff's submission reveals a very serious act of professional misconduct committed by Plaintiff's counsel that may very well warrant disciplinary action and, at the very least, evidences a considerable fraud perpetrated on this Court.

5. At the discovery conference before Judge Freeman last Friday, March 14, I explained to the Court that, upon reviewing the Charlotte B deposition transcript, I noticed that the last entry on the record is a statement by Plaintiff's counsel, John Bostany, which reads:

"The time is now 1:00. Mr. Paltrowitz and I are here. Mr. Grand and the witness are not.

---

[1] Curiously, the principal Declaration in support of Plaintiff's motion is submitted by Ronald Paltrowitz. The Charlotte B deposition, however, was conducted entirely by John Bostany, and it was Mr. Bostany who appeared in Court last week to argue many of the points raised in connection with the Charlotte B deposition on behalf of the Plaintiff.

      So we have no choice but to adjourn."

That statement is followed by the reporter's statement that:

      "(Whereupon, at 1:00 p.m. the Examination of this Witness was adjourned.)"

      6.    I further explained to Judge Freeman that this statement on the record by Mr. Bostany was untrue, because the Charlotte B witness, Melina Solnicki, and I were in Mr. Bostany's office at 1:00 p.m. (in fact we were there before 1:00 p.m.). In fact, as I explained in Court last week, Ms. Solnicki and I returned to the Bostany Law Firm's office at approximately 12:45. At that time, I observed that the conference room where the deposition had taken place was dark and the reporter and her equipment were not there. I let myself in to the office and walked the halls until I found Mr. Bostany in his office sitting at his desk.

      7.    I then asked Mr. Bostany where the reporter was and if he intended to continue at 1:00 p.m. with his questioning of the witness. Mr. Bostany told me that he told the reporter to leave for the day because he believed that I was not going to return with the witness for the continuation of the deposition at 1:00 p.m. He asked me if the witness had returned to the office with me and I told Mr. Bostany that she had and that she was waiting in the reception area. I then reminded Mr. Bostany that he had stated on the record that he, Mr. Paltrowitz and the court reporter would be in the conference room at 1:00 p.m. I asked Mr. Bostany if he had re-opened the record after we broke for lunch and he said that he did not. This was the first of several lies told to me by Mr. Bostany in his effort to perpetrate a fraud on this Court.

      8.    I then asked Mr. Bostany if he had more questions for the witness and he said that he did wish to question her further. I suggested that Mr. Bostany contact the reporter and ascertain whether she could return for the continuation of the deposition. Mr. Bostany asked me and the witness to wait in the reception area while he attempted to reach the court reporter.

9. After 10 or 15 minutes passed, I asked the receptionist to find out whether Mr. Bostany had been able to reach the court reporter. A few minutes later, Mr. Paltrowitz emerged from the office hallway and informed me and Ms. Solnicki that neither he nor Mr. Bostany was able to reach the court reporter and that, in any event, Mr. Bostany did not have any further questions for the witness and that we were free to leave. Mr. Paltrowitz spoke a few words in Spanish to Ms. Solnicki and then we left the building.[2]

10. When questioned about this incident by Judge Freeman in Court on March 14, Mr. Bostany said only that Ms. Solnicki and I had returned to his office after 1:00 p.m., and after the court reporter had left for the day.

11. In his Declaration filed on March 17, however, Mr. Bostany now admits that he did, in fact, release the court reporter shortly after we broke for lunch at noon – far before 1 pm. Mr. Bostany also admits, most critically, that he instructed the court reporter to place a statement on the record with the intention of creating the false impression that he and the court reporter were in his office conference room at 1:00 p.m. for the continuation of the Charlotte B deposition and that Ms. Solnicki and I were not there. Such blatant dishonesty is inexcusable.[3]

12. Thus, not only did Mr. Bostany (and Mr. Paltrowitz) lie to me and to Ms. Solnicki on March 7, Mr. Bostany lied to this Court last week when he knowingly and intentionally determined not to disclose any of this information to the Court when asked to explain how this statement came to appear in the transcript.

13. Mr. Bostany's attempt to wash his hands from this self-imposed mess and free

---

[2] This version of the events is corroborated by Melina Solnicki in her accompanying Declaration.

[3] DR 1-102(a) provides, in relevant part, that "A lawyer or law firm shall not: (1) Violate a disciplinary rule… (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation… (5) Engage in conduct that is prejudicial to the administration of justice… (7) Engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer. Mr. Bostany's conduct involved dishonesty, fraud, deceit and/or misrepresentation.

4

himself from accountability for his wrongful conduct is unavailing. In paragraph 4 of his March 17 Declaration, Mr. Bostany essentially offers a deal to Charlotte B and to the Court. There, Mr. Bostany offers that because Ms. Solnicki did return to his office "close to 1pm" and because he elected not to pursue further questions at that time, Plaintiff will withdraw that part of its motion to compel which seeks an order directing Ms. Solnicki to re-appear for the continuation of the Charlotte B deposition.[4] Instead, Plaintiff requests only that Charlotte B be directed to produce another witness to sit for a deposition and answer both the questions that Ms. Solnicki was directed not to answer, as well as questions regarding the documents produced by Charlotte B.

14. Plaintiff's counsel's deceitfulness and his attempt to deflect attention from his wrongful conduct should not be countenanced by this Court. Accordingly, for this reason alone, Plaintiff's motion to compel further discovery should be denied and an order should be entered prohibiting further discovery from Charlotte B in this case pursuant to Rule 26(c).

15. Plaintiff's motion to compel fails also as a matter of law. Plaintiff's subpoena failed to meet the requirements of Rule 30(b)(6) and Plaintiff cannot complain that Charlotte B did not comply with Rule 30(b)(6) as a result.

16. Rule 30(b)(6) of the Federal Rules of Civil Procedure provides, in relevant part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity **and must describe with reasonable particularity the matters for examination**…

17. Plaintiff's subpoena to Charlotte B does not meet the "reasonable particularity" requirement. The subpoena not only does not refer to Fed. R. Civ. P. 30(b)(6), but also fails to specify any particular focus for the proposed examination. Accordingly, under the relevant law, Plaintiff's motion to compel must be denied. *Southern Boston Management Corp. v. BP*

---

[4] It appears that Plaintiff's counsel is withdrawing that part of Plaintiff's motion enumerated (1) in the Notice of Motion.

*Products North America Inc.,* No. 03 CV 6845 (RMB), 2006 WL 162916, at *1, *2 (S.D.N.Y., Jan. 19, 2006) (Plaintiff's application to order Defendant to produce additional witnesses in response to original notice of deposition denied where notice failed to enumerate the subjects of the deposition and thus failed to meet the particularity requirement of Rule 30(b)(6)); *Innomed Labs, LLC v. Alza Corp.,* 211 F.R.D. 237 (S.D.N.Y. 2002) (application to compel witness to testify about documents denied where subpoena was insufficiently particularized as required by Rule 30(b)(6)).

18.     Furthermore, even if – contrary to fact – the Charlotte B subpoena met the particularity requirements of Rule 30(b)(6), Plaintiff still has not established that Ms. Solnicki, the Charlotte B witness, did not have sufficient knowledge regarding the issues in this case. Even a cursory review of the transcript reveals that Plaintiff's counsel limited his questions of Ms. Solnicki to her knowledge of the documents produced by Charlotte B. Plaintiff's counsel did not ask even one question regarding the information contained in those documents -- Charlotte B's sales data reflecting sales to the retailer defendants. Thus, while Ms. Solnicki acknowledged that she works on the creative side of Charlotte B's business, Plaintiff's counsel failed to ask even one question regarding her knowledge of Charlotte B's sales to the retailer defendants -- the principal issue left for resolution in this case.

19.     Lastly, as noted during the March 14 discovery conference before the Court, Rule 30(c)(2) plainly provides that a lawyer may direct a witness not to answer a question during a deposition when necessary "to enforce a limitation ordered by the court." As reflected in the record, I instructed the deponent not to answer where I believed the questions exceeded the limitation placed on the deposition by the Court in the March 5 Order.

20.     The scope of the Charlotte B deposition (and the documents required to be

produced by Charlotte B in accordance with the Charlotte B subpoena) was the subject of much discussion and debate between the parties and was ultimately brought to the Court for resolution. During a telephone conference call on this issue, the Court agreed with defendants' argument that because Charlotte B is not a party to this litigation, and that its overall alleged infringing sales and profits are not in issue in this case. The Court agreed that, at the moment, the *Eminent* case is about Jonathan Solnicki's purported infringing activities in manufacturing, selling and/or promoting Charlotte Solnicki branded goods, and the alleged profits generated by Jonathan Solnicki and the seven retailer defendants as a result of the purportedly wrongful conduct. Because there is already a default judgment entered as against Jonathan Solnicki as to liability, the only issue remaining is the profits generated by the seven retailer defendants.

21. Charlotte B produced responsive documents on March 5 and Plaintiff's counsel elected to proceed with the deposition, notwithstanding the late production. From the outset of the deposition, however, Plaintiff's counsel made it clear that he intended to focus the vast majority of his questions on matters well outside the limited scope of the deposition. Ms. Solnicki was properly directed not to answer those questions.[5]

22. As noted during the March 14 discovery conference, I agreed to withdraw my instruction to the deponent not to answer questions directed to the identities of the retailer defendants and communications with the defendants (numbers 6, 7 and 18 as set forth by Plaintiff on pp. 6-10 of its memorandum of law).

23. With those exceptions, none of the questions which Plaintiff seeks to have answered are remotely relevant to Charlotte B's sales to the retailer defendants in this case. Questions about (i) Ms. Solnicki's citizenship, (ii) personal bank accounts of the individual

---

[5] As noted during the March 14 discovery conference, I agreed to withdraw my instruction to the deponent not to answer questions numbered 6 and 7 by Plaintiff in its memorandum of law.

members of Charlotte B, (iii) the identity of the person at Charlotte B who decided to use the brand name "Baregman," (iv) whether or not Ms. Solnicki maintains an apartment in New York, (v) conversations regarding the lawsuit, (vi) Plaintiff's trademark registrations, and (vii) the identity of the person who decided to use the Charlotte Solnicki brand, are simply not relevant to the issues in this case and go beyond the scope of the Court's March 5 Order.

24. Many of these questions pertain to issues relevant to Jonathan Solnicki's motion to vacate the default judgment against him and also to Charlotte B's motion to intervene. Similarly, many of these questions ignore the fact that there is already a judgment of trademark infringement entered as against Jonathan Solnicki. It bears repeating that Charlotte B is not a party to this case and has not been sued for trademark infringement. In view of the foregoing, and in light of the Court's March 5 Order, questions directed to Charlotte B on these subjects are clearly beyond the scope of the Court's Order and the deponent was properly instructed not to answer those questions.

25. In sum, Plaintiff's motion to compel further discovery from Charlotte B should be denied. Further, if Plaintiff wishes to depose Jonathan Solnicki, Plaintiff should serve Mr. Solnicki with a proper subpoena and/or notice in Argentina where he resides.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2008
       New York, New York

                              /s/ Robert J. Grand
                              Robert J. Grand