Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Third Party Charlotte B, LLC, and Defendants Eminent, Inc., Saks Fifth Avenue, Inc., Intermix, Inc., Wink NYC, Inc., Lisa Kline, Inc., Jonathan Singer, Lewis Tierney and Jonathan Solnicki*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
GMA ACCESSORIES, INC.,                                      :
                                                            :
                           Plaintiff,                       :   **DECLARATION OF**
                                                            :   **MELINA SOLNICKI**
   v.                                                       :
                                                            :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                     :   07 CV 3219 (LTS)(DF)
INTERMIX, INC., WINK NYC, INC.,                             :
LISA KLINE, INC., GIRLSHOP, INC.,                           :
SHOWROOM SEVEN STUDIOS, INC.,                               :
JONATHAN SINGER, LEWIS TIERNEY and                          :
JONATHAN SOLNICKI,                                          :
                           Defendants,                      :
                                                            :
------------------------------------------------------------x

       Melina Solnicki, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

       1.    I am a member of third party Charlotte B. LLC ("Charlotte B"). I submit this declaration in opposition to Plaintiff's motion to compel further discovery from Charlotte B. Other than as expressly set forth, I have personal knowledge of all facts set forth herein.

2. I understand that plaintiff's counsel has sworn under oath that neither I, nor my counsel, Robert Grand, were present in his office at 1:00 p.m. on March 7, 2008, for the continuation of my deposition. That is simply not true.

3. On March 7, 2008, I appeared on behalf of Charlotte B for a deposition in the above-captioned case. The deposition took place at the law offices of plaintiff's counsel.

4. Just before noon, counsel for plaintiff who was conducting the deposition, John Bostany, indicated that, with the exception of several questions that I was directed by my counsel not to answer, he had no further questions for me. Mr. Bostany then announced that he wished to adjourn the deposition for a one-hour lunch break and resume at 1:00 p.m. so that he could try to reach Judge Freeman at that time and obtain rulings on the questions that I was directed not to answer. Mr. Bostany had tried to reach the judge several times during the deposition that morning. Mr. Grand and Mr. Bostany discussed whether it made sense for us to continue the deposition in light of the fact that the judge appeared to be unavailable. Mr. Bostany insisted on a lunch break and stated that he, his colleague Ronald Paltrowitz, and the court reporter would be in the room at 1:00 p.m. Almost immediately thereafter, Mr. Bostany and Mr. Paltrowitz got up and left the room.

5. Mr. Grand and I left the building and ate lunch at a restaurant adjacent to the building where Mr. Bostany's office is located. At approximately 12:45 p.m., Mr. Grand and I left the restaurant and proceeded back up to Mr. Bostany's office. When we entered the building and approached the security guard, I realized that I had misplaced my security pass. I was required to present identification and I received a second security pass before proceeding to the elevator bank.

6. When we arrived in Mr. Bostany's office, there was no receptionist, the conference room where the deposition took place was dark, and the court reporter and her equipment were gone. **It was not yet 1:00 p.m**.

7. Mr. Grand then proceeded into the firm to try to locate Mr. Bostany. He emerged with Mr. Bostany a few minutes later and told me that Mr. Bostany had told the court reporter to leave because Mr. Bostany did not believe that we were returning to the deposition at 1:00 p.m.

8. Mr. Bostany asked me and Mr. Grand to wait in the reception area while he attempted to reach the court reporter to see if we could resume the deposition. After approximately 10 minutes had passed, Mr. Grand asked the receptionist (who had returned) to find out if Mr. Bostany had reached the court reporter.

9. A few minutes later, Mr. Paltrowitz emerged from the office hallway and told me and Mr. Grand that neither he nor Mr. Bostany was able to reach the court reporter and that, in any event, Mr. Bostany did not have any further questions for me, and so we were free to leave. Mr. Paltrowitz said a few words to me in Spanish and then Mr. Grand and I left the building.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2008
New York, New York

_____
Melina Solnicki