

### ATTORNEYS AT LAW

Robert J. Grand *Partner*
Direct 212 328 6118
rgrand@dreierllp.com

February 12, 2008

**VIA FACSIMILE**
Hon. Debra C. Freeman
United States Magistrate Judge
United States District Court for the
    Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *GMA Accessories, Inc. v. Eminent, Inc. et al.*, 07 CV 3219 (LTS)

Dear Judge Freeman:

    We write to briefly respond to the inaccurate and unnecessary letter submitted this afternoon by John Bostany, counsel for Plaintiff GMA Accessories, Inc.

    The only accurate statement in Mr. Bostany's letter is his reference to a telephone conference call among counsel that took place yesterday (Monday). Virtually everything else in Mr. Bostany's letter is incorrect.

    First, in accordance with the Court's direction that I use my best efforts to secure a date for the deposition of a witness from Charlotte B, LLC ("Charlotte B"), <u>I advised Mr. Bostany yesterday by email that a witness for Charlotte B would be available on the afternoon of February 21</u>. During the call, Mr. Bostany raised the question of the location of the deposition in light of the fact that the subpoena issued out of a district court in Pennsylvania. Mr. Bostany suggested that because the lawyers were in New York, it might be more convenient to conduct the deposition here. I agreed and offered that it take place in Mr. Bostany's office because that was the location preferred by Mr. Bostany in the original (defective) subpoena. I certainly did not request that the deposition take place in his office. Naturally, my choice for the location of the deposition would be my own office. Because the time, place and location of the deposition had been set, I told Mr. Bostany that the stipulation was superfluous. In fact, in my 13 years of practice I can not recall ever entering into a

Hon. Debra C. Freeman
February 12, 2008
Page 2

stipulation regarding the scheduling of a deposition such as this, and there is no reason to enter into such a stipulation now.

Furthermore, Mr. Bostany's statement that I "previously failed to produce several witnesses for defense depositions" is completely wrong. As I explained during the call with the Court last week, I have never failed to produce a witness for a deposition in this case and certainly did not do so several times. Mr. Bostany's self-serving statement to the contrary is pure nonsense. To be sure, the Charlotte B deposition is the first deposition of one of our clients in this case where both sets of lawyers have confirmed the precise date, time and location in advance. Absent an unforeseen emergency, the deposition will proceed as scheduled on the 21st.

Not surprisingly, in his letter Mr. Bostany completely ignores his failure to comply with the Court's orders which directed him to identify and produce documents responsive to defendants' document demands. Despite Your Honor's unambiguous ruling that Mr. Bostany was to provide me with the volume and list of documents in his possession, custody and control, segregated by category and/or by the document request to which the documents are responsive, Mr. Bostany refused to give me this information voluntarily, and instead forced me to take him through the document request and subsequent responses demand-by-demand and response-by-response so that I could ascertain the location and volume of responsive documents. The burden of that exercise was not mine, but rather was Mr. Bostany's, yet he refused to comply with the Court's direction in this regard.

As we have stated many times before, Mr. Bostany and others in his firm consistently misrepresent communications with the Court and with our firm. That is precisely why I requested that Your Honor issue a written order following the telephone conference last week. Respectfully, we renew that request.

Respectfully,

Robert J. Grand

cc: John Bostany (by fax)
Robert Carrillo (by fax)

{00328940.DOC;}