# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

February 20, 2008

Hon. Debra C. Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   GMA v. Eminent, Inc., et. al
      Docket No.: 07 CV 3219 (LTS) (DCF)

Your Honor:

I respectfully summarize the issues pending in advance of the conference set for February 21 @ 10:00 before your honor:

### CHARLOTTE B, LLC Subpoena for a deposition and for documents

At the February 7 telephone conference, your Honor Ordered counsel for CHARLOTTE B to use his best efforts to arrange for the deposition to take place before February 29 and further directed that the sales/purchase orders pertaining to the defendants in this case be produced at least a week in advance. The original return date for the documents was Jan. 3 and the deposition was subpoenaed for Jan. 4.

Counsel for CHARLOTTE B scheduled the CHARLOTTE B deposition for February 21 at this office but he refused to sign a stipulation to the new date and location. Also, he has not yet turned over a single document.

### ERICSON Subpoena for depositions and documents

Our letters to Your Honor dated December 20, December 26, January 30 and February 4 address this issue. To date, none of the documents sought in this subpoena have been produced and the deposition has not been taken or scheduled. Mr. Karim Kamal, attorney for the witness, was noticed to be on the February 21 call.

PROTECTIVE ORDER in *SANEI*

On February 15, 2008, Judge McMahon overruled Sanei's counsel's objection to using the same protective order endorsed by Judge Swain in *GMA v. Eminent*, and ordered the same protective order entered in this case.

SANEI's DISCOVERY OBJECTIONS

After a meet and confer held on January 9, Sanei agreed to consider certain objections. Crystal Scott of my firm wrote to counsel for Sanei 4 times since then, and finally we wrote to Judge McMahon on February 11. A copy of our submission is annexed. Counsel did provide some additional information but stated that they would stand by objections asserted to Interrogatory 9 and 11 and Document Requests (e) and (n). We also await additional information in response to other discovery requests that SANEI withheld based on a confidentiality objections.

INTERROGATORY 9: Asks for defendant to provide the identity of those companies that made use of the CHARLOTTE mark as SANEI alleges that third party use weakens the CHARLOTTE mark. It is settled however, that there must be evidence that third party use of the mark was in the same products and extensively promoted in order for any weakening to occur. *Scarves by Vera, Inc.*, 544 F.2d 1167; *Polo Fashions, Inc. v. Extra Special Products, Inc.*, 451 F.Supp. 555, 559 (S.D.N.Y. 1978). Sanei refuses to answer this interrogatory.

INTERROGATORY 11: "Set forth the dates that you received letters from counsel for defendant". Counsel admitted on the phone that SANEI received at least one cease and desist letter from GMA's counsel. However SANEI refuses to list that letter and/or any other letter it received along with the date(s) received. This information goes to SANEI's actual notice of GMA's ownership of CHARLOTTE and to SANEI's bad faith, unclean hands and also to liability for damages.

DOCUMENT REQUEST (e): SANEI refuses to supply copies of its communications with those parties that it alleges form the basis of its tortous interference claim. SANEI alleges that GMA started the GMA v. EMINENT case, not to halt the extensive use that SOLNICKI was making of the CHARLTTE mark (hundreds of millions CHARLOTTE SOLNICKI sold all over the world and heavily advertised), but that GMA was motivated by a desire to harm RONSON's relationships with the defendants in GMA v. EMINENT.

DOCUMENT REQUEST (n): SANEI alleges that its relationships with its customers were harmed by GMA, but refuses to supply communications with its customers concerning SANEI's specific claims. This information is necessary in order to defend against what we believe to be a frivolous claim by SANEI in order to fuel its strike suit which was designed to sidetrack the court and counsel from the infringing activity by Ronson, Solnicki and others.

### SANEI's DISCOVERY COMPLAINTS

Sanei's request that GMA amplify its Rule 26(a) response to quantify its attorney's fees is premature inasmuch as initial disclosures are limited to claims in the case and the only party making any claims here is the plaintiff. As of yet, a counterclaim has not been interposed. SAnei's claim that it has not had an opportunity to view the GMA documents, is inaccurate. We invited Sanei to inspect GMA's documents in December and January and most recently have been offering Sanei copies of documents since it refuses to inspect them.

We had a lengthy meet and confer with counsel for Eminent and Sanei and itemized for them the types of documents being produced and where each category of documents was located. See e.g. Exhibits F, G, H, I and J to the letter to your Honor from Crystal Scott dated February 7, 2008. A copy of more recent emails are annexed hereto.

Respectfully,

John P. Bostany

Enclosures

cc:  Ira S. Sacks, Esq. *(via fax)*
     Robert Carillo, Esq. *(via fax)*

### John P. Bostany

| | |
|---|---|
| From: | John P. Bostany [john@bozlaw.com] |
| Sent: | Tuesday, February 19, 2008 3:10 PM |
| To: | 'Robert Grand' |
| Cc: | 'Robert C. Carrillo'; 'crystal.scott@bozlaw.com'; 'Jennifer Daddio'; 'haydee.correa@bozlaw.com' |
| Subject: | RE: GMA v. Eminent; Sanei v. GMA |

| Tracking: | Recipient | Read |
|---|---|---|
| | 'Robert Grand' | Read: 2/19/2008 3:22 PM |
| | 'Robert C. Carrillo' | Read: 2/19/2008 3:32 PM |
| | 'crystal.scott@bozlaw.com' | |
| | 'Jennifer Daddio' | Read: 2/19/2008 3:27 PM |
| | 'haydee.correa@bozlaw.com' | |

Mr. Grand

When can we pick up the CHARLOTTE B docs?
We have 3341 pages here. Please send check for .15 a page and we will copy for you. Of course you can inspect any time. As we discussed, there are the sales orders, emails, and additional advertising records kept in the ordinary course at 245 Secaucus Road in New Jersey also available to you.

Thanks

John

The Bostany Law Firm

---

From: John P. Bostany [mailto:john@bozlaw.com]
Sent: Wednesday, February 13, 2008 1:34 PM
To: 'Robert Grand'
Cc: 'Robert C. Carrillo'; 'crystal.scott@bozlaw.com'; 'Jennifer Daddio'
Subject: GMA v. Eminent

Mr. Grand

Discovery was supposed to end on Jan. 31, then we extended at your request to Feb. 29 and now to Mar. 31… Your request to postpone the inspection of documents is not prudent, given Judge Freeman's ruling that she is granting the extension to March 31 to complete depositions. If you choose not to inspect that is fine, but you cannot "postpone".

Also, please give us dates for the depositions of the Retailer Defendants during the first 2 weeks of March as Judge Freeman directed.

Please reconsider your refusal to sign the stipulation relating to the CHARLOTTE B deposition on Feb. 21. Also, please advise if we can pick up the CHARLOTTE B documents tomorrow. You advised that they may not be ready until Friday, and that's fine but please advise so that we can pick them up from you on Friday if need be.

Thanks

John

The Bostany Law Firm

2/19/2008

From: Robert Grand [mailto:rgrand@dreierllp.com]
Sent: Monday, February 11, 2008 1:05 PM
To: john@bozlaw.com
Cc: Robert C. Carrillo; crystal.scott@bozlaw.com; Ira S. Sacks; Jennifer Daddio
Subject: RE:

John,

As I said on the phone, the time (2/21/08 at 2pm) and place (your office) of the Charlotte B deposition is confirmed and there is no need for a stipulation.

As to the documents, I would ask that you copy and produce to us the responsive documents that you say you have in your offices. I understand there are approximately 2000 pages, which is roughly the same amount that has been produced by the retailer defendants to date at no charge. Similarly, I will expect that these documents will be produced to us at no charge as well.

For the moment, without waiver of any rights, we will defer an inspection of the documents in the warehouse and will also reserve our right to object to the cost of production of those documents. I understand, however, that those documents were at one time stored electronically on a computer. Is that still the case? If so, that would alleviate some of the burden in inspection/production.


Robert J. Grand
Partner

DREIER LLP

499 Park Avenue
New York, NY 10022
Office (212) 328-6100
Fax    (212) 652-3801
www.dreierllp.com

    -----Original Message-----
    From: Crystal S. A. Scott [mailto:crystal.scott@bozlaw.com]
    Sent: Monday, February 11, 2008 12:29 PM
    To: Robert Grand; 'Robert C. Carrillo'
    Cc: john@bozlaw.com
    Subject:

    I am glad that we were all able to meet and confer on this case and to address all of defense counsel's discovery questions.

    With regard to the Charlotte B, LLC deposition, please sign and return the enclosed stipulation which I believe captures the agreement we reached on the telephone.

    Crystal S. A. Scott, Esq.
    The Bostany Law Firm
    40 Wall Street, 61st Floor
    New York, New York 10005
    T: 212-530-4410
    F: 212-530-4488
    E: crystal.scott@bozlaw.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the