UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

GMA ACCESSORIES, Inc.,

       Plaintiff,

  -v-                                                    No. 07 Civ. 3219 (LTS)(DCF)

BOP, LLC, et al.,

       Defendants.

--------------------------------------------------------x

## MEMORANDUM ORDER

       Plaintiff GMA Accessories, Inc. ("GMA") brought this trademark infringement action against Defendant Jonathan Solnicki ("Solnicki") and other defendants. Defendant Solnicki moves pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure to vacate the Court's August 29, 2007, Order ("Order" or "Order of Default") granting Plaintiff's motion for default judgment as to liability and granting Plaintiff a permanent injunction, insofar as the Order grants relief against Solnicki. The Court has considered thoroughly all submissions related to this motions and, for the reasons explained below, grants Defendant Solnicki's motion to vacate the Order of Default as against him.

### DISCUSSION

Timeliness

       Plaintiff argues that Solnicki's Rule 60(b) application, which was filed less than two months after entry of the Order of Default, should be rejected on the ground that it is a proxy for an untimely appeal from what Plaintiff characterizes as the "judgment" entered by the Court. This argument is meritless, as the Court has not entered judgment against Solnicki – indeed, the Order of

Default expressly contemplates further proceedings concerning damages. As Solnicki has not failed to appeal an appealable order, and is not moving pursuant to Rule 60(b)(1) to vacate the Order of Default as a result of any alleged legal or factual error, the limitations on time to appeal are inapplicable to the current motion practice. See In re 310 Associates, 346 F.3d 31 (2d Cir. 2003) (bankruptcy court's reopening of judgment pursuant to Rule 60(b)(1) was timely where court acted within time limit to appeal). The instant application is well within the time frames established by Rule 60(c) for application for relief from orders.

Improper Service

Defendant Solnicki moves to have the Order of Default vacated as against him based on Plaintiff's improper service of process.

Federal Rule of Civil Procedure 4(e)(2)(B) permits service on an individual in a judicial district of the United States by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). According to the process server's affidavit of service, a copy of the Summons and the Amended Complaint were delivered by hand to Melina Solnicki at a Manhattan apartment specified therein. (November 7, 2007, Decl. of Andrew T. Sweeny, Ex. 1, "Affidavit of Service"). "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." Old Republic Ins. Co. v. Pacific Financial Services of America, Inc., 301 F.3d 54, 57 (2d Cir. 2002).

Defendant does not dispute the delivery of process to Melina Solnicki at the location specified in the process server's affidavit. Instead, Solnicki argues that he was never properly served because the apartment at which the process server left the copy of the Summons and Amended Complaint was not Defendant Solnicki's "dwelling or usual place of abode," as required

by Rule 4(e)(2)(B). Defendant has submitted an affidavit from Melina Solnicki, Jonathan Solnicki's sister and the individual to whom the process server gave a copy of the Summons and Amended Complaint, as well as an affidavit from Jonathan Solnicki. According to these affidavits. Melina Solnicki lives, and has lived for the past three years, at the service address. (Decl. of Melina Solnicki in Support of Motion to Vacate, ("Melina Decl."), ¶ 10); (Decl. of Jonathan Solnicki, ("Jonathan Decl."), ¶ 6). Although Jonathan Solnicki leased the apartment for Melina Solnicki due to her difficulty in renting an apartment as a non-citizen, he does not now live, nor has he ever lived in the apartment. (Jonathan Decl. ¶ 6.) Jonathan Solnicki lives, and has lived since 2004, in Buenos Aires, Argentina. (Jonathan Decl. ¶ 3.)

Plaintiff proffers no evidence to controvert these affidavits and makes no response whatsoever to Defendant's argument that the location at which process server left copies of the Summons and Amended Complaint was not Defendant Solnicki's dwelling or usual abode. Instead, Plaintiff argues that service on Defendant Solnicki was sufficient because a copy of the summons and complaint was delivered "upon his sister and partner." (Pl.'s Opp., p. 3.) However, Solnicki is named as a defendant in his individual capacity.[1] Even if the law governing partnership did apply, however, Plaintiff's argument would be unavailing because, "[i]f valid service is effected on one partner within the state, personal jurisdiction over the partnership is achieved." First American Corp. v. Price Waterhouse LLP, 154 F.3d 19 (2d Cir. 1998) (emphasis added). Proper service on the partnership, however, "does not effect service over . . . the individual defendants."

---

[1] Furthermore, Solnicki has proffered evidence that Charlotte B, LLC, the business that Defendant Solnicki formed with his two sisters and which is responsible for designing and manufacturing clothing and accessories with the CHARLOTTE SOLNICKI mark, is a limited liability company rather than a partnership. (Melina Decl. ¶ 5.)

Cooper v. Lubell, No. 83 Civ. 2506, 1987 WL 14468, at *2 (S.D.N.Y. 1987) (emphasis added). An individual partner must be served in order to be held liable in his individual capacity. Id. Plaintiff has sued Jonathan Solnicki in his individual capacity and has never named Charlotte B, LLC as a defendant. (See Complaint, filed April 20, 2007; Amended Complaint, filed May 10, 2007; Second Amended Complaint, filed September 26, 2007.) Therefore, Plaintiff is obligated to effect service of process on Jonathan Solnicki as an individual.

Plaintiff also asserts that service should be found valid here because Defendant Solnicki had actual notice of the action. Plaintiff has submitted copies of correspondence suggesting that Defendant Solnicki was aware of the suit as early as June, 2007. (See Decl. of Andrew Sweeny ("Sweeny Decl."), Ex. 12, June 2007 letter from Jonathan Solnicki.) The Second Circuit has rejected the argument that "actual notice" is sufficient to cure an improper service, National Development Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991), but has held that where the Defendant "had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005).[2] Defendant Solnicki has not delayed in bringing this motion, and he has in any event proffered sufficient unrebutted evidence to establish that the purported service was improper.

Valid service of process is a prerequisite to a court's exercise of personal jurisdiction over defendants. Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987). Where service on the defendant has not been effected properly, a default is void for lack of

---

[2] In Burda, the Defendant moved to vacate a default judgment that had been entered against him three years earlier and it was undisputed that he had known of the default judgment for at least two years prior to making his motion to vacate the judgment. Burda, 417 F.3d at 297.

personal jurisdiction. Sartor v. Toussaint, 70 Fed. Appx. 11, 13 (2d Cir. 2002). While a motion to vacate a default is normally committed to the sound discretion of the trial judge, when the default is void, "the Court has no discretion and is compelled to grant the motion for the reason that a void judgment cannot be enforced." Sartor v. Toussaint, 70 Fed. Appx. 11, 13 (2d Cir. 2002). The Court's Order of Default must be vacated as against Defendant Solnicki for this reason. Due to Plaintiff's failure to effect service of process properly on him, the Court lacked jurisdiction over Defendant Solnicki at the time it issued the August 29, 2007, Order. The Court will vacate the August 29, 2007, Order to the extent it pertains to Defendant Solnicki.[3]

## CONCLUSION

For the foregoing reasons, the Court grants Defendant Solnicki's motion to vacate the Court's August 29, 2007, Order insofar as it relates to him (Docket Entry No. 94). Plaintiff is directed to effect service of the summons and complaint on Defendant Solnicki no later than May 31, 2008.

Dated: New York, New York
      March 20, 2008

LAURA TAYLOR SWAIN
United States District Judge

---

[3] The August 29, 2007, Order of Default also granted Plaintiff's motions for default against Defendants Girlshop, Inc. and Showroom Seven Studios, Inc. Nothing in this Memorandum Order granting Solnicki's motion to vacate the August 29, 2007, Order as to himself is affects the relief the Court granted as against Defendants Girlshop, Inc. and Showroom Seven Studios, Inc. in the August 29, 2007, Order.