UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GMA ACCESSORIES, INC.

                        Plaintiff,

          - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                     Defendants.
-----------------------------------------------------------X

**DECLARATION IN SUPPORT OF FINDING BOP AND SANEI CHARLOTTE RONSON IN CONTEMPT OF COURT ORDERS**

Civil Action No.:  07CV3219 (LTS)

CRYSTAL S. A. SCOTT, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. On October 18, the Court entered an Order and Judgment as to BOP, LLC, pursuant to Rule 68.   The Order and Judgment contained an injunction "permanently enjoining BOP from using the 'mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI, in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of unauthorized clothing or related merchandise'".  A copy of the Order and Judgment is annexed as **Exhibit A.**

2.  On October 19, BOP filed a motion to withdraw or vacate arguing that it had not intended the injunction that it offered to preclude the use of "all marks with the word "CHARLOTTE" in them, such as the mark used on CHARLOTTE RONSON clothing". See page 3 of December 20 Memorandum Order. The December 20 Memorandum Order is annexed here as **Exhibit B**.

3.  The Court's thorough opinion carefully details the reasons why the injunction would not be vacated or modified, i.e. "CHARLOTTE SOLNICKI is listed as a single example of a much broader category: those marks that are 'similar or substantially indistinguishable' from the mark CHARLOTTE". See page 8 of the Order.

4.  Despite the Court's Orders, BOP has continued to infringe upon the Charlotte mark. A visit to BOP's website, www.shopbop.com, illustrates that BOP is still selling CHARLOTTE goods under the name CHARLOTTE RONSON in violation of their own offer of judgment and the Court's Orders. Evidence of BOP's continued use is annexed here as **Exhibit C**.

5.  The supplier of these goods, SANEI CHARLOTTE RONSON (hereinafter "SANEI") is complicit by not only supplying goods to a party they have actual notice is permanently enjoined from using the mark, but by advertising on their own website instructions on locating the goods on BOP's site. Evidence of SANEI CHARLOTTE RONSON'S advertisement is annexed here as **Exhibit D**.[1]

6.  For the reasons contained in the accompanying Memorandum of Law, it is respectfully requested that an Order of Contempt be issued against both BOP and

_____

[1] SANEI is represented by Dreier LLP, which was ECF'd the December 20 Order. See Footnote #1 to the December 20 Order.

SANEI and that such Order provide for penalties for each day that the infringing goods are supplied, advertised, and sold.

This motion is brought by the quicker method of Order to Show Cause because GMA's rights are today being compromised, disregarded, and denigrated and will continue to be deprived of justice each day that BOP remains in contempt.

Dated: New York, New York
       March 26, 2008

Respectfully Submitted,

By: _____
    CRYSTAL S. A. SCOTT (CS-5615)