UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

  - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                Defendants.
-------------------------------------------------------X

Civil Action No.: 07CV3219 (LTS)

## MEMORANDUM OF LAW IN SUPPORT OF
## GMA's ORDER TO SHOW CAUSE FOR BOP AND SANEI'S CONTEMPT

### BACKGROUND

BOP, LLC ("BOP") was sued for infringement upon the trademark CHARLOTTE. The Court granted an injunction under Rule 68, permanently enjoining BOP from using any mark similar to or substantially indistinguishable from GMA's "CHARLOTTE" mark. BOP continues to sell goods in contempt of the injunction. Supplier, SANEI CHARLOTTE RONSON, LLC ("SANEI") continues to supply such goods to the infringer as well as advertise their availability at BOP, and is, therefore, also in contempt.

## FACTS

For a comprehensive statement of the facts pertinent to this matter, the Court is respectfully referred to the accompanying Declaration of Crystal S. A. Scott and the Court's December 20 Memorandum Order.

## ARGUMENT

### BOP IS IN CONTEMPT FOR VIOLATING THE OCTOBER 18 INJUNCTION

The terms provided by the injunction are plain: See October 18 Judgment and Order, Exhibit A to the Declaration of Crystal S. A. Scott.  Approximately 2 months following the Judgment and Order, when BOP specifically requested a ruling that the injunction did not apply to CHARLOTTE RONSON goods, the Court carefully observed that BOP "proffered CHARLOTTE SOLNICKI, a two-word term with CHARLOTTE as the first word in the term, as an example of 'any marks similar to or substantially indistinguable' from the term CHARLOTTE".  See page 6 of the December 20 Order, annexed as Exhibit B to the Scott Declaration.  Thus, the Court denied BOP's motion, upheld the injunction, and further explained, "CHARLOTTE SOLNICKI is listed as a single example of a much broader category: those marks that are 'similar or substantially indistinguishable' from the mark CHARLOTTE".  See page 8 of the December 20 Order, annexed as Exhibit B to the Scott Declaration.

BOP elected, however, to violate the Court's Order and act as if it did not have any force.  "A party who violates an injunction entered by the district court faces the threat of both civil and criminal contempt." Paramedics Electromedicina Comercial, Ltda v. GE Medical

Systems Information Technologies, Inc., 369 F.3d 645, 657 (2d Cir. 2004).  In the present case, BOP is blatantly acting in violation of the court ordered injunction by continuing to utilize its website to sell products bearing the mark, in whole or in part, CHARLOTTE RONSON when the Court already denied BOP's request for CHARLOTTE RONSON goods to be exempted from the injunction.  See Exhibit C to the Scott Declaration.

BOP should be held in civil contempt, and appropriate sanctions and fines should be issued against them.  GMA submits that any sanctions award should include an award of compensatory damages to GMA, including disgorgement of all net profits unjustly realized by defendants through pursuit of their scheme to infringe.

The Second Circuit Court of Appeals has specifically authorized such relief under similar circumstances.  See Manhattan Industries v. Sweater Bee by Banff, Ltd., 885 F.2d 1, 6 (2d Cir.), cert. denied, 494 U.S. 1029 (1990).  In Sweater Bee, the Second Circuit considered whether to award compensatory sanctions against a clothing manufacturer for violating a consent judgment governing the use of a trademark.  In its decision, the Second Circuit found that compensatory relief in a civil contempt action includes "profits derived from the contemnor from [the] violation of a court order" as an "equivalent or substitute for legal damages."  Sweater Bee, 885 F.2d at 6.

Accordingly, the Second Circuit held that the plaintiff was "entitled to those profits derived by [the contemnor] from the unlawful sales of [the complainant's] merchandise."  Id. at 7.  See King v. Alled Vision, Ltd., 155 F.R.D. 440 (S.D.N.Y. 1994) (Stephen King awarded unlawful profits earned by contemnor in the unauthorized use of King's name).  Further, under the theory of unjust enrichment, a contempt plaintiff is entitled to defendant's profits

without submitting direct proof of injury, much less proof that any such injury "approximated in amount the defendant's profits" See Monsanto Chem. Co. v. Perfect Fit Products Mfg. Co., 349 F.2d 389, 395(2d Cir. 1965), cert. denied, 383 U.S. 942 (1966).

### SANEI IS IN CONTEMPT FOR SUPPLYING MERCHANDISE TO BOP AND ADVERTISING BOP's SALE OF MERCHANDISE IT IS FULLY AWARE BOP IS ENJOINED FROM SELLING

"Rule 65(d) of the Federal Rules of Civil Procedure provides: every order granting an injunction . . . is binding only upon the parties to the action . . . and upon those persons in *active concert* or participation with them who receive actual notice of the order by personal service or otherwise" (emphasis added for effect). See People of the State of New York v. Operation Rescue Nat., 80 F.3d 64, 70 (2d Cir. 1996).

SANEI cannot deny that it had notice of the injunction enjoining BOP from the use of CHARLOTTE. See Footnote #1 to the December 20 Order, where SANEI's lawyer, Dreier LLP, is notified.

Our highest Court has held that a supplier is equally responsible for the counterfeiting of others if those other parties obtain the counterfeit goods from it. See Inwood Laboratories v. Ives, 456 U.S. 844, 854 (1982). (If a supplier "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result"); People of the State of New York v. Operation Rescue Nat., F.3d 64, 70 (2d Cir. 1996) (It is well settled that one who "abet[s] the [party named in the order]" is itself in contempt.)

SANEI is not only supplying the goods to BOP, but SANEI is blatantly posting shopbop.com (BOP's website) on the SANEI website as a place where the goods are available. See Exhibit D to Scott Declaration.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that an Order of Contempt be issued against both BOP and SANEI and that such Order provide for civil contempt damages and for penalties for each day that the infringing goods are supplied, advertised, and sold.

Dated: New York, New York
       March 26, 2008

                                        Respectfully submitted,

                                        THE BOSTANY LAW FIRM
                                        Attorneys for Plaintiff

                                        By: *[signature]*
                                        Crystal S. A. Scott (5615)
                                        40 Wall Street, 61st Floor
                                        New York, New York
                                        (212) 530-4400