# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4486

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

April 4, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
APR 0 7 2008

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *GMA v. Eminent, Inc., et. al*
           Docket No.: 07 CV 3219 (LTS) (DF)

**MEMO ENDORSED**

Your Honor:

    Please accept this letter submission in reply to the Dreier letter dated April 3 and in support of a request by GMA for a minor revision to this Court's March 20, 2008 Memorandum Order.

    The April 3 letter does not object to our April 2 request for electronic service but it seeks to deny the allegation contained in plaintiff's 3d Amended Complaint concerning the legal form of CHARLOTTE SOLNICKI. It is respectfully submitted that the facts surrounding whether or not CHARLOTTE SOLNICKI is itself a partnership owned by 3 siblings selling CHARLOTTE SOLNICKI merchandise *or* is a brand owned by CHARLOTTE B, LLC, are yet to be developed.[1] Pursuant to my March 25 letter to your Honor, we have pled alternative allegations in this regard and we believe that discovery will soon resolve the question.

    I respectfully ask that the April 2 application for electronic service be granted. We recognize that if the Court grants this request it is making no finding at this time on the partnership allegation. The April 2 letter along with a copy of the Amended Complaint was delivered by hand upon the Dreier firm on April 2 and not by email as indicated on the letter. A copy of the proof of delivery is attached.

---

[1] CHARLOTTE SOLNICKI merchandise enjoyed substantial sales success and has stores in 5 separate countries with millions of dollars of sales that we know about, yet CHARLOTTE B, LLC claims not to be able to afford a lawyer. CHARLOTTE B, LLC appears nowhere on the sales documents we have received from the retailers in this case and is not a documented owner of CHARLOTTE SOLNICKI as far was we can tell.

1

In addition, it is respectfully asked that fn1 of this Court's March 20, 2008 Order be modified only to the extent of dropping the words "and which" from the sentence. The footnote would then read: "Furthermore, Solnicki has proffered evidence that CHARLOTTE B, LLC, the business that Defendant Solnicki formed with his two sisters, is responsible for designing and manufacturing clothing and accessories with the CHARLOTTE SOLNICKI mark, and is a limited liability company rather than a partnership."

*[handwritten margin note: modification request granted. LTS 4/7/08]*

I thank the Court for its consideration in this regard and although this requested modification seems trivial it is important so that it does not appear that the Court already determined the question of ownership of the CHARLOTTE SOLNICKI brand which we anticipate discovery will soon resolve.

Respectfully,

John P. Bostany

*[handwritten: The foregoing modification request is granted. The issue of alternate service methodology is before Judge Freeman.]*

Enclosure
cc:    Ira Sacks, Esq.

SO ORDERED.

LAURA TAYLOR SWAIN  4/7/08
UNITED STATES DISTRICT JUDGE

2

**SuperHot** Messenger Service, Inc.
67 Vestry Street, New York, NY 10013 • (212)431-1963

Delivery Date: _____
Driver ID#: HH

From: John Bostony
40 Wall St (61Fl)

To: Dolce LLP
499 Park Ave

Waiting Time: _____ minutes
Waiting Time: _____ minutes

Shipment was received in good order.
Signature/Print: BC Joseph

Floor/Rm #: 18
Delivery Time: 6:40P

Special Instructions: _____

Description: _____ Envelope _____ Carton(s) _____ Skid(s) _____ Rush _____ Round Trip