UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
GMA ACCESSORIES, INC.,                                         :
                                                               :
                        Plaintiff,                             :
                                                               :
        v.                                                     :
                                                               :
CHARLOTTE SOLNICKI, CHARLOTTE B, LLC,                          :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                        :
INTERMIX, INC., WINK NYC, INC.,                                :    07 CV 3219 (LTS)(DCF)
LISA KLINE, INC., GIRLSHOP, INC.,                              :
SHOWROOM SEVEN STUDIOS, INC.,                                  :
ELECTRIC WONDERLAND, INC.,                                     :
SHOWROOM SEVEN INT'L,                                          :
SHOWROOM SEVEN, JONATHAN SINGER,                               :
GOSI ENTERPRISES, LTD., LEWIS TIERNEY,                         :
TIERNEY DIRECT LLC and                                         :
JONATHAN SOLNICKI,                                             :
                                                               :
                        Defendants.                            :
                                                               :
-------------------------------------------------------------- x

# MEMORANDUM OF LAW OF SANEI CHARLOTTE RONSON LLC IN SUPPORT OF MOTION TO SEVER AND STAY PLAINTIFF'S MOTION FOR CONTEMPT

Ira S. Sacks
Mary L. Grieco
Safia A. Anand
Dreier LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100

Lisa T. Simpson
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5100
*Attorneys for Sanei Charlotte Ronson LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

MEMORANDUM OF LAW OF SANEI CHARLOTTE RONSON LLC IN SUPPORT OF MOTION TO SEVER AND STAY PLAINTIFF'S MOTION FOR CONTEMPT ... 1

BACKGROUND FACTS .......................................................................................................... 2

THE CHARLOTTE RONSON MARKS AND THE TTAB OPPOSITION .......................... 2

THE *EMINENT* CASE AND THE BOP Injunction ............................................................... 3

THE *SANEI* CASE .................................................................................................................... 4

I.   THE STANDARD FOR SEVERANCE AND A STAY ............................................... 5

II.  RONSON WILL BE PREJUDICED IF THE CONTEMPT MOTION IS NOT SEVERED AND STAYED ........................................................................................... 6

   A.   The Risk of Collateral Estoppel ............................................................................. 7

   B.   Ronson Will Not Have a Full And Fair Opportunity To Litigate in the Contempt Proceeding ............................................................................................. 9

   C.   The Overlap of Issues Will Prejudice Ronson ..................................................... 11

   D.   The Issues Actually Litigated With Respect to BOP May Not Be Necessary To a Determination As to Ronson ............................................................................... 12

III. GMA WILL NOT BE PREJUDICED BY SEVERANCE AND A STAY ................. 12

IV.  JUDICIAL RESOURCES WILL BE CONSERVED BY SEVERANCE AND A STAY ............................................................................................................................ 13

CONCLUSION ......................................................................................................................... 14

**TABLE OF AUTHORITIES**

**FEDERAL CASES**                                                                                                     **PAGE**

*Aerotel, Ltd. v. IDT Corp.*,
  2003 WL 23100263 (S.D.N.Y. Dec. 30, 2003) ................................................................... 13

*Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*,
  914 F. Supp. 951 (W.D.N.Y. 1996) ............................................................................... 6, 13

*Central Hudson Gas & Electric Corp. v. Empresa Naviera Santa S.A.*,
  56 F.3d 359 (2d Cir. 1995) ............................................................................................ 8, 12

*Cestone v. General Cigar Holdings, Inc.*,
  2002 WL 424654 (S.D.N.Y. Mar. 18, 2002) ................................................................. 5, 10

*In re E.I. du Pont de Nemours & Co.*,
  476 F.2d 1357 (C.C.P.A. 1973) ........................................................................................ 11

*E.I. du Pont De Nemours & Co. v. Fine Arts Reproduction Co., Inc.*,
  1995 WL 312505 (S.D.N.Y. May 22, 1995) ..................................................................... 5

*Gelb v. Royal Globe Insurance Co.*,
  798 F.2d 38 (2d. Cir. 1986) ............................................................................................... 8

*Han Beauty, Inc. v. Alberto-Culver Co.*,
  236 F.3d 1333, 57 U.S.P.Q. 2d 1557 (Fed. Cir. 2001) .................................................... 11

*Herbko International v. Kappa Books, Inc.*,
  308 F.3d 1156, 64 U.S.P.Q. 2d 1375 (Fed. Cir. 2002) .................................................... 11

*Jim Beam Brands Co. v. Beamish & Crawford Ltd.*,
  937 F.2d 279 (2d Cir. 1991) ............................................................................................. 11

*Kosakow v. New Rochelle Radiology Associate*,
  274 F.3d 706 (2d Cir. 2001) ............................................................................................... 9

*Landis v. North America Co.*,
  299 U.S. 248 (1936) ........................................................................................................... 6

*Levy v. Kosher Overseers Associate of Amer., Inc.*,
  104 F.3d 38 (2d Cir. 1997) ........................................................................................... 5, 11

*Novartis Corp. v. Dr. Reddy's Laboratories, LTD.*,
  2004 WL 2368007 (S.D.N.Y. Oct. 21, 2004) ................................................................ 6, 13

*Polaroid Corp. v. Polarad Electrics Corp.*,
   287 F.2d 492 (2d Cir.), *cert. denied*, 368 U.S. 820 (1961) ................................................. 5, 11

*State of New York v. Blank*,
   1991 WL 208883 (N.D.N.Y. Oct. 10, 1991) ..................................................................... 9, 13

*Stone & Webster Management Consultants, Inc. v. Travelers Indemnity Co.*,
   1996 WL 539840 (S.D.N.Y. Sept. 24, 1996) ..................................................................... 9, 13

*The Irish Lesbian and Gay Organization v. Giuliani*,
   143 F.3d 638 (2d Cir. 1998) ............................................................................................... 8, 12

*The Orange Chicken, L.L.C. v. Nambe Mills, Inc.*,
   2000 WL 1858556 (S.D.N.Y. Dec. 19, 2000) ......................................................................... 13

*Totaltape v. National Associate of State Boards Of Accountancy et al.*,
   1987 WL 7736 (S.D.N.Y. Mar. 4, 1987) .................................................................................. 5

*Trade Arbed, Inc. v. M/V KANDALAKSHA*,
   2003 WL 22097460 (S.D.N.Y. 2003) ..................................................................................... 12

*Wella Corp. v. Wella Graphics, Inc.*,
   37 F.3d 46 (2d Cir. 1994) ........................................................................................................ 7

*Wella Corp. v. Wella Graphics, Inc.*,
   874 F. Supp. 54 (E.D.N.Y. 1994) ........................................................................................... 10

*Yeiser v. GMAC Mortgage Corp.*,
   2008 WL 426107 (S.D.N.Y. Feb. 13, 2008) ............................................................................. 7

**STATE CASES**                                                                                                          **PAGE**

*Ryan v. N.Y. Telegraph Co.*,
   62 N.Y.2d 494, 478 N.Y.S.2d 823 (1984) ................................................................................ 7

### MEMORANDUM OF LAW OF SANEI CHARLOTTE RONSON LLC IN SUPPORT OF MOTION TO SEVER AND STAY PLAINTIFF'S MOTION FOR CONTEMPT

Sanei Charlotte Ronson LLC ("Ronson") respectfully submits this memorandum of law in support of its motion to sever and stay GMA Accessories, Inc.'s ("GMA") motion (the "Motion") for contempt against Ronson from GMA's motion for contempt against BOP LLC ("BOP"). GMA's contempt Motion is a blatant attempt by GMA to circumvent an entire litigation between Ronson and GMA, which is currently pending in the Southern District of New York before Judge Sweet, *Sanei Charlotte Ronson LLC v. GMA Accessories, Inc.*, 07 Civ. 9578 (RS)(DCF) (the "*Sanei* Case").

It is within the sound discretion of this Court to sever and stay the contempt Motion against Ronson from the Motion against BOP. Ronson may be seriously prejudiced if GMA's Motion for contempt against Ronson is not severed and stayed. If the contempt proceeding goes forward against Ronson, issues central to Ronson's litigation against GMA may be determined and Ronson may be collaterally estopped from raising those issues in the *Sanei* Case (and a related TTAB Opposition, as defined below). That is unfair to Ronson in light of the truncated nature of a contempt proceeding. On the other hand, GMA will not be prejudiced at all from severance and a stay. If GMA prevails on its Motion against BOP, it immediately will obtain full injunctive relief; and if GMA does not prevail on its Motion against BOP, the contempt claim against Ronson would be moot. As a result, the Motion against Ronson should be severed and stayed.

## BACKGROUND FACTS

## THE CHARLOTTE RONSON MARKS AND THE TTAB OPPOSITION

Charlotte Ronson ("Ms. Ronson") is a well-known fashion designer who uses her name, CHARLOTTE RONSON, as a trademark for her clothing line. That clothing line was originally sold by C. Ronson, Inc., and is now being sold by Ronson. In September 1999, Ms. Ronson began selling her original clothing designs using the mark C. RONSON. In May 2002, Ms. Ronson opened a clothing boutique in downtown New York City known as C. RONSON, and in 2005, C. Ronson, Inc. began to use Ms. Ronson's full name, CHARLOTTE RONSON, as a trademark. Ronson began to use CHARLOTTE RONSON as a trademark in 2006. *See* Declaration of Charlotte Ronson, dated April 10, 2008, ¶¶ 1-2 (the "Ronson Decl.").

On October 8, 2004, C. Ronson, Inc. applied for the mark CHARLOTTE RONSON in class 25 for use on clothing, namely, tops, pants, skirts, dresses, hats, caps, jackets, coats, headwear, underwear, sleepwear, and footwear, Serial No. 78/507,236. *See* Declaration of Mary L. Grieco, dated April 11, 2008, ¶ 4 (the "Grieco Decl."). On October 11, 2005, C. Ronson, Inc. applied for the mark CHARLOTTE RONSON in class 14 for use on jewelry, namely, necklaces, bracelets, earrings, rings, pins, and watches, Serial No. 78/507,242. Grieco Decl., ¶ 5. On October 28, 2004, C. Ronson, Inc. applied for the mark CHARLOTTE RONSON in class 18 for use on handbags, wallets, luggage, backpacks, travel bags, and cosmetic cases sold empty, Serial No. 78/507,248.[1] GMA opposed these applications based on its federal registrations.[2] *See*

---

[1] The CHARLOTTE RONSON Marks were assigned to Ronson and the assignments were properly recorded with the USPTO on April 14, 2006.

[2] The opposition is baseless. It is very common in the fashion industry for designers to have the same first or last names as other designers as trademarks. For instance, Christian Dior, Christian Lacroix and Christian Louboutin are all names that are used in the fashion industry as trademarks, as are Tommy Hilfiger and Tommy Bahama. In addition, the marks Ralph Lauren, Sage Lauren, Dena Lauren, and Lauren Scott also coexist in the fashion marketplace, as do Giorgio Armani, Giorgio Kauten, Giorgio Ferraro and Giorgio Bissoni, as well as Rebecca

2

Grieco Decl., ¶ 6. The three oppositions, the earliest of which began on October 31, 2005, have all been consolidated under Opposition No. 91167353 (the "Opposition") before the Trademark Trial and Appeal Board (the "TTAB"). *See* Grieco Decl., ¶ 7. The Opposition has been suspended pending the outcome of the *Sanei* Case. *See* Grieco Decl., ¶ 8.

**THE *EMINENT* CASE AND THE BOP Injunction**

In April 2007, GMA sued BOP, Girlshop LLC, Showroom Seven Studios Inc, Jonathan Solnicki, Belmondo, and Eminent, Inc., entitled *GMA Accessories v. Eminent et al.*, 07 CV 3219 (LTS) (DCF) (the "*Eminent* Case"), alleging that the sale of merchandise using the marks CHARLOTTE and/or CHARLOTTE SOLNICKI infringed upon GMA's federal CHARLOTTE registrations. The CHARLOTTE RONSON trademark is not mentioned in any of the *Eminent* complaints or amended complaints, including the third amended complaint, filed on April 2, 2008. *See Eminent* Case Docket Nos. 1, 9, 71 and 164.

BOP made an offer of judgment pursuant to Rule 68 in the *Eminent* Case, which was accepted by GMA. As a result, in an order dated October 18, 2007, BOP was permanently enjoined from "using the mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI" (the "Injunction"). *See Eminent* Case Docket No. 79. The Injunction did not mention the CHARLOTTE RONSON mark.

BOP moved to withdraw, vacate or modify its offer of judgment and/or the Injunction. Treating that as a motion to vacate the Injunction under Rule 60, in an order dated December 20,

---

Beeson and Rebecca Taylor. Similarly, Calvin Klein and Anne Klein both use the same last name as part of their respective trademarks, as do Emilio Pucci, Emilio Franco, Y Emilio Yuste and E Emilio Sacci. Moreover, Cynthia Steffe, Cynthia Rowley, Cynthia Vincent and Cynthia Max are famous designers that share the same first name with a number of other designers that use the name Cynthia with another word. Moreover, designers such as Brian Reyes coexist in the fashion marketplace with Reyes. Numerous other fashion designers have the same first or last names. *See* Grieco Decl., ¶ 9, Ex. A; Ronson Decl., ¶ 6.

2007 (the "Order"), Judge Swain denied BOP's motion in all respects.  *See Eminent* Case Docket No. 129.  In so doing, Judge Swain did **not** find that CHARLOTTE RONSON branded merchandise was within the scope of the Injunction.  Rather, Judge Swain held that (i) there was no basis for vacating the Injunction because of mistake, inadvertence or excusable neglect (Order at 5); (ii) the Injunction was unambiguous and that even if there was some ambiguity, it should be construed against BOP as the Rule 68 offeror (Order at 6-8); and (iii) mutual assent was present and the Court would not inquire into BOP's intentions in making the offer (Order at 8).  Ronson was never served with the Injunction or the Order.[3]  *See* Ronson Decl., ¶ 4.

**THE *SANEI* CASE**

On October 26, 2007, in response to GMA's threats against Ronson and several of Ronson's customers, Ronson brought the *Sanei* Case.  *See* Complaint, *Sanei* Case Docket No. 1.  In the *Sanei* Case, Ronson seeks a declaration of non-infringement; to cancel GMA's trademark registrations for its CHARLOTTE and CHARLOTTE & FRIENDS Marks based on fraud and trademark misuse; and asserts claims for tortious interference with prospective business relations and common law unfair competition.  *See* Amended Complaint, *Sanei* Case Docket No. 18.  GMA has alleged counterclaims for infringement against Ronson, and has sought and received permission to add Ronson's retailer customers as counterclaim defendants.  *See* GMA Counterclaim, *Sanei* Case Docket No. 27; Grieco Decl. ¶ 27.  One of the primary issues that will be litigated in the *Sanei* Case is whether, under application of the *Polaroid* factors, CHARLOTTE RONSON branded merchandise infringes GMA's CHARLOTTE and

---

[3] Service of the Injunction and Order on Dreier LLP, counsel for the retailer defendants in the *Eminent* case, does not constitute service on Ronson simply because Dreier also represents Ronson in a separate litigations.  Ronson is not a party in the *Eminent* case, and GMA's service on Dreier cannot constitute service of every client in the entire Dreier law firm.  GMA's counsel was well aware of how to locate Ronson if it deemed it necessary to serve the Injunction or Order on Ronson, which it apparently did not.

CHARLOTTE & FRIENDS marks.[4] And part of that *Polaroid* analysis is the degree of similarity between the CHARLOTTE RONSON and CHARLOTTE and CHARLOTTE & FRIENDS Marks.

The *Sanei* Case was originally assigned to Judge McMahon, who later recused herself based on GMA's proposed addition of certain retailers as counterclaim defendants. GMA then attempted to have the *Sanei* Case assigned to Judge Swain as related to the *Eminent* Case; that request was rejected by Judge Swain and the *Sanei* Case has been assigned to Judge Sweet as an unrelated case. *See Sanei* Case Docket Nos. 23-25.

## I. THE STANDARD FOR SEVERANCE AND A STAY

Severance is proper where it would "serve the ends of justice and further the prompt and efficient disposition of the litigation." *See E.I. du Pont De Nemours & Co. v. Fine Arts Reproduction Co., Inc.*, 1995 WL 312505, at *2 (S.D.N.Y. May 22, 1995) (quoting *Totaltape v. Nat'l Assoc. of State Bds. Of Accountancy et al.*, 1987 WL 7736, at *9 (S.D.N.Y. Mar. 4, 1987)); *Cestone v. General Cigar Holdings, Inc.*, 2002 WL 424654, at *2 (S.D.N.Y. Mar. 18, 2002) (a court has broad discretion in deciding whether to sever). In making that assessment, a court properly may consider whether "judicial economy would be facilitated" and "whether prejudice would be avoided if severance were granted." *See Cestone,* 2002 WL 424654 at *2 (quoting *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)).

---

[4] The eight *Polaroid* factors to determine likelihood of confusion as to source are (1) strength of the plaintiff's mark, (2) the degree of similarity between the plaintiff's and the defendant's marks; (3) the proximity of the products, (4) the likelihood that the plaintiff will "bridge the gap" between the two products, (5) actual confusion between the two marks, (6) the defendant's good faith in adopting its marks, (7) the quality of the defendant's product(s), and (8) the sophistication of buyers of the plaintiff's and defendant's goods or services. *See Levy v. Kosher Overseers Assoc. of Amer., Inc.*, 104 F.3d 38, 42 (2d Cir. 1997) (citing to *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.), *cert. denied*, 368 U.S. 820 (1961)).

Similarly, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Novartis Corp. v. Dr. Reddy's Laboratories, LTD.*, 2004 WL 2368007, at *3 (S.D.N.Y. Oct. 21, 2004) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). A court's decision to stay a proceeding lies within its sound discretion. *See Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*, 914 F.Supp. 951, 953 (W.D.N.Y. 1996).

Judicial discretion should be exercised here to sever and stay GMA's Motion against Ronson until resolution of the *Sanei* Case. First, if the Motion against Ronson is not severed and stayed, Ronson may be severely prejudiced in the *Sanei* Case and the TTAB Opposition by the potential collateral estoppel effects of any determination on the contempt Motion. Secondly, GMA will not be prejudiced by the severance and stay because it can achieve full relief against BOP. Finally, severing and staying the contempt proceedings "would simplify the issues before this Court and would promote judicial economy." *Novartis,* 2004 WL 2368007, at *3.

## II. RONSON WILL BE PREJUDICED IF THE CONTEMPT MOTION IS NOT SEVERED AND STAYED

The contempt motion should be severed and stayed as to Ronson. Ronson may be severely prejudiced in the *Sanei* Case – and the TTAB Opposition – if it is forced to litigate the Motion in a truncated contempt hearing prior to the conclusion of the *Sanei* Case. A primary issue that will be litigated in the *Sanei* Case is whether, under application of the *Polaroid* factors, CHARLOTTE RONSON branded merchandise infringes GMA's CHARLOTTE and CHARLOTTE & FRIENDS Marks. And part of that analysis is the degree of similarity between the CHARLOTTE RONSON and CHARLOTTE and CHARLOTTE & FRIENDS marks.

6

Similarly, a primary issue presented by GMA's Motion is whether the language of the Injunction encompasses BOP's use of the CHARLOTTE RONSON mark. The Injunction enjoins BOP from "using the mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI." *See Eminent* Case Docket No. 79. The issue of whether the CHARLOTTE RONSON mark is similar to or substantially indistinguishable from the CHARLOTTE mark thus will be hotly contested in any contempt proceeding.[5] Indeed, GMA and/or BOP may also argue – incorrectly in Ronson's view[6] – that a full *Polaroid* hearing should be held in connection with the contempt Motion. Thus, Ronson will be forced to litigate one (or more) of the key issues in the *Sanei* Case in a truncated contempt hearing, without the benefit of full discovery, in a case in which Ronson is not a party, and with a co-defendant that has different defenses and motivations than Ronson.

### A.     The Risk of Collateral Estoppel

As this court is aware, collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Yeiser v. GMAC Mortgage Corp.*, 2008 WL 426107, at *8 (S.D.N.Y. Feb. 13, 2008) (citing *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823 (1984)). Four elements must be met for collateral estoppel to apply: (1) the issues of both proceedings must be identical,

---

[5] *See* Ronson's Memorandum of Law in Opposition to GMA's Motion for Contempt, dated April 11, 2008 (the "Ronson Mem."), at 13-15, which demonstrates that CHARLOTTE RONSON is not similar to or substantially indistinguishable from CHARLOTTE.

[6] In similar situations, courts have held that the inquiry is to "simply evaluate whether or not the new mark is confusingly similar to the protected mark" and it is <u>not necessary</u> to use the *Polaroid* factors to evaluate whether the mark is similar to or substantially indistinguishable from a protected mark. *See Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2d Cir. 1994) (when enforcing injunctions that enjoin use of any mark confusingly similar to a protected mark, a *Polaroid* analysis should not be employed and the Court should simply determine whether the marks are confusingly similar on their face).

(2) the relevant issues must have been actually litigated and decided in the prior proceeding, (3) there must have been "full and fair opportunity" for the litigation of the issues in the prior proceeding, and (4) the issues decided must have been necessary to support a valid and final judgment on the merits in the prior proceeding. *See Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) (citing *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d. Cir. 1986); *The Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638, 646 (2d Cir. 1998) (citing *Central Hudson*, 56 F.3d at 368).

Ronson does not believe that collateral estoppel should arise against it from any determination in the contempt proceedings. But unless GMA concedes that collateral estoppel does not apply against Ronson, the threat of collateral estoppel is very real and the effect severe. GMA may argue that all of the elements of collateral estoppel are present if the contempt proceeding continues against Ronson. Ronson is a "party" to GMA's Motion, and is a party in the *Sanei* Case and the TTAB Opposition. In addition, the similarity of the CHARLOTTE RONSON mark to the CHARLOTTE mark is one of the issues to be considered to determine whether Ronson is in contempt of the Injunction.[7] Although Ronson believes that it will not have a full and fair opportunity to litigate such issues in connection with the contempt proceeding and that the issues are not identical, GMA will likely take the contrary position. Ronson thus will be at risk of being collaterally estopped as a result of any adverse factual determinations on the contempt Motion.

Courts frequently stay litigation pending the outcome of related litigation, especially if the history between the two parties demonstrates that one of the parties will seek to exploit the

---

[7] The risk is substantially enhanced if this Court conducts a *Polaroid* analysis in connection with the contempt Motion. In that case, the contempt hearing could effectively decide the ultimate and essential issue that is being litigated in the Sanei Case.

issues decided in one action in the other action to the prejudice of the other party (as is the case here). *See Stone & Webster Management Consultants, Inc. v. Travelers Indemnity Co.*, 1996 WL 539840, at *2 (S.D.N.Y. Sept. 24, 1996) (given the hotly contested nature of the underlying litigation between the two parties, if a separate litigation between the two parties was not stayed, it was highly likely that the party not moving to stay the separate litigation would use it to prejudice the moving party); *State of New York v. Blank*, 1991 WL 208883, at *12 (N.D.N.Y. Oct. 10, 1991) (a party moving for a stay should not be placed in an unfair quandary where they could potentially implicate themselves in separate litigation). That result should accrue here.

### B. Ronson Will Not Have a Full And Fair Opportunity To Litigate in the Contempt Proceeding

The contempt proceeding will not present Ronson with a full and fair opportunity to litigate.[8] First, Ronson will not be afforded an opportunity to take the same discovery that it would be afforded in the *Sanei* Case. *See Kosakow v. New Rochelle Radiology Assoc.*, 274 F.3d 706, 734 (2d Cir. 2001) (failure to be afforded the opportunity for discovery demonstrates a lack of a full and fair opportunity to litigate). Second, Ronson's motivation for defending the contempt proceeding is far different from its motivation in the *Sanei* Case. *Id*. (where party did not have "the same incentive and initiative to litigate the issue in both forums," it demonstrated that the party was deprived of a full and fair opportunity to litigate).

There can be no question that Ronson does not have the opportunity to take full discovery in any contempt proceeding. On the other hand, discovery in the *Sanei* Case is set to close on June 27, 2008. *See Sanei* Case Docket No. 17. Indeed, depending on the scope of the contempt proceeding, expert discovery and survey evidence might be required. *See* footnote 6 *supra*.

---

[8] Ronson has requested a jury trial in the *Sanei* Case, further illustrating that any contempt proceeding will not present Ronson with a full and fair opportunity to fully litigate its case as it has sought.

In addition, Ronson's motivation in the contempt proceeding is far more limited as compared to the *Sanei* Case, since the contempt proceeding involves Ronson's ability to sell to a single, albeit important, customer out of many, while the *Sanei* Case deals directly with Ronson's rights to use its trademark. Additionally, in the contempt proceeding, Ronson will be forced to litigate with a co-defendant, BOP. The contempt proceeding is not as important to BOP as the *Sanei* Case is to Ronson since the contempt proceeding involves only one of several of BOP's lines.

Further, BOP and Ronson have different legal arguments as to why they did not violate the Injunction. Ronson can only be found in contempt if it is found – contrary to law and fact – that it was in active concert or participation with BOP.[9] In addition, as Judge Swain noted in her December 20, 2007 order denying BOP's request to vacate the offer of judgment and/or the Injunction, the language of the Injunction is to be construed against BOP as the Rule 68 offeror. *See Eminent* Case Docket No. 129. That is inapplicable to Ronson, who was not the Rule 68 offeror, and was not even a party in the *Eminent* Case. Finally, BOP, as a party to the Injunction, has a duty to steer clear of the dividing line between compliance and violation. *See Wella Corp. v. Wella Graphics, Inc.*, 874 F.Supp. 54, 56 (E.D.N.Y. 1994) (a party to an injunction "is duty bound to steer clear of the dividing line between compliance and violation").

Consideration of these complex and disparate legal issues with respect to BOP and Ronson in a single hearing will not only create judicial inefficiencies, but will also deny Ronson a full and fair opportunity to litigate its claims. *See Cestone v. General Cigar Holdings, Inc.*, 2002 WL 424654, at *3 (S.D.N.Y. Mar. 18, 2002) (where two defendants had diverging interests

---

[9] The Ronson Mem. (at 23-25) demonstrates that Ronson was not in active concert or participation with BOP when it filled BOP's orders for Ronson merchandise.

"the potential inferences or conclusions that the [finder of fact] may draw from the different claims and the strength of the respective cases could unfairly prejudice the defendants").

### C.  The Overlap of Issues Will Prejudice Ronson

A primary issue in the *Sanei* Case is whether CHARLOTTE RONSON infringes on the CHARLOTTE marks registered by GMA.  In determining the issue of infringement, the court will consider whether there is a likelihood of confusion as to the source of CHARLOTTE RONSON branded merchandise, applying the eight *Polaroid* factors.  *See Levy v. Kosher Overseers Assoc. of Amer., Inc.*, 104 F.3d 38, 42, 41 U.S.P.Q.2d 1456 (2d Cir. 1997) (citing to *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.), *cert. denied*, 368 U.S. 820 (1961)).  One of the *Polaroid* factors is the similarity between the alleged infringing mark and the protected mark.  *See id.*  Similarity of the CHARLOTTE RONSON and GMA's CHARLOTTE and CHARLOTTE & FRIENDS Marks is also an important issue in the TTAB Opposition, under the *du Pont* test.  *In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361 (C.C.P.A. 1973)(similarity of the marks is important factor).  Thus, there is an overlap of issues between the contempt proceeding, the *Sanei* Case and TTAB Opposition.[10]

Unless GMA stipulates that it will not attempt to use any determination on the contempt Motion as a basis for collateral estoppel, even the possible threat of collateral estoppel (i) as to

---

[10] While there is an overlap in issues, they are not identical.  In a TTAB opposition proceeding and in a contempt proceeding, the proper scope of inquiry is limited to the marks themselves, as opposed to consideration of marketplace factors.  *See Herbko Int'l v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 U.S.P.Q.2d 1375, 1380 (Fed. Cir. 2002) (in a TTAB proceeding, the board considers similarity or dissimilarity of two marks to be the predominant inquiry); *Han Beauty, Inc. v. Alberto-Culver Co.*, 236 F.3d 1333, 1336, 57 U.S.P.Q.2d 1557 (Fed. Cir. 2001) ("the [b]oard may focus its analysis on dispositive factors, such as similarity of the marks and relatedness of the goods").  That difference should prevent application of collateral estoppel in the *Sanei* Case, but GMA will likely argue to the contrary.  *See Levy,* 104 F.3d at 41-42  (no collateral estoppel in an infringement suit from TTAB determination because standards governing likelihood of confusion before TTAB are different from likelihood of confusion standard applicable in infringement actions); *Jim Beam Brands Co. v. Beamish & Crawford Ltd.*, 937 F.2d 279, 734-35 (2d Cir. 1991) (no collateral estoppel in infringement action from finding of likelihood of confusion in cancellation proceeding (and subsequent Federal Circuit affirmance) since standards of likelihood of confusion were different).

11

one of the *Polaroid* factors in the *Sanei* Case or (ii) as to the issue of similarity in the TTAB Opposition, is a threat of prejudice sufficient to mandate severing these claims and staying the proceedings. Any decision to the contrary would be unfair to Ronson.

### D. The Issues Actually Litigated With Respect to BOP May Not Be Necessary To a Determination As to Ronson

An analysis of the final two collateral estoppel factors (*i.e.*, whether the issue was (i) actually litigated and (ii) necessary to the determination in the prior proceeding) also demonstrates possible prejudice to Ronson. *The Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638, 646 (2d Cir. 1998) (citing *Central Hudson*, 56 F.3d at 368). Here, the issue of the similarity between GMA's CHARLOTTE Marks and the CHARLOTTE RONSON mark will be actually litigated and necessary to the determination of whether **BOP** violated the Injunction. But that issue may not be necessary to the determination of the contempt Motion as to Ronson, since Ronson may also prevail on other grounds, such as the absence of active concert and participation by Ronson in BOP's alleged violation.

Here, although Ronson would argue to the contrary, there is a risk of collateral estoppel effects and the determination of the ultimate issue in the *Sanei* Case without a full record on which to base such a decision. To protect Ronson from this prejudice, the contempt Motion should be severed and stayed as to Ronson pending the outcome of the *Sanei* Case.

### III. GMA WILL NOT BE PREJUDICED BY SEVERANCE AND A STAY

GMA will not be prejudiced if the Motion is severed and stayed. GMA can get full and effective injunctive relief against BOP; and any damage claim against Ronson can be deferred until after the trial of the *Sanei* Case. *See Trade Arbed, Inc. v. M/V KANDALAKSHA,* 2003 WL 22097460, at *5 (S.D.N.Y. 2003)(stay was warranted where there was no prejudice to nonmoving party and failure to grant a stay would prejudice movant).

### IV. <u>JUDICIAL RESOURCES WILL BE CONSERVED BY SEVERANCE AND A STAY</u>

Judicial resources will likely be conserved by severance and stay of the contempt proceedings against Ronson. The issues to be litigated against BOP are narrower than the issues involving Ronson. Moreover, if BOP prevails on the contempt proceeding and/or if Ronson prevails in the *Sanei* Case, the contempt proceeding against Ronson will be moot. That is yet another reason why severance and a stay is proper. *See The Orange Chicken, L.L.C. v. Nambe Mills, Inc.*, 2000 WL 1858556, at *9 (S.D.N.Y. Dec. 19, 2000) (a stay was warranted where a separate pending arbitration would "likely provide significant insight into, if not actually resolve, the claims asserted in this action"); *Novartis*, 2004 WL 2368007, at * 3 (stay proper where it will "conserve judicial and party resources).

Courts often stay actions pending the outcome of a related litigation. *See Stone & Webster*, 1996 WL 539840, at *2; *State of New York v. Blank*, 1991 WL 208883, at *12 (N.D.N.Y. Oct. 10, 1991) (staying a third party action pending the outcome of the main action because "it seems nonsensical to allow the third party action to proceed in light of the reality that it is contingent upon issues raised in the main action"). For example, courts stay patent infringement cases during USPTO re-examination of the relevant patent. *See Novartis*, 2004 WL 2368007 at *3; *Aerotel, Ltd. v. IDT Corp.*, 2003 WL 23100263, at *2 (S.D.N.Y. Dec. 30, 2003); *Bausch & Lomb Inc.* 914 F.Supp. at 953. Here, a determination of the contempt proceeding involving BOP and/or a determination in the *Sanei* Case could potentially moot the contempt claim against Ronson. As a result, severance and a stay will not only prevent unfair prejudice to Ronson, but will conserve the judicial and party resources.

## **CONCLUSION**

For all of the foregoing reasons, Ronson respectfully requests that this Court grant its motion for a severance and a stay in its entirety.

Dated: New York, New York
April 11, 2008

Respectfully submitted,

s/ Ira S. Sacks
Ira S. Sacks
Mary L. Grieco
Safia A. Anand
Dreier LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100

Lisa T. Simpson
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103
(212) 506-5100
*Attorneys for Sanei Charlotte Ronson LLC*