# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

SANEI CHARLOTTE RONSON LLC

**GMA'S RESPONSE TO REQUEST FOR ADMISSIONS**

Plaintiff,

Civil Action No.: 07CV9578(CM)

- against -

GMA ACCESSORIES, INC.

Defendant.

-------------------------------------------------X

Defendant, by and through its attorneys, The Bostany Law Firm, hereby responds

pursuant to Fed. R.Civ.P. 36, to the following Requests to Admit from Plaintiff, dated

December 12, 2007.

1-28.    Denies that these requests are complete descriptions of the letters they summarize.

29.    Admitted.

30.    Admitted.

31.    Denied.

32.    Denied.

33-57.    Denies that these requests are complete descriptions of the letters they summarize.

58-60.    Denies that these requests are complete descriptions of the lawsuits they describe.

Dated:    New York, New York
          January 11, 2008

By:

Crystal S. A. Scott
THE BOSTANY LAW FIRM
Attorneys for Defendant
40 Wall Street
New York, New York 10005

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

George Altirs, being duly sworn deposes and says:

1.    I am the CEO of defendant in this action.

2.    I have read the foregoing GMA's Response and Supplemental To Request For

      Admissions and know the contents thereof. The same is true to my knowledge

      except as to the matters stated to be alleged on information and belief and as to

      those matters I believe them to be true.

                              _____
                              George Altirs

Sworn to before me this
25th day of March, 2008

_____
Notary Public

                                        JOHN P. BOSTANY
                              Notary Public, State of New York
                                    No. 02B05072359
                                  Qualified in Kings County
                              Commission Expires Jan. 27, 2011

# EXHIBIT M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

SANEI CHARLOTTE RONSON LLC

                     Plaintiff,

    - against -

GMA ACCESSORIES, INC.

                     Defendant.
-----------------------------------------------------X

**GMA'S SUPPLEMENTAL RESPONSE
TO REQUEST FOR ADMISSIONS**

Civil Action No.: 07CV9578(CM)

    Defendant, by and through its attorneys, The Bostany Law Firm, hereby responds

pursuant to Fed. R.Civ.P. 36, to the following Requests to Admit from Plaintiff, dated

December 12, 2007.

    8, 11, 12, 13, 14 and 16:  Denies knowledge or information with which to admit or deny
as posited.

22      Denied.

23      Admitted.

28      Denied. 3 letters were produced.

Dated:     New York, New York
           February 28, 2008

                 By:    _____
                        John P. Bostany
                        THE BOSTANY LAW FIRM
                        Attorneys for Defendant
                        40 Wall Street
                        New York, New York 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SANEI CHARLOTTE RONSON LLC

                    Plaintiff,

        - against -

GMA ACCESSORIES, INC.

                    Defendant.
-----------------------------------------------X

**GMA'S SUPPLEMENTAL RESPONSE
TO REQUEST FOR ADMISSIONS**

Civil Action No.:  07CV9578(CM)

　Defendant, by and through its attorneys, The Bostany Law Firm, hereby responds

pursuant to Fed. R.Civ.P. 36, to the following Request to Admit from Plaintiff, dated

December 12, 2007.

   21:  Admits


Dated:        New York, New York
              March 25, 2008

                                By:    _____
                                       John P. Bostany
                                       THE BOSTANY LAW FIRM
                                       Attorneys for Defendant
                                       40 Wall Street
                                       New York, New York 10005

## VERIFICATION

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF NEW YORK  )

      George Altirs, being duly sworn deposes and says:

1.     I am the CEO of defendant in this action.

2.     I have read the foregoing GMA's Response and Supplemental To Request For Admissions and know the contents thereof. The same is true to my knowledge except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
George Altirs

Sworn to before me this
25th day of March, 2008

_____
Notary Public

JOHN P. BOSTANY
Notary Public, State of New York
No. 02BO5072359
Qualified in Kings County
Commission Expires Jan. 27, 2011

# EXHIBIT N

*The Bostany Law Firm*
*100 Maiden Lane*
*New York, N.Y. 10038*
*Telephone: (212) 504-5620*

FAX (212) 504-6090

JOHN P. BOSTANY
MICHELE FICARRA

*Of Counsel*
HARRY C. BATCHELDER, JR.

NEW JERSEY OFFICE
ONE GATEWAY CENTER
SUITE 2600
NEWARK, N.J. 07102
(800) 849-6308

BROOKLYN OFFICE
ONE 74TH STREET
SUITE 6J
BROOKLYN, N.Y. 11209
(718) 921-9395

March 9, 2001

CERTIFIED MAIL RRR

Charlotte Russe Merchandising, Inc.
4645 Morena Boulevard
San Diego, California, 92117

RE: CHARLOTTE'S ROOM

Dear Sir or Madam:

I represent GMA Accessories Inc., the owner of the trademark CHARLOTTE®. It has come to our attention that you may be engaged in the use in commerce of the mark CHARLOTTE'S ROOM.

Please immediately withdraw your trademark applications for this mark and provide me conformation that you have ceased and desisted using the name within seven days of this letter. Also please provide me with the amounts of items that you have purchased and sold under the CHARLOTTE'S ROOM name along with all documentation supporting purchases and sales. Please take notice that your failure to comply with these demands subjects you to a lawsuit for an injunction and with damages including attorney' fees and statutory damages.

Sincerely,

John P. Bostany

cc:    GMA Accessories, Inc.

ATTORNEY'S EYES ONLY                    0494

# EXHIBIT O

MAR-19-01 17:28 From:                                    T-786 P.02/04 Job-033

# Cooley Godward LLP

ATTORNEYS AT LAW

Broomfield, CO
720 556-4000

Denver, CO
303 606-4800

4365 Executive Drive
Suite 1100
San Diego, CA
92121-2128
Main    858 550-6000
Fax    858 453-3555

Kirkland, WA
425 693-7700

Menlo Park, CA
650 843-5100

Palo Alto, CA
650 843-5000

March 19, 2001

VIA FACSIMILE (212) 504-6090

www.cooley.com

Reston, VA
703 262-8000

San Francisco, CA
415 693-2000

John P. Bostany, Esq.
The Bostany Law Firm
100 Maiden Lane
New York, New York 10038

LISA M. MARTENS
858 550-6040
lmartens@cooley.com

Re:    Use of CHARLOTTE'S ROOM

Dear Mr. Bostany:

We write in response to your March 9, 2001 letter to our client Charlotte Russe Merchandising, Inc. ("Charlotte Russe") claiming that Charlotte Russe's use of its CHARLOTTE'S ROOM mark may create a likelihood of confusion with your client, GMA Accessories, Inc.'s ("GMA") CHARLOTTE mark.

As you may know, Charlotte Russe has been using its CHARLOTTE RUSSE marks in connection with retail store services in the field of women's clothing and accessories since 1975, which appears to be long before GMA's use of any CHARLOTTE – based mark.

In your March 9, 2001 letter, you indicate that GMA is the owner of the CHARLOTTE mark. Our review of GMA's CHARLOTTE marks revealed the following registrations:

| MARK | CLASS | GOODS | FIRST USE DATE |
|------|-------|-------|----------------|
| CHARLOTTE | 9 | Sunglasses | 11/15/1996 |
| CHARLOTTE | 18 | Sacks and bags, namely, handbags made of textiles and beads | 11/00/1996 |
| CHARLOTTE | 25 | Clothing, footwear and headgear, namely hats, scarves, gloves and socks | 11/15/1996 |
| CHARLOTTE | 26 | Hair accessories, namely, hair clips, scrunches, ribbons and braids | 11/00/1996 |

Charlotte Russe currently owns the following CHARLOTTE RUSSE registrations which cover the same classes and many of the same specific items as GMA's CHARLOTTE registrations:

ATTORNEY'S EYES ONLY

0495

# EXHIBIT P

*The Bostany Law Firm*

*100 Maiden Lane*

*New York, N.Y. 10038*

*Telephone: (212) 504-5620*

BROOKLYN OFFICE
ONE 74ᵀᴴ STREET
SUITE 6J
BROOKLYN, N.Y. 11209
(718) 921-0395

NEW JERSEY OFFICE
ONE GATEWAY CENTER
SUITE 2600
NEWARK, N.J. 07102
(973) 622-6174

FAX (212) 504-6090
E-MAIL: John@BozLaw.com

March 20, 2001

Lisa M. Martens, Esq.
Cooley Godward LLP
4365 Executive Drive
Suite 1100
San Diego, CA 92121

RE: CHARLOTTE'S ROOM

Dear Ms. Martens:

As you know, I represent GMA Accessories Inc., the owner of the trademark CHARLOTTE®.

We disagree with many of your contentions as it is our understanding that due to a period of non use your mark will be deemed abandoned. As of now GMA is the senior user.

However, to avoid a costly dispute and conserve legal fees, GMA hereby accepts your invitation to continue to "peacefully coexist" and we will not pursue commence litigation as we were preparing to do and you will not oppose trademark registration. This agreement is without waiver of GMA's rights to enforce all rights to the CHARLOTTE trademark in all classes as to all others. Unless I hear back from you or see that you perfect your opposition to the GMA application in the TTAB, we will close this file.

Sincerely,

John P. Bostany

cc:    GMA Accessories, Inc.

ATTORNEY'S EYES ONLY

0498

# EXHIBIT Q

*The Bostany Law Firm*

*100 Maiden Lane*

*New York, N.Y. 10038*

*Telephone: (212) 504-5620*

FAX (212) 504-6090

JOHN P. BOSTANY
MICHELE FICARRA

*Of Counsel*
HARRY C. BATCHELDER, JR.

NEW JERSEY OFFICE

ONE GATEWAY CENTER
SUITE 2600
NEWARK, N.J. 07102
(800) 848-6308

BROOKLYN OFFICE

ONE 74ᵗʰ STREET
SUITE 6J
BROOKLYN, N.Y. 11209
(718) 921-9395

August 18, 2000

TRADEMARK LAW OFFICE 108
Serial Number:    75/857222
Mark:    CHARLOTTE
         **Please Place on Upper Right Corner**
         **of Response to Office Action ONLY **

Elliott S.A. Robinson III, Es
Trademark Examining Attor
Assistant Commissioner for
Box New App/Fee
2900 Crystal Drive
Arlington, VA 22202-3513

08-18-2000
U.S. Patent & TMOfc/TM Mail Rcpt Dt. #70

Re:    Mark: CHARLOTTE
       Serial Number: 75/857222
       Class 25
       Goods:  Clothing, footwear and headgear, namely hats, scarves, gloves
       and socks.

Dear Mr. Robinson:

We respectfully respond to the office action in this matter dated April 21, 2000. The applicant has been using the Mark CHARLOTTE on the subject goods since November of 1996. The applicant filed its first trademark application in this class 25 for "clothing, footwear and head gear, namely hats, scarfs, gloves, sunglasses, and socks" on December 10, 1997. A copy of the filing receipt for that trademark application is annexed hereto. Jill C. Alt was the examining attorney assigned by the United States Patent and Trademark office to that application.

On August 12, 1998, Ms. Alt generated an Office Action indicating that there were "no conflicting registrations". A copy is annexed. Ms. Alt requested in that office action that the applicant either remove the product "sunglasses" from the Class 25 application or add International Class 9 to the application.

During that period of time the individual responsible for handling trademark applications for the applicant was changed to another individual. For that reason, my request that the applicant make a decision regarding whether or not a Class 9 application for sunglasses should be prepared was left unanswered. As a result, the December 10, 1997 application for the subject mark in Class 25 was abandoned.

On November 24, 1999, the applicant again filed the exact same application for the Mark CHARLOTTE in Class 25 with the exception of the fact that this application did not include sunglasses as part of the description of goods that the mark would be used upon. We were advised by Office Action dated April 21, 2000 that a likelihood of confusion existed between the applicant's mark and a Class 42 registration of CHARLOTTE SAYVILLE for retail store services.

We respectfully submit that CHARLOTTE SAYVILLE as a name of a store in Sayville, New York is entitled to little if any protection as a registered trademark. I have also telephoned directory assistance and consulted the yellow pages and find no listing for Charlotte Shops, Ltd. or CHARLOTTE SAYVILLE which was according to the application located in Sayville, New York. The Secretary of State's records indicate that the owner of CHARLOTTE SAYVILLE, Charlotte Shops Ltd. dissolved in 1998. A copy of the CSC search result is attached.

Additionally, a disclaimer of the word Sayville does not change the registered mark to Charlotte. The mark is considered as a whole to be CHARLOTTE SAYVILLE registered as a service mark for retail store services in Sayville, New York. We respectfully submit that this mark will not lead to a likelihood of confusion of the public for the goods sold by my client under the Mark CHARLOTTE. My client is the registered trademark holder of CHARLOTTE in both Class 26 and Class 18 and should be allowed to register this mark in Class 25.

Charlotte's Room is an "intent to use" application that was filed on May 19, 1999 also for retail store services. Interestingly, the applicant of Charlotte's Room seeks to utilize the mark for "retail store services specializing in woman's and girls apparel and accessories. . . and travel gear. Because my client already owns CHARLOTTE for sacks and handbags as well as hair accessories, we respectfully submit that Charlotte's Room is more likely to be confused with the applicant's registered trademark CHARLOTTE in Class 18 and Class 26 then the applicant's subject application for CHARLOTTE in Class 25.

We therefore respectfully request that the refusal of registration due to likelihood of confusion be withdrawn.

The applicant hereby certifies that it is the owner of CHARLOTTE registration numbers 2217341 and 221405.

We thank you in advance for your considered evaluation of these issues.

Respectfully,

John P. Bostany

# FILING RECEIPT FOR TRADEMARK APPLICATION

Page 01 of 01

Feb 7, 1998

Receipt on the DATE OF FILING of this application for registration and filing fees is acknowledged for the mark identified below. The DATE OF FILING is contingent upon the collection of any payment made by check or draft. Your application will be considered in the order in which it was received and you will be notified as to the examination thereof. Action on the merits should be expected from the Patent and Trademark Office in approximately 06 months from the filing date. When inquiring about this application, include the SERIAL NUMBER, DATE OF FILING, OWNER NAME, and MARK.

JOHN P BOSTANY
THE BOSTANY LAW FIRM
100 MAIDEN LN STE 1608
NEW YORK NY  10038

**ATTORNEY
REFERENCE NUMBER**

---

## PLEASE REVIEW THE ACCURACY OF THE FILING RECEIPT DATA.

A request for correction to the filing receipt should be submitted within 30 days to the following address:  ASSISTANT COMMISSIONER FOR TRADEMARKS, 2900 CRYSTAL DRIVE, ARLINGTON, VIRGINIA 22202-3513.  The correspondence should be marked to the attention of the Office of Trademark Program Control.  The Patent and Trademark Office will review the request and make corrections when appropriate.

---

SERIAL NUMBER: 75/403210
FILING DATE:   Dec 10, 1997
REGISTER:      Principal
LAW OFFICE:    108
MARK:          CHARLOTTE
MARK TYPE(S):  Trademark
DRAWING TYPE:  Words, letters, or numbers in typed form
FILING BASIS:  Sect. 1(a) (Use in Commerce)

08-18-2000

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #70

---

ATTORNEY: JOHN P BOSTANY

OWNER: GMA Accessories, Inc. (NEW YORK, Corporation)
       1 East 33rd Street, 9th Floor
       New York,, NEW YORK  10016

---

FOR: Clothing, Footwear and Headgear, namely hats, scarves, gloves, sunglasses, and socks
     INT. CLASS: 025
     FIRST USE: Nov 1996        USE IN COMMERCE: Nov 1996
                     ALL OF THE GOODS/SERVICES IN EACH CLASS ARE LISTED

---

# EXHIBIT R

Westlaw.

98 Fed.Appx. 33                                                                                                                Page 1
98 Fed.Appx. 33, 2004 WL 759512 (C.A.2 (N.Y.)), Fed. Sec. L. Rep. P 92,730
(Cite as: 98 Fed.Appx. 33)

**H**S.E.C. v. Platinum Investment Corp.
C.A.2 (N.Y.),2004.
This case was not selected for publication in the Federal Reporter.RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)
    United States Court of Appeals,Second Circuit.
SECURITIES AND EXCHANGE COMMISSION,
Plaintiff-Appellee,
v.
PLATINUM INVESTMENT CORPORATION,
Platinum Investment Holding Corp., Lee Antonucci,
Andrew Antonucci, Marcos Martinez, James Frace,
and Matthew Beaulieu, Defendants,
andLee Sidoti, Appellant.
**Docket No. 03-6120.**

April 8, 2004.

**Background:** Grandfather of targets of Securities and Exchange Commission (SEC) investigation appealed from order of the United States District Court for the Southern District of New York, Jed S. Rakoff, J., denying his request to dissolve injunction freezing his assets.

**Holding:** The Court of Appeals held that grandfather was subject to preliminary injunction freezing his assets, even though he was not himself target or named defendant.

Affirmed.

West Headnotes

**[1] Federal Courts 170B ☞724**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(I) Dismissal, Withdrawal or Abandonment
            170Bk723 Want of Actual Controversy
                170Bk724 k. Particular Cases. Most Cited Cases
Appeal of order granting preliminary injunction freezing appellant's assets was moot, where appellant did not appeal order when it was entered, and court, after hearing, confirmed and extended order.

**[2] Securities Regulation 349B ☞178.1**

349B Securities Regulation
    349BI Federal Regulation
        349BI(E) Remedies
            349BI(E)2 Injunction
                349Bk178 Preliminary Injunction
                    349Bk178.1 k. In General. Most Cited Cases
Relative of targets of Securities and Exchange Commission (SEC) investigation was subject to preliminary injunction freezing his assets, even though he was not himself target or named defendant, where his daughter, officer of companies under investigation, had actual knowledge that corporate assets were frozen prior to transfer of property to

98 Fed.Appx. 33
Page 2
98 Fed.Appx. 33, 2004 WL 759512 (C.A.2 (N.Y.)), Fed. Sec. L. Rep. P 92,730
(Cite as: 98 Fed.Appx. 33)

him, and relative had delegated complete control over all his assets and business dealings to his daughter. Fed.Rules Civ.Proc.Rule 65(d), 28 U.S.C.A.

*34 Appeal from the United States District Court for the Southern District of New York (Rakoff, J.).
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.
Richard Coia, Panzarella & Coia, Rochester, NY, for Appellant.
Catherine Broderick, Securities and Exchange Commission, Washington, D.C., for Appellee.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and BLOCK,[FN*] District Judge.

FN* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

### SUMMARY ORDER

**1 Appellant Lee Sidoti ("Sidoti") appeals from an order denying his request to dissolve an injunction that freezes $160,000 of his assets in connection with an SEC investigation. Sidoti is neither a target nor a named defendant, but the targets include some of his grandchildren and companies they control; their mother exercises full control over the assets and affairs of Sidoti; and the proceeds of a real property transfer-undertaken in violation of a consent judgment-ended up in a bank account in Sidoti's name. He demands relief primarily on the ground that the SEC has never "commenced" an action against him personally. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues. We affirm for substantially the reasons articulated by the district court.

[1] We review the district court's entry of a preliminary injunction for abuse of discretion. Waldman Publ'g Corp. v. Landoll, Inc., 43 F.3d 775, 780 (2d Cir.1994). Findings of fact are reviewed for clear error; conclusions of law are reviewed de novo. Niagara Hookers Employees Union v. Occidental Chem. Corp., 935 F.2d 1370, 1374 (2d Cir.1991). On appeal, Sidoti appears to challenge both the initial, temporary freeze of his assets on October 23, 2002 as well as the latest confirmation and extension of that freeze on March 25, 2003. Only

the March 25 order is properly before us on appeal, however, as Sidoti did not appeal the injunctive order of October 23 when it was issued. On December 12, 2002, following a hearing at which Sidoti was represented by counsel, the district court confirmed and extended the October 23 order until such time as (i) Sidoti testified to the facts surrounding the transfer of the property (at which time the court would reconsider releasing his assets) or (ii) the SEC's enforcement action was otherwise resolved. Thereafter, any challenge to the October 23 order was mooted. *35See Video Tutorial Servs., Inc. v. MCI Telecommunications Corp., 79 F.3d 3, 5 (2nd Cir.1996) ("An interlocutory appeal from a temporary stay no longer in effect, like an interlocutory appeal from a since-expired or vacated temporary restraining order, is the paradigm of a moot appeal."); see also Glen-Arden Commodities, Inc. v. Costantino, 493 F.2d 1027, 1030 (2d Cir.1974).

**2 As to the March 25 order extending the asset freeze, Sidoti contends-citing no legal authority-that the SEC's failure to commence an action against him personally places his assets beyond the injunctive powers of the district court. To the contrary, under Federal Rule of Civil Procedure 65, an injunction is binding upon:
the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Fed.R.Civ.P. 65(d). The rule "is designed to codify the common-law doctrine that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302-303 (2d Cir.1999) (internal quotations and citations omitted).

Generally, injunctions can bind only parties (and not acts); Rule 65(d), however, creates a carve-out for "nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant or his privy in violating [an] injunction." 11A Wright, Miller & Kane, Federal Practice & Procedure § 2956 at 337 (2d ed.1995) (emphasis added). See also U.S. v.

_Schine,_ 260 F.2d 552, 556 (2d Cir.1958) (condemning use of nonparties to undertake that which defendants are expressly prohibited to do).

[2] In this case, the district court found that Sidoti's daughter, an officer of the companies under investigation, had actual knowledge that the corporate assets were frozen prior to the transfer of the property to Sidoti in September 2002. That knowledge was imputable to Sidoti, who (as the district court found) had delegated complete control over all his assets and business dealings to his daughter. Sidoti offers no basis to conclude that the district court's findings on this point were clearly erroneous; his role (via an agent) in the transfer and hiding of assets amounts to "active concert or participation" within the meaning of Rule 65(d).

We have reviewed Sidoti's remaining contentions and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

C.A.2 (N.Y.),2004.
S.E.C. v. Platinum Investment Corp.
98 Fed.Appx. 33, 2004 WL 759512 (C.A.2 (N.Y.)),
Fed. Sec. L. Rep. P 92,730

END OF DOCUMENT

{00345137.RTF;}© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.