Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100
*Attorneys for Certain*
*Retailer Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
GMA ACCESSORIES, INC.,                                       :
:
Plaintiff,                             :
:
v.                                         :    07 CV 3219 (LTS)
:
CHARLOTTE SOLNICKI, CHARLOTTE B, LLC, :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                      :
INTERMIX, INC., WINK NYC, INC.,                              :
LISA KLINE, INC., GIRLSHOP, INC.,                            :
SHOWROOM SEVEN STUDIOS, INC.,                                :
ELECTRIC WONDERLAND, INC.,                                   :
SHOWROOM SEVEN INT'L,                                        :
SHOWROOM SEVEN, JONATHAN SINGER,                             :
GOSI ENTERPRISES, LTD., LEWIS TIERNEY,                       :
TIERNEY DIRECT LLC and                                       :
JONATHAN SOLNICKI,                                           :
:
Defendants.                            :
:
------------------------------------------------------------ x

## DECLARATION OF IRA S. SACKS AND EXHIBITS IN SUPPORT OF THE RETAILER DEFENDANTS' MOTION TO PRECLUDE DEPOSITIONS AND FOR SANCTIONS

Ira S. Sacks, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.   I am partner at the law firm Dreier LLP (the "Dreier Firm"), counsel for Defendants Saks Fifth Avenue, Inc. ("Saks"), Intermix, Inc. ("Intermix"), Wink NYC, Inc. ("Wink"), Lisa Kline, Inc. ("Kline"), Jonathan Singer ("Singer") and Lewis Tierney ("Tierney")

(collectively, the "Retailer Defendants"). I submit this Declaration in support of the Retailer Defendants' Motion for a protective order to preclude GMA Accessories, Inc. ("GMA") (i) from taking the depositions of any Retailer Defendant in this case and in *Sanei Charlotte Ronson LLC v. GMA Accessories, Inc.*, 07 CV 9578 (the "*Sanei* Case"), whose deposition was scheduled for the period April 14, 2008 through May 1, 2008, and were canceled or not confirmed by GMA's counsel; (ii) taking the deposition of Ronson (as defined below) in this case and regarding issues in this case if the deposition is taken in the *Sanei* Case; and (iii) for sanctions in connection therewith for GMA's efforts to fail to comply with a Court Order. Other than as expressly set forth, this declaration is made upon personal knowledge.

2.  A protective order must be entered precluding GMA from taking certain depositions of the Retailer Defendants and non-party Sanei Charlotte Ronson LLC ("Ronson") because of GMA's unreasonable failure to confirm and take these depositions, despite the April 30, 2008 discovery cutoff in this case (the "*Eminent* Case"). It has taken literally months to arrange the schedule for the Retailer Defendants' depositions. GMA came up with one excuse after another to postpone the depositions. The final excuse for the cancellation of the Retailer Defendants' depositions was that GMA wanted to defer these depositions until after the parties added by GMA's Third Amended Complaint, dated April 2, 2008, have answered and appeared. That "deferral" is in violation of an order entered by Judge Swain in this matter on March 31, 2008. There is no basis for any relief from that order, under Rule 60 of the Federal Rules of Civil Procedure ("Rule 60").

**THE *EMINENT* CASE**

3.  GMA filed this action on April 20, 2007. On September 28, 2007, GMA filed and served the Second Amended Complaint, which added the Retailer Defendants as parties to

the action. Each of the Retailer Defendants' filed their Answer to the Second Amended Complaint on or about October 24, 2007, October 30, 2007, and November 1, 2007.

4. As GMA is aware, there is a court-ordered discovery cut-off of April 30, 2008 in this case.

5. In late March, the parties entered into a stipulation allowing GMA to add additional defendants to this case **contingent upon** discovery deadlines not being extended (the "Stipulation"). Attached hereto as Exhibit A is a true and correct copy of the Stipulation, which was So Ordered by Judge Swain on March 31, 2008 (the "Order").

6. Pursuant to the Order, GMA filed a Third Amended Complaint on April 2, 2008. The Retailer Defendants filed answers and counterclaims to that pleading on April 16, 2008.

7. GMA served Notices of Depositions on Intermix, Wink, Kline, Tierney and Singer on November 20, 2007, noticing those depositions for various dates in December 2007.

8. Since December 2007, the Retailer Defendants have been attempting to schedule their depositions. I and other attorneys from my firm notified GMA's attorneys at the Bostany Law Firm (the "Bostany Firm") that witnesses for Tierney and Kline were available on December 17, 2007, the day GMA noticed for those depositions. We suggested that GMA proceed with either of these depositions on that day, but GMA's attorneys refused to go forward with the depositions.

9. GMA served a Notice of Deposition on Saks on February 7, 2008.

10. We have continued to propose dates that the Retailer Defendants are available for depositions to GMA's attorneys; however, GMA has failed to confirm any depositions to date. For example, in a February 7, 2008 email, my partner, Robert J. Grand ("Mr. Grand"), wrote to GMA's attorneys at the Bostany Firm to attempt to schedule the depositions of Tierney on

3

February 12, 2008, and a representative from Kline on February 20. Mr. Grand indicated in a follow-up email that a representative from Wink was available for deposition on February 15th or any day after February 25. Attached hereto as Exhibit B are true and correct copies of those emails.

11. In a February 11, 2008 email, Mr. Grand again followed up with the Bostany Firm to inquire as to whether they intended to proceed with Mr. Tierney's deposition or with the witness from Kline on February 20. Attached hereto as Exhibit C is a true and correct copy of that email. The Bostany Firm refused to go forward with those depositions, insisting on taking the deposition of non-party Charlotte B, LLC before proceeding with the Retailer Defendants' depositions.

12. In a February 22, 2007 email, Mr. Bostany wrote to Mr. Grand to demand dates for the Retailer Defendants in the beginning of March 2008, as requested by Your Honor during a teleconference with the Court. Mr. Grand responded with suggested dates for the Retailer Defendants during the first three weeks of March. Attached hereto as Exhibit D is a true and correct copy of that email.

13. For unknown reasons, Mr. Bostany continuously refused to set dates for these depositions. Mr. Bostany refused to take any of the Retailer Defendants' depositions until after the completion of the Charlotte B, LLC deposition, which was completed on March 7, 2008.

14. As of March 12, 2008, Mr. Bostany still refused to set deposition dates for the Retailer Defendants because he believed that the Charlotte B, LLC deposition was not complete. Attached hereto as Exhibit E is a letter demonstrating Mr. Bostany's refusal to set the deposition dates for the Retailer Defendants. GMA made an application to Your Honor to re-depose a representative from Charlotte B, LLC; that relief was denied in most respects on March 24, 2008.

Attached hereto as Exhibit F is a copy Your Honor's Order of March 24, 2008.

15.     Thereafter, on March 31, 2008, I sent emails to Mr. Bostany suggesting dates for the Kline, Wink, Saks and Tierney depositions. Attached hereto as Exhibit G is a true and correct copy of those emails. On April 2, 2008, I sent another email to Mr. Bostany reminding him of those dates. Attached hereto as Exhibit H is a true and correct copy of that email.

16.     In response to my April 2, 2008 email, Ronald Paltrowitz, an attorney at the Bostany Firm, indicated that GMA did not want to incur the expense of taking depositions until after discussion of outstanding settlement offers. Attached hereto as Exhibit I is a true and correct copy of that email. I informed Mr. Paltrowitz that such deferral would result in the loss of the availability of these witnesses on their proposed dates. *See* Exhibit I.

17.     Settlement proposals were made on April 4, 2008.

18.     On April 7, 2008, I again sought confirmation from Mr. Paltrowitz for the scheduled dates for witnesses from Kline, Wink, Tierney, Saks and Singer. Attached hereto as Exhibit J is a true and correct copy of that email. I received no confirmation.

19.     On April 9, 2008, I informed Mr. Bostany via email that if he refused to confirm the deposition dates for the Retailer Defendants, those dates would be lost. Attached hereto as Exhibit K is a true and correct copy of that email. On April 10, 2008, I again informed Mr. Bostany that if the dates were not confirmed, I would release the witnesses to attend to urgent business needs. *See* Exhibit K.

20.     On April 10, 2008, Mr. Bostany informed me that he wanted to cancel the depositions in anticipation of receiving more documents from the Retailer Defendants. Attached hereto as Exhibit L is a true and correct copy of this email. I informed Mr. Bostany that there were no outstanding documents due to GMA from the Retailer Defendants, and that the close of

discovery was still April 30, 2008.

21. The only additional documents requested at that time were orders received by Ronson. **Those documents related only to orders for Charlotte Ronson branded merchandise, which have nothing to do with the claims in the *Eminent* Case**.

22. When I pointed that out to Mr. Bostany, on April 11, 2008, Mr. Bostany informed me that he wanted to cancel the depositions not only because of "additional documents," but because he wanted to wait to conduct the depositions until he received Answers to the Third Amended Complaint, which was filed on April 2, 2008, and for the added parties to appear. This was surprising, given that the discovery cut-off is April 30, 2008 and the Stipulation and Order precluded change in discovery dates based on the addition of new defendants in the Third Amended Complaint. *See* Exhibit A.

23. Thus, it is clear that GMA is going to attempt to extend the discovery cut-off, in clear violation of the Order and in violation of the discovery cutoff in this case. That should not be permitted. As GMA well knows, it has no basis under Rule 60 for relief from that Order. *See* Memorandum Opinion, dated December 20, 2007, on BOP's Motion to Withdraw its Rule 68 offer (Doc. No. 129).

**THE *SANEI* DEPOSITION**

**24.** Ronson, a non-party in the *Eminent* Case, but a party in the *Sanei* Case, was subpoenaed in the *Eminent* Case on March 13, 2008. The subpoena requested documents and the deposition of a 30(b)(6) witness. Attached hereto as Exhibit M is a true and correct copy of this subpoena. **The notice and proposed deposition had nothing to do with any issue in the *Eminent* Case.**

25. By email dated March 19, 2008, Ronson objected to the subpoena, both as to the

6

duplicate production of documents in both this case and the *Sanei* Case, as well as having separate depositions in the two cases in which discovery has been consolidated to the extent practical. Attached hereto as Exhibit N is a true and correct copy of that email.

26. I offered to have Aaron Nir deposed on April 18, 2008 in both the *Eminent* Case and the *Sanei* Case, and we have requested confirmation of the date and the taking of the deposition in both cases on numerous occasions. *See, e.g.,* Exhibits O and P, attached hereto. The deposition has not been confirmed. Indeed, on April 16, as a result of the total failure to confirm the deposition, the deposition was cancelled.

## THE DEPOSITIONS SHOULD BE PRECLUDED AND GMA SHOULD BE SANCTIONED

27. Here, after months of efforts to schedule the Retailer Defendants' depositions, GMA has refused to confirm and has cancelled the depositions. GMA claims it did this because it was waiting to receive additional documents and because it wanted to defer the depositions until it received Answers to the Third Amended Complaint in the *Eminent* Case – which was filed on April 2, 2008 – and appearances by the new parties. Such deferral violates the Order and the discovery cutoff. That is a baseless stalling tactic.

28. First, the remaining documents are unnecessary sales order requested from Ronson. Those documents are not even relevant in the *Sanei* Case. They have nothing to do with the claims against the Retailer Defendants in the *Eminent* Case.

29. Rule 26 provides in relevant part:

> **(c) Protective Orders.**
>
> **(1) In General.**
>
> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be

7

taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery

30. As set forth above, the discovery cutoff in this case is **April 30, 2008**. Moreover, the Stipulation that the parties agreed to, and the Order signed by Judge Swain, expressly provided that GMA could only add additional parties **if** the existing discovery deadlines remain unchanged. *See* Exhibit A.

31. Despite these orders and the upcoming discovery cutoff, GMA's attorneys have continuously refused to confirm the dates for the Retailer Defendants' depositions and have canceled the depositions which were scheduled. As such, GMA **must** be precluded from taking the depositions of those Retailer Defendants whose depositions were canceled this week – Kline, Wink and Tierney – in both this case and as non-parties in the *Sanei* Case. Similarly, if GMA fails to confirm and/or cancels the depositions of Saks, Singer and Intermix scheduled for later this month, a similar protective order precluding GMA from deposing those parties in either case should be entered as well.

32. Additionally, GMA must be precluded from taking the deposition of Ronson in the *Eminent* Case and precluded from deposing Ronson on issues involved in the *Eminent* Case if the Ronson deposition is taken in the *Sanei* Case, which has a later discovery cutoff.

33. Moreover, GMA should be sanctioned for seeking to violate the Court ordered discovery cutoff dates, as well as the Order.

34. Rule 37 provides in relevant part:

(b) Failure to Comply with a Court Order.

**(2) Sanctions in the District Where the Action Is Pending.**

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

35. Based on the foregoing, a protective order precluding GMA from taking the depositions of the Retailer Defendants who were canceled this week - Kline, Wink and Tierney - in this case or the *Sanei* Case must be entered. GMA must also be similarly barred from taking the depositions of the Saks, Singer and Intermix Retailer Defendants if GMA fails to confirm and/or cancels those depositions.

36. Finally, GMA must be precluded from deposing a 30(b)(6) witness from Ronson in this case or in the *Sanei* Case on *Eminent* issues. As set forth above, the discovery cutoff in *Sanei* is later than that in the *Eminent* Case. Just as the Retailer Defendants should not be permitted to be deposed as non-parties in the *Sanei* Case to circumvent the discovery deadlines

9

in this case, GMA should not be permitted to circumvent the discovery deadlines in this case by seeking information from Ronson regarding this case in the *Sanei* Case.

37.     I certify that I and other attorneys from my firm have in good faith conferred with GMA's counsel in an effort to resolve the issues set forth herein regarding these depositions without involving the Court; however, we have come to an impasse with GMA's attorneys.

38.     Given the nature of the relief sought, I respectfully submit that no supporting memorandum of law should be required.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 16, 2008
New York, New York

/s/ Ira S. Sacks
Ira S. Sacks