Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100
*Attorneys for Certain*
*Retailer Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
: 
GMA ACCESSORIES, INC.,                                       :
                                                             :
                Plaintiff,                                 :
                                                             :
      v.                                                     :   07 CV 3219 (LTS)
                                                             :
CHARLOTTE SOLNICKI, CHARLOTTE B, LLC,                        :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                      :
INTERMIX, INC., WINK NYC, INC.,                              :
LISA KLINE, INC., GIRLSHOP, INC.,                            :
SHOWROOM SEVEN STUDIOS, INC.,                                :
ELECTRIC WONDERLAND, INC.,                                   :
SHOWROOM SEVEN INT'L,                                        :
SHOWROOM SEVEN, JONATHAN SINGER,                             :
GOSI ENTERPRISES, LTD., LEWIS TIERNEY,                       :
TIERNEY DIRECT LLC and                                       :
JONATHAN SOLNICKI,                                           :
                                                             :
                Defendants.                                :
                                                             :
-------------------------------------------------------------x

## DECLARATION OF IRA S. SACKS AND EXHIBITS IN SUPPORT OF THE RETAILER DEFENDANTS' AMENDED MOTION TO PRECLUDE DEPOSITIONS AND FOR SANCTIONS

Ira S. Sacks, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.    I am partner at the law firm Dreier LLP (the "Dreier Firm"), counsel for Defendants Eminent, Inc., Saks Fifth Avenue, Inc., Intermix, Inc., Wink NYC, Inc., Lisa Kline, Inc., Jonathan Singer and Lewis Tierney (collectively, the "Retailer Defendants"). I submit this

declaration in support of the Retailer Defendants' **Amended** Motion for a protective order to preclude GMA Accessories, Inc. ("GMA") (i) from taking the depositions of any Retailer Defendant in this case and in *Sanei Charlotte Ronson LLC v. GMA Accessories, Inc.*, 07 CV 9578 (the "*Sanei* Case"), whose deposition was scheduled for the period April 14, 2008 through May 1, 2008, and were canceled or not confirmed by GMA's counsel; (ii) taking the deposition of Ronson (as defined below) in this case and regarding issues in this case if the deposition is taken in the *Sanei* Case; and (iii) for sanctions against GMA in connection with GMA's failure to comply with a Court Order, including, but not limited to, dismissal of GMA's claims against the Retailer Defendants (the "Amended Motion"). Other than as expressly set forth, this declaration is made upon personal knowledge.

2.  The reason for the Amended Motion is that on April 17, 2008, GMA cancelled the long ago noticed and scheduled depositions of it two Rule 30(b)(6) witnesses – scheduled for April 23 and 24 or 25 – to allow the new parties added by the Third Amended Complaint time to appear and participate. That violates the Stipulation and Order signed by Judge Swain on March 31, 2008. GMA must be severely sanctioned for this violation, and its claims against the Retailer Defendants should be dismissed.

3.  I hereby fully incorporate everything set forth in my Declaration in Support of the Motion to Preclude, dated April 16, 2008.

**GMA'S RULE 30(B)(6) WITNESSES**

4.  In both this case and the *Sanei* case, we served Notices of Deposition on GMA for Rule 30(b)(6) witnesses on February 1, 2008, and February 26, 2008, respectively (the "30(b)(6) Notices"). The 30(b)(6) Notices are attached hereto as Exhibit A. In response to the 30(b)(6) Notices, GMA identified two witnesses, William Maloof and George Altirs. The parties

agreed that we would take one deposition of each of these witnesses to be used in both this case and the *Sanei* case. I and other attorneys from my law firm have been attempting to schedule these depositions since the beginning of March.

5.  I suggested April 23rd and 24th for the depositions of Mr. Maloof and Mr. Altirs and **these dates were confirmed by the Bostany Firm**. I then requested that we move the dates to April 23rd and 25th, because I had a scheduled doctor's appointment on April 24th. However, I informed the Bostany Firm that I could cancel my doctor's appointment if GMA's witnesses were unavailable on April 25th. I then sent numerous emails to the Bostany Firm to attempt to confirm these dates and to determine whether the second deposition was happening on the 24th or the 25th. In addition, I repeatedly requested information regarding which GMA witness would testify on which date, and I also repeatedly asked Mr. Bostany to let me know the categories of 30(b)(6) information to which each witness would testify. These emails all went unanswered.

6.  Today, I received an email from Charen Kim, a paralegal from the Bostany Firm. Ms. Kim informed me "that we have released Maloof and Altirs from the deposition dates that were proposed and ask that you propose new dates for them after the newly named defendants have answered." Attached hereto as Exhibit B is a true and correct copy of this email. That conduct was a clear violation of the stipulation and order which was signed by Judge Swain on March 31, 2008 (the "Order"), which provided that "**plaintiff may amend its second amended complaint hereto to add additional parties so long as all existing discovery dates remain unchanged.**" *See* Order, attached to the Declaration of Ira S. Sacks, dated April 16, 2007 ("Sacks April 16, 2007 Declaration"), Exhibit A. Not only that, the existing discovery cut-off is April 30, 2008.

7.  I responded to Ms. Kim's email by informing her that "[a]s to Maloof and Altirs,

your cancellation of those depositions is a violation of Judge Swain's March 31, 2008 order. If you do not immediately confirm that they will attend as noticed and agreed, we will seek serious sanctions." *See* Exhibit B.

8.  GMA has not withdrawn its cancellation of the noticed Rule 30(b)(6) depositions.

**GMA SHOULD BE SEVERELY SANCTIONED BY DISMISSAL OF ITS CLAIMS**

9.  In addition to the relief that was requested in my April 16, 2008 Declaration, GMA must be sanctioned for this blatant violation of the Order and discovery cutoff. Here, after months of efforts to schedule GMA's Rule 30(b)(6) depositions, and after Mr. Bostany confirmed the dates for depositions of these witnesses, GMA unilaterally cancelled the depositions. GMA claims it did this because it wants to defer the depositions until it receives Answers to the Third Amended Complaint in the *Eminent* Case – which was filed on April 2, 2008 – and appearances by the new parties. Such deferral violates the Order and the discovery cutoff. That is a baseless stalling tactic.

10.  As set forth above, the discovery cutoff in this case is **April 30, 2008**. Moreover, the Stipulation that the parties agreed to, and the Order signed by Judge Swain, expressly provided that GMA could only add additional parties **if** the existing discovery deadlines remained unchanged. *See* Sacks April 16, 2008 Declaration, Exhibit A.

11.  GMA must be sanctioned for violating the Court ordered discovery cutoff dates, as well as the Order.

12.  Rule 37 provides in relevant part:

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

**(1) In General.**

(A) *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent — **or a person designated under Rule 30(b)(6)** or 31(a)(4) — fails, after being served with proper notice, to appear for that person's deposition.

13.  Based on the foregoing, and the Motion to Preclude filed on April 16, 2008, GMA must be sanctioned by dismissal of its claims against the Retailer Defendants in this case. GMA's cancellation of the depositions of its Rule 30(b)(6) witnesses is just another step in GMA's strategy of stalling the day of reckoning in this case and cannot be countenanced. GMA has clearly violated the Order, and must be severely sanctioned.

14.  I certify that I and other attorneys from my firm have in good faith conferred with GMA's counsel in an effort to resolve the issues set forth herein regarding these depositions without involving the Court; however, we have come to an impasse with GMA's attorneys.

15.  Given the nature of the relief sought, I respectfully submit that no supporting memorandum of law should be required.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 17, 2008
New York, New York

/s/ Ira S. Sacks____
Ira S. Sacks