# EXHIBIT A

**The Trump Building**    Service Request Information    *Workspeed* **Powered by**

## Create Information:

| | | | | | |
|---|---|---|---|---|---|
| SR #: | 360624559 | Type: | Visitor | Created On: | 3/7/08 12:54 PM |
| Created By: | Carlos Aponte | Phone: | 212 | Company: | 40 Wall Street LLC |
| Created For: | The Bostany Law Firm | On Behalf Of: | | Phone: | |

## Request Information:

Visiting        Harry Batchelder

Visiting On:    03/07/2008

Send To:        6100

## Visitors Information:

| Visitor Name | Company | Schedule Time | Check In Time | Check Out Time | Comments |
|---|---|---|---|---|---|
| M SOLNICTI | | 1:00 PM | 12:54 PM | | |

## Request History:

| Date | Time | Action | Performed By | Company | Request Status |
|---|---|---|---|---|---|
| 03/07/2008 | 12:54 PM | Request Created | Carlos Aponte | 40 Wall Street LLC | NEW |
| 03/07/2008 | 12:54 PM | Visitor Checked In | Carlos Aponte | 40 Wall Street LLC | CLOSED |
| 03/08/2008 | 01:56 AM | Closed by System | System Administrator | WORKSPEED | CLOSED |

# EXHIBIT B



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
GMA ACCESSORIES, INC,

                    PLAINTIFF,

         -against-

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC., LISA KLINE,
INC., GIRLSHOP, INC., SHOWROOM SEVEN STUDIOS,
INC., JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                    DEFENDANTS,

-----------------------------------------------X

              DATE:   March 7, 2008

              TIME:   10:31 a.m.


        EXAMINATION BEFORE TRIAL of a

non-party witness, CHARLOTTE B, by a witness,

MELINA SOLNICKI, taken by the Plaintiff, GMA

ACCESSORIES, INC., pursuant to a Subpoena,

held at the offices of THE BOSTANY LAW FIRM, 40

Wall Street, New York, New York, before a

Registered Professional Reporter and Notary

Public of the State of New York.



## David Feldman
### W o r l d w i d e

From File to Trial[TM]

California  |  New York  |  Texas
www.david-feldman.com

69

SOLNICKI

1

2   beyond the scope.

3        MR. BOSTANY:  What we will do

4   is, it is 12:00.  We can take a lunch

5   break and come back at 1:00 and maybe

6   we will have reached Judge Freeman by

7   then or we can just -- how does that

8   sound?

9        MR. GRAND:  It doesn't sound

10   like a good idea at all.  We have been

11   calling the judge -- why don't we go

12   off the record?

13        MR. BOSTANY:  No, I want this on

14   the record.

15        MR. GRAND:  Fine, we can keep it

16   on the record.  We tried the judge

17   since 10:00 this morning and have not

18   been able to reach her.  I don't think

19   it is prudent or reasonable to take a

20   lunch break and wait for a ruling from

21   the judge.  We will be happy to abide

22   by whatever ruling the judge makes.

23   If Mr. Bostany wants to make an

24   application to have the witness be

25   compelled to answer the questions she

70

1                    SOLNICKI

2    has been directed not to answer.  But

3    there is no reason to hang around and

4    wait for an hour for an answer that

5    might not come today.

6         So my suggestion is that if

7    Mr. Bostany has no further questions

8    and wants to wait for a ruling from

9    the court, that we adjourn for the day

10   and Mr. Bostany is then free to make

11   an application for the court for the

12   answers that he feels he is entitled

13   to answers.

14        MR. BOSTANY:  Well, I can't

15   force you to come back at 1:00.  I

16   will either see you or I won't.

17        Nice meeting you.

18        (Whereupon, an off-the-record

19   discussion was held.)

20        MR. BOSTANY:  Mr. Grand just

21   indicated that we shouldn't bother

22   waiting around for him because he is

23   definitely not going to be back at

24   1:00.

25        MR. GRAND:  That's what not what

71

                    SOLNICKI

1
2   I said.  I didn't tell him not to

3   bother.  What I had said was, is that

4   we have tried to reach the judge for

5   hours now.  It is apparent that the

6   judge is not in chambers and cannot

7   attend to our matters at the moment.

8   And Mr. Bostany has indicated he has

9   no further questions.

10      So because he has no further

11  questions of the witness and is merely

12  waiting for rulings from the judge on

13  the questions he asked, and since the

14  judge is not there, it makes no sense

15  to keep this witness here any longer

16  today to wait for these rulings.

17      So I do not think that it makes

18  sense to continue the deposition and

19  take a lunch break and come back for

20  an answer that we don't have.

21      MR. BOSTANY:  I am sorry for the

22  confusion.  I have further questions,

23  and I would like to ask them at 1:00.

24  Again, when I said I can't force you

25  to stay, what I meant was, is that the

72

SOLNICKI

1    court reporter and I are going to be

2    here at 1:00. I can't physically

3    force you to be here at 1:00. All I

4    can say is that at 1:00, we are going

5    to note your non-appearance.

6           MR. GRAND: John, you just told

7    me you had no further questions. Now

8    you are telling me you do have more

9    questions. Please tell me what -- are

10   you going to be asking questions at

11   1:00?

12          MR. BOSTANY: Everything I said

13   was on the record.

14          MR. GRAND: And you contradicted

15   yourself. So I am asking you to

16   clarify the record.

17          MR. BOSTANY: Let's each order

18   the transcript.

19          MR. GRAND: I don't want to

20   order the transcript. I want to know

21   if you have questions of the witness

22   while she is here. If you have

23   questions, we don't need to wait an

24   hour to take a lunch break. We are

73

                         SOLNICKI

1

2       fine.  We'd rather plow right through

3       and get done with the testimony and

4       cover all the areas that you have and

5       be done for the day.

6            MR. BOSTANY:  I think what I

7       said was clear and it wasn't what you

8       say I said.  Thank you.

9            (Whereupon, a recess was taken.)

10           MR. BOSTANY:  The time is 1:00.

11      Mr. Paltrowitz and I are here.

12      Mr. Grand and the witness are not.  So

13      we have no choice but to adjourn.

14           (Whereupon, at 1:00 p.m. the

15      Examination of this Witness was

16      adjourned.)

17

18

19      _____
                    MELINA SOLNICKI
20
        Subscribed and sworn to before me
21      this _____ day of _____, 2008.

22      _____
                 NOTARY PUBLIC
23

24

25

74

```
 1
 2                    E X H I B I T S
 3      PLAINTIFF'S EXHIBITS:
 4
 5      EXHIBIT EXHIBIT                    PAGE
 6      NUMBER  DESCRIPTION
 7
 8      1       One page document         58
 9
10
11                    I N D E X
12
13      EXAMINATION BY                    PAGE
14
15      MR. BOSTANY                       4
16
17
18           QUESTIONS MARKED FOR RULINGS
19                PAGE      LINE
20                 13       14
21                 17        3
22                 19        6
23                 19       23
24
25      (Continued on the following page.)
```

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GMA ACCESSORIES, INC.

                      Plaintiff                    Civil Action No.: 07CV3219 (LTS) (DCF)

      - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,     **DECLARATION OF**
INTERMIX, INC., WINK NYC, INC.,              **CHAREN KIM**
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                    Defendants.
-----------------------------------------------------------X

      Charen Kim, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as
follows:

1. I am an employee of the The Bostany Law Firm, attorneys for Plaintiff in this proceeding
   and respectfully make this declaration based upon my personal observations during the
   deposition of CHARLOTTE B LLC on March 7, 2008.

2. On March 7, 2008, I was present at the time the deposition of CHARLOTTE B LLC
   broke for lunch.

3. At that time, Mr. Grand left and indicated that he was not going to return.

4. The court reporter was then asked to stay until 1 pm in my presence; however, the court
   reporter replied that it did not make sense since Mr. Grand indicated he was not
   returning.  Instead, she suggested that if the questioning attorney wanted to place
   anything on the record at 1 pm, it could be done by sound bite at that time to be inserted
   at 1 pm if and when Mr. Grand did not return.

5. To my surprise, Mr. Grand and his witness showed up shortly after 1 pm at which time I
   saw Mr. Grand walking into Mr. Bostany's office where he spoke to Mr. Bostany for
   approximately 10 seconds.

Dated: New York, New York
      March 19, 2008

                                  By: _____
                                      Charen Kim

# EXHIBIT D

Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Third Party Charlotte B, LLC, and*
*Defendants Eminent, Inc., Saks Fifth Avenue, Inc.,*
*Intermix, Inc., Wink NYC, Inc., Lisa Kline, Inc.,*
*Jonathan Singer, Lewis Tierney and Jonathan Solnicki*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
GMA ACCESSORIES, INC.,                                       :
                                                             :
                            Plaintiff,                       :    **DECLARATION OF**
                                                             :    **MELINA SOLNICKI**
          v.                                                 :
                                                             :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                      :    07 CV 3219 (LTS)(DF)
INTERMIX, INC., WINK NYC, INC.,                              :
LISA KLINE, INC., GIRLSHOP, INC.,                            :
SHOWROOM SEVEN STUDIOS, INC.,                                :
JONATHAN SINGER, LEWIS TIERNEY and                           :
JONATHAN SOLNICKI,                                           :
                            Defendants,                      :
                                                             :
-------------------------------------------------------------x

          Melina Solnicki, pursuant to 28 U.S.C. § 1746, declares under penalty of

perjury as follows:

          1.     I am a member of third party Charlotte B. LLC ("Charlotte B"). I submit

this declaration in opposition to Plaintiff's motion to compel further discovery from

Charlotte B. Other than as expressly set forth, I have personal knowledge of all facts set

forth herein.

2.     I understand that plaintiff's counsel has sworn under oath that neither I, nor my counsel, Robert Grand, were present in his office at 1:00 p.m. on March 7, 2008, for the continuation of my deposition. That is simply not true.

3.     On March 7, 2008, I appeared on behalf of Charlotte B for a deposition in the above-captioned case. The deposition took place at the law offices of plaintiff's counsel.

4.     Just before noon, counsel for plaintiff who was conducting the deposition, John Bostany, indicated that, with the exception of several questions that I was directed by my counsel not to answer, he had no further questions for me. Mr. Bostany then announced that he wished to adjourn the deposition for a one-hour lunch break and resume at 1:00 p.m. so that he could try to reach Judge Freeman at that time and obtain rulings on the questions that I was directed not to answer. Mr. Bostany had tried to reach the judge several times during the deposition that morning. Mr. Grand and Mr. Bostany discussed whether it made sense for us to continue the deposition in light of the fact that the judge appeared to be unavailable. Mr. Bostany insisted on a lunch break and stated that he, his colleague Ronald Paltrowitz, and the court reporter would be in the room at 1:00 p.m. Almost immediately thereafter, Mr. Bostany and Mr. Paltrowitz got up and left the room.

5.     Mr. Grand and I left the building and ate lunch at a restaurant adjacent to the building where Mr. Bostany's office is located. At approximately 12:45 p.m., Mr. Grand and I left the restaurant and proceeded back up to Mr. Bostany's office. When we entered the building and approached the security guard, I realized that I had misplaced my security pass. I was required to present identification and I received a second security pass before proceeding to the elevator bank.

2

6.      When we arrived in Mr. Bostany's office, there was no receptionist, the conference room where the deposition took place was dark, and the court reporter and her equipment were gone. **It was not yet 1:00 p.m.**

7.      Mr. Grand then proceeded into the firm to try to locate Mr. Bostany. He emerged with Mr. Bostany a few minutes later and told me that Mr. Bostany had told the court reporter to leave because Mr. Bostany did not believe that we were returning to the deposition at 1:00 p.m.

8.      Mr. Bostany asked me and Mr. Grand to wait in the reception area while he attempted to reach the court reporter to see if we could resume the deposition. After approximately 10 minutes had passed, Mr. Grand asked the receptionist (who had returned) to find out if Mr. Bostany had reached the court reporter.

9.      A few minutes later, Mr. Paltrowitz emerged from the office hallway and told me and Mr. Grand that neither he nor Mr. Bostany was able to reach the court reporter and that, in any event, Mr. Bostany did not have any further questions for me, and so we were free to leave. Mr. Paltrowitz said a few words to me in Spanish and then Mr. Grand and I left the building.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2008
         New York, New York

Melina Solnicki

3

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                              Plaintiff                      Civil Action No.: 07CV3219 (LTS) (DCF)

           - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                          Defendants.
-------------------------------------------------------X

### DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

John P. Bostany, hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am attorney for Plaintiff in this proceeding and respectfully make this declaration based upon my review of the files maintained in the firm's offices as well as my personal participation in certain proceedings.

    2.    This Declaration is respectfully submitted in support of Plaintiff's application for an Order (1) pursuant to Rules 37(a)(1), 37(a)(3)(B)(i) and 45 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") compelling non-party deponent Charlotte B LLC to answer questions properly put to deponent's designated witness pursuant to Fed.R.Civ.P. Rules 30(a)(1), 30(b)(6), and 45; (2) pursuant to Fed.R.Civ.P. Rule 37(a)(3)(B)(ii) and Fed.R.Civ.P. Rule 45 compelling non-party deponent Charlotte B LLC to designate a proper witness pursuant to Fed.R.Civ.P. Rule 30(b)(6); (iii) for appropriate sanctions pursuant to Fed.R.Civ.P. Rule 30(d) (2); and (iv) for such other relief as this court deems just and proper.

3.  I concur with Mr. Paltrowitz' declaration that it is clear from the Transcript that Plaintiff's Counsel had more questions but it was the Designated Witness's Counsel's preference to complete the deposition on another day after rulings were obtained. (See, Transcript, p 69). Counsel's statements had convinced us that he was not going to return (See, Transcript, pp. 70-72.) The Court reporter was released with a sound bite to be instituted in the record at 1 p.m. Since Counsel and witness had not returned by 1pm, the fact that a sound bite was used is academic.

4.  However, on this motion, to relieve the Court from ruling on whether Plaintiff should be permitted to ask additional questions, given the Witness's returning at close to 1 pm, we respectfully ask only that CHARLOTTE B LLC produce a witness with knowledge to answer both the questions that were asked and the witness was directed not to answer as well as those questions that the witness had no knowledge of.

Dated: New York, New York
       March 17, 2008

                                    Respectfully Submitted,

                                    By: _____
                                        John P. Bostany (JB 1986)

- 2 -

# EXHIBIT F

```
************* -COMM. JOURNAL- ***************** DATE MAR-14-2008 **** TIME 17:37 ********

     MODE = MEMORY TRANSMISSION          START=MAR-14 17:32    END=MAR-14 17:37

     FILE NO.=713

 STN   COMM.    ONE-TOUCH/   STATION NAME/TEL. NO.                  PAGES    DURATION
 NO.             ABBR NO.

 001    OK       ☎           912127058552                          012/012  00:02:33
 002    OK       ☎           912125304488                          012/012  00:01:24


                                             -DREIER LLP              -

 ********************************-        - **** -    212 967 4465- *********
```

# DREIER LLP
### Attorneys at Law

499 Park Avenue
New York, New York 10022
Tel: (212) 328-6100
Direct Facsimile: (212) 328-6101

## Fax Cover Sheet

Date:  March 14, 2008

| NAME | COMPANY | FAX NO. | TEL. NO. |
|------|---------|---------|----------|
| David Feldman, President | David Feldman Worldwide, Inc. | (212) 705-8552 | |
| John Bostany and Ronald Paltrowitz | The Bostany Law Firm | (212) 530-4488 | |

**FROM:**          Robert J. Grand, Esq..
**DIRECT DIAL:**   (212) 328-6118

| Message: |
|----------|
| **Please see attached letter.** |

No. of Pages (including cover sheet): ___12___

{00338068.DOC;}

If you have any difficulties receiving this transmission, please call (212) 328-6100

The information contained in this fax is privileged and confidential, and is intended only for the use of the individual(s) named above and others who have been
specifically authorized to receive such information.  If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or
copy of this communique is strictly prohibited.  If you have received this communique in error, or if a problem occurs with this transmission, please notify us
immediately by phone. Thank you.



# DREIER LLP

### Attorneys at Law

499 Park Avenue
New York, New York 10022
Tel: (212) 328-6100
Direct Facsimile: (212) 328-6101

# Fax Cover Sheet

Date:  March 14, 2008

| NAME | COMPANY | FAX NO. | TEL. NO. |
|------|---------|---------|----------|
| David Feldman, President | David Feldman Worldwide, Inc. | **(212) 705-8552** | |
| John Bostany and Ronald Paltrowitz | The Bostany Law Firm | **(212) 530-4488** | |

**FROM:**        Robert J. Grand, Esq.
**DIRECT DIAL:**     (212) 328-6118

**Message:**

**Please see attached letter.**

No. of Pages (including cover sheet):  ___12___

{00338068.DOC;}

**If you have any difficulties receiving this transmission, please call (212) 328-6100**

The information contained in this fax is privileged and confidential, and is intended only for the use of the individual(s) named above and others who have been specifically authorized to receive such information.  If the recipient is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communique is strictly prohibited.  If you have received this communique in error, or if a problem occurs with this transmission, please notify us immediately by phone.  Thank you.

# DREIER LLP

**ATTORNEYS AT LAW**

---

**Robert J. Grand** *Partner*
Direct 212 328 6118
rgrand@dreierllp.com

March 14, 2008

*Via Fax (212) 705-8552*
David Feldman
President
David Feldman Worldwide, Inc.
805 Third Avenue, 8th Floor
New York, New York 10022

> **Re:**    ***GMA Accessories, Inc. v. Eminent, et al.***
> **07 CV 3219 (LTS) (DF)**

Dear Mr. Feldman:

We represent several of the defendants in the above-referenced case, as well as a third-party known as Charlotte B, LLC ("Charlotte B"). I write at this time to call to your attention an egregious error that occurred in the transcription of the Charlotte B deposition that took place last Friday, March 7, at the offices of plaintiff's counsel, The Bostany Law Firm, at 40 Wall Street. The reporter from your office transcribing the testimony was Rebecca Schaumloffel. The relevant events are as follows:

Just before noon counsel for the plaintiff who was conducting the deposition, John Bostany, indicated on the record that, with the exception of several questions that the witness was directed by counsel not to answer, and which Mr. Bostany had marked for rulings from the Court, he had no further questions of the witness. Tr. pp. 68-69. Although Mr. Bostany had tried several times and for several hours to reach the Court for rulings on these questions, he was unable to do so. Mr. Bostany then announced that he wished to adjourn for a 1 hour lunch break and resume at 1:00 p.m. and try and reach the Judge at that time and obtain rulings on the questions so marked. I debated with Mr. Bostany the logic and necessity of taking such a break, but Mr. Bostany finally stated that he, his colleague Ronald Paltrowitz, and the court reporter would be in the room at 1:00 p.m. Tr. pp. 71-72. Almost immediately thereafter, Mr. Bostany and Mr. Paltrowitz got up and left the room.

At approximately 12:45 p.m., the Charlotte B witness and I returned to the Bostany Law Firm's office. I observed that the conference room where the deposition had taken place was dark and the reporter and her equipment were not there. I let myself in to the office and

{00337873.DOC;}

David Feldman, President
March 14, 2008
Page -2-

walked the halls until I found Mr. Bostany in his office sitting at his desk. I asked
Mr. Bostany where the reporter was and if he intended to continue at 1:00 p.m. with his
questioning of the witness. Mr. Bostany told me that he told the reporter to leave for the day
because he believed that I was not going to return with the witness for the continuation of the
deposition at 1:00 p.m. He asked me if the witness had returned to the office with me and I
told him that she had and that she was waiting in the reception area of his office. I then
reminded him that he had stated on the record that he, Mr. Paltrowitz and the reporter would
be in the conference room at 1:00 p.m. I asked him if he had re-opened the record since that
time and he said that he did not. I suggested that he try and contact the reporter,
Ms. Schaumloffel, and see if she could return for the continuation of the deposition.
Mr. Bostany asked me and the witness to wait in the reception area while he attempted to
reach Ms. Schaumloffel. After 10 or 15 minutes passed, Mr. Paltrowitz emerged from the
office hallway and informed me and the witness that neither he nor Mr. Bostany was able to
reach Ms. Schaumloffel and that Mr. Bostany did not have any further questions for the
witness and that we were free to leave, which we did.

Upon reviewing the transcript, however, I noticed that the last entry on the record is a
statement by Mr. Bostany that says: "The time is now 1:00. Mr. Paltrowitz and I are here.
Mr. Grand and the witness are not. So we have no choice but to adjourn." Tr. p. 73. That
statement is followed by the reporter's statement that: "(Whereupon, at 1:00 p.m. the
Examination of this Witness was adjourned.)" In view of the foregoing, that statement on the
record by Mr. Bostany is an out and out lie.

Obviously, I do not know what happened after the witness and I left Mr. Bostany's
office, but it would appear from the record that, contrary to what Mr. Paltrowitz told me and
the witness, Mr. Bostany was, in fact, able to contact Ms. Schaumloffel and did have her
return to his office so that he could make this final statement on the record.

I have included copies of the relevant pages of the transcript for your reference. As
you can see, this issue is of critical importance and I respectfully request your assistance in
ascertaining what exactly happened last Friday and how this last entry came to appear in the
record, which we expect to be corrected.

Very truly yours,

Robert J. Grand

cc:    John Bostany, Esq. (via fax)
       Ronald Paltrowitz, Esq. (via fax)
       Ira S. Sacks

# EXHIBIT G

**Robert Grand**

| | |
|---|---|
| **From:** | Michael Feldman [MFeldman@david-feldman.com] |
| **Sent:** | Wednesday, March 19, 2008 5:27 PM |
| **To:** | Robert Grand |
| **Subject:** | Corrected Transcript - 3/7/08 - GMA Accessories |

**From:** Mirna Inocencio [mailto:minocencio@david-feldman.com]
**Sent:** Tuesday, March 18, 2008 3:11 PM
**To:** john@bozlaw.com; rgrand@dreirllp.com
**Subject:** Corrected Transcript - 3/7/08 - GMA Accessories
**Importance:** High

Dear Counsels:
Attached please find the corrected transcript of the March 7, 2008 deposition of
GMA Accessories, Inc v. Eminunt, Inc.
The reporter initially went off the record at 12:07 pm while both counsels were
present. Mr. Bostany then placed a statement on the record at 12:09 pm when
counsel from Dreier was no longer present. This statement was taken correctly and
is accurately reflected within the transcript.

As is a common practice for court reporters, the court reporter sent the transcript to
her scopist to be proofed and prepared for final distribution. Based on the final
statements made by Mr. Bostany as reflected in the transcript, the scopist
incorrectly assumed the actual time to be 1:00 pm and created the final
parenthetical reflecting that the time was 1:00 pm. The scopist turned in the final
and David Feldman Worldwide distributed copies to each party. The reporter did
not catch this oversight on the part of the scopist.

Today, once the Dreier law firm reported this situation to us, the reporter reviewed
her notes and revised the transcript. The parenthetical now accurately reflects the
actual time which was 12:09 pm.
Attached is the corrected transcript, we will also be sending new hard copies as well
to both parties. Please discard the old transcripts.
We apologize for any inconvenience this may have caused. Please let us know if
we can be of further assistance.
Mirna Inocencio
David Feldman Worldwide, Inc.

3/25/2008