UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
: 
GMA ACCESSORIES, INC.,   :
:
                Plaintiff,   :
:
  v.   :
:
CHARLOTTE SOLNICKI, CHARLOTTE B, LLC, :
EMINENT, INC., SAKS FIFTH AVENUE, INC., :
INTERMIX, INC., WINK NYC, INC.,   :  07 CV 3219 (LTS)(DCF)
LISA KLINE, INC., GIRLSHOP, INC.,   :
SHOWROOM SEVEN STUDIOS, INC.,   :
ELECTRIC WONDERLAND, INC.,   :
SHOWROOM SEVEN INT'L,   :
SHOWROOM SEVEN, JONATHAN SINGER,   :
GOSI ENTERPRISES, LTD., LEWIS TIERNEY,   :
TIERNEY DIRECT LLC and   :
JONATHAN SOLNICKI,   :
:
                Defendants.   :
:
------------------------------------------------------------ x

## RETAILER DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SANCTIONS

                Ira S. Sacks
                Robert J. Grand
                Dreier LLP
                499 Park Avenue
                New York, NY 10022
                (212) 328-6100

                *Attorneys for the Retailer Defendants*

Defendants Eminent, Inc., Saks Fifth Avenue, Inc., Intermix, Inc., Wink NYC, Inc., Lisa Kline, Inc., Jonathan Singer and Lewis Tierney (the "Retailer Defendants") respectfully submit this Memorandum of Law in support of their motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 and the inherent power of the Court.

## Preliminary Statement

This motion for sanctions arises from a number of very serious acts of professional misconduct committed by Plaintiff's counsel, John Bostany and the Bostany Law Firm, in connection with the deposition of third party Charlotte B, LLC ("Charlotte B"), which occurred on March 7, 2008. As set forth in the accompanying Declaration of Robert J. Grand ("Grand Declaration" or "Grand Decl."), the conduct of Plaintiff's counsel evidences a considerable fraud perpetrated on this Court and may very well warrant disciplinary action.

Because the conduct underlying this motion may not fit neatly within the sanctions provisions codified in the Federal Rules of Civil Procedure[1] or the language of

---

[1] Fed. R. Civ. Pro. 11(b), titled "Representations to the Court", states in relevant part, as follows:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

28 U.S.C. § 1927,[2] the Retailer Defendants set forth below the relevant authority for this Court's inherent power to assess sanctions for fraudulent and deceitful conduct akin to the acts committed by Plaintiff's counsel in this case.

### THIS COURT HAS THE INHERENT POWER TO ASSESS SANCTIONS AGAINST PLAINTIFF'S COUNSEL IN THIS CASE

The bad faith conduct by Plaintiff's counsel – his knowing and intentional efforts to falsify the transcript of the deposition of third party witness, Charlotte B, LLC on March 7, 2008, and his continued efforts since that date to deceive this Court as to the true course of events that transpired on that day – is sanctionable under Rules 11 and 37, 28 U.S.C. § 1927, and also under this Court's inherent power.

The Supreme Court has long recognized the federal courts' inherent power to issue sanctions for bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (affirming award of sanctions totaling almost $1 million, representing the entire amount of litigation costs paid by the blameless party, based on court's inherent power). The court's inherent power "extends to a full range of litigation abuses" and is not displaced by the sanctions provisions contained in Rules 11 and 37 of the Federal Rules of Civil Procedure or those contained in 28 U.S.C. § 1927 or other statutes. *Id. at* 46.

---

(4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 37 of the Federal Rules of Civil Procedure provides a mechanism for Courts to impose sanctions for failures to make disclosures or cooperate in discovery in accordance with the Federal Rules. Again, it is respectfully submitted that although the conduct of Plaintiff's counsel in this case emanates from the Charlotte B deposition, this motion may not fall within the language of Rule 37.

[2] 28 U.S.C. § 1927, titled "Counsel's liability for excessive costs," provides, as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

Specifically, the Court in *Chambers* held:

> There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.

*Id. at* 50.

Furthermore, courts in this Circuit have imposed the ultimate sanction of dismissal with prejudice where the evidence supports a finding that a party has committed a fraud upon the court. *See*, *e.g.*, *McMunn v. Memorial Sloane-Kettering Cancer Center,* 191 F.Supp.2d 440 (S.D.N.Y. 2002). As Judge Buchwald stated in *McMunn*:

> Our judicial system generally relies on litigants to tell the truth and participate in discovery in good faith…Thus, when a party lies to the court and his adversary intentionally, repeatedly and about issues that are central to the truth-finding process, it can fairly be said that he has forfeited his right to have his claim decided on the merits. This is the essence of a fraud upon the court.

*Id*. at 445 (citations omitted).

In analyzing whether a fraud has been perpetrated upon the court, courts consider the following factors: (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future. *Id. at* 446; *see Skywark v. Isaacson,* 1999 WL 1489038, at *15 (S.D.N.Y. Oct. 14, 1999).

Applying these factors here, it is clear that Mr. Bostany has perpetrated a fraud upon this Court and should be sanctioned accordingly. Mr. Bostany's falsification of the Charlotte B deposition transcript and his continued efforts to deceive the Court about the true nature of the events that transpired at the Charlotte B deposition illustrates quite clearly that his misconduct was undertaken in bad faith and with the intention of impairing the discovery process in this case.[3] Furthermore, as set forth in detail in the Grand Declaration, this was not an isolated incident of misconduct on the part of Plaintiff's counsel, but is instead one instance – albeit a very serious instance – in a seemingly unending pattern of unprofessional and sanctionable behavior undertaken by Plaintiff's counsel.

Indeed, despite ample opportunity to correct this misconduct, Plaintiff's counsel has made no effort to do so, instead choosing to perpetuate his fraudulent story before this Court. In view of his behavior in this case, in the parallel *Sanei* case and in several cases not presently before this Court, it is clear that Plaintiff's counsel has no intention of amending his ways and it is all but assured that the bad-faith conduct will continue unabated unless an appropriate sanction is levied by this Court – and even then there is no guarantee that the unprofessional behavior from Plaintiff's counsel will cease.

Accordingly, Retailer Defendants respectfully request that appropriate sanctions be assessed against Plaintiff's counsel and his firm. *See Combs v. Rockwell Int'l Corp.,* 927 F.2d 486 (9th Cir. 1991) (dismissal with prejudice is appropriate sanction for

---

[3] It should be noted that Plaintiff's counsel's conduct also may warrant disciplinary action. DR 1-102(a) provides, in relevant part, that "A lawyer or law firm shall not: (1) Violate a disciplinary rule… (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation… (5) Engage in conduct that is prejudicial to the administration of justice… (7) Engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer." Mr. Bostany's conduct clearly involved dishonesty, fraud, deceit and/or misrepresentation.

falsifying deposition). At a minimum, such sanctions should include the attorneys' fees and expenses incurred by Retailer Defendants in connection with this motion, as well as those incurred as a result of being forced to contend with the litany of discovery abuses committed by Plaintiff's counsel throughout the discovery stage of this case. Indeed, the Second Circuit has held that "included in a court's inherent power is the ability to 'assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124 (2d Cir. 1998) (*quoting Chambers,* 501 U.S. at 45) (award of sanctions under the court's inherent power upheld where defendants had acted in conscious disregard of their discovery obligations).[4]

---

[4] *See Skywark v. Isaacson,* 1999 WL 1489038, at *15 (S.D.N.Y. Oct. 14, 1999) ( sanction of dismissal with prejudice warranted where plaintiff perpetrated a fraud upon the court and where plaintiff's pattern of falsehoods and withholding of documents and information resulted in the court conducting a settlement conference based upon a distorted record); *Kensington Int'l Ltd v. Republic of Congo,* 2007 WL 2456993 (S.D.N.Y. Aug. 24, 2007) (sanction of attorneys' fees assessed against law firm which improperly interfered with the discovery process); *Stiftung v. Sumitomo Corp.,* 2001 WL 1602118 (S.D.N.Y. Dec. 14, 2001) (sanction of attorneys' fees assessed under court's inherent power against counsel who "flagrantly flouted" his numerous discovery responsibilities on numerous occasions); *Durant v. Traditional Investments, Ltd.,* 1992 WL 51557 (S.D.N.Y. Mar. 12 1992) (sanctions assessed under court's inherent power based on party's manifest bad faith in obstructing the progress of the litigation and in refusing to comply with the court's numerous orders).

## CONCLUSION

For all of the foregoing reasons, the Court should assess sanctions against Plaintiff's counsel.

Dated: New York, New York
April 18, 2008

                                                      DREIER LLP

                                                      _/s/ Ira S. Sacks_____
                                                      Ira S. Sacks
                                                      Robert J. Grand
                                                      499 Park Avenue
                                                      New York, New York 10022
                                                      (212) 328-6100

                                                      *Attorneys for the Retailer Defendants*