UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                      Plaintiff,

- against -                                Civil Action No.: 07CV3219 (LTS)

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                      Defendants.
------------------------------------------------------X

### DECLARATION OF RONALD I. PALTROWITZ IN SUPPORT OF
### MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

      Ronald I. Paltrowitz, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury, as follows:

      1.      I am counsel to The Bostany Law Firm, attorneys of record for Plaintiff, GMA Accessories, Inc. ("GMA"), in the above captioned matter, and respectfully make this Declaration based upon my review of the files in support of GMA's motion for sanctions against the Dreier Law Firm and Ira S. Sacks, Esq. and Robert J. Grand, Esq. ("Counsel") pursuant to Rule 11 of the Federal Rule of Civil Procedure ("Fed.R.Civ.P.").

      2.      On or about October 24, 2007, Defendants Saks Fifth Avenue, Inc., Intermix, Inc., Wink NYC, Inc., Jonathan Singer, and Lewis Tierney (hereinafter collectively referred to as the "Retailer Defendants") served their answers and counterclaims on GMA. (A representative copy of one of the counterclaims, which are all identical, is attached as Exhibit "A".)

      3.      Counsel are the attorneys of record for the Retailer Defendants.

      4.      Fed.R.Civ.P. Rule 11 provides in relevant part as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper - - whether by signing, filing, submitting, or later advocating it - - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> . . .
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

5. The Ninth Affirmative Defense and the Second Counterclaim in the Answers and Counterclaims served by the Retailer Defendants on GMA allege that GMA perpetrated a fraud on the United States Patent and Trademark Office ("USPTO") by misstating in its Statement of Use and/or Section 8&15 Declarations the dates of first use of the GMA goods listed in each of GMA's trademark applications.

6. However, neither the Ninth Affirmative Defense nor the Second Counterclaim alleges any facts to support the Retailer Defendants's assertions of fraud.

7. Rather, the Ninth Affirmative Defense is limited to the conclusory statement that "The following alleged . . . trademarks are invalid as a result of a fraud perpetrated by [GMA] on the United State Patent and Trademark Office . . . ." (Answer and Counterclaims, ¶109)

8. The Second Counterclaim does not expand on the conclusory statement set forth in paragraph 109, but, instead, merely adds the additional conclusory statements that ". . . as of the dates of [GMA's] Statements of Use and/or [its] 8&15 Declarations . . . GMA was not using the marks in connection with the goods listed . . . "; ". . . the dates of first use set forth in [GMA's] applications are fraudulent . . . "; and that "[t]he aforesaid acts of GMA constitute a fraud on the USPTO." (Answer and Counterclaims, ¶¶136-137)

9. None of the allegations made in the Ninth Affirmative Defense and the Second Affirmative Defense set forth in the Answers and Counterclaims specifically identify and facts that "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

10. Nor have counsel for the Retailer Defendants alluded to any actual evidence uncovered during their pre-filing investigations upon which an objectively reasonable attorney might believe to support the conclusory allegations, and, instead, have indicated in their Disclosures Pursuant to Rule 26(a) that they are not in possession of any documents other than invoices and purchase orders that they can identify to support their claims and defenses. (A representative copy of one of the Rule 26(a) Disclosures, which are all identical, is attached as Exhibit "B".)

- 3 -

11.  Counsel have also not produced any documents to support the Retailer Defendants's claims and defenses although requested to do so in GMA's Request for Documents. (A copy of the Request for Documents is annexed as Exhibit "C".)

12.  The cases set forth in GMA's accompanying Memorandum of Law make it clear that the complete absence of any information, documents or facts from any source to support the Ninth Affirmative Defense and the Second Counterclaim require the invocation of Rule 11.

13.  Pursuant to Fed.R.Civ.P. Rule 11(c)(2), GMA's counsel requested that Counsel withdraw the Ninth Affirmative Defense and the Second Counterclaim in each of the Answers and Counterclaims filed by the Retailer Defendants (the "Request") more than 21 days prior to filing this motion.

14.  Counsel refused the Request.

Wherefore, based upon the foregoing, it is respectfully submitted that GMA's motion to impose sanctions should be granted.

Dated: New York, New York
      March 24, 2008

_____
Ronald I. Paltrowitz (RP-2746)