UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

               Plaintiff,

                                               Civil Action No.: 07CV3219 (LTS)

   - against -

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

               Defendants.
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF GMA's MOTION FOR RULE 11 SANCTIONS DUE TO DEFENDANTS' ASSERTION OF FRIVOLOUS COUNTERCLAIMS

### NATURE OF THE CASE

Defendants were sued for infringement upon the trademark CHARLOTTE. In their answers, all six retailer defendants asserted the same counterclaims in a strike format for the obvious purpose of intimidating the trademark owner and distracting the Court from their plain infringement.

### FACTS

For a comprehensive statement of the facts of this matter, the Court respectfully referred to reply declaration of Ronald I. Paltrowitz.

## ARGUMENT

> Under Rule 11(b), when an attorney or party presents pleadings. Motions or other paper to a court he or she certifies that the document is supported "by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and that all factual allegations "have evidentiary support or … are likely to have evidentiary support after a reasonable opportunity to further investigation or discovery." *See* Fed.R.Civ.P. 11(b)(2), (3). Rule 11 additionally requires counsel to perform "an inquiry reasonable under the circumstances" before filing a complaint or other document with the court. In determining whether an attorney signing a document has crossed the line of zealous advocacy into conduct that is sanctionable under Rule 11, courts apply an objective standard of reasonableness

2006 WL 2872566 (S.D.N.Y. 2006).

The complete lack of factual support for the defendants' claims and the lack of legal basis for the claims as set forth in the papers in support of GMA's Rule 12(b)(6) motion, are independent reasons why Rule 11 sanctions should be applied. Indeed, "a baseless factual contention poses a greater threat to justice than a baseless legal contention". *In re: September 11th liability Insurance Coverage Cases*, 243 F.R.D. 114, 124 (S.D.N.Y. 2007) (emphasis supplied).

Defendants' have used their strike counterclaims to take wide ranging discovery unprecedented in a case against the owner of an uncontestable trademark. To wit, defendants have tortured GMA in discovery and continue to do so, demanding e.g. every single purchase order for the 10 years that GMA has sold its CHARLOTTE products, and a list of all products ever sold, along with their dates and purchases under the theory that it is trademark owner's duty to prove its dates of first use and that defendants need not have any support for their

- 3 -

counterclaims.

## CONCLUSION

For the forgoing reasons, it is respectfully asked that the counterclaimants be sanctioned in a sum equal to GMA's legal fees in this matter along with a sum to discourage further conduct by counterclaimants and those similarly situated in the future so that all those accused of infringement do not also believe that they can make claims of fraud etc. against the trademark owner without some basis.

Dated: New York, New York
      March 24, 2008

Respectfully submitted,

THE BOSTANY LAW FIRM
Attorneys for Plaintiff

By: _____
Ronald I Paltrowitz
40 Wall Street
New York, New York
(212) 530-4400