Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel. (212) 328-6100
*Attorneys for Certain Retailer Defendants/*
*Counterclaim Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
                          :

GMA ACCESSORIES, INC.,           :

                    :

             Plaintiff,      :

                    :

     v.                 :

                    :

CHARLOTTE SOLNICKI, CHARLOTTE B, LLC, :
EMINENT, INC., SAKS FIFTH AVENUE, INC., :
INTERMIX, INC., WINK NYC, INC.,     :    07 CV 3219 (LTS)(DCF)
LISA KLINE, INC., GIRLSHOP, INC.,    :
SHOWROOM SEVEN STUDIOS, INC.,    :    **ANSWER TO THE**
ELECTRIC WONDERLAND, INC.,      :    **THIRD AMENDED**
SHOWROOM SEVEN INT'L,         :    **COMPLAINT AND**
SHOWROOM SEVEN, JONATHAN SINGER, :    **COUNTERCLAIMS**
GOSI ENTERPRISES, LTD., LEWIS TIERNEY, :
TIERNEY DIRECT LLC and       :
JONATHAN SOLNICKI,         :

                    :

            Defendants.    :

                    :
----------------------------------------------------------- x

      Defendant/Counterclaim Plaintiff Tierney Direct LLC ("Tierney"), by and

through its attorneys Dreier LLP, answers the Third Amended Complaint (the

"Complaint") of Plaintiff/Counterclaim Defendant GMA Accessories, Inc. ("GMA") on

knowledge as to its own acts and otherwise on information and belief, as follows:

**PARTIES**

     1.     Tierney denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 1 of the Complaint.

2.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.      Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, except admits that this Court issued a memorandum order granting default judgment motions and injunction on August 29, 2007, the contents of which are found therein.

20.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.     Tierney denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 23 of the Complaint.

24.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Tierney admits the allegations set forth in paragraph 26 of the Complaint

27.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30.     Tierney denies each and every allegation set forth in paragraph 30 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  Tierney further states that it has displayed, marketed, distributed, sold and/or offered for sale merchandise bearing the CHARLOTTE SOLNICKI mark in the past.

31.     Tierney denies each and every allegation set forth in paragraph 31 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  Tierney further states that it has displayed, marketed, distributed, sold and/or offered for sale merchandise bearing the CHARLOTTE SOLNICKI mark in the past.

32.     Tierney denies knowledge or information sufficient to form a belief as to

4

the truth of the allegations in paragraph 32 of the Complaint.

33.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Tierney denies each and every allegation set forth in paragraph 34 of the Complaint, except admits that d/b/a Coco & Delilah, it uses the website www.coco-delilah.com to market, promote and sell Coco & Delilah retail products.

35.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

## JURISDICTION AND VENUE

39.     Tierney denies each and every allegation set forth in paragraph 39 of the Complaint, except admits that Plaintiff purports to assert the present action under the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b) and under certain allegedly related claims under the statutory and common law of the State of New York and alleges jurisdiction under the cited federal statute.

40.     Tierney denies each and every allegation set forth in paragraph 40 of the Complaint, except admits that venue is alleged pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

**FACTS**

41.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, except denies that it has used the CHARLOTTE mark.

44.     Tierney neither admits nor denies the allegations set forth in paragraph 44 of the Complaint because the Plaintiff asserts a legal conclusion to which no response is required.

45.     Tierney denies each and every allegation in paragraph 45 of the Complaint, except admits that GMA is the owner of Registration No. 2,216,405 for the mark CHARLOTTE in International Class 26.

46.     Tierney denies each and every allegation in paragraph 46 of the Complaint, except admits that GMA is the owner of Registration No. 2,217,341 for the mark CHARLOTTE in International Class 18.

47.     Tierney denies each and every allegation in paragraph 47 of the Complaint, except admits that GMA is the owner of Registration No. 2,535,454 for the mark CHARLOTTE in International Class 25.

48.     Tierney denies each and every allegation in paragraph 48 of the Complaint, except admits that GMA is the owner of Registration No. 2,561,025 for the

mark CHARLOTTE in International Class 9.

49.    Tierney denies each and every allegation in paragraph 49 of the Complaint, except admits that GMA is the owner of Registration No. 3,242,358 for the mark CHARLOTTE in International Class 22.

50.    Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51.    Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.    Tierney denies each and every allegation in paragraph 52 of the Complaint.

53.    Tierney denies each and every allegation in paragraph 53 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

54.    Tierney denies each and every allegation set forth in paragraph 54 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  Tierney further states that it has used the mark CHARLOTTE SOLNICKI to identify CHARLOTTE SOLNICKI merchandise.

55.    Tierney denies each and every allegation set forth in paragraph 55 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  Tierney further states that it has used the mark CHARLOTTE SOLNICKI to identify CHARLOTTE SOLNICKI merchandise.

56.    Tierney denies each and every allegation set forth in paragraph 56 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

57.    Tierney denies each and every allegation set forth in paragraph 57 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

58.    Tierney denies each and every allegation set forth in paragraph 58 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

59.    Tierney denies each and every allegation set forth in paragraph 59 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

60.    Tierney denies each and every allegation set forth in paragraph 60 of the Complaint.

61.    Tierney denies each and every allegation set forth in paragraph 61 of the Complaint.

62.    Tierney denies each and every allegation set forth in paragraph 62 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  Tierney further states that for some time since the summer of 2006, it advertised and/or used the mark CHARLOTTE SOLNICKI in conjunction with CHARLOTTE SOLNICKI merchandise.

63.    Tierney denies each and every allegation set forth in paragraph 63 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as

to the truth of the allegations concerning the other Defendants.

64.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Tierney denies each and every allegation set forth in paragraph 65 of the Complaint, except admits that Lewis Tierney received a baseless letter regarding the CHARLOTTE mark in July 2007.

66.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Tierney denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Tierney denies each and every allegation set forth in paragraph 69 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants, except admits that it sold CHARLOTTE SOLNICKI apparel at one time.

70.     Tierney denies each and every allegation set forth in paragraph 70 of the Complaint.

### COUNT I - TRADEMARK INFRINGEMENT (FEDERAL)

71.     In response to paragraph 71 of the Complaint, Tierney repeats and realleges its responses to the allegations set forth in paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.     Tierney denies each and every allegation set forth in paragraph 72 of the

9

Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

73.     Tierney denies each and every allegation set forth in paragraph 73 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  Tierney further states that it sold CHARLOTTE SOLNICKI products, but states that CHARLOTTE SOLNICKI is not confusingly similar to GMA's CHARLOTTE Mark.

74.     Tierney denies each and every allegation set forth in paragraph 74 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

75.     Tierney denies each and every allegation set forth in paragraph 75 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

76.     Tierney denies each and every allegation set forth in paragraph 76 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.  Tierney further states that it has advertised, promoted, marketed and/or sold CHARLOTTE SOLNICKI merchandise under the name CHARLOTTE SOLNICKI.

77.     Tierney denies each and every allegation set forth in paragraph 77 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

78.     Tierney denies each and every allegation set forth in paragraph 78 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as

to the truth of the allegations concerning the other Defendants.

79.      Tierney denies each and every allegation set forth in paragraph 79 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

80.      Tierney denies each and every allegation set forth in paragraph 80 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

81.      Tierney denies each and every allegation set forth in paragraph 81 of the Complaint.

## COUNT II - UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

82.      Tierney denies each and every allegation set forth in paragraph 82 of the Complaint, and repeats and realleges its responses to the allegations set forth in paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83.      Tierney denies each and every allegation set forth in paragraph 83 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

84.      Tierney denies each and every allegation set forth in paragraph 84 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

85.      Tierney denies each and every allegation set forth in paragraph 85 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

86.      Tierney denies each and every allegation set forth in paragraph 86 of the

Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

87.    Tierney denies each and every allegation set forth in paragraph 87 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

88.    Tierney denies each and every allegation set forth in paragraph 88 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

89.    Tierney denies each and every allegation set forth in paragraph 89 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

90.    Tierney denies each and every allegation set forth in paragraph 90 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

91.    Tierney denies each and every allegation set forth in paragraph 91 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

92.    Tierney denies each and every allegation set forth in paragraph 92 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

93.    Tierney denies each and every allegation set forth in paragraph 93 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

94.     Tierney denies each and every allegation set forth in paragraph 94 of the Complaint.

95.     Tierney denies each and every allegation set forth in paragraph 95 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

96.     Tierney denies each and every allegation set forth in paragraph 96 of the Complaint.

## COUNT III - DEFENDANTS SALE OF COUNTERFEIT GOODS

97.     In response to paragraph 97 of the Complaint, Tierney repeat and reallege its responses to the allegations set forth in paragraphs 1 through 96 of the Complaint as if fully set forth herein.

98.     Tierney neither admits nor denies the allegations set forth in paragraph 98 of the Complaint because the Plaintiff asserts a legal conclusion to which no response is required.

99.     Tierney denies each and every allegation set forth in paragraph 99 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

100.    Tierney denies each and every allegation set forth in paragraph 100 of the Complaint.

## COUNT IV - IMPORTATION OF INFRINGING GOODS (FEDERAL)

101.    In response to paragraph 101 of the Complaint, Tierney repeats and realleges its responses to the allegations set forth in paragraphs 1 through 100 of the Complaint as if fully set forth herein.

102.    Tierney denies each and every allegation set forth in paragraph 102 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

103.    Tierney denies each and every allegation set forth in paragraph 103 of the Complaint as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other Defendants.

104.    Tierney denies each and every allegation set forth in paragraph 104 of the Complaint.

## COUNT V - INFRINGING USE OF DOMAIN NAME (FEDERAL)

105.    Tierney denies each and every allegation set forth in paragraph 105 and in response to paragraph 105 of the Complaint, Tierney repeats and realleges its responses to the allegations set forth in paragraphs 1 through 104 of the Complaint as if fully set forth herein.

106.    Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint.

107.    Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint.

108.    Tierney denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint.

109.    Tierney denies each and every allegation set forth in paragraph 109 of the Complaint.

## TIERNEY'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

14

110.    The Complaint fails to state a claim against Tierney upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

111.    The claims in the Complaint are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

112.    The claims in the Complaint are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

113.    Tierney is not manufacturing, marketing, selling, and/or offering for sale products using a mark that is confusingly similar to GMA's "CHARLOTTE" mark.

## FIFTH AFFIRMATIVE DEFENSE

114.    Tierney is not engaging in and has not engaged in any acts which constitute a violation of 15 U.S.C. §§1114(1) and/or 1116(1)(B)(i).

## SIXTH AFFIRMATIVE DEFENSE

115.    Tierney is not engaging in and has not engaged in any acts which constitute a violation of 15 U.S.C. §§1124 and/or 1125(b).

## SEVENTH AFFIRMATIVE DEFENSE

116.    Tierney is not engaging in any acts which constitute trademark infringement, unfair competition or misappropriation under the common law of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

117.    Tierney is not engaging in and has not engaged in any acts which

constitute a violation of N.Y. General Business Law §360-1.

### NINTH AFFIRMATIVE DEFENSE

118.    The following alleged CHARLOTTE trademarks are invalid as a result of

a fraud perpetrated by Plaintiff on the United States Patent Office during prosecution of

the underlying applications: U.S. Registration No. 2,535,454, issued February 5, 2002 in

International Class 25, U.S. Registration No. 2,217,341, issued January 12, 1999 in

International Class 18, U.S. Registration No. 2,216,405, issued on January 5, 1999 in

International Class 26 and U.S. Registration No. 3,242,358, issued on May 15, 2007 in

International Class 22, U.S. Registration No. 2,561,025 in International Class 9 (the

"GMA CHARLOTTE Marks").

### TENTH AFFIRMATIVE DEFENSE

119.    Plaintiff is barred from seeking the relief requested, in whole or in part, by

virtue of unclean hands and/or trademark misuse.

### ELEVENTH AFFIRMATIVE DEFENSE

120.    Plaintiff is barred, in whole or in part, from seeking the relief requested on

the grounds that, as of the date of the relevant Statements of Use and/or as Section 8&15

Declarations, GMA was not using the mark on all the goods covered by the GMA

CHARLOTTE Marks.

### TWELFTH AFFIRMATIVE DEFENSE

121.    Plaintiff's alleged trademark "CHARLOTTE" does not function as a

trademark as it is a weak mark, because standing alone, it is a commonly-used style

designation in the apparel and jewelry industry.

### THIRTEENTH AFFIRMATIVE DEFENSE

122.    Plaintiff is barred, in whole or in part, from seeking the relief requested on the grounds that it failed to join necessary and/or indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

123.    Plaintiff has failed to mitigate damages, if any.

## TIERNEY'S COUNTERCLAIMS

## JURISDICTION

124.    This Court has jurisdiction over this matter pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq*.); 28 U.S.C. §§ 1331, 1338 and 1367, and related claims under the common law of the State of New York.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Counterclaim Defendant resides within this judicial district.

## FACTS

**"CHARLOTTE" IS A WEAK MARK AND CONSUMERS ARE NOT LIKELY TO BE CONFUSED AS TO THE SOURCE, ORIGIN OR SPONSORSHIP OF PRODUCTS USING THE CHARLOTTE SOLNICKI MARKS**

125.    "Charlotte," standing alone, is a popular female first name, and, as a result, is commonly used as a style designation in the apparel and jewelry industry.

126.    "Charlotte" also has geographic significance as the capital of the state of North Carolina, the 20th largest city in the United States and home to the Charlotte campus of the University of North Carolina – UNC Charlotte.

127.    The use of "Charlotte" in the apparel and accessories business is so widespread that Tierney is aware of at least 49 companies that use "Charlotte" as a style designation for their various fashion products.

128.    In addition, several other designers use the name "Charlotte" as brands in connection with their apparel and accessories lines, including, but not limited to,

CHARLOTTE RUSSE, CHARLOTTE TARANTOLA, CHARLOTTE RONSON and CHARLOTTE CORDAY.

129.     Specifically, Charlotte Russe owns several U.S. federal trademark registrations for the mark CHARLOTTE RUSSE:  Registration No. 2416273 in Class 25 for clothing; Registration No. 2416270 in Class 26 for hair ornaments; Registration No. 2416269 in Class 14 for costume jewelry; Registration No. 2416268 in Class 18 for handbags and other related goods; Registration Nos. 2414477 and 1485692 in Class 42 for retail store services specializing in women's apparel and accessories; and Registration No. 2451427 in Class 3 for cosmetics.

130.     Moreover, Charlotte Russe began using the CHARLOTTE RUSSE mark before GMA's use of CHARLOTTE and thus its use is senior to GMA's use.

131.     Another third party with no relation to the parties hereto, Ehringer-Schwarz GMBH & Co. KG, owns the trademark registration for CHARLOTTE in International Class 14 for jewelry (Reg. No. 2117619, issued on December 2, 1997).  The Section 8&15 was filed for this mark on April 14, 2003 and acknowledged on July 12, 2003.

132.     Additionally, at the time GMA obtained its CHARLOTTE registrations, Charlotte Ford owned a registration for CHARLOTTE FORD in Class 25 for clothing.

133.     In addition, the owner of the mark CHARLOTTE TARANTOLA has prior rights, as compared to GMA, to the name CHARLOTTE based on common law use.

134.     Because of the name and geographic significance of "Charlotte" and the widespread use of "Charlotte" as a style designation in the apparel and jewelry industries,

"Charlotte" has little or no significance as a source or association identifier and does not serve to identify a single apparel, handbag or jewelry source, much less serve to identify GMA as the exclusive source of "Charlotte" products.

135.    The apparel produced by CHARLOTTE SOLNICKI is high-end and is not competitive with GMA's products.

136.    The consumers purchasing CHARLOTTE SOLNICKI products are sophisticated, brand-conscious and used to discriminating between designer's names when purchasing merchandise in the fashion industry.  These consumers are not likely to be confused by the use of a designer's full name, even if it overlaps with or has similarities to another designer's name.

### THE GMA CHARLOTTE MARKS

137.    GMA, which does business as Capelli New York, is, according to its website (located at www.capelli-ny.com), in the business of selling fashion accessories and novelty items, such as hair accessories, socks, leg warmers, sandals, flip flops, slippers, plush toys and pet accessories.

138.    Tierney was not aware of GMA or its products until GMA's counsel sent Jonathan Singer a cease and desist letter.

139.    Specifically, GMA asserts rights to the following U.S. trademark registrations and applications pending before the U.S. Patent and Trademark Office (collectively referred to as the "GMA CHARLOTTE Marks"):

    a. U.S. Registration No. 2,216,405, issued January 5, 1999, for the mark CHARLOTTE in International Class 26 for hair accessories, namely, hair clips, scrunchees, ribbons and braids.

    b. U.S. Registration No. 2,217,341, issued January 12, 1999, for the mark CHARLOTTE in International Class 18 for sacks and bags, namely, handbags made of textiles and beads.

c.   U.S. Registration No. 2,535,454, issued February 5, 2002, for the mark CHARLOTTE in International Class 25 clothing, footwear and headgear, namely hats, scarves, gloves and socks.

d.   U.S. Registration No. 2,561,025, issued April 16, 2002, for the mark CHARLOTTE in International Class 9 for sunglasses.

e.   U.S. Registration No. 3,242,358, issued May 15, 2007, for the mark CHARLOTTE in International Class 22 for bags for securing valuables; bands for wrapping or binding; belts, not of metal, for handling loads; fabric and polyester mesh net used for storing toys and other household items; garment bags for storage; mesh bags for storage; multi-purpose cloth bags; packaging bags of textile material; rice straw bags (kamasu); shoe bags for storage; string.

f.   Use-based Application, filed June 30, 2006, for the mark CHARLOTTE in International Class 14 for the following goods:  bonnet pins of precious metal; bracelets; bracelets of precious metal; brooches; buckles for watchstraps; charms ; chokers; costume jewelry; cuff-links; earrings; gemstones; gold and its alloys; hat pins of precious metal; iridium and its alloys; jewelry; jewelry for the head; jewelry pins for use on hats; lapel pins ; necklaces; ornamental pins; ornaments of precious metal; osmium and its alloys; pendants; picture frames of precious metal; platinum and its alloys; precious metal alloys; purses and wallets of precious metal; rhodium and its alloys; rings being jewelry; silver and its alloys; tiaras (Serial No. 78/921503).

g.   Use-based application, filed October 2, 2006, for the mark CHARLOTTE in International Class 24, for the following goods:  Bath linen; Bath sheets; Bath towels; Beach towels; Bed blankets; Bed linen; Bed sheets; Bed spreads; Blanket throws; Chenille fabric; Children's blankets; Children's towels; Cloth coasters; Cloth napkins for removing make-up; Comforters; Contoured mattress covers; Cotton base mixed fabrics; Cotton fabric; Covered rubber yarn fabrics; Crepe cloth; Crib bumpers; Crib canopies; Curtain fabric; Curtain loops of textile material; Curtains; Curtains made of textile fabrics; Diaper changing mats; Diaper changing pads not of paper; Dining linens; Dish cloths; Draperies; Dust ruffles; Duvet covers; Duvets; Eiderdown covers; Eiderdowns; Fabric diaper stackers; Fabric flags; Fabric for boots and shoes; Fabric of imitation animal skin; Fabric table runners; Fabric table toppers; Fabric valances; Fabric window coverings and treatments, namely curtains, draperies, sheers, swags and valances; Face towels; Feather beds; Felt and non-woven textile fabrics; Fiberglass fabrics for textile use; Fireproof upholstery fabrics; Fitted toilet lid covers; Flannel; Flax fabrics; Frieze; Gauze fabric; Gift wrap of fabric; Hand towels; Hand-towels made of textile fabrics; Hemp base mixed fabrics; Hemp yarn fabrics; Household linen; Inorganic fiber mixed fabrics; Jeans fabric; Jersey fabrics for

clothing; Jersey material; Jute fabrics; Kitchen linens; Kitchen towels; Knitted fabrics; Knitted fabrics of chemical-fiber yarn; Knitted fabrics of cotton yarn; Knitted fabrics of wool yarn; Labels of cloth; Lap rugs; Mixed fiber fabrics; Narrow woven fabrics; Net curtains; Nylon fabric; Oil cloths; Pillow cases; Pillow covers; Pillow shams; Pillowcases; Place mats of textile material; Polyester fabric; Pot holders; Puffs; Quilts; Ramie fabric; Rayon fabric; Receiving blankets. Regenerated fiber yarn fabrics; Rubberized cloths; Sackcloth; Sail cloth; Semi-synthetic fiber fabrics; Shams; Shower curtains; Silk-cotton mixed fabrics; Synthetic fiber fabrics; Table cloths not of paper; Table linen; Taffeta; Tapestries of textile; Terry towels; Textile fabric of animal skins imitations; Textile fabrics for home and commercial interiors; Textile fabrics for lingerie; Textile fabrics for the manufacture of clothing; Textile labels; Throws; Ticking fabric; Towel sets; Towels; Traced cloths for embroidery; Tricot quilts; Tulle; Unfitted fabric furniture covers; Upholstery fabrics; Velvet; Wash cloths; Washcloths; Washing gloves; Washing mitts; Window curtains; Wool base mixed fabrics; Wool yarn fabrics; Woolen fabric; Woolen blankets; Worsted fabrics; Woven fabrics; Zephyr fabric (Serial No. 77/012,104).

h.   U.S. Registration No. 2,412,362, issued December 12, 2000 for the mark CHARLOTTE & FRIENDS in International Class 3 for cosmetics, namely perfume, lip gloss, and hair lotions.

i.   U.S. Registration No. 2,412,360, issued December 12, 2000, for the mark CHARLOTTE & FRIENDS in International Class 25 for clothing, footwear and headgear, namely hats, scarves, gloves and socks.

j.   U.S. Registration No. 2,412,359, issued December 12, 2000 for the mark CHARLOTTE & FRIENDS in International Class 26 for hair accessories, namely hair clips, scrunchees, ribbons and braids.

k.   U.S. Registration No. 2,444,120, issued April 17, 2001 for the mark CHARLOTTE & FRIENDS in International Class 28 for toys, namely plush animals.

l.   U.S. Registration No. 2,682,145, issued February 4, 2003, for the mark CHARLOTTE & FRIENDS in International Class 9 for sunglasses.

140.   In connection with several of these registrations, GMA's counsel filed a

Section 8 & 15 Declaration, wherein it declared under oath in relevant part that "[t]he

owner is using or is using through a related company or licensee the mark in commerce

on or in connection with the goods/services identified above, as evidenced by the

attached specimen(s) showing the mark as used in commerce. The mark has been in continuous use in commerce for five consecutive years after the date of registration, or the date of publication under Section 12(c), and is **still in use in commerce on or in connection with all goods and/or services as identified above**….." (Emphasis added). (Such a declaration is hereinafter referred to as an "8&15 Declaration".)

141.    GMA submitted 8&15 Declarations, asserting that it was using the mark CHARLOTTE or CHARLOTTE & FRIENDS in connection with all the goods identified, in each of the following Registrations:  Reg. No. 2,217,341 (filed November 26, 2004), Reg. No. 2,216,405 (filed January 5, 1999), Reg. No. 2,412,360 (June 12, 2006), Reg. No. 2, 412, 359 (filed December 12, 2006), Reg. No. 2,535,454 (filed February 14, 2007); Reg. No. 2,561,025 (filed May 22, 2007).

142.    GMA further swore under oath when filing its trademark applications based on use for the GMA CHARLOTTE Marks and later filing Statements of Use with respect to its intent-to-use applications that GMA was using the mark in connection with all the goods identified in those applications as of the date claimed.

143.    GMA's sworn statements in its use-based applications, Statements of Use and 8&15 Declarations that it was using the GMA CHARLOTTE Marks on all the goods identified in those applications and registrations as of the dates claimed were false.

144.    GMA also swore under oath in each of its trademark applications that it was unaware of anyone else with a right to use a mark that was likely to cause confusion with GMA's CHARLOTTE Marks.

## FIRST COUNTERCLAIM
## (CANCELLATION OF THE GMA MARKS BASED ON TRADEMARK MISUSE)

145.    Tierney repeats and realleges the allegations set forth in paragraphs 124 through 144 above as if fully set forth herein.

146.    The GMA CHARLOTTE Marks lack significance as single source identifiers.  Nevertheless, GMA has continued to sue companies who use the word CHARLOTTE in connection with other words and continues to sue retailers for selling said goods.  Those suits and threatened suits are objectively and subjectively baseless and interposed by GMA with bad faith and the intent to directly injure and harass Tierney's business relationships through the use of governmental process as an anticompetitive weapon.  As a result, Tierney has been injured by GMA's actions.

147.    Accordingly, Tierney seeks an order, pursuant to 15 U.S.C. §1119, directing cancellation of the GMA CHARLOTTE Marks.

## SECOND COUNTERCLAIM
## (CANCELLATION OF THE GMA MARKS BASED ON FRAUD)

148.    Tierney repeats and realleges the allegations set forth in paragraphs 124 through 147 above as if fully set forth herein.

149.    In GMA's 8&15 Declarations, trademark applications and Statements of Use, as filed with the U.S. Patent and Trademark Office, GMA declared that it was aware "that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document" and stated unequivocally that "all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true."

150.    As set forth in detail above, GMA and/or its counsel filed Statements of Use and 8&15 Declarations for its CHARLOTTE Marks.  In each of the Statements of

23

Use and 8&15 Declarations, GMA swore that it was using the CHARLOTTE Mark in connection with **all** the goods listed in each of its applications.

151.    GMA, as of the dates of the Statements of Use and/or the Section 8&15 Declarations for the various CHARLOTTE Marks, was not using the marks in connection with all the goods listed in the applications/registrations and knowingly filed fraudulent applications claiming use on all of the goods anyway.  Based on the information known to date, after reasonable investigation into the matter, without any discovery having taken place, GMA only uses the mark in connection with inexpensive accessories, such as hair ornaments, socks, slippers, and flip flops; and the only items of "clothing" GMA sells are robes and sleepwear.

152.    Moreover, the dates of first use set forth in the applications for GMA's CHARLOTTE Marks are fraudulent and GMA has no evidence relating to the first use dates claimed in its applications.

153.    GMA knew that its representations to the U.S. Patent and Trademark Office were false when made and intended that the U.S. Patent and Trademark Office would rely on its statements to issue its registrations.  The U.S. Patent and Trademark Office reasonably relied on GMA's statements in issuing the CHARLOTTE registrations to GMA.

154.    GMA's misconduct has injured Tierney in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Tierney, for which it has no adequate remedy at law.

155.    The aforesaid acts of GMA constitute fraud on the U.S. Patent and Trademark Office.  Accordingly, Tierney seeks an order from the Court directing

cancellation of the federal registrations of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

### THIRD COUNTERCLAIM
### (CANCELLATION OF THE GMA MARKS BASED ON FRAUD)

156.    Tierney repeats and realleges the allegations set forth in paragraphs 124 through 155 above as if fully set forth herein.

157.    GMA has sued many retailers claiming that their use of CHARLOTTE SOLNICKI infringes upon its CHARLOTTE Marks.

158.    As part of the applications which led to GMA's CHARLOTTE Registrations, GMA swore to the U.S. Patent and Trademark Office that no one else had the right to use a mark that was likely to cause confusion with its applied-for mark.

159.    At that time, Charlotte Russe, Charlotte Tarantola and Charlotte Ford, among others, had prior use to GMA's use of CHARLOTTE.

160.    Moreover, at the time GMA filed its CHARLOTTE applications, the following registrations existed on the federal register:

    a.  CHARLOTTE RUSSE, Registration No. 1,485,692 in Class 42 for retail store services specializing in women's apparel and accessories.

    b.  CHARLOTTE FORD, Registration No. 1,098,854, Class 25 for clothing.

    c.  CHARLOTTE HORNETS, Registration No. 1,650,195, Class 25 for clothing.

    d.  UNC CHARLOTTE, Registration No. 1,727,518, Class 25 for clothing, among others.

    e.  UNC CHARLOTTE, Registration No. 1,730,630, Class 25 for clothing, among others.

f.  CHARLOTTE HORNETS, Registration No. 1,895,046, Class 25 for clothing and class 28 for toys and sporting goods, among others.

g.  THE UNIVERSITY OF NORTH CAROLINA AT CHARLOTTE 1946, Registration No. 1,790,313, Class 25 for clothing, among others.

h.  CHARLOTTE STING, Registration Nos. 2,232,708, Class 25 for clothing.

i.  CHARLOTTE STING, Registration Nos. 2,234,946, Class 25 for clothing.

j.  CHARLOTTE CHECKERS, Registration No. 2,090,707, Class 25 for clothing and Class 28 for stuffed toy animals and sporting goods, among others.

k.  CHARLOTTE, Registration No. 2,117,619, in Class 14 for jewelry

161.  Additionally, in 1999 when GMA filed its CHARLOTTE applications, the following CHARLOTTE RUSSE applications had been filed as actual use applications in the USPTO:  Registration No. 2,416,273 in Class 25 for clothing; Registration No. 2,416,270 in Class 26 for hair ornaments; Registration No. 2,416,269 in Class 14 for costume jewelry; Registration No. 2,416,268 in Class 18 for handbags and other related goods; Registration Nos. 2,414,477 in Class 42 for retail store services specializing in women's apparel and accessories; and Registration No. 2,451,427 in Class 3 for cosmetics.

162.  GMA knew, or should have known, of the existence of these prior uses.

163.  GMA has contended that many of these marks are likely to cause confusion with its CHARLOTTE Marks.

164.  GMA knew that its representations that no one else had a right to use a mark likely to cause confusion with its applied-for marks were false when made and

intended that the U.S. Patent and Trademark Office would rely on its representations to issue its registrations.  The U.S. Patent and Trademark Office reasonably relied on GMA's representations in issuing the CHARLOTTE registrations to GMA.

165.    GMA's misconduct has injured Tierney in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Tierney, for which it has no adequate remedy at law.

166.    The aforesaid acts of GMA constitute fraud on the USPTO.  Accordingly, Tierney seeks an order from the Court directing cancellation of the GMA CHARLOTTE Marks pursuant to 15 U.S.C. §1119 and civil damages pursuant to 15 U.S.C. §1120.

WHEREFORE, Tierney demands judgment as follows:

(a)    Dismissing the Complaint with prejudice;

(b)    On the First Counterclaim, directing the Commissioner of the U.S. Patent and Trademark Office to cancel GMA's CHARLOTTE Registrations, based on trademark misuse;

(c)    On the Second Counterclaim, directing the Commissioner of the U.S. Patent and Trademark Office to cancel GMA's CHARLOTTE Registrations based on fraud;

(d)    On the Third Counterclaim, directing the Commissioner of the U.S. Patent and Trademark Office to cancel GMA's CHARLOTTE Registrations based on fraud;

(e)    On the Second and Third Counterclaims, an award of damages to Tierney as a consequence of GMA's acts of false declarations and/or fraud in

obtaining and maintaining trademark registrations in an amount to be determined at trial or such other sum as this Court shall decide;

(f)    For costs and disbursements in this action, including reasonable attorneys' fees; and

(g)    Granting such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Tierney hereby demands a trial by jury on all issues so triable.

Dated: New York, New York
April 23, 2007                          DREIER LLP


By:    s/Ira S. Sacks
       Ira S. Sacks
       Robert J. Grand
       499 Park Avenue
       New York, New York 10022
       (212) 328-6100
       *Attorneys for Tierney Direct LLC*