# THE BOSTANY LAW FIRM

40 WALL STREET
61ST FLOOR
NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400
FAX: 212-530-4488

NEW JERSEY OFFICE
ONE GATEWAY CENTER
NEWARK, NJ 07102

November 30, 2007

Hon. Debra C. Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re: *GMA v. Eminent, Inc., et. al*
> **Docket No.: 07 CV 3219 (LTS) (DCF)**

Your Honor:

    I respectfully report that, pursuant to your Honor's instructions, the parties conferred yesterday about a fair resolution of the dispute concerning the location of the Charlotte B LLC deposition. I proposed modification of the subpoena so that it would be held closer to Dover, Delaware to dispense with the argument that Dover is more than 100 miles from New York City. I explained to Mr. Sacks that the subpoena was delivered to him in New York City so that even if Dover is more than 100 miles from New York, a second subpoena was served upon him as counsel for Charlotte B LLC in New York. Mr. Sacks replied that he would not withdraw his request to quash the subpoena.

    I also point out that the motion to quash was not in a timely manner as required by Fed.R.Civ.P. 45(c)(3)(A)(ii) and that even if it was, the motion should be denied because <u>Melina Solnicki</u> filed a Declaration confirming that she is one of three members of Charlotte B, LLC, and that she <u>resides and works in Manhattan</u>. Id. (subpoena may only be quashed if it requires the person to travel greater than 100 miles from "where that person resides, is employed or regularly transacts business in person.")

    As such, we respectfully submit that it would be just to enforce the timeliness requirement of Rule 45(3)(A)(ii) and deny Mr. Sacks' motion to quash as it would not be unfair or inconvenient to require the Manhattan witness to be deposed within the Southern District.

Respectfully,

John P. Bostany

cc: Ira S. Sacks, Esq. *(via email)*
    Robert Carillo, Esq. *(via email)*