UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GMA ACCESSORIES, INC.,

                        Plaintiff,

       -against-

EMINENT, INC., et al.,

                        Defendants.
------------------------------------------------------------X

07 Civ. 3219 (LTS) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    Currently before the Court is a motion by plaintiff GMA Accessories, Inc. ("GMA"), seeking to compel non-party witness Charlotte B, LLC ("Charlotte B"): (1) to answer certain questions posed to its representative, Melina Solnicki, during a deposition held on March 7, 2008, and as to which Charlotte B's counsel directed the witness not to answer, on the ground that the questions went beyond a prior limitation on questioning ordered by the Court (*see* Fed. R. Civ. P. 30(c)(2), Amended Order dated Mar. 6, 2008 ("3/6/08 Am. Order") (Dkt. 137)); and (2) to designate a "proper witness" pursuant to Fed. R. Civ. P. 30(b)(6) to respond to certain questions as to which Ms. Solnicki lacked personal knowledge.[1] In addition, GMA requests in its motion that the Court sanction Charlotte B's counsel for purportedly making a false statement to the Court.

    The Court having heard argument from counsel for both GMA and Charlotte B at a conference before the Court on March 14, 2008, and at a follow-up telephone conference on

---

[1] GMA has withdrawn its initial request that Charlotte B be compelled to produce a witness to continue the deposition, so that GMA could pose additional questions, beyond the specific questions that were not answered at the March 7 deposition.

March 19, 2008; and the Court having received and reviewed, in their entirety, the transcript of the March 7, 2008 deposition of Charlotte B ("Tr.") and the written submissions made by both counsel with regard to GMA's motion, it is hereby ORDERED as follows:

1. No later than April 4, 2008, Charlotte B is directed to provide to GMA sworn, written responses to the following questions posed at the March 7, 2008 deposition:

> (a) "Do you know the first names from any of the people that you met with?" (Tr. at 30, ll. 8-12);
>
> (b) "What are the names of the companies, Miss Solnicki, that you met people from, that you can't remember their names?" (Tr. at 30, ll. 18-21);
>
> (c) "You said you were involved in the design end. What did you mean by that?" (Tr. at 31, ll. 14-15);
>
> (d) "It [Showroom Seven] doesn't [represent you] anymore?" (Tr. at 59, l. 17);
>
> (e) "Did you speak to either Karen Erickson or John Mark Black about it [the fact that GMA sued Showroom Seven in this case]?" (Tr. at 62, ll. 13-14); and
>
> (f) "Why did they [Showroom Seven] stop [selling Charlotte Solnicki merchandise], do you know?" (Tr. at 62, l. 5).

2. In addition, no later than April 4, 2008, Charlotte B is directed to provide to GMA a sworn response to the following question posed at the March 7, 2008 deposition, but only to the extent the question is directed to GMA's claims against any of the retailers named as defendants in this case:

> "Have you had any conversations, Miss Solnicki, with anyone about the claims in this case, that the defendants in this case infringed on the Charlotte trademark?" (Tr. at 62, ll. 22-25).

3. As to the remaining questions in dispute as a result of the instruction of Charlotte B's counsel that the witness not answer the questions, GMA has failed to make an

2

adequate showing that those questions called for information within the scope of this Court's prior Order. (*See* 3/6/08 Am. Order at ¶ 2 (stating that "the scope of Charlotte B's deposition shall be limited to matters relevant to any pending claim or defense asserted by any party currently named in this case").) As the instructions given by counsel as to those questions were appropriate under Fed. R. Civ. P. 30(c)(2), GMA's motion to compel responses is denied.

4.  GMA's request that Charlotte B be directed to produce a witness with knowledge of matters as to which Ms. Solnicki lacked personal knowledge is denied, as GMA's deposition notice never specified, pursuant to Fed. R. Civ. P. 30(b)(6), the matters for examination, and, in any event, GMA has not shown that the produced witness lacked knowledge as to the substance of the issues in this case.

5.  For the reasons stated on the record during the March 19, 2008 telephone conference, GMA's request for sanctions is denied at this time, without prejudice to renew should GMA decide that, in light of the totality of the arguments made by counsel and the comments of the Court, it wishes to pursue the matter further. The Court also notes that, should Charlotte B wish to move for sanctions against GMA's counsel after full consideration of the arguments made and the Court's remarks, it may do so as well. Should either GMA or Charlotte B decide to pursue a request for sanctions, then the Court will schedule an evidentiary hearing regarding the facts at issue.

Dated: New York, New York
       March 21, 2008

SO ORDERED

*/s/ Debra Freeman*
DEBRA FREEMAN
United States Magistrate Judge

3

Copies to:

John P. Bostany, Esq.
The Bostany Law Firm
40 Wall Street
New York, NY 10005

Robert J. Grand, Esq.
Ira S. Sacks, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022