# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

March 12, 2008

By E-Mail to All Counsel

Ira S. Sacks, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022

Re:   *GMA Accessories, Inc. ("GMA") v. Eminent, Inc., et. al ("EMINENT")*
Docket No.: 07-CV-3219 (LTS) (DF)

*Sanei Charlotte Ronson LLC v. GMA("SANEI")*
Docket No. 07-CV-9578 (CM) (DF)

Dear Mr. Sacks:

Regarding the points raised in your letter of March 11, 2008:

Point 1.   Your production was due in December.

Point 2:   I am looking at a copy of Judge Freeman's Order. It says, in relevant part, "Defendant is directed to supplement its responses by EITHER (emphasis added) producing the documents OR (emphasis added) by making them available for inspection in a manner that will not require Plaintiff to undertake an independent inspection of Defendant's warehouse." We have offered both alternatives. The documents in the warehouse have been segregated and you have been repeatedly invited to inspect only the responsive documents at the warehouse (alternative 2). We have also offered to have the documents either copied or printed from scanned documents, at your choice (alternative 1). In light of this, your statement that our offers are "misguided and unlawful" is preposterous.

Points 3 and 4. Once again, you have misstated Judge Freeman's Order. It says: "So as to avoid potentially unnecessary discovery, Plaintiff may, at its option, schedule the noticed depositions of the retailer defendants on dates subsequent to the deposition of Charlotte B . . . . " It is my understanding that Judge Freeman ruled this way because she agreed with GMA's position, as discussed during the February 7th conference, that GMA could decide whether to take the retailer depositions after the Charlotte B deposition. It is not our fault that you produced

By E-Mail To All Counsel

Ira S. Sacks, Esq.
Dreier LLP
March 12, 2008
Page - 2 -

a Charlotte B witness who had no knowledge of any of the material questions that we were permitted to ask or that the witness was directed not to answer almost all of the other questions posited. Furthermore, in light of the numerous requests for rulings that remain open, it is incomprehensible that you could conclude that the Charlotte B deposition has been completed.

With regard to the GMA witnesses, Mr. Altirs can be available on March 28th and Mr. Maloof on March 31st. The third witness, William Waters, an intern at this firm, is being offered only to authenticate advertisements downloaded from the internet, copies of which were delivered to you.. If you will agree to the authenticity of these documents, we will withdraw him as a witness and his deposition will not be necessary.

5. With regard to the copying charges, your assumption is incorrect. We will incur a charge of 12¢ per page to print out the documents. If we have not heard from you by close of business today, we will start shipping the documents to your vendor as you suggested on March 10th.

With regard to the matters that you indicate were raised by Ms Grieco:

1. With regard to the Chart, we have delivered all of the non-sales related documents to you and produced the sales related documents for your inspection. We are not obligated to perform the inspection and analysis required by the chart on your behalf.

2. We hereby supplement GMA's initial disclosures, as follows: In addition to the documents identified in Mr. Bostany's letter to you dated December 4, 2007, GMA plans to introduce as evidence the documents delivered to Mr. Grand by Dana Melissinos and the sales records that have been available for your inspection since December 2007.

3. With regard to the $200 refund, the amount of the check sent to us was $200.00, which I understand covers the charge for copying the documents that we have already copied and delivered to you.

I have responded to the matters raised in the second final paragraph of your letter by separate e-mail.

Very truly yours,

Ronald I. Paltrowitz

RIP/hs