# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

April 16, 2008

Hon. Debra C. Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *GMA Accessories, Inc. ("GMA") v. Charlotte Solnicki, et. al ("SOLNICKI")*
            Docket No.: 07-CV-3219 (LTS) (DF)

           *Sanei Charlotte Ronson LLC v. GMA("SANEI")*
            Docket No. 07-CV-9578 (RWS) (DF)

Your Honor:

    I respectfully request an Order compelling discovery responses from both SANEI and the Retailers in Solnicki, along with an award of attorney's fees pursuant to Rule 37, as a result of the recalcitrance of the Dreier firm, Ira Sacks and their clients.

### Dreier's Refusal to Comply with Rule 26(a)(1) requirement to disclose computation of damages

    The Dreier firm continues to have the view that it is not required to provide the required "computation of damages" despite its claim both as a plaintiff in SANEI and a counterclaimant in SOLNICKI, seeking "civil damages". First Dreier served responses saying this section of the Rule was "not applicable". Following a litany of letters and good faith efforts, we wrote to the Court on March 19. A copy of March 4 and March 7 communications are annexed as Exhibits A and B. The Dreier firm then asked that the hearing on GMA's March 19 application be postponed so that it could satisfy its obligations, complaining in letters to your Honor that GMA did not satisfy its good faith obligation to seek the information from it informally before writing to the Court.

    Dreier then served on March 31 "Amended Disclosures pursuant to Rule 26(a) for Retailer Defendants" asserting simply that (a) it would not quantify its claim for attorneys fees and (b) calculation of other damages which was due in January, "has not yet been concluded". A copy of the response is annexed as Exhibit C. SANEI served no supplement.

Mr. Paltrowitz of this firm continued his good faith, albeit unsuccessful, attempt to obtain the information without resort to your Honor. See e.g. Exhibits D and E. We respectfully ask for an Order requiring both SANEI and the Retailers to comply with their Rule 26(a)(1) obligations in this regard within the next 7 days.

### SANEI sales orders Ordered produced by March 25 and Depositions

On March 14 Dreier was given until March 25 to turn over a sampling of its "sales orders" for CHARLOTTE RONSON merchandise. A copy of the pages in the transcript containing this direction is annexed as Exhibit F. We were to review the sampling and determine whether there was a need to produce the approximately 75,000 sales orders that SANEI advised existed. Over the past few weeks, Mr. Paltrowitz of my firm wrote incessantly to Mr. Sacks in an effort to obtain compliance with the Court's Order.

Yesterday, Dreier advised that though they did not comply with the Court's Order, they are willing to turn over all of their sales orders for all of their hundreds of customers that GMA requested in December and that the grand total of all these documents is 4000 pages, not 75,000. With disbelief we are in the process of trying to obtain these from Dreier and in the meantime, we are concerned that we will not be able to obtain and review the documents in time to take the depositions before the close of discovery in this case.

We therefore request another order compelling SANEI to turn over its sales orders within the next 7 days under penalty of preclusion with permission to conduct the depositions during the first two weeks of May. Non party depositions have already been scheduled to take place in May pursuant to the Court's April 15 Order, and by then the newly added defendants will have answered, affording them an opportunity to attend and cross examine.

### Request for Settlement Conference

The parties have been engaged in settlement discussions since February 15. Mr. Sacks has advised that many of the Retailer Defendants in this case, are amenable to settlement and Mr. Sacks proposed settlement language that contained a proposed injunction that met with GMA's approval. After weeks of trying to get Mr. Sacks to consummate, Mr. Sacks served Rule 68 offers that contained dramatically different language. I therefore request a settlement conference with the Court.

Respectfully,

John P. Bostany

Enclosures
cc:   Ira S. Sacks, Esq. (by telecopier)

Ronald Paltrowitz

From: Ira S. Sacks [isacks@dreierllp.com]
Sent: Tuesday, March 04, 2008 4:34 PM
To: ron.paltrowitz@bozlaw.com
Cc: Safia Anand; Mary Grieco; crystal.scott@bozlaw.com; john@bozlaw.com; jackie.antonious@bozlaw.com
Subject: RE: Sanei Disclosures

Run, (misspelling intentional)

No. When our documents are ready for production, we will tell you how much you owe us and then send them to you. Safia will further respond.

My best,

Ira

PRIVILEGED AND CONFIDENTIAL

-----Original Message-----
From: Ronald Paltrowitz [mailto:ron.paltrowitz@bozlaw.com]
Sent: Tuesday, March 04, 2008 4:23 PM
To: Ira S. Sacks
Cc: Safia Anand; Mary Grieco; crystal.scott@bozlaw.com; john@bozlaw.com; jackie.antonious@bozlaw.com
Subject: Sanei Disclosures

Mr. Saks:

May we pick up your disclosures now? Also, please amend your initial disclosures to include your monetary damages.

Thank you.

Ronald I. Paltrowitz, Esq.
The Bostany Law Firm
40 Wall Street, 61st Floor
New York, New York 10005
P: (212) 530-4411
F: (212) 530-4488
ron.paltrowitz@Bozlaw.com

From: John P. Bostany [mailto:john@bozlaw.com]
Sent: Thursday, February 28, 2008 5:36 PM
To: 'Ira S. Sacks'
Cc: ron.paltrowitz@bozlaw.com; 'Safia Anand'; 'Mary Grieco'; crystal.scott@bozlaw.com
Subject: RE: FED EX

Ira

Here you go
Please remember your document response from December advises that they are ready

The Bostany Law Firm

3/11/2008

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

March 7, 2008

By E-Mail To All Counsel

Ira S. Sacks, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022

    Re:   *GMA Accessories, Inc.* adv. *Sanei Charlotte Ronson LLC*, 07-CV-9578 (CM)
           GMA *Accessories, Inc.* v. *Eminent, Inc., et al.*, 07-CV-3219 (LTS)

Dear Mr. Sacks:

    Please let me know when you are available to meet and confer regarding the following disputes:

    1.    We have yet to receive, despite several reminders, your document production in the Sanei matter. Also, you have not quantified your damages as required by Rule 26(a)(1).

    2.    In a letter dated February 26, 2008, you requested additional information from GMA. It is my understanding that, on February 10, 2008, pursuant to Judge Freeman's February 7th directives, Crystal Scott of our office had a meet and confer with Robert Grand of your office[1]. Ms. Scott clarified her letters of January 14 and February 6, i.e. that sales orders and shipping documents are assembled and ready for your inspection in New Jersey and that everything else was delivered to you. From my review of the file and your February 26th letter, it appears that while Mr. Grand was satisfied with the results of that meet and confer, you are not.

    I believe that when we meet and confer telephonically, we will be able to address and hopefully resolve these discovery issues. Would you be available at any time on Monday March 10th?

Very truly yours,

Ronald I. Paltrowitz

---

[1] Pursuant to letters dated February 5, 6, and 7, I see that Mr. Grand objected to this firm's request that other attorneys from your firm be present at the meet and confer.

Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel. (212) 328-6100
*Attorneys for Retailer Defendants.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GMA ACCESSORIES, INC.

     Plaintiff,

  -against-

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP. INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

     Defendants.
--------------------------------------------------------x

Civil Action No.
07 CV 3219 (LTS)

**AMENDED DISCLOSURES
PURSUANT TO RULE (26)(a)
FOR RETAILER DEFENDANTS**

  Defendants Saks Fifth Avenue, Inc. ("Saks"), Intermix, Inc. ("Intermix"), Wink NYC, Inc. ("Wink"), Lisa Kline, Inc. ("Kline"), Jonathan Singer and Lewis Tierney (collectively, the "Retailer Defendants") hereby provide the following amended initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. To the extent not amended herein, the prior initial disclosures remain in full force and effect.

  B.  **CATEGORIES OF DOCUMENTS**

  1.  The following list identifies those documents in the possession, custody or control of the Retailer Defendants that one or more of the Retailer Defendants may use to support their claims and defenses; all such documents have been produced by the Retailer Defendants and Charlotte B, LLC: Sales reports, shipping records, purchase orders, invoices, advertisements,

catalogs, websites, advertising request forms, ledgers, spreadsheets, all relating to Charlotte Solnicki branded merchandise.

  2. In addition, the Retailer Defendants may use the following documents to support their claims and defenses, all of which have been produced by Plaintiff: Cease & desist letters from Plaintiff to the Retailer Defendants; file wrappers for the trademarks upon which Plaintiff has sued; and sales invoices and related documents for sales by Plaintiff of Charlotte branded products.

  3. Finally, the Retailer Defendants may use the product pages of the www.capellinewyork.com website to support their claims and defenses.

### C. COMPUTATION OF DAMAGES

The Retailers Defendants' damages are equal to the attorneys' fees they have expended and will expend to defend this action, as well as lost profits on the sale of Charlotte Solnicki branded merchandise for those Retailer Defendants that discontinued the line as a result of this action. The computation of the foregoing has not yet been concluded.

Dated: March 31, 2008
   New York, New York

          DREIER LLP

         By: s/ Ira S. Sacks
           Ira S. Sacks
           Robert J. Grand
           499 Park Avenue
           New York, New York 10022
           (212) 328-6100
           *Attorneys for Retailer Defendants*

## Ronald Paltrowitz

**From:** Ronald Paltrowitz [ron.paltrowitz@bozlaw.com]
**Sent:** Thursday, April 03, 2008 12:38 PM
**To:** 'Ira S. Sacks'
**Cc:** 'John P. Bostany'
**Subject:** Open issues

Ira:

1. Thank you for your confirmation that we now have copies of all documents that you will use at trial.
2. Each of the Retailer Defendants has served a counterclaim alleging damages. Your Rule 26 Disclosures do not provide any calculation of these damages, which is required and that we are entitled to receive. Please advise.
3. The Subpoena served on Sanei calls for the production of certain documents by March 31, 2008. To my knowledge, we have not received these documents. Please advise.
4. During the March 14, 2008 conference with Judge Freeman, Sanei was directed to produces sales orders that I understand had been originally withheld on the basis of confidentiality [Tr. pp. 51-53] by March 25, 2008 [Tr. p. 55]. To my knowledge, we have not received these documents. Please advise.

Thank you.
Ron

Ronald I. Paltrowitz, Esq.
The Bostany Law Firm
40 Wall Street, 61st Floor
New York, New York 10005
P: (212) 530-4411
F: (212) 530-4488
ron.paltrowitz@Bozlaw.com

4/15/2008

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

April 2, 2008

**By E-Mail**

Ira S. Sacks
Dreier LLP
499 Park Avenue
New York, NY 10022

RE: *GMA v. Eminent, Inc., et. al.*
Docket No.: 07 CV 3219 (LTS)(DCF)

Dear Mr. Sacks:

We have reviewed the supplemental responses received pursuant to our March 24 meet and confer and continue to have the following requests:

Rule 26:

1. Please provide us with any print out of websites that you have in your possession that you may use at trial.

2. As previously requested, please provide us with a calculation of the lost profits you allege as well as the amount of legal fees you are claiming to date, and an estimate of the fees that will be incurred going forward.

Rule 34:

Please confirm that you have provided us with all responsive documents and that you are not still in the process of collection.

By E-Mail
Ira S. Sacks
Dreier LLP
April 2, 2008
Page - 2 -

Rule 33:

    1.    With regard to Interrogatory 10/11, we would again request that you provide us with any print out of websites that you have in your possession that you may use at trial.

    2.    The response to Interrogatory 12/13 continues to be deficient in that you have not provided the name of the individual(s) that, or the dates on which they, first became aware that Plaintiff was the owner of the Charlotte mark. Also, you have not provided the dates on which the cease and desist letters were received or acknowledged receipt on or about the dates on the letters.

    Thank you.

Very truly yours,

The Bostany Law Firm
Attorneys for Plaintiff

By: _____
Ronald I. Paltrowitz

RIP:hs

```
1          MR. BOSTANY:  No.  The second paragraph of the first
2  part.  The second -- sorry, the second sentence of the first
3  paragraph is what I would --
4          THE COURT:  "The documents that were previously
5  withheld based on a confidentiality objection."
6          MR. BOSTANY:  Yes.  And --
7          THE COURT:  That's sales documents, is that it?
8          MR. BOSTANY:  Yes, yes.  And I had a conference with
9  Mr. Sacks this morning about that, and he said that it was his
10 understanding that the parties were just going to give
11 samplings to each other.
12         MR. SACKS:  Judge --
13         MR. BOSTANY:  And I said, well, Mr. Sacks, you --
14 obviously, that's not the understanding because you're asking
15 for all of our documents.  But I'll tell you what, if you can
16 give me a sampling from every one of your customers rather than
17 the few pages of sales order that you produced on a global
18 aspect, then that would be sufficient.
19         We don't -- we may not need all of your sales orders,
20 but we definitely need a sampling from every one of your
21 customers.  And he agreed to do that, but we don't have a
22 deadline for that.  And that -- before I --
23         THE COURT:  Are you in agree -- but for a day --
24 agreement but for a date?
25         MR. BOSTANY:  Exactly.
```

```
 1           MR. SACKS:  Your Honor, here's what happened.  We
 2   produced all of our documents that we --
 3           THE COURT:  Are you in agreement but for a date for
 4   doing it?
 5           MR. SACKS:  I believe so.
 6           THE COURT:  Okay.  So let's go on.
 7           MR. SACKS:  Okay.
 8           THE COURT:  And I'll give you a date.
 9           MR. BOSTANY:  Well, we -- can you set a date?
10           THE COURT:  Yeah.  I'm going to give dates at the end
11   for everything.
12           MR. BOSTANY:  Oh.
13           THE COURT:  So keep track of all these things because
14   if I give one date for this and another date for that, we'll go
15   through your checklists and we'll see if we can just do one
16   global schedule setting for it.  Okay?
17           MR. BOSTANY:  Okay, Judge.
18           THE COURT:  All right.  So what's your second issue?
19           MR. BOSTANY:  The second issue in the first paragraph
20   is the first sentence.  We haven't gotten copies of the
21   communications with those parties that form the basis of the
22   tortious interference claim.  As you -- as Your Honor might
23   recall, our interrogatories and document requests were more
24   global in nature.  They asked for more documents.
25           And during the February 21 conference and the March 5
```

1   order, Your Honor whittled that down a little and said that
2   Sanei has to produce copies of its communications with those
3   parties that Sanei alleges formed the basis of its tortious
4   interference claim.
5         MR. SACKS: Your Honor, the answer to that is that Mr.
6   Bostany has all documents responsive to that request. And if
7   we find additional documents in continuing to look, we will
8   give them to him. But he has all documents responsive to that
9   request. Not all tortious interference claims are based on
10  documents in Sanei's possession. But if Sanei has possession,
11  custody, or control of documents responsive to that request,
12  Mr. Bostany has them.
13        MR. BOSTANY: Well, if we could just get a
14  verification from his client, and that would be fine.
15        MR. SACKS: It's a document request, Your Honor. I
16  have complied with my obligations.
17        MR. BOSTANY: Well --
18        THE COURT: You have it on the record. You have it on
19  the record that according to counsel there's nothing further.
20        MR. BOSTANY: Okay. Let's go to I guess Charlotte B
21  deposition now.
22        MR. SACKS: Are we done with the Sanei case then?
23        THE COURT: Are we done with Sanei? Anything else on
24  Sanei? All right. Let's set some dates on Sanei since you may
25  well be before a different judge. You've got a different

```
 1  schedule.  Let's look at dates for that.  So on GMA's side, we
 2  only have this one item about the sampling -- the samples of
 3  documents you were just talking about.  What do you each
 4  propose for a date by which that's accomplished?
 5          MR. SACKS:  Your Honor, we just --
 6          MR. BOSTANY:  I think, Judge, that was the subject of
 7  a January 9 meet and confer.  Those documents were due in
 8  December.
 9          MR. SACKS:  Your Honor --
10          MR. BOSTANY:  I respectfully submit that if they were
11  withheld on -- based on confidentiality reasons, at least they
12  should have been gathered already.
13          THE COURT:  No.
14          MR. SACKS:  That wasn't the basis.  Your Honor, at
15  that meet and confer, we said we'd give them a sampling.
16          THE COURT:  Would you each give me a date, or else
17  I'll make one up.
18          MR. BOSTANY:  My date was going to be --
19          MR. SACKS:  I need two weeks, Your Honor.
20          MR. BOSTANY:  I was going to say one week.
21          THE COURT:  Fine.  One and a half weeks.
22          MR. BOSTANY:  That was easy.
23          THE COURT:  That would take you to -- today is March
24  14th.  One week would be the 21st.  Two weeks would be the
25  28th.  We'll make it the 25th, March 25.  All right.
```