# THE BOSTANY LAW FIRM

40 WALL STREET
61ST FLOOR
NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400
FAX: 212-530-4488

NEW JERSEY OFFICE
ONE GATEWAY CENTER
NEWARK, NJ 07102

March 12, 2008

Hon. Debra C. Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *GMA Accessories, Inc. ("GMA") v. Eminent, Inc., et. al ("EMINENT")*
               Docket No.: 07-CV-3219 (LTS) (DF)

               *Sanei Charlotte Ronson LLC v. GMA("SANEI")*
               Docket No. 07-CV-9578 (CM) (DF)

Your Honor:

      Pursuant to Your Honor's direction during the February 21, 2008 telephone conference with counsel in the above-referenced matters, the following are issues that we have been unable to resolve with opposing counsel:

### SANEI Documents

      SANEI continues to refuse to supply copies of its communications with those parties that it alleges form the basis of its tortuous interference claim as directed by Your Honor in your March 5, 2008 Order in the SANEI case. Also, despite the entry of a Confidentiality Order, SANEI has steadfastly refused to produce documents that were previously withheld based on a confidentiality objection. We have written to opposing counsel by email on February 28, March 4, March 7 and March 11, 2008. Emails are attached as Exhibits A and letters are attached collectively as Exhibit B.

### CHARLOTTE B, LLC Deposition

      Although the Court directed that documents be produced by February 29, 2008, counsel produced approximately 350 pages of documents for our review on March 6, 2007. During the March 7th deposition, it became apparent that the witness produced had no knowledge whatever

of any of the document that had been produced stating on numerous occasions that she was on the design side of the business and not the business side, and indicated that it was Jonathan Solnicki who would have the relevant knowledge. In addition, counsel for Charlotte B directed the witness not to answer numerous questions on the grounds that they were beyond the scope of the deposition. These questions were marked for rulings in the transcript. We attempted to reach Your Honor by telephone in the hope that these issues could be resolved but were unable to do so. We believe that counsel's directions were improper as Your Honor's March 5, 2008 Order in the Eminent case (the "Eminent Order") memorialized the February 7 and 21 rulings providing that the scope of the deposition could include "matters relevant to any pending claim or defense asserted by any party currently named in this case." The Transcript is being provided under separate cover.

### Retailer Depositions

The Eminent Order also provided that "[s]o as to avoid potential unnecessary discovery, [GMA] may, at its option, schedule the [retailer depositions] on dates subsequent to the deposition of Charlotte B, . . . . " Opposing counsel keep demanding dates for these depositions despite the fact that we have been unable to complete the Charlotte B deposition for the reasons set out in the preceding paragraph.

### ERICSON Subpoena for depositions and documents

On February 21, as memorialized in Your Honor's Order dated March 5, 2008 in the Eminent case, the Court directed that the deposition of Karen Ericson pursuant to GMA's *subpoena* of November 29, 2007, be held on a date to be agreed upon by counsel and that the discovery deadline be extended to March 31, 2008. Our attempts to schedule the deposition have not been successful as Mr. Kamal, attorney for the witness, continues to state that the witness is unavailable. [See e-mails annexed hereto as Exhibit C.] We therefore regretfully request that the November 29 *subpoena* be So Ordered for March 28, 2008. A copy of the *Subpoena* is attached as Exhibit "D".

Respectfully,

Ronald I. Patltrowitz

Enclosures

cc:  Ira S. Sacks, Esq. (by telecopier)
     Robert J. Grand, Esq. (by telecopier)
     Robert Carillo, Esq. (by telecopier)
     Karim Kamal, Esq. (by telecopier)

## Ronald Paltrowitz

**From:** Ira S. Sacks [isacks@dreierllp.com]
**Sent:** Tuesday, March 04, 2008 4:34 PM
**To:** ron.paltrowitz@bozlaw.com
**Cc:** Safia Anand; Mary Grieco; crystal.scott@bozlaw.com; john@bozlaw.com; jackie.antonious@bozlaw.com
**Subject:** RE: Sanei Disclosures

Run, (misspelling intentional)

No. When our documents are ready for production, we will tell you how much you owe us and then send them to you. Safia will further respond.

My best,

Ira

PRIVILEGED AND CONFIDENTIAL


-----Original Message-----
From: Ronald Paltrowitz [mailto:ron.paltrowitz@bozlaw.com]
Sent: Tuesday, March 04, 2008 4:23 PM
To: Ira S. Sacks
Cc: Safia Anand; Mary Grieco; crystal.scott@bozlaw.com; john@bozlaw.com; jackie.antonious@bozlaw.com
Subject: Sanei Disclosures

Mr. Saks:

May we pick up your disclosures now? Also, please amend your initial disclosures to include your monetary damages.

Thank you.

Ronald I. Paltrowitz, Esq.
The Bostany Law Firm
40 Wall Street, 61st Floor
New York, New York 10005
P: (212) 530-4411
F: (212) 530-4488
ron.paltrowitz@Bozlaw.com

---

From: John P. Bostany [mailto:john@bozlaw.com]
Sent: Thursday, February 28, 2008 5:36 PM
To: 'Ira S. Sacks'
Cc: ron.paltrowitz@bozlaw.com; 'Safia Anand'; 'Mary Grieco'; crystal.scott@bozlaw.com
Subject: RE: FED EX

Ira

Here you go
Please remember your document response from December advises that they are ready

The Bostany Law Firm

3/11/2008

**From:** Ira S. Sacks [mailto:isacks@dreierllp.com]
**Sent:** Thursday, February 28, 2008 5:32 PM
**To:** john@bozlaw.com
**Cc:** ron.paltrowitz@bozlaw.com; Safia Anand; Mary Grieco
**Subject:** RE: FED EX

John,

The documents in the *Sanei* case are not ready yet. When we have them, we will let you know. Also, please send me back a signed copy of the protective order and please submit it to Magistrate Judge Freeman to be entered.

My best,

Ira

PRIVILEGED AND CONFIDENTIAL


-----Original Message-----
**From:** John P. Bostany [mailto:john@bozlaw.com]
**Sent:** Thursday, February 28, 2008 5:24 PM
**To:** Ira S. Sacks; Safia Anand
**Cc:** ron.paltrowitz@bozlaw.com
**Subject:** RE: FED EX

WE rec'd the document.
May we pick up your disclosures today?

John

The Bostany Law Firm

**From:** Ira S. Sacks [mailto:isacks@dreierllp.com]
**Sent:** Thursday, February 28, 2008 3:55 PM
**To:** rpal@paltrowitz.com
**Cc:** john@bozlaw.com
**Subject:** FED EX


Ron,
Ira Sacks mentioned that you had not received the protective order I sent yesterday. Below is the tracking receipt showing that it was delivered this morning.

Very truly yours,
Safia
**Safia A. Anand**
Associate
**DREIER LLP**
499 Park Avenue
New York, NY 10022
Tel: (212) 328-6100
Direct: (212) 652-3773
Fax: (212) 328-6101
sanand@dreierllp.com
-----Original Message-----

3/11/2008

THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

March 7, 2008

By E-Mail To All Counsel

Ira S. Sacks, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022

Re:  *GMA Accessories, Inc.* adv. *Sanei Charlotte Ronson LLC*, 07-CV-9578 (CM)
     GMA *Accessories, Inc.* v. *Eminent, Inc., et al.*, 07-CV-3219 (LTS)

Dear Mr. Sacks:

Please let me know when you are available to meet and confer regarding the following disputes:

1. We have yet to receive, despite several reminders, your document production in the Sanei matter. Also, you have not quantified your damages as required by Rule 26(a)(1).

2. In a letter dated February 26, 2008, you requested additional information from GMA. It is my understanding that, on February 10, 2008, pursuant to Judge Freeman's February 7th directives, Crystal Scott of our office had a meet and confer with Robert Grand of your office[1]. Ms. Scott clarified her letters of January 14 and February 6, i.e. that sales orders and shipping documents are assembled and ready for your inspection in New Jersey and that everything else was delivered to you. From my review of the file and your February 26th letter, it appears that while Mr. Grand was satisfied with the results of that meet and confer, you are not.

I believe that when we meet and confer telephonically, we will be able to address and hopefully resolve these discovery issues. Would you be available at any time on Monday March 10th?

Very truly yours,

Ronald L. Paltrowitz

---

[1] Pursuant to letters dated February 5, 6, and 7, I see that Mr. Grand objected to this firm's request that other attorneys from your firm be present at the meet and confer.

# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

<u>NEW JERSEY OFFICE</u>

ONE GATEWAY CENTER
NEWARK, NJ 07102

March 11, 2008

(By e-mail)

Robert J. Grand, Esq.
Safia A. Anand, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022

      Re:    *Sanei Charlotte Ronson LLC v. GMA Accessories, Inc.*,
              Docket No.: 07 CV 9578 (CM) (DF)

Dear Mr. Grand and Ms. Anand:

      Further to some of the matters raised in our telephonic meet and confer yesterday, please be advised as follows:

      1.    We, once again, request that you advise us when the Sanei documents will be ready for production as ordered by Judge Freeman. We do not accept your response that you will not produce these documents until the issues regarding GMA production are resolved.

      2.    We have ascertained that the documents with Bates numbers 32,860 through 34,660, referred to in Mr. Sacks's letter dated February 26, 2008, are sales orders that are currently in the New Jersey warehouse, along with all of the other sales records, which have been awaiting your inspection since December.

      3.    With regard to the retailer depositions, Judge Freeman indicated that, in order to avoid unnecessary discovery, GMA need not take the retailer depositions until the Charlotte B deposition has been completed. This has not yet occurred.

      4.    With regard to GMA's 30(b)(6) witness, please propose dates for them.

      5.    With regard to the copy charges, we have determined from your selected vendor that they would charge 15¢ per page to copy and bates stamp the documents if they are in a condition that would allow them to be machine fed. As many of the documents stored in the

Robert J. Grand, Esq.
Safia A. Anand, Esq.
Dreier LLP
March 11, 2008
Page - 2 -

warehouse are stapled, this would entail hand feeding and the price charged by your vendor would be higher than 15¢ per page. As an alternative, perhaps you would agree to have the documents printed from the copies that we have had scanned. While our vendor will charge us 12¢ per page to print these Bates stamped documents, we would agree to charge the same cost per page to print the scanned copies that you have charged us, i.e. 11¢ per page. If this is acceptable to you, please send us a check for the first 15,000 pages so that we can start the printing. I advise you of the final number of pages after the number has been calculated.

Very truly yours,

Ronald I. Paltrowitz

RIP/hs

cc:   Ira S. Sacks, Esq. (By e-mail)
      Mary L. Grieco, Esq. (By e-mail)

## John P. Bostany

**From:** khklaw [khklaw@gmail.com]
**Sent:** Thursday, March 06, 2008 12:08 PM
**To:** john@bozlaw.com
**Subject:** Re: ERICSON subpoena

She was out of the country when Judge Freeman issued her "order" -
I think she was pretty clear that we work together re. scehduling - don't see any violation of any "order" - am trying to get a date for you - this is the date she can make it - and I told you that a week ago -
If you want to proceed outside of our dialogue there is really little i can do -
Perhaps you can get a court order to have her fly back immediately -

On Thu, Mar 6, 2008 at 11:58 AM, John P. Bostany <john@bozlaw.com> wrote:

> Mr. Kamal
>
> Your proposal to do it in April would be in violation of Judge Freeman's order.
>
> You have been blocking this deposition since December of last year and the witness was finally ordered to comply with the subpoena with certain parameters....
>
> I suggest you inform your client of the Court's order and maybe it turns out that had she cooperated even slightly she could have gotten the deposition out of the way and then left the country.
>
> When a subpoenaed witness elects to "no show" she does so at her own risk.
>
> Explain to her that Judge Freeman could have issued a far more poignant order than simply requiring her to select a date before March 21 and appear.
>
> The Bostany Law Firm
>
> **From:** khklaw [mailto:khklaw@gmail.com]
> **Sent:** Thursday, March 06, 2008 11:02 AM
> **To:** john@bozlaw.com
> **Subject:** Re: FW: ERICSON subpoena
>
> i did provide date(s) for ericson -
>
> didnt you get the email?
>
> i'll resend

3/6/2008

On Thu, Mar 6, 2008 at 1:06 AM, John P. Bostany <john@bozlaw.com> wrote:

Mr. Kamal

As discussed with Judge Freeman, please advise whether your client has and will be producing any of the documents called for in the November 29, 2007

Here is a copy of an Order dated March 5. Please provide a date before the close of discovery that we may depose Ms. Ericson. Its been 2 weeks since Judge Freeman overruled your objections and directed you to provide us a date.

The Bostany Law Firm

---

**From:** John P. Bostany [mailto:john@bozlaw.com]
**Sent:** Friday, February 22, 2008 7:53 PM
**To:** 'khklaw@gmail.com'
**Subject:** ERICSON subpoena

Mr. Kamal

During the telephone conference, Judge Freeman overruled your objections and directed you to propose return dates for the Ericson subpoena in lieu of her setting the dates. Be advised, if you fail to propose dates we will ask Judge Freeman to set them.

John

The Bostany Law Firm

---

**From:** John P. Bostany [mailto:john@bozlaw.com]
**Sent:** Wednesday, February 13, 2008 12:41 PM
**To:** 'khklaw@gmail.com'
**Cc:** 'Robert C. Carrillo'; 'Robert Grand'; 'crystal.scott@bozlaw.com'; 'Mary Grieco'

3/6/2008

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Southern DISTRICT OF New York

| | |
|---|---|
| GMA Accesories, Inc.<br>V.<br>Eminent, Inc., et. al. | SUBPOENA IN A CIVIL CASE<br><br>Case Number:[1] 07CV3219 (LTS) |

TO: Karen Ericson

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Bostany Law Firm, 40 Wall St, 61st Floor<br>New York, NY 10005 | 12/20/2007 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

1) Sales and Purchase orders and invoices concerning CHARLOTTE or any mark similar thereto, including CHARLOTTE SOLNICKI; 2) communications of any type concerning this lawsuit or the mark CHARLOTTE; and 3) papers showing the organizational structure of any entitiy in which you are affiliated that operates out of 498 7th Ave.

| PLACE | DATE AND TIME |
|---|---|
| The Bostany Law Firm, 40 Wall St, 61st Floor<br>New York, NY 10005 | 12/20/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE
*John F. Keenan U.S.D.J.*    11/29/07

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Hon. John F. Keenan, USDJ, 500 Pearl Street, NY NY 10007
#212-805-0220

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.