# THE BOSTANY LAW FIRM

40 WALL STREET

61ST FLOOR

NEW YORK, NEW YORK 10005-1304

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

March 19, 2008

Hon. Debra C. Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    ***GMA v. Eminent, Inc., et. al***
       **Docket No.: 07 CV 3219 (LTS) (DF)**

Your Honor:

We write in regard to the inadequate discovery responses we have received from the defendants, collectively and individually, as outlined below.

## I. Rule 26(a)(1) disclosures

Your honor made it very clear that the initial disclosures should specify with sufficient particularity the documents referred to. Defendant-Counterclaimants however, have not adhered to these instructions. See initial disclosures of Defendant-Counterclaimant Wink NYC as a representative sample, annexed hereto as Exhibit "A". In Section B, in (ii) of their disclosures, Defendant-Counterclaimants refer to documents which will "be produced." This type of response is categorically insufficient, insofar as it does not identify the documents whatsoever. Rule 26(a)(1)(B) unequivocally requires that the disclosing party provide "a copy of, or a description by category and location of, all documents . . .that the disclosing party may use to support its claims or defenses". We ask that Defendant-Counterclaimants identify the documents as they fully know it is their obligation to do so.

Further, these same defendants state in regard to Category C, "This section is inapplicable." However, they each have a counterclaim for damages and are therefore required under Rule 26(a)(1)(C) to furnish "a computation of any category of damages claimed by the disclosing party . . . ".

## II. Plaintiff GMA's Rule 33 Interrogatories

Two slightly different sets of interrogatories were served on two sets of three Defendants, Defendants Kline, Singer and Tierney, and Defendants Saks, Intermix and Wink. Therefore, when referring to an interrogatory, it may be necessary to identify it with two numbers. A copy of their responses is attached as Exhibit "B".

**Interrogatory 8**: Asks for Defendants to identify all promotions ever run utilizing the word CHARLOTTE and/or CHARLOTTE SOLNICKI while promoting a product. Defendants object, stating that this interrogatory is not likely to lead to the discovery of admissible evidence. However, it is a Lanham Act violation to promote or advertise a product in connection with a substantially indistinguishable name. 15 USCA §1114. Therefore, it was improper for Defendants to refuse to answer this interrogatory.

**Interrogatory 10** (Interrogatory **11** in Saks, Intermix and Wink Responses): Asks for Defendants to identify all brochures, websites and catalogs for CHARLOTTE PRODUCTS. Defendants object, stating that this interrogatory is unlikely lead to admissible evidence and is improper under the Local Rules. Plaintiff respectfully reiterates that this information is necessary because to promote or advertise a substantially similar mark is a violation of the Lanham Act for the reasons stated above. Defendants should be directed to provide an answer to this interrogatory.

**Interrogatory 11** (Interrogatory **12** in Saks, Intermix and Wink Responses): Asks for Defendants to identify all lines and styles CHARLOTTE products. Defendants assert the same objection noted above. Plaintiff respectfully request that the Court order the Defendants to address this interrogatory, either by answering the question or, at minimum, by identifying by Bates stamp which documents respond to this interrogatory.

**Interrogatory 12** (Interrogatory **13** in Saks, Intermix and Wink Responses): Asks for Defendants to set forth the date they first became aware that Plaintiff owned the mark CHARLOTTE and the person who made this discovery. Defendants assert the same objection as noted in the discussion of Interrogatory 10, but does state that it was when they received Plaintiff's cease and desist letter. Plaintiff respectfully requests that the Court direct Defendants to provide the date of the letter to which they refer and/or a copy of it.

**Interrogatory 13** (Interrogatory **14** in Saks, Intermix and Wink Responses): Asks for Defendants to a.) set forth the dollar volume of Defendants' sales on a monthly basis; b.) set forth the dollar volume purchased by the Defendants on a monthly basis; c.) set forth the dates of each purchase; d.) identify whether the product contained tags or labels including the word CHARLOTTE; d.) identify whether the product contained tags or labels including the word CHARLOTTE; e.) identify all material associated with each such CHARLOTTE product (including but not limited to advertisements, sales receipts, catalog sheets, promotions, brochures and websites); and f.) set forth the date of your first use in commerce of each product.

Defendants again respond by objecting, stating that this may be produced in complying with document requests, that this interrogatory is unlikely lead to admissible evidence and further, is improper under the Local Rules. Plaintiff respectfully request that the Court order the Defendants to address Interrogatory 13, either by answering the question or at minimum, by identifying by Bates stamp which documents relates to each subpart of the interrogatory.

**Interrogatory 16 (in Saks, Intermix and Wink Responses only):** Asks Defendants to identify all persons from the manufacturer's representative or supplier of products. Defendants assert that this interrogatory is objectionable because it is not likely to lead to the discovery of admissible evidence. Plaintiff respectfully requests that the Court direct the Defendants to provide an answer to this interrogatory as GMA is entitled to question these individuals to corroborate the accused infringer's statements regarding the volume of sales.

**Interrogatory 17 (Interrogatory in Saks, Intermix and Wink Responses):** Asks Defendants to identify any third party users of the mark CHARLOTTE as Defendants allege that third party use weakens the CHARLOTTE mark. It is settled, however, that there must be evidence that third party use of the mark was in the same products and extensively promoted in order for any weakening t occur. *Scarves by Vera, Inc.*, 544 F.2d 1167; *Polo Fashions, Inc. v. Extra Special Products, Inc,* 451 F.Supp. 555, 559 (S.D.N.Y. 1978). Since Defendants have alleged that third-party use has weakened the mark, Defendants should identify the third party users.

### III. Plaintiff GMA's Rule 34 Request for Production of Documents

Defendants Saks, Intermix and Wink replied to Plaintiff GMA's First Request for Documents in an amended response dated December 26, 2007. Defendants Singer and Tierney did the same under separate cover, and all Defendants responded collectively to Plaintiff GMA's Second Request for Documents. A copy of their responses are collectively annexed hereto as Exhibit "C". Nearly every response, however, is answered with either a vague anticipation of compliance or a groundless assertion that the request has already been complied with.

Plaintiff respectfully requests that the Court order the Defendants to address these requests by identifying by Bates stamp which documents respond to each request.

### IV GMA's Second Request for Documents:

Asks for Defendants to provide documents supporting their particular counterclaims, i.e. trademark misuse, fraud. Defendants respond that documents are being collected. See responses annexed as Exhibit D. Although defendants have produced documents at various times under several covering letters listing only bates stamp numbers, there is no description of the documents exchanged nor any indication at all that these requests have been answered. This

information is necessary in order for Plaintiff to defend against what we believe to be frivolous counterclaims.

In light of the foregoing, I respectfully request that Your Honor instruct the Defendants to supplement their disclosures, responses to the request for production of documents and responses to the interrogatories with sufficient particularity as required by the applicable Federal Rules of Civil Procedure.

Respectfully,

Jessica L. Claus

cc:    Robert J. Grand, Esq. *(by email)*

Ira S. Sacks
Robert J. Grand
DREIER LLP
499 Park Avenue
New York, New York 10022
Tel. (212) 328-6100
*Attorneys for Defendant/Counterclaim*
*Plaintiff Wink NYC, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x

GMA ACCESSORIES, INC.

               Plaintiff,

     -against-

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP. INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

               Defendants.

————————————————————x

WINK NYC, INC.

               Counterclaim Plaintiff,

     -against-

GMA ACCESSORIES, INC.,

               Counterclaim Defendant.

————————————————————x

Civil Action No.:
07 CV 3219 (LTS)

**DISCLOSURES PURSUANT TO
RULE (26)(a)**

     Defendant Wink NYC, Inc. ("Wink") provides the following initial disclosures pursuant

to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

    A.    **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

    The following individuals are likely to have discoverable information that Wink may use

to support its claims and defenses. Wink's response is based on information presently available to it, and it reserves the right to supplement this list as discovery progresses:

> Ilse Werther
> Sara Mattler
> Wink NYC Inc.
> Ms. Werther and Ms. Mattler can be contacted via their counsel, Dreier LLP.
>
> <u>Subjects of information</u>: purchase and sale of Charlotte Solnicki branded products.

**B.    CATEGORIES OF DOCUMENTS**

At the present time, there are no documents that Wink can identify that it may use to support its claims and defenses other than (i) invoices, purchase orders and the like and (ii) those already requested by Plaintiff which will be produced subject to Wink's responses and objections. Moreover, documents relating to and comprising GMA's trademark filings and usage, most of which are within the possession of GMA, also will be used to support Wink's claims and defenses. Wink reserves the right to supplement this list as discovery progresses.

**C.    COMPUTATION OF DAMAGES**

This section is inapplicable.

**D.**    **INSURANCE AGREEMENTS**

There are no applicable insurance policies.

Dated: November 27, 2007
      New York, New York           DREIER LLP

                                          By:     /s/ Ira S. Sacks
                                                Ira S. Sacks
                                                Robert J. Grand
                                                499 Park Avenue
                                                New York, New York 10022
                                                (212) 328-6100
                                                *Attorneys for Defendant/Counterclaim*
                                                *Plaintiff Wink NYC, Inc.*

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
GMA ACCESSORIES, INC.,                                       :
                                                             :
                            Plaintiff,                       :
                                                             :
            v.                                               :
                                                             :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                      :    07 CV 3219 (LTS)
INTERMIX, INC., WINK NYC, INC.,                              :
LISA KLINE, INC., GIRLSHOP, INC.,                            :
SHOWROOM SEVEN STUDIOS, INC.,                                :    **CERTAIN DEFENDANTS'**
JONATHAN SINGER, LEWIS TIERNEY and                           :    **RESPONSES TO GMA'S**
JONATHAN SOLNICKI,                                           :    **INTERROGATORIES**
                                                             :
                            Defendants,                      :
                                                             :
-------------------------------------------------------------x

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Lisa

Kline, Inc. ("Kline"), Jonathan Singer ("Singer") and Lewis Tierney ("Tierney")

(collectively "Responding Defendants") hereby respond to Plaintiff's Interrogatories as

follows:

## GENERAL OBJECTIONS

        1.      Responding Defendants object to these Interrogatories to the extent that

they are overbroad, unduly burdensome and/or not reasonably calculated to lead to the

discovery of admissible evidence.

        2.      Responding Defendants object to these Interrogatories to the extent that

they are vague and ambiguous.

        3.      Responding Defendants object to the Interrogatories to the extent that they

seek documents that are protected by the attorney-client privilege, the attorney work

product privilege and/or are otherwise privileged from disclosure.

4.      Responding Defendants object to the Interrogatories to the extent that they seek the production of documents that embody, reflect or relate to trade secrets or other confidential research, development, or commercial information, protected by Fed.R.Civ.P. 26(c)(7) or otherwise, and will provide such information under the existing protective order.

5.      Responding Defendants object to these Interrogatories to the extent they seek information that is publicly available or that are equally accessible to GMA as to Responding Defendants.

6.      Responding Defendants object to these Interrogatories to the extent that they seek to impose burdens on Responding Defendants beyond those required by the Federal Rules of Civil Procedure and Local Civil Rules.

7.      Responding Defendants object to these Interrogatories to the extent that they are duplicative.

8.      Responding Defendants object to the definition of CHARLOTTE products to the extent it seeks discovery relating to products other than Charlotte Solnicki products.

9.      Responding Defendants object to these Interrogatories to the extent they seek information in the control of GMA.

10.     Responding Defendants reserve the right to supplement these responses and may also rely upon documentary and other evidence produced by other parties in this action.

11.     Responding Defendants' responses to these Interrogatories are made to the best of its present knowledge, information, and belief.  Said responses are at all times

2

subject to such additional or different information that discovery or further investigation may disclose.

      12.     All documents will be produced without admitting the authenticity, relevance, or admissibility of any document, and all objects to their use are hereby reserved.

      13.     These General Objections are deemed incorporated into each response to each of the Interrogatories.

<u>RESPONSES TO INTERROGATORIES</u>

<u>Interrogatory 1</u>:  Identify your official corporate name, if any, and all owners of your business.

      <u>Response to Interrogatory 1 (Kline)</u>:     Kline further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Kline answers:

Lisa Kline, Inc.

Lisa Kline, Owner

      <u>Response to Interrogatory 1 (Tierney)</u>:     Tierney further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Tierney answers:

Tierney Direct LLC (DBA: CoCo & Delilah)

Lewis Tierney, Owner

Collette LoVullo, Owner

<u>Response to Interrogatory 1 (Singer)</u>:    Singer further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Singer answers:

Gosi Enterprises, Ltd.

Jonathan Singer, Owner

<u>Interrogatory 2</u>:  Identify what searches were preformed to discover existing uses of the mark CHARLOTTE.

<u>Response to Interrogatory 2 (all Responding Defendants)</u>:    Responding Defendants further object to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants answer: None.

<u>Interrogatory 3</u>:  Set forth the date or dates of any and all searches for owners of or uses of the mark CHARLOTTE.

<u>Response to Interrogatory 3 (all responding Defendants)</u>:    See response to Interrogatory 2.

<u>Interrogatory 4</u>:  Identify all persons who selected the mark CHARLOTTE and/or CHARLOTTE SOLNICKI.

<u>Response to Interrogatory 4 (all Responding Defendants)</u>:    Responding Defendants further object to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding

4

Defendants answer that they are not in possession, custody or control of information responsive to this interrogatory.

Interrogatory 5:  Identify all those persons responsible for deciding to purchase Charlotte products.

Response to Interrogatory 5 (Kline):        Kline further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Kline answers:  Lisa Kline.

Response to Interrogatory 5 (Tierney):      Tierney further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Tierney answers: Collette LoVullo.

Response to Interrogatory 5 (Singer):       Singer further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Singer answers: Jonathan Singer.

Interrogatory 6:  Identify all suppliers and manufacturers of your CHARLOTTE products.

Response to Interrogatory 6 (all Responding Defendants):        Responding Defendants further object to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding

5

Defendants answer that their supplier of Charlotte Solnicki products was

Charlotte B, LLC.

Interrogatory 7:  Identify all persons who buy CHARLOTTE products for you.

Response to Interrogatory 7 (Kline):    Kline further objects to this

interrogatory as vague and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to those objections and subject to and without

waiving the general objections, Kline answers: Lisa Kline.

Response to Interrogatory 7 (Tierney):    Tierney further objects to this

interrogatory as vague and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to those objections and subject to and without

waiving the general objections, Tierney answers:  Collette LoVullo.

Response to Interrogatory 7 (Singer):    Singer further objects to this

interrogatory as vague and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to those objections and subject to and without

waiving the general objections, Singer answers: Jonathan Singer.

Interrogatory 8:  Identify all promotions ever run utilizing the word CHARLOTTE

and/or CHARLOTTE SOLNICKI while promoting a product.

Response to Interrogatory 8 (all responding Defendants):    Responding

Defendants further object to this interrogatory as vague, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 9:  Identify all manufacturers of CHARLOTTE products.

Response to Interrogatory 9 (all Responding Defendants):    Responding

Defendants further object to this interrogatory as vague, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject

to those objections and subject to and without waiving the general objections,

Responding Defendants answer that they purchased Charlotte Solnicki products

from Charlotte B, LLC and are not aware of who manufactured those products.

Interrogatory 10:  Identify all brochures, websites and catalogues for CHARLOTTE

products.

Response to Interrogatory 10 (all responding Defendants):    Responding

Defendants further object to this interrogatory as vague, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

Responding Defendants also object to this interrogatory because they are

producing documents in response to a similar request from GMA in its document

requests and object to otherwise answering this interrogatory as improper under

the Local Rules.

Interrogatory 11:  Identify all lines and styles of CHARLOTTE products.

Response to Interrogatory 11:    See response to interrogatory 10.

Interrogatory 12:  Set forth the date that defendants first became aware that plaintiff

owned the mark CHARLOTTE and identify the person or persons making such

discovery.

Response to Interrogatory 12 (all Responding Defendants):    Responding

Defendants further object to this interrogatory as vague and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to those

objections and subject to and without waiving the general objections, Responding

Defendants answer that they each became aware of GMA's assertion of

ownership of the mark CHARLOTTE when it received a cease and desist letter
from GMA's counsel.

Interrogatory 13:  With respect to each CHARLOTTE product ever sold by you:

    a.    Set forth the dollar volume of your sales on a monthly basis.

    b.    Set forth the dollar volume purchased by you on a monthly basis.

    c.    Set forth the dates of each purchase by you and the identity of the supplier
for each such purchase.

    d.    Identify whether the product contained tags or labels including the word
CHARLOTTE.

    e.    Identify all material associated with each such CHARLOTTE product
(including but not limited to advertisements, sales receipts, catalog sheets,
promotions, brochures or websites).

    f.    Set forth the date of your first use in commerce of each such product.

Response to Interrogatory 13 (all Responding Defendants):     See response
to interrogatory 10.

Interrogatory 14:  Identify who introduced CHARLOTTE and/or CHARLOTTE
SOLNICKI to you.

Response to Interrogatory 14 (all Responding Defendants):     Responding
Defendants further object to this interrogatory as vague and not reasonably
calculated to lead to the discovery of admissible evidence.  Subject to those
objections and subject to and without waiving the general objections, Responding
Defendants answer that they are collecting information as to who introduced

8

Charlotte Solnicki products to each of them and will provide that information as soon as it is available.

<u>Interrogatory 15</u>:  Identify all persons that you can from Charlotte Solnicki.

<u>Response to Interrogatory 15 (Kline)</u>:    Kline further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Kline answers: Jonathan Solnicki and Melina Solnicki.

<u>Response to Interrogatory 15 (Tierney)</u>:  Tierney further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Tierney answers:  Jonathan Solnicki

<u>Response to Interrogatory 15 (Singer)</u>:    Singer further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Singer answers:  Jonathan Solnicki, Melina Solnicki, and Georgina Sica.

<u>Interrogatory 16</u>:  Identify all persons that you can from Showroom Seven Studios, Inc.

<u>Response to Interrogatory 16 (Kline)</u>:    Kline further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Kline answers: Michelle and Denise.

**Response to Interrogatory 16 (Tierney)**:   Tierney further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Tierney answers:  None.

**Response to Interrogatory 16 (Singer)**:   Singer further objects to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Singer answers: Rachel.

**Interrogatory 17**:  Identify any third party users of the mark CHARLOTTE that have extensively promoted this mark or any mark similar thereto with respect to clothing.

**Response to Interrogatory 17 (all Responding Defendants)**:     Responding Defendants further object to this interrogatory as vague, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory 18**:  Set forth any and all other name(s) under which you do business.

**Response to Interrogatory 7 (Kline)**:     Kline further object to this interrogatory as vague, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Kline answers: Lisa Kline, Lisa Kline Men, and Lisa Kline Kids.

**Response to Interrogatory 7 (Tierney)**:     Tierney further object to this interrogatory as vague, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Tierney answers: Coco & Delilah.

<u>Response to Interrogatory 7 (Singer)</u>:     Singer further object to this interrogatory as vague, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Singer answers: Singer 22.

Dated: New York, New York
       December 14, 2007

                                        DREIER LLP

                                        By:  /s/ Robert J. Grand
                                             Ira S. Sacks
                                             Robert J. Grand
                                             499 Park Avenue
                                             New York, New York 10022
                                             Tel.:  (212) 328-6100
                                             Fax:   (212) 328-6101

                                             *Attorneys for Retailer Defendants*

12/14/2007  02:07    5166261032              SINGER22                    PAGE  01/01

## VERIFICATION

I declare under penalty pursuant to 28 U.S.C. § 1746 that I am the

_____ of defendant _Singer_ and I have reviewed the foregoing

responses to GMA's Interrogatories and they are true to the best of my knowledge,

information and belief.

{00311943.DOC;}                                  12



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

GMA ACCESSORIES, INC.,                              :

                     Plaintiff,               :

          v.                                        :

EMINENT, INC., SAKS FIFTH AVENUE, INC.,    :
INTERMIX, INC., WINK NYC, INC.,                     :    07 CV 3219 (LTS)
LISA KLINE, INC., GIRLSHOP, INC.,                   :
SHOWROOM SEVEN STUDIOS, INC.,               :    **CERTAIN DEFENDANTS'**
JONATHAN SINGER, LEWIS TIERNEY and        :    **RESPONSES TO GMA'S**
JONATHAN SOLNICKI,                                     :    **INTERROGATORIES**
                                            :

                     Defendants,           :

-------------------------------------------------------- x

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Saks

Fifth Avenue, Inc. ("Saks"), Intermix, Inc. ("Intermix") and Wink NYC, Inc. ("Wink")

(collectively "Responding Defendants") hereby respond to Plaintiff's Interrogatories as

follows:.

## GENERAL OBJECTIONS

1.      Responding Defendants object to these Interrogatories to the extent that

they are overbroad, unduly burdensome and/or not reasonably calculated to lead to the

discovery of admissible evidence.

2.      Responding Defendants object to these Interrogatories to the extent that

they are vague and ambiguous.

3.      Responding Defendants object to the Interrogatories to the extent that they

seek documents that are protected by the attorney-client privilege, the attorney work

product privilege and/or are otherwise privileged from disclosure.

4.     Responding Defendants object to the Interrogatories to the extent that they seek the production of documents that embody, reflect or relate to trade secrets or other confidential research, development, or commercial information, protected by Fed.R.Civ.P. 26(c)(7) or otherwise, and will provide such information under the existing protective order.

5.     Responding Defendants object to these Interrogatories to the extent they seek information that is publicly available or that are equally accessible to GMA as to Responding Defendants.

6.     Responding Defendants object to these Interrogatories to the extent that they seek to impose burdens on Responding Defendants beyond those required by the Federal Rules of Civil Procedure and Local Civil Rules.

7.     Responding Defendants object to these Interrogatories to the extent that they are duplicative.

8.     Responding Defendants object to the definition of CHARLOTTE products to the extent it seeks discovery relating to products other than Charlotte Solnicki products.

9.     Responding Defendants object to these Interrogatories to the extent they seek information in the control of GMA.

10.     Responding Defendants reserve the right to supplement these responses and may also rely upon documentary and other evidence produced by other parties in this action.

11.     Responding Defendants' responses to these Interrogatories are made to the best of its present knowledge, information, and belief.  Said responses are at all times

subject to such additional or different information that discovery or further investigation may disclose.

12.    All documents will be produced without admitting the authenticity, relevance, or admissibility of any document, and all objects to their use are hereby reserved.

13.    These General Objections are deemed incorporated into each response to each of the Interrogatories.

## RESPONSES TO INTERROGATORIES

**Interrogatory 1**:  Identify what searches were preformed to discover existing uses of the mark CHARLOTTE.

**Response to Interrogatory 1 (all Responding Defendants)**:    Responding Defendants further object to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants answer: None.

**Interrogatory 2**:  Set forth the date or dates of any and all searches for owners of or uses of the mark CHARLOTTE.

**Response to Interrogatory 2 (all responding Defendants)**:    See response to Interrogatory 1.

**Interrogatory 3**:  Identify all persons who selected the mark CHARLOTTE and/or CHARLOTTE SOLNICKI.

**Response to Interrogatory 3 (all Responding Defendants)**:    Responding Defendants further object to this interrogatory as vague and not reasonably

calculated to lead to the discovery of admissible evidence. Subject to those
objections and subject to and without waiving the general objections, Responding
Defendants answer that they are not in possession, custody or control of
information responsive to this interrogatory.

Interrogatory 4: Identify all those persons responsible for deciding to use the mark.

Response to Interrogatory 4 (all Responding Defendants):    See response
to interrogatory 3.

Interrogatory 5: Identify all marketers who have ever utilized the word CHARLOTTE
and/or CHARLOTTE SOLNICKI while marketing or advertising a product.

Response to Interrogatory 5 (all Responding Defendants):    Responding
Defendants further object to this interrogatory as vague, not reasonably calculated
to lead to the discovery of admissible evidence and requesting information not
within the possession, custody or control of Responding Defendants.

Interrogatory 6: Identify all suppliers and manufacturers of your CHARLOTTE
products.

Response to Interrogatory 6 (all Responding Defendants):    Responding
Defendants further object to this interrogatory as vague and not reasonably
calculated to lead to the discovery of admissible evidence. Subject to those
objections and subject to and without waiving the general objections, Responding
Defendants answer that their supplier of Charlotte Solnicki products was
Charlotte B, LLC.

Interrogatory 7: Identify all buyers of your CHARLOTTE products.

Response to Interrogatory 7 (all Responding Defendants):     Responding

Defendants further object to this interrogatory as vague and not reasonably

calculated to lead to the discovery of admissible evidence.  Subject to those

objections and subject to and without waiving the general objections, Responding

Defendants are in the process of collecting and will produce responsive

information.

Interrogatory 8:  Identify all promotion ever ruin utilizing the word CHARLOTTE

and/or CHARLOTTE SOLNICKI while promoting a product.

Response to Interrogatory 8 (all responding Defendants):     Responding

Defendants further object to this interrogatory as vague, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory 9:  Identify all manufacturers who have manufactured CHARLOTTE

products.

Response to Interrogatory 9 (all Responding Defendants):     Responding

Defendants further object to this interrogatory as vague, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.  Subject

to those objections and subject to and without waiving the general objections,

Responding Defendants answer that they purchased Charlotte Solnicki products

from Charlotte B, LLC and are not aware of who manufactured those products.

Interrogatory 10:  Identify all purchase orders, sales orders and invoices pertaining to

CHARLOTTE products.

Response to Interrogatory 10 (all responding Defendants):     Responding

Defendants further object to this interrogatory as vague, unduly burdensome and

not reasonably calculated to lead to the discovery of admissible evidence.
Responding Defendants also object to this interrogatory because they are
producing documents in response to a similar request from GMA in its document
requests and object to otherwise answering this interrogatory as improper under
the Local Rules.

**Interrogatory 11:**  Identify all brochures, websites and catalogues for CHARLOTTE
products.

> **Response to Interrogatory 11 (all Responding Defendants):**    See response
> to interrogatory 10.

**Interrogatory 12:**  Identify all lines and styles of CHARLOTTE products.

> **Response to Interrogatory 12:**    See response to interrogatory 10.

**Interrogatory 13:**  Set forth the date that defendants first became aware that plaintiff
owned the mark CHARLOTTE and identify the person or persons making such
discovery.

> **Response to Interrogatory 13 (all Responding Defendants):**    Responding
> Defendants further object to this interrogatory as vague and not reasonably
> calculated to lead to the discovery of admissible evidence.  Subject to those
> objections and subject to and without waiving the general objections, Responding
> Defendants answer that they each became aware of GMA's assertion of
> ownership of the mark CHARLOTTE when it received a cease and desist letter
> from GMA's counsel.

**Interrogatory 14:**  With respect to each CHARLOTTE product ever sold by you:

> a.    Set forth the dollar volume of your sales on a monthly basis.

    b.      Set forth the dollar volume purchased by you on a monthly basis.

    c.      Set forth the dates of each purchase by you and the identity of the supplier for each such purchase.

    d.      Identify whether the product contained tags or labels including the word CHARLOTTE.

    e.      Identify all material associated with each such CHARLOTTE product (including but not limited to advertisements, sales receipts, catalog sheets, promotions, brochures or websites).

    f.      Set forth the date of your first use in commerce of each such product.

**Response to Interrogatory 14 (all Responding Defendants):**   See response to interrogatory 10.

**Interrogatory 15**: Identify who introduced CHARLOTTE and/or CHARLOTTE SOLNICKI to you.

**Response to Interrogatory 13 (all Responding Defendants):**   Responding Defendants further object to this interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and subject to and without waiving the general objections, Responding Defendants answer that they are collecting information as to who introduced Charlotte Solnicki products to each of them and will provide that information as soon as it is available.

**Interrogatory 16**: Identify all persons from the manufacturer's representative or supplier of products.

**Response to Interrogatory 16 (all Responding Defendants):**    Responding

Defendants further object to this interrogatory as vague, unintelligible and not

reasonably calculated to lead to the discovery of admissible evidence.

Dated: New York, New York
November 26, 2007

                                          DREIER LLP

                                          By:  _____
                                               Ira S. Sacks
                                               Robert J. Grand
                                               499 Park Avenue
                                               New York, New York 10022
                                               Tel.:  (212) 328-6100
                                               Fax:   (212) 328-6101

                                          *Attorneys for Retailer Defendants*

{00307860.DOC;}                              8

<u>VERIFICATION</u>

I declare under penalty pursuant to 28 U.S.C. § 1746 that I am the
_Assistant General_ of defendant _Saks Fifth_ and I have reviewed the foregoing
          _Counsel_          _Avenue,_
          _Inc._
responses to GMA's Interrogatories and they are true to the best of my knowledge,

information and belief.

<u>VERIFICATION</u>

I declare under penalty pursuant to 28 U.S.C. § 1746 that I am the

_Presidnt_ of defendant _INTCH MX_ and I have reviewed the foregoing

responses to GMA's Interrogatories and they are true to the best of my knowledge,

information and belief.

{00307860.DOC;}                                     9

<u>VERIFICATION</u>

I declare under penalty pursuant to 28 U.S.C. § 1746 that I am the President of defendant Wink NYC, Inc. and I have reviewed the foregoing responses to GMA's Interrogatories and they are true to the best of my knowledge, information and belief.

Stephen Werther
Wink NYC, Inc.

{00307860.DOC;}                 9



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
GMA ACCESSORIES, INC.,                                      :
                                                            :
                          Plaintiff,                        :
                                                            :
          v.                                                :
                                                            :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,   :
INTERMIX, INC., WINK NYC, INC.,                   :        07 CV 3219 (LTS)
LISA KLINE, INC., GIRLSHOP, INC.,                 :
SHOWROOM SEVEN STUDIOS, INC.,              :        **CERTAIN DEFENDANTS'**
JONATHAN SINGER, LEWIS TIERNEY and       :        **AMENDED RESPONSES TO**
JONATHAN SOLNICKI,                                    :        **GMA'S FIRST REQUEST**
                                                            :        **FOR DOCUMENTS**
                          Defendants,                      :
                                                            :
------------------------------------------------------------x

          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Saks

Fifth Avenue, Inc. ("Saks"), Intermix, Inc. ("Intermix") and Wink NYC, Inc. ("Wink")

(collectively "Responding Defendants") hereby respond to Plaintiff's First Set of

Document Requests as follows:.

## GENERAL OBJECTIONS

          1.          Responding Defendants object to these Requests to the extent that they are

overbroad, unduly burdensome and/or not reasonably calculated to lead to the discovery

of admissible evidence.

          2.          Responding Defendants object to these Requests to the extent that they are

vague and ambiguous.

          3.          Responding Defendants object to the Requests to the extent that they seek

documents that are protected by the attorney-client privilege, the attorney work product

1

privilege, are otherwise privileged from disclosure and/or relate to the time period after GMA filed its claims against Responding Defendants.

4.      Responding Defendants object to the Requests to the extent that they seek the production of documents that embody, reflect or relate to trade secrets or other confidential research, development, or commercial information, protected by Fed.R.Civ.P. 26(c)(7) or otherwise, and will produce such documents under the existing protective order.

5.      Responding Defendants object to these Requests to the extent they seek the production of documents that are publicly available or that are equally accessible to GMA as to Responding Defendants.

6.      Responding Defendants object to these Requests to the extent that they seek to impose burdens on Responding Defendants beyond those required by the Federal Rules of Civil Procedure and Local Civil Rules.

7.      Responding Defendants object to these Requests to the extent that they are duplicative.

8.      Responding Defendants object to the definition of CHARLOTTE products to the extent it seeks discovery relating to products other than Charlotte Solnicki products.

9.      Responding Defendants object to these requests to the extent they seek information in the control of GMA.

10.     Responding Defendants reserve the right to supplement these responses and may also rely upon documentary and other evidence produced by other parties in this action.

11.     Responding Defendants' responses to these Requests are made to the best of its present knowledge, information, and belief.  Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose.

12.     All documents will be produced without admitting the authenticity, relevance, or admissibility of any document, and all objects to their use are hereby reserved.

13.     These General Objections are deemed incorporated into each response to each of the Requests.

<u>RESPONSES TO REQUESTS</u>

<u>Request (a)</u>:  All purchase orders, sales orders and invoices pertaining to CHARLOTTE products.

<u>Response to Request (a)</u>:     Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (b)</u>:  Any and all documents which would indicate the approximate number of CHARLOTTE products purchased.

<u>Response to Request (b)</u>:     Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without

3

waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (c)</u>:  Any and all documents which would indicate the approximate number of CHARLOTTE products sold and your revenue.

<u>Response to Request (c)</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (d)</u>:  Any and all emails, memos, documents, records, or writings of any kind reflecting or relating to the manufacture, marketing, sale, purchase, promoting, distributing or other disposition of CHARLOTTE products.

<u>Response to Request (d)</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (e)</u>:  All invoices received from your supplier including any and all purchase orders submitted by you to your supplier for purchase of CHARLOTTE products.

<u>Response to Request (e)</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without

waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (f)</u>:  Originals or color copies of all brochures, websites, catalogs or advertisements depicting CHARLOTTE products.

  <u>Response to Request (f)</u>:  Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (g)</u>:  All documents which reveal how CHARLOTTE and/or CHARLOTTE SOLNICKI mark was selected and/or adopted.

  <u>Response to Request (g)</u>:  Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

<u>Request (h)</u>:  All documents which show your date of first use and first use in commerce of CHARLOTTE products.

  <u>Response to Request (h)</u>:  Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

<div align="center">5</div>

<u>Request (i)</u>:  All documents which support your affirmative defenses.

   <u>Response to Request (i)</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (j)</u>:  All documents which support your counterclaims.

   <u>Response to Request (j)</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Defendants also object to producing documents in response to this request until GMA's motion to dismiss is decided.

<u>Request (k)</u>:  All spreadsheets, accounts, summaries, memos or other documents which show sales, revenue and profit for CHARLOTTE products each month.

   <u>Response to Request (k)</u>:    Responding Defendants further object to this request as vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants have already produced responsive documents, if any.

<u>Request (l)</u>:  Sample specimens of each of the CHARLOTTE products.

   <u>Response to Request (l)</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without

waiving the general objections, Responding Defendants are in the process of

collecting and will produce for inspection responsive specimens, if any.

Dated: New York, New York
December 26, 2007

<div style="margin-left:auto">

DREIER LLP

By:  /s/ Ira S. Sacks
      Ira S. Sacks
      Robert J. Grand
      499 Park Avenue
      New York, New York 10022
      Tel.:  (212) 328-6100
      Fax:   (212) 328-6101

      *Attorneys for Responding Defendants*

</div>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
GMA ACCESSORIES, INC.,                                      :
                                                            :
                              Plaintiff,                    :
                                                            :
        v.                                                  :
                                                            :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                     :
INTERMIX, INC., WINK NYC, INC.,                             :       07 CV 3219 (LTS)
LISA KLINE, INC., GIRLSHOP, INC.,                           :
SHOWROOM SEVEN STUDIOS, INC.,                               :       **CERTAIN DEFENDANTS'**
JONATHAN SINGER, LEWIS TIERNEY and                          :       **AMENDED RESPONSES TO**
JONATHAN SOLNICKI,                                          :       **GMA'S FIRST REQUEST**
                                                            :       **FOR DOCUMENTS**
                              Defendants,                   :
                                                            :
------------------------------------------------------------x

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Lisa

Kline, Inc. ("Kline"), Jonathan Singer ("Singer") and Lewis Tierney ("Tierney")

(collectively "Responding Defendants") hereby respond to Plaintiff's First Set of

Document Requests as follows:

## GENERAL OBJECTIONS

        1.      Responding Defendants object to these Requests to the extent that they are

overbroad, unduly burdensome and/or not reasonably calculated to lead to the discovery

of admissible evidence.

        2.      Responding Defendants object to these Requests to the extent that they are

vague and ambiguous.

        3.      Responding Defendants object to the Requests to the extent that they seek

documents that are protected by the attorney-client privilege, the attorney work product

1

privilege, are otherwise privileged from disclosure and/or relate to the time period after GMA filed its claims against Responding Defendants.

4.     Responding Defendants object to the Requests to the extent that they seek the production of documents that embody, reflect or relate to trade secrets or other confidential research, development, or commercial information, protected by Fed.R.Civ.P. 26(c)(7) or otherwise, and will produce such documents under the existing protective order.

5.     Responding Defendants object to these Requests to the extent they seek the production of documents that are publicly available or that are equally accessible to GMA as to Responding Defendants.

6.     Responding Defendants object to these Requests to the extent that they seek to impose burdens on Responding Defendants beyond those required by the Federal Rules of Civil Procedure and Local Civil Rules.

7.     Responding Defendants object to these Requests to the extent that they are duplicative.

8.     Responding Defendants object to the definition of CHARLOTTE products to the extent it seeks discovery relating to products other than Charlotte Solnicki products.

9.     Responding Defendants object to these requests to the extent they seek information in the control of GMA.

10.     Responding Defendants reserve the right to supplement these responses and may also rely upon documentary and other evidence produced by other parties in this action.

11.     Responding Defendants' responses to these Requests are made to the best of its present knowledge, information, and belief.  Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose.

12.     All documents will be produced without admitting the authenticity, relevance, or admissibility of any document, and all objects to their use are hereby reserved.

13.     These General Objections are deemed incorporated into each response to each of the Requests.

<u>RESPONSES TO REQUESTS</u>

<u>Request (a)</u>:  All purchase orders, sales orders and invoices pertaining to CHARLOTTE products.

<u>Response to Request (a)</u>:     Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

<u>Request (b)</u>:  Any and all documents which would indicate the approximate number of CHARLOTTE products purchased.

<u>Response to Request (b)</u>:     Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without

3

waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

Request (c): Any and all documents which would indicate the approximate number of CHARLOTTE products sold and your revenue.

Response to Request (c): Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

Request (d): Any and all emails, memos, documents, records, or writings of any kind reflecting or relating to the manufacture, marketing, sale, purchase, promoting, distributing or other disposition of CHARLOTTE products.

Response to Request (d): Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

Request (e): All communications with Jonathan Solnicki, or any employees or agents of Charlotte Solnicki or Showroom Seven.

Response to Request (e): Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections and subject to and without

4

waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

<u>Request (f)</u>:  All invoices received from your supplier including any and all purchase orders submitted by you to your supplier for purchase of CHARLOTTE products.

<u>Response to Request (f)</u>:     Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

<u>Request (g)</u>:  Originals or color copies of all brochures, websites, catalogs or advertisements depicting CHARLOTTE products.

<u>Response to Request (g)</u>:     Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Tierney has already produced responsive documents, if any, and Kline and Singer are in the process of collecting and will produce responsive documents, if any.

<u>Request (h)</u>:  All documents which reveal how CHARLOTTE and/or CHARLOTTE SOLNICKI mark was selected and/or adopted.

<u>Response to Request (h)</u>:     Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without

waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

Request (i):  All documents which show your date of first use and first use in commerce of CHARLOTTE products.

Response to Request (i):    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

Request (j):  All documents which support your affirmative defenses.

Response to Request (j):    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

Request (k):  All documents which support your counterclaims.

Response to Request (k):    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Defendants also object to producing documents in response to this request until GMA's motion to dismiss is decided.

Request (l):  All spreadsheets, accounts, summaries, memos or other documents which show sales, revenue and profit for CHARLOTTE products each month.

**Response to Request (l)**:    Responding Defendants further object to this request as vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce responsive documents, if any.

**Request (m)**:  Sample specimens of each of the CHARLOTTE products.

**Response to Request (m)**:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and will produce for inspection responsive specimens, if any.

**Request (n)**:  Copies of documents licensing or allowing you to do business under another name.

<u>Response to Request (n)</u>:     Responding Defendants further object to this

request as vague and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to those objections and subject to and without

waiving the general objections, Responding Defendants are in the process of

collecting and will produce responsive documents, if any

Dated:  New York, New York
        December 26, 2007

                                        DREIER LLP

                                        By:  /s/ Ira S. Sacks_____
                                             Ira S. Sacks
                                             Robert J. Grand
                                             499 Park Avenue
                                             New York, New York 10022
                                             Tel.:  (212) 328-6100
                                             Fax:  (212) 328-6101

                                             *Attorneys for Responding Defendants*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

GMA ACCESSORIES, INC.,

                    Plaintiff,

     v.

EMINENT, INC., SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
JONATHAN SINGER, LEWIS TIERNEY and
JONATHAN SOLNICKI,

                    Defendants,

--------------------------------------------------------------x

07 CV 3219 (LTS)

**CERTAIN DEFENDANTS'
RESPONSES TO GMA'S
SECOND REQUEST FOR
DOCUMENTS**

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Saks

Fifth Avenue, Inc. ("Saks"), Intermix, Inc. ("Intermix"), Wink NYC, Inc. ("Wink"), Lisa

Kline, Inc. ("Kline"), Jonathan Singer ("Singer") and Lewis Tierney ("Tierney")

(collectively "Responding Defendants") hereby respond to Plaintiff's Second Set of

Document Requests as follows:

## GENERAL OBJECTIONS

       1.     Responding Defendants object to these Requests to the extent that they are

overbroad, unduly burdensome and/or not reasonably calculated to lead to the discovery

of admissible evidence.

       2.     Responding Defendants object to these Requests to the extent that they are

vague and ambiguous.

       3.     Responding Defendants object to the Requests to the extent that they seek

documents that are protected by the attorney-client privilege, the attorney work product

1

privilege, are otherwise privileged from disclosure and/or relate to the time period after GMA filed its claims against Responding Defendants.

4.    Responding Defendants object to the Requests to the extent that they seek the production of documents that embody, reflect or relate to trade secrets or other confidential research, development, or commercial information, protected by Fed.R.Civ.P. 26(c)(7) or otherwise, and will produce such documents under the existing protective order.

5.    Responding Defendants object to these Requests to the extent they seek the production of documents that are publicly available or that are equally accessible to GMA as to Responding Defendants.

6.    Responding Defendants object to these Requests to the extent that they seek to impose burdens on Responding Defendants beyond those required by the Federal Rules of Civil Procedure and Local Civil Rules.

7.    Responding Defendants object to these Requests to the extent that they are duplicative.

8.    Responding Defendants object to the definition of CHARLOTTE products to the extent it seeks discovery relating to products other than Charlotte Solnicki products.

9.    Responding Defendants object to these requests to the extent they seek information in the control of GMA.

10.    Responding Defendants reserve the right to supplement these responses and may also rely upon documentary and other evidence produced by other parties in this action.

11.    Responding Defendants' responses to these Requests are made to the best of its present knowledge, information, and belief.  Said responses are at all times subject to such additional or different information that discovery or further investigation may disclose.

12.    All documents will be produced without admitting the authenticity, relevance, or admissibility of any document, and all objects to their use are hereby reserved.

13.    These General Objections are deemed incorporated into each response to each of the Requests.

<u>RESPONSES TO REQUESTS</u>

<u>Request 1</u>:    All documents which support your claim that GMA interfered with counterclaimants' business relationships.

<u>Response to Request 1</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and either have already produced or will produce responsive documents, if any.

<u>Request 2</u>:    All documents which support your claims that GMA committed fraud.

<u>Response to Request 2</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants refer GMA to the

3

trademark prosecution files for the trademarks at issue. Responding Defendants

are in the process of collecting and either have already produced or will produce

other responsive documents, if any.

<u>Request 3</u>:    All documents which support your claims that GMA committed

"trademark misuse."

**<u>Response to Request 3</u>**:    See response to Request 2.

<u>Request 4</u>:    All of your communications with your customers or sales representative

concerning the claims or counterclaims in this case.

**<u>Response to Request 4</u>**:    Responding Defendants further object to this

request as vague, unduly burdensome, lacking any defined date range and not

reasonably calculated to lead to the discovery of admissible evidence.

<u>Request 5</u>:  All documents which show confusion between CHARLOTTE products sold

by GMA and CHARLOTTE products sold by any defendant.

<u>Response to Request 5</u>:    Responding Defendants further object to this request as vague and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to those objections and subject to and without waiving the general objections, Responding Defendants are in the process of collecting and either already have produced or will produce responsive documents, if any.

Dated: New York, New York
       December 26, 2007                    DREIER LLP

                                           By:  /s/ Ira S. Sacks
                                                Ira S. Sacks
                                                Robert J. Grand
                                                499 Park Avenue
                                                New York, New York 10022
                                                Tel.:  (212) 328-6100
                                                Fax:   (212) 328-6101

                                           *Attorneys for Responding Defendants*