UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GMA ACCESSORIES, INC.

                    Plaintiff,

    - against -

Civil Action No.: 07CV3219 (LTS) (DF)

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., TIERNEY DIRECT
LLC and JONATHAN SOLNICKI,

                    Defendants.
----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR MULTIPLICATION OF PROCEEDINGS

### PRELIMINARY STATEMENT

      This memorandum of law is respectfully submitted in support of Plaintiff's Motion for penalties based on the multiplication of proceedings by the Dreier firm and its partner Ira Sacks in maintaining frivolous counterclaims; refusing to cooperate in discovery, filing motion after motion for relief that could have been resolved in conferences and by a pattern of abuse that is described in the accompanying Declaration of John P. Bostany dated April 24, 2008.

### FACTS

      For a comprehensive statement of the facts of this matter, the Court is respectfully referred to Declaration of Ronald I. Paltrowitz dated March 24, 2008 (docket entry 197) and the accompanying Declaration of John P. Bostany dated April 24, 2008.

## ARGUMENT

### Point 1: The Court should impose sanctions pursuant to 28 U.S.C. §1927 and its inherent power

Section 1927 of the United Stated Code authorizes the imposition of sanctions when the attorney in question "…so multiplies the proceedings in any case unreasonably and vexatiously…" Indeed, sanctions are appropriate when "…there is a clear showing of bad faith on the part of an attorney." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996). Bad faith on the part of the attorney may be inferred when "…actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. at 571. In addition, the movant must show that the challenged claim was without a colorable basis. See Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F3d 323, 336 (2d Cir. 1999).

DREIER, LLP and its partner IRA SACKS refuse to withdraw plainly frivolous counterclaims that are brought as strike litigation in order to distract the court from their clients blatant and continuing trademark infringement. *See Brief in support of plaintiff's motion to dismiss* (Docket entry 115) and Declaration of Ronald I. Paltrowitz dated March 24, 2008 (Docket entry 197).

In addition, while infringement continues, Dreier has bombarded the plaintiff's lawyers with one motion after the other in order to outmuscle and turn a simple trademark case into a sea of satellite disputes which are described in the accompanying declaration of John P. Bostany. In these motions Mr. Sacks spends a good deal of time reciting facts from an opinion of a 10 year old case where plaintiff's counsel was sanctioned but which Mr. Sacks does not bother to reveal was later vacated. His acts are with one thing in mind, cause delay and distraction in the case and to inflict harm and financial injury to plaintiff and its counsel.

Accordingly, this Court may and should exercise its inherent power and those powers under 28 U.S.C. § 1927, holding Dreier and Sacks accountable for their actions.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court order Dreier, LLC and Ira Sacks to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Dated: New York, New York
April 24, 2008

Respectfully submitted,

By: _____
John P. Bostany (JB 1986)
THE BOSTANY LAW FIRM
Attorneys for Plaintiff
40 Wall Street
New York, New York
(212) 530-4400