UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                         Plaintiff,

- against -                            Civil Action No.: 07CV3219 (LTS)

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., LEWIS TIERNEY,
TIERNEY DIRECT LLC and
JONATHAN SOLNICKI,

                         Defendants.
------------------------------------------------------X

### DECLARATION OF RONALD I. PALTROWITZ IN OPPOSITION TO CERTAIN DEFENDANTS' AMENDED MOTION TO PRECLUDE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 26 AND 37 AND FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 37

      Ronald I. Paltrowitz, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury, as follows:

      1.    I am Of Counsel to The Bostany Law Firm, attorneys of record for Plaintiff, GMA Accessories, Inc. ("GMA"), in the above captioned matter, and respectfully make this Declaration based upon my review of the files in opposition to the motion of Defendants Eminent, Inc., Saks Fifth Avenue, Inc., Intermix, Inc., Wink NYC, Inc., Lisa Kline, Inc., Jonathan Singer, and Lewis Tierney (collectively referred to herein as the "Retailer Defendants") for an Order, pursuant to Federal Rules of Civil Procedure ("FedRCivP") Rules 26 and 37 to preclude GMA from taking the depositions of any of the Retailer Defendants in this action and in

a separate action captioned: *Sanei Charlotte Ronson* v. *GMA Accessories, Inc.*, 07-CV-9578 (the "Sanei Matter"); (ii) taking the deposition of Sanei Charlotte Ronson this action and regarding issues in this action if a deposition is taken in the Sanei Case; and (iii) for sanctions for GMA's alleged failure to comply with a Court Order.

2. It is respectfully submitted that, after continuously delaying the depositions of the Retailer Defendants from December 2007 through April 2008, despite effort after effort by GMA's counsel to schedule these depositions, counsel for the Retailer Defendants ("Dreier'") now seeks to preclude these depositions altogether and to impose sanctions because the depositions cannot be completed by the April 30th discovery deadline.

3. A short history of Dreier's actions in this matter, as set forth in a letter from Chrystal Scott to the Court, dated February 7, 2008, should be sufficient to reveal the disingenuousness of this application (A copy of Ms Scott's letter is annexed hereto as Exhibit "A");

    a. The Retailer Defendants Lisa Kline, Inc., Lewis Tierney, Jonathan Singer, Wink, NYC, Inc., and Intermix, Inc., were originally noticed in November 2007 for depositions in December 2007;

    b. On November 28th, during a conference call with the Court, Dreier advised the Court that several of the Retailer Defendants could not available on their noticed dates;

    c. For the two weeks following the conference call, GMA's counsel attempted to reschedule the depositions to no avail;

    d. Thereafter, on or about December 11, Dreier gave proposed dates for two of the Retailer Defendants in January 2008, which proposed dates were accepted in a letter to Dreier dated December 12, 2007. (Copies of this correspondence are attached as Exhibits "B" and "C", respectively);

    e. Neither of the Retailer Defendants noticed for January 2008 appeared;

    f. Thereafter, Dreier denied that it had agreed to the January dates (A copy of relevant e-mail correspondence is annexed as Exhibit "D");

       g.    On February 5, 2008, Drier advised Ms Scott in a telephone conversation that it still could not give provide dates for Jonathan Singer or Wink;

       h.    Thereafter, GMA's counsel proposed to Dreier that a Stipulation be executed setting dates for three of the Retailer Defendants [other than Singer or Wink] on February 8, February 20, and March 11, 2008 (A copy of the proposed Stipulation is annexed as Exhibit "E"); and

       i.    Dreier did not sign the proposed Stipulation.

    4.    Contemporaneously with the activities described in subparagraphs 3(a) through 3(i), above, GMA's counsel was also attempting to schedule a deposition of Charlotte B, which had originally been noticed by subpoena for November 20, 2007;

    5.    After two attempts by Dreier to quash the Charlotte B subpoena, followed by several attempts to schedule the deposition after the Court ordered that it go forward, the Charlotte B deposition was held on March 7, 2008.

    6.    Throughout the entire period during which GMA's counsel was attempting to schedule the Charlotte B deposition, counsel continuously advised Dreier that it wished to take the Charlotte B deposition before taking and depositions of the Retailer Defendants, a preference that had been brought to the Court's attention and approved.

    7.    Despite GMA's acknowledged preference, Dreier continued to delay the Charlotte B deposition while contemporaneously demanding dates for the Retailer depositions.

    8.    With regard to GMA's 30(b)(6) witnesses, I informed Mr. Sacks that Mr. Altirs and Mr. Maloof would be available on March 28 and March 31, respectively, yet their depositions were postponed at Dreier's request. *See* March 12, 2008 Correspondence attached as Exhibit "F".

    9.    Thereafter, additional parties were added with Dreier's consent;

    10.    While it is true that the Stipulation So Ordered by the Court did state that the discovery period would not be extended, GMA agreed to this before becoming aware that Dreier would object to all of GMA's discovery requests made within the discovery period on the grounds that the requests were made too soon after service of process on the added Defendant's.

- 4 -

11. As a result, GMA requested that the 30(b)(6) depositions be postponed so that the newly added Defendants could participate, thus obviating the need to depose these witnesses again.

12. Needless to say, Dreier refused this request and, instead, has filed yet another motion seeking preclusion and sanctions.

13. Based upon the foregoing, it is respectfully submitted that Dreier has purposefully placed GMA in the position in which it now finds itself by continuing to delay these proceedings until the discovery deadline looms, so that it could prevent GMA from obtaining the discovery to which it is entitled.

14. It is respectfully submitted that it would be unfair and inappropriate to permit Dreier to gain the advantages it now seeks having itself been the primary reason that discovery cannot be timely completed.

Wherefore, based upon the foregoing, it is respectfully requested that the Retailer Defendants' motion be denied in its entirety and that the Court order such other relief as it may deem just and proper.

Dated: New York, New York
April 29, 2008

Ronald I. Paltrowitz (RP-2746)