UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

               Plaintiff,

- against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., TIERNEY DIRECT
LLC and JONATHAN SOLNICKI,

               Defendants.
------------------------------------------------------X

Civil Action No.:  07CV3219 (LTS) (DF)

**DECLARATION OF JOHN P. BOSTANY**

John P. Bostany hereby declares, under penalty of perjury as follows:

1.     I am a member of The Bostany Law Firm, attorneys for Plaintiff GMA ACCESSORIES, INC. ("GMA") in this proceeding, and I make this declaration based upon my review of the files maintained in the firm's offices as well as my personal participation in certain proceedings.

2.     This litigation is a trademark infringement action and we are in the process of re-serving JONATHAN SOLNICKI pursuant to this Court's March 20, 2008 Order, which found that service upon MELINA SOLNICKI at a New York apartment where JONATHAN SOLNICKI used to reside was inadequate.

3.     By letter application dated April 2, 2008, we previously requested permission to serve defendant JONATHAN SOLNICKI via email and fax service pursuant to Fed R.Civ. P 4

- 1 -

(f)(3). The Court denied this application pursuant to the order dated April 8, 2008, noting that the application lacked a reasonable attempt to affect service by conventional means and a compelling reason is offered for ordering alternate service in a country such as Argentina, which is a Hague Convention signatory. A copy of each of the prior application and Order are attached as **Exhibits A, B**.

    4.    I respectfully ask the Court to consider the accompanying declarations of Daniel Levy and the Affidavit of Rick Hamilton to find that there is a compelling reason to grant our motion. Mr. Levy explains the great lengths he has gone thru to serve SOLNICKI and the difficulties he has encountered and will encounter. Mr. Hamilton testifies about the difficulties in serving Argentine residents and that in cases where they are served it could take up to a year to do so. *See* final paragraph of Hamilton affidavit.

    5.    Rule 4(f) implies that the hallmark of proper international service is service that is reasonably calculated to give notice of an impending action. <u>It is not in dispute that JONATHAN SOLNICKI already has actual knowledge of this litigation</u>.

    6.    JONATHAN SOLNICKI is a member of CHARLOTTE B, LLC, which sought to voluntarily intervene in this action, and Mr. Solnicki filed papers in his own right during this litigation. *See e.g.* Motion to Add Party Charlotte B, LLC, docket entry 91 (Jonathan Solnicki is a member of Charlotte B, LLC); Motion to Set Aside Default Judgment and Permanent Injunction filed by Jonathan Solnicki (docket entry 94); Declaration of Jonathan Solnicki (docket entry 95); Brief in Support of Motion to Set Aside Default Judgment and Permanent Injunction filed by Jonathan Solnicki (docket entry 98).

    7.    CHARLOTTE SOLNICKI, upon information and belief, a partnership consisting of JONATHAN and his 2 sisters, continues to do business in New York by, *inter alia*, a website

- 3 -

and New York showroom.  *See* **Exhibit C**.  The business fax number for the "Corporate Office USA" is published on the website and his email address was already used in JONATHAN SOLNICKI's own attorney's Affirmation of Service upon him.  *See* **Exhibit D**.

8. In the alternative, in light of the extraordinary length of time that it customarily takes for service to be affected in Argentina – as explained in the Levy and Hamilton Declarations – if this application is denied, we respectfully ask for a six month extension from the May 31, 2008 deadline by which to serve JONATHAN SOLNICKI, without prejudice for further extension in the event service cannot be effectuated within the time allowed.


Dated: New York, New York
       May 5, 2008

                                                    _____
                                                    By:    John P. Bostany (JB 1986)