# The Bostany Law Firm

40 Wall Street

61st Floor

New York, New York 10005-1304

Tel: 212-530-4400

Fax: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

April 2, 2008

Hon. Laura Taylor Swain
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *GMA v. Eminent, Inc., et. al*
               Docket No.: 07 CV 3219 (LTS) (DF)

Your Honor:

      I represent the plaintiff GMA Accessories, Inc. in this trademark infringement action. We are in the process of reserving JONATHAN SOLNICKI pursuant to this Court's Order which found that service upon MELINA SOLNICKI was inadequate. This application is respectfully submitted for permission to serve defendants JONATHAN SOLNICKI and newly added defendant CHARLOTTE SOLNICKI via email and fax service pursuant to Fed R.Civ. P 4 (f)(3).

      These defendants are alleged to be the manufacturer, designer and supplier of the infringing items. It appears that CHARLOTTE SOLNICKI is a partnership and JONATHAN SOLNICKI is a partner and/or owner. A courtesy copy of the Third Amended Complaint is respectfully annexed. Retailers in this case have produced copies of emails from JONATHAN SOLNICKI from his email address, jonathan@charlottesolnicki.com. Following a search of telephone directories in the United States which proved unsuccessful, my staff searched the internet in order to find information that would assist in serving them.

      The website lists a NYC telephone number and fax number for the "Corporate Office USA". Copies of pertinent portions of the website are annexed hereto. We respectfully ask therefore that email service upon jonathan@charlottesolnicki.com coupled with fax service to the corporate office be deemed sufficient service to place these parties on notice of the action.

1

Electronic service has been approved without the need to resort to an international convention in accordance with under Rule 4(f)(3). *Rio Properties, Inc. v. Rio International InterLink*, 284 F.3d 1007, 1014-17 (9th Cir. 2002). There, the 9th Circuit held that service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief and that alternative service is proper if it is "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections". *Id* at 1015-16 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)).

Following Rio, under similar circumstances, Judge Kaplan allowed service on a China coroporation that had listed an email address on its website. GMA Accessories, Inc. v. Megatoys, Inc., 2003 WL 193507, fn 2 (S.D.N.Y. 2003). This Court has wide discretion to permit alterative means of service under Fed.R.Civ.P. 4(f)(3). We respectfully submit that service by electronic mail on a foreign defendant can be a cost effective, reliable and efficient means of service as recognized by the courts above.

Where, as here, JONATHAN SOLNICKI's email address was produced in discovery from a CHARLOTTE SOLNICKI customer and is consistent with the active domain address on its active website, and there is a fax # for the corporate office of CHARLOTTE SOLNICKI, it is respectfully requested that email service on JONATHAN SOLNICKI along with service by fax to 212 656 1805 (the fax # listed on the website) be approved as reasonably calculated to apprise JONATHAN SOLNICKI and CHARLOTTE SOLNICKI of the pendency of the action and afford it an opportunity to respond. *See Rio Properties, Inc., supra* (citing *New England Merchants National Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73(S.D.N.Y 1980)).

Respectfully,



John P. Bostany

Enclosures
cc:    Ira Sacks, Esq. (via email)