UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

                                          Civil Action No.: 07CV3219 (LTS) (DF)

- against -

                                          **DECLARATION OF DANIEL LEVY**

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., TIERNEY DIRECT
LLC and JONATHAN SOLNICKI,

                Defendants.
------------------------------------------------------X

       Daniel Levy hereby declares, under penalty of perjury as follows:

       1.     I am a citizen of the United States, over the age of 18, and not a party to, nor interested in, the above captioned matter.

       2.     I am an attorney admitted to practice in the State of New Jersey and I am employed by The Bostany Law Firm, attorneys for Plaintiff GMA ACCESSORIES, INC. ("GMA") in this proceeding.

       3.     I have past experience with service of process on individuals located in countries that are Hague Convention signatories, and I make this declaration based upon my review of the files maintained in the firm's offices as well as my personal investigation into the service of process upon Argentinean residents.

1

4. This litigation is a trademark infringement action and we are in the process of re-serving JONATHAN SOLNICKI pursuant to this Court's Order which found that service upon MELINA SOLNICKI at a New York apartment where JONATHAN SOLNICKI used to reside was inadequate.

5. I respectfully submit that I have exercised all reasonable diligence and conducted an investigation as to the logistics of serving JONATHAN SOLNICKI through conventional procedures. Pursuant to the Convention On The Service Abroad Of Judicial And Extrajudicial Documents In Civil Or Commercial Matters (the "Hague Convention"), the United States and Argentina have agreed to a specific set of procedures for the service of judicial and extrajudicial documents on their citizens. *See* 20 U.S.T. 361.

6. The general method of service that is proper for persons present in Hague Convention signatory states is through the Central Authority within the destination state, pursuant to the destination state's laws and procedures. *See Id.,* Art. 2, 3, 5. In this case, the destination is Argentina and process papers must be delivered to the Ministry of Foreign Affairs – Argentina, processed, and forwarded to JONATHAN SOLNICKI by any method of its choosing, pursuant to Argentinean law. *See Id.,* Art. 5(a).

7. In order to comply with the procedures, this firm enlisted the services of Process Forwarding International, a corporation contracted with the United States Department of Justice to act as Central Authority in accordance with the Hague Convention on the service of process abroad. Rick Hamilton, Director of Operations with Process Forwarding International, advised that the order is being processed and that he completed the proper forms provided by The Hague Convention.

8. I have been advised that, as opposed to normal service within the United States, any service through The Hague Convention provisions *necessarily* requires a prolonged period of time to complete. More importantly however, Rick Hamilton advised that <u>service in Argentina is the most difficult to affect, sometimes taking up to one year to complete</u>. On top of this, there is no way to track the progress of an application with the Ministry of Foreign Affairs – Argentina. The Hague Convention only requires a signatory state's central authority to communicate with the applicant in instances where they object to the application as inadequate and once service is completed. *See The Hague Convention*, Art. 4, 6.

9. In the event that the person to be served cannot be found, the papers are lost, or attempts to serve are otherwise frustrated, the Ministry will not notify us of this fact. It seems apparent that parties who have not received an Affidavit of Service from the Ministry after several months have no option but to make subsequent requests for service of process. Rick Hamilton and Reid McNair, a Senior Account Executive with Process Forwarding International, have both advised me that excessive delays, loss of the process papers and other difficulties are commonplace in Argentina. In fact, Reid McNair informed me that delays and flagrant disregard of Hague Convention procedures are so egregious in Argentina that almost half of the time service of process is *never* complete and that he lodged formal complaints against Argentina in this regard.

10. Even in a best case scenario, I was advised that we cannot expect to receive an Affidavit of Service of JONATHAN SOLNICKI for three to five months.

Dated: New York, New York
       May 5, 2008

By: Daniel Levy