UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

  - against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., TIERNEY DIRECT
LLC and JONATHAN SOLNICKI,

                Defendants.
--------------------------------------------------------X

Civil Action No.: 07CV3219 (LTS) (DF)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE VIA FAX OR EMAIL

### PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of Plaintiff's Motion for substituted service pursuant to FRCP 4(f)(3), and for partial relief from an Order obligating the Plaintiff to serve JONATHAN SOLNICKI by May 30, 2008, pursuant to FRCP 60(b)(6) and FRCP 4(m).

### FACTS

For a comprehensive statement of the facts of this matter, the Court is respectfully referred to the accompanying Declaration of John P. Bostany dated May 5, 2008, Declaration of Daniel Levy dated May 5, 2008, and Affidavit of Rick Hamilton dated April 28, 2008.

- 1 -

## ARGUMENT

### Point 1:  The Court may allow substituted service in Argentina pursuant to Fed R.Civ. P 4(f)(3) because there is adequate evidence of Argentina's lack of judicial assistance.

In instances where the person to be served is physically present in a foreign country, FRCP 4(f) applies.  Pursuant to Subsection (f)(1), a Party may serve process pursuant to international treaties such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the, "Hague Convention"), which is codified at 20 U.S.T. 361.  When service is to occur in a country that is a signatory to the Hague Convention, compliance with the Convention is usually mandatory.  See Volkswagenwerk Aktiengesellscaft v. Schlunk, 486 U.S. 694, 705 (1988).  However, the Court has discretionary authority to order substituted service notwithstanding the fact that the Hague Convention applies, provided that the Court enforces safeguards to assure that notice is adequate and appropriate under the circumstances.  See Arista Records LLC v. Media Services LLC, 2008 WL 563470 (S.D.N.Y. 2008) citing Brockmeyer v. May, 282 F.3d 798, 805 (9th Cir.2004); FRCP 4(f)(3).  Moreover, exhaustion of all methods prescribed by the Hague Convention is not a prerequisite for a Court to order substituted service.  Rather, the proponent need only support the request with adequate evidence that there exists a lack of judicial assistance in the destination nation.  See Id.

In this case, Argentina, the destination nation, is a signatory to the Hague Convention, and therefore, the Plaintiff would ordinarily follow the proscribed procedures outlined in the treaty, subject to the reservations made by Argentina when it assented to the treaty.  See Hague Conference Status Table, accessible at http://hcch.e-vision.nl/index_en.php?act=conventions.

status&cid=17 (last visited May 1, 2008).  Within its reservation declaration, Argentina specifically opposed any method of service outlined in Article 10 of the Hague Convention.  See Reservation Declaration, accessible at http://hcch.evision.nl/index_en.php?act=status.comment&csid=389&disp=resdn (last visited May 1, 2008).  Therefore, the only method of service that is proper for persons present in Argentina is through its Central Authority (i.e. the Ministry of Foreign Affairs), pursuant to their laws and procedures.  See 20 U.S.T. 361., Art. 2, 3, 5.  The process is arduous in that process papers must be delivered to Process Forwarding International, the Central Authority for the United States, who forwards them to the Ministry of Foreign Affairs – Argentina, where they are eventually processed and forwarded to the person to be served by any method of its choosing, pursuant to Argentine law.  See Id., Art. 5(a).

The Plaintiff has already begun the above-described process by translating the service papers to Spanish and forwarded them to Process Forwarding International, who have in turn sent the papers to the Ministry of Foreign Affairs - Argentina.  However, the Court is not foreclosed from ordering substituted service, the Hague Convention notwithstanding.  See Arista Records LLC, supra.

Here, there is adequate evidence to show that a lack of judicial support in Argentina will severely frustrate the Plaintiff's attempts to serve JONATHAN SOLNICKI.  As set forth in the accompanying affidavits, persons who are in the business of serving those in Argentina insist that Argentina exhibits an atrocious track record in complying with the Hague Convention.  In fact, an express warning was issued by Process Forwarding International, the Central Authority for the United States, that service could take ***up to one year to complete***, that half of the time service is *never* complete, and that there is no way to expedite or even check the status of Hague Convention requests.  *See* final paragraph of Hamilton Affidavit.  In addition, Argentina

expressly forbids a party to mitigate the situation and serve persons in Argentina through a private process server or through the mail.  See Reservation Declaration, supra, ¶3 (Argentina rejects Art. 10 of the treaty and therefore precludes service through the mail or by process server, yet the United States, among other nations, and the unadulterated language of the Hague Convention allows such methods of service).

While there is the possibility that JONATHAN SOLNICKI may ultimately receive the copies of the Summons and Third Amended Complaint that the Plaintiff has already forwarded to Argentina, there is a strong, supportable conclusion that service will either never occur, or occur on some unknown and distant date.  It should be noted that this is not only a reasonable conclusion, but one that is far from conclusory in nature.  See c.f. Gateway Oversees, Inc. v. Nishat (Chunian) Ltd., 2006 WL 2015188 (S.D.N.Y. 2006).

For the reasons stated above, it is respectfully submitted that this Court should order substituted service upon JONATHAN SOLNICKI in the form of service via email and/of fax.

**Point 2:  Substituted service via email and/or fax is appropriate because service through electronic transmission will apprise the defendant of the action and afford him opportunity to present his case**

The second issue is whether this Court should allow the Plaintiff to serve JONATHAN SOLNICKI by transmitting the Summons and Third Amended Complaint via email and/or fax.

To satisfy Due Process, the plaintiff must provide the defendant with "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Moreover, this attempt must be made with good faith, using a means desirous of actually informing the absentee.  See Luessenhop v. Clinton County, New York, 466 F.3d 259, 269 (2nd Cir. 2006) citing Mullane v Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950).  To this end, this jurisdiction, as well as

other jurisdictions, recognized that service via email is allowable in specific circumstances. See GMA Accessories, Inc. v. Megatoys, Inc., 2003 WL 193507, fn 2 (S.D.N.Y. 2003) following Rio Properties, Inc. v. Rio International InterLink, 284 F.3d 1007 (9th Cir. 2002).

In this case, JONATHAN SOLNICKI already has actual notice of this action. See Declaration of John P. Bostany, ¶¶ 5, 6.

The Plaintiff has also made every reasonable, good faith effort to deliver the process papers to JONATHAN SOLNICKI. Originally, the Plaintiff served JONATHAN SOLNICKI at his last known New York address. Further, copies of the papers were sent to his attorney, and copies were mailed to two separate Argentine mailing addresses. Once this Court determined that JONATHAN SOLNICKI was not properly served, the Plaintiff again mailed copies of the papers to him – this time to three different mailing addresses – as well as via email, in conjunction with the service upon Defendant CHARLOTTE SOLNICKI, of which JONATHAN SOLNICKI is believed to be a partner. See Docket Entry 184, 207. Given the above along with the fact that JONATHAN SOLNICKI already has actual notice of this litigation, it is respectfully submitted that the Due Process service requirement has already been satisfied. See Arista Records LLC, supra at 2.

It is important to note that the Special Commission on the Practical Operation of the Hague Service Convention issued a report in 2003 discussing, among other things, the use of computer technology for affecting service. See Conclusions and Recommendations Adopted by the Special Commission, accessible at http://hcch.evision.nl/index_en.php?act=publications.details&pid=3121&dtid=2 (last visited May 1, 2008). **Here, the Commission identified the fact that computer technology is now all pervasive, and *it concluded that the Hague Convention does not prevent the use of modern technology, including email, for the***

*transmission of documents internationally*.  See Id. ¶¶ 59-64.  Most importantly, the Commission specifically identified the fact that certain Hague Convention parties, where permitted by judicial authority, can and do utilize fax and email for affecting service; the Commission even *encouraged* Convention parties to further explore such use of innovations. See Id. at ¶64.  Therefore, it is appropriate under the Convention itself for JONATHAN SOLNICKI to be served via email and/of fax.

For the reasons stated above, it is respectfully requested that this Court permit substituted service via email and/or fax.

**Point 3: This Court should modify its previous order and extend the Plaintiff's deadline by which to serve Jonathan Solnicki because the plaintiff diligently commenced international service of process, which cannot be completed before the deadline**

The final issue is whether the Plaintiff should be permitted to serve JONATHAN SOLNICKI after May 31, 2008 as provided by the Court's March 20 Order.

Rule 4(m) expressly states that the time limit for service does not apply in cases where the person is served in a foreign country pursuant to Rule 4(f).  Indeed, the rule in this jurisdiction is that a "flexible due diligence" standard applies, and the Court should not dismiss the case when a due diligent effort is made to affect international service.  See In re Crysen/Montenay Energy Co., 166 B.R. 546 (S.D.N.Y. 1994); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737 (2nd Cir. 1985).

When appropriate, this Court may modify or vacate an Order for any reason that justifies relief.  See FRCP 60(b)(6).

To date, the Plaintiff made every reasonable effort to affect service upon JONATHAN SOLNICKI.  As detailed above, the Plaintiff left the process papers at a New York apartment leased by JONATHAN SOLNICKI, copies were mailed on two separate occasions to several

mailing addresses, copies were provided to his attorney, and copies were emailed to the email address published on his website.  Finally, the Plaintiff commenced the arduous process of serving JONATHAN SOLNICKI under the Hague Convention.  Therefore, the Plaintiff has been diligent in its attempts to serve process.

It cannot be disputed that service through the Hague Convention cannot be completed prior to the May 31, 2008 deadline.

For the reasons stated above, if the Court denies this application for alternative service, it is respectfully submitted that this Court extend the May 31, 2008 deadline for serving JONATHAN SOLNICKI for at least six months.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court permit the Plaintiff to serve JONATHAN SOLNICKI through substituted service via fax and email and, in the alternative, than the May 31, 2008 deadline by which to affect process be extended for six months without prejudice for further extensions for good cause.

Dated: New York, New York
       May 5, 2008

                                        Respectfully submitted,

                                        _____

                                      By:    John P. Bostany (JB 1986)
                                                  THE BOSTANY LAW FIRM
                                                  Attorneys for Plaintiff
                                                  40 Wall Street
                                                  New York, New York
                                                  (212) 530-4400