UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                       Plaintiff,           07 Civ. 3219 (LTS)(DF)

        -against-                          **ORDER**

EMINENT, INC., et al.,

                      Defendants.
---------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

Currently before the Court is a renewed motion by Plaintiff GMA Accessories, Inc. ("GMA") for an Order permitting substituted service of process on Defendant Jonathan Solnicki ("Solnicki"). Specifically, GMA seeks leave to serve the Third Amended Complaint on Solnicki, who lives in Argentina, by way of fax and/or e-mail, rather than through the procedures set forth by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). For the reasons set forth below, the renewed motion (Dkt. 211) is denied in all respects.

First, GMA knew at the time that it filed its initial Complaint, in which Solnicki was named as a party, that Solnicki resided in Argentina. (*See* Complaint, dated Apr. 20, 2007 (Dkt. 1), at ¶ 6.) It would have been simple enough for GMA to check at that time whether Argentina was a signatory to the Hague Convention, and to take the necessary steps to effectuate service on Solnicki pursuant to its requirements. GMA, however, did not take this approach, and rather attempted to serve Solnicki at his sister's address in New York. When this purported

1

service resulted in an Order of Default, Solnicki successfully moved to vacate the default on the ground that he had not been properly served. (*See* Memorandum and Order (Swain, J.), dated March 20, 2008 (Dkt. 156), at 2-3.) In the Court's March 20, 2008 decision granting the motion to vacate, the Court specifically noted that Solnicki had lived in Argentina since 2004, and gave GMA until May 31, 2008 to serve him there. (*See id.*, at 3, 5.)

Even then, however, GMA did not take any steps to serve Solnicki pursuant to the Hague Convention. Rather, on April 2, 2008, GMA moved for leave to proceed by way of substituted service on Solnicki. (*See* Declaration of John P. Bostany, dated May 5, 2008 ("Bostany Decl.") (Dkt. 212), Ex. A (GMA's Application for Substituted Service, dated Apr. 2, 2008).) This Court denied that motion on April 8, 2008, pointing out that, prior to making such an application under Fed. R. Civ. P. 4(f)(3), a party should make a reasonable attempt to effectuate service by conventional means and demonstrate why court intervention is necessary. (*See* Amended Order (Freeman, J.), dated Apr. 8, 2008 (Dkt. 168) ("GMA's application presents no compelling reason why, in this case, the dictates of an applicable international convention should be disregarded and alternate service ordered") (citing *Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002)).)

Now, GMA has returned to the Court, renewing its motion for leave to proceed by way of substituted service, on the ground that it has finally made diligent efforts to effectuate service by conventional means, but that the Ministry of Foreign Affairs in Argentina is not likely to be cooperative. In its Memorandum of Law, GMA asserts that it has begun the process prescribed by the Hague Convention, in that it has translated the service papers to Spanish and forwarded

2

them to Process Forwarding International,[1] which has "in turn sent the papers to the Ministry of Foreign Affairs – Argentina." (*See* Memorandum of Law in Support of Plaintiff's Motion for Substituted Service via Fax or Email, dated May 5, 2008 ("Pl.'s Memorandum of Law") (Dkt. 215), at 3.) This last statement, however – that the papers have been forwarded to Argentina – is wholly unsupported. In fact, in a sworn affidavit, Rick Hamilton, Director of Operations for Process Forwarding International, indicates that GMA's process papers have *not* yet been sent to Argentina to effectuate service. (*See* Affidavit of Rick Hamilton, sworn to Apr. 28, 2008 ("Hamilton Aff.") (Dkt. 214).) On the contrary, Mr. Hamilton states that he has "completed the request for process service form prescribed by the Hague Service Convention and *will forward* this form with the aforementioned documents to the Ministry of Foreign Affairs – Argentina." (*See* Hamilton Aff. (emphasis added).) Thus, despite the assertions in its brief that it has now made diligent efforts to effectuate service of process on Solnicki by conventional means, GMA has made no showing that, as of the date of its renewed motion, any process papers had even been *sent* to Argentina.

Furthermore, while GMA contends that it has submitted adequate evidence of Argentina's failure to provide adequate judicial assistance, this purported evidence amounts to little more than speculation as to what *may* happen when process papers for Solnicki are finally received by the Argentinian Ministry of Foreign Affairs. GMA suggests that service of process

---

[1] Process Forwarding International is a corporation that has contracted with the United States Department of Justice (the agency designated under the Hague Convention as the Central Authority for the United States) to forward process papers to foreign authorities, such as the Ministry of Foreign Affairs in Argentina. *See* http://www.hagueservice.net/ (last visited May 19, 2008).

3

to the Argentine authorities in accordance with the Hague Convention could take a year or longer to complete and that it does not know of a protocol to compel foreign authorities to expedite a process service. (*See* Hamilton Aff.) Additionally, counsel for GMA states that he has been advised by Reid McNair, a Senior Account Executive with Process Forwarding International, that, nearly half of the time, service of process is not completed, and, if it were to be completed in this case, GMA could not expect to receive an Affidavit of Service from the Ministry of Foreign Affairs for three to five months. (*See* Affidavit of Daniel Levy, sworn to May 5, 2008 ("Levy Aff.") (Dkt. 213), at ¶ 9.)

Regardless of whether GMA may face difficulties in completing service of process in Argentina, there is no evidence before the Court to demonstrate that it has actually faced any such difficulties to date, or that the Argentinian authorities have been uncooperative in any way, such that disregarding the Hague Convention procedures in favor of an order of substituted service would be appropriate. While the decision whether to allow alternative methods of service of process under Rule 4(f)(3) is ultimately committed to the discretion of the Court, *see Arista Records LLC v. Media Services LLC*, No. 06 Civ. 15319 (NRB), 2008 WL 563470 (S.D.N.Y. Feb. 25, 2008), at *1 (citing *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)), "use of the Hague Convention procedures, when available, is mandatory" when serving a defendant who resides in a foreign country that is a signatory to the Hague Convention, *see* Advisory Committee Notes to 1993 amendments to Fed. R.Civ. P. 4(f)(3) ("Advisory Committee Notes") (citing *Volkswagonwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). Only if the Hague Convention procedures are shown to be effectively unavailable to a plaintiff, such as when a signatory state is "dilatory or refuses to cooperate for substantive reasons," would it be

appropriate for the Court to consider permitting alternative service pursuant to Rule 4(f)(3). *See* Advisory Committee Notes; *Arista Records LLC*, 2008 WL 563470, at *1-2 (finding that, under the particular circumstances of the case, substituted service was appropriate where plaintiff presented evidence that the Russian Federation was denying all requests for service of process from the United States); *Swarna v. Al-Awadi*, No. 06 Civ. 4880 (PKC), 2007 U.S. Dist. LEXIS 72661 (S.D.N.Y. Sept. 20, 2007), at *3 (allowing substituted service where plaintiff had already attempted service under the Hague Convention and "France refused to act because of a substantive reason, *i.e.* diplomatic immunity"); *RSM Production Corp. v. Fridman*, 06 Civ. 11512 (DLC), 2007 U.S. Dist. LEXIS 37713, at *2-4 (S.D.N.Y. May 24, 2007) (finding court-directed service appropriate where plaintiff had submitted evidence that the Russian Federation's Central Authority refused to process service requests from the United States), *reconsideration denied*, 2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. Aug. 10, 2007).

As GMA has failed to demonstrate, beyond mere speculative statements, any lack of cooperation or any dilatory behavior by Argentina in this case, and, in fact, has presented no evidence that it has yet even attempted to effectuate service through conventional means by forwarding process papers to Argentina, the Hague Convention procedures are still available and, therefore, mandatory. Accordingly, GMA's motion for substituted service pursuant to Fed. R.Civ. P. 4(f)(3) is denied.

Finally, in light of GMA's delay and repeated efforts since the commencement of this action to short-cut appropriate international procedures that are plainly required, this Court sees

no basis for further delaying this matter, and thus GMA's alternative motion for an extension of time to effect service pursuant to the Hague Convention is also denied.

Dated: New York, New York
May 19, 2008

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies To:

John P. Bostany, Esq.
The Bostany Law Firm
40 Wall Street
New York, NY 10005

Robert J. Grand, Esq.
Ira S. Sacks, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022