Ira S. Sacks
DREIER LLP
499 Park Avenue
New York, NY 10022
(212) 328-6100
*Attorneys for Party-in-Interest*
*Sanei Charlotte Ronson, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
GMA ACCESSORIES, INC.,                                         :
:
                       Plaintiff,            :
:
       v.                                                      :   07 CV 3219 (LTS)(DCF)
:
CHARLOTTE SOLNICKI, CHARLOTTE B, LLC,                          :
EMINENT, INC., SAKS FIFTH AVENUE, INC.,                        :
INTERMIX, INC., WINK NYC, INC.,                                :
LISA KLINE, INC., GIRLSHOP, INC.,                              :
SHOWROOM SEVEN STUDIOS, INC.,                                  :
ELECTRIC WONDERLAND, INC.,                                     :
SHOWROOM SEVEN INT'L,                                          :
SHOWROOM SEVEN, JONATHAN SINGER,                               :
GOSI ENTERPRISES, LTD., LEWIS TIERNEY,                         :
TIERNEY DIRECT LLC and                                         :
JONATHAN SOLNICKI,                                             :
:
                       Defendants.           :
:
---------------------------------------------------------------x

**REPLY DECLARATION OF IRA S. SACKS IN SUPPORT OF MOTION TO MODIFY INJUNCTION**

      Ira S. Sacks, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.      I am partner at the law firm Dreier LLP (the "Dreier Firm"), counsel for non-party Sanei Charlotte Ronson, LLC ("Ronson"). I submit this declaration in further support of Ronson's Motion to Modify (the "Motion") the Injunction entered into against BOP, LLC ("BOP") on October 18, 2007 in the above-captioned case and in reply to the response of GMA

Accessories, Inc. ("GMA") and the Declaration of John P. Bostany dated June 16, 2008.

2.It is unclear why GMA filed anything in response to the Motion. The GMA response does not object to the Motion, but simply responds to the Motion, reciting the history of the Injunction and adding certain extraneous facts for GMA's own purposes.

3.GMA's recitation of the history of the Injunction is not relevant to Ronson's Motion. Instead, in reciting "history", GMA adds facts – immaterial to the Motion – regarding its settlements with Ronson and Bop in order to place those facts in the public record.

4.GMA's alleged corrections of paragraphs 3 and 5 of my June 11, 2008 Declaration do not correct any errors, but merely add immaterial and/or confusing commentary to the facts set forth in paragraphs 3 and 5 of my June 11, 2008 Declaration.

5.GMA's proposed consent order contains a typographical error. The GMA proposed consent order is dated June __, 2007, instead of 2008.

6.Finally, the only difference between Ronson's proposed consent order and GMA's is that Ronson's proposed consent order combines the October 18, 2007 Order and this modification, whereas GMA's proposal only addresses the modification. Both proposed orders accomplish the same result. However, it is our understanding of the law of injunctions, that an injunction should be self contained and not require reference to any extrinsic documents. That is why we combined both the October 18, 2007 Order and this modification.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 16, 2008
New York, New York

/s/ Ira S. Sacks____
Ira S. Sacks