UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

              Plaintiff,

      Civil Action No.: 07CV3219 (LTS) (DF)

- against -

**DECLARATION OF JOHN P. BOSTANY**

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC,
GIRLSHOP, INC., SHOWROOM SEVEN
STUDIOS, INC., ELECTRIC WONDERLAND,
INC., SHOWROOM SEVEN INT'L, and
SHOWROOM SEVEN

              Defendants.
-------------------------------------------------------X

John P. Bostany hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am attorney for Plaintiff in this proceeding and respectfully make this declaration based upon my review of the files maintained in the firm's offices as well as my personal participation in certain proceedings.

2. This Declaration is respectfully submitted in support of Plaintiff's application for an Order Rule 45(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

3. This case remains active as the court requires additional proofs on factual questions concerning defaulting parties and proof of damages. Because Plaintiff could not obtain discovery from the parties in default, it must rely on subpoenas to obtain information to satisfy its obligations. This motion is respectfully submitted to provide an incentive for a party that has repeatedly flouted prior court orders and subpoenas, to comply. Rule 45(e) is on point and it is respectfully asked that Plaintiff is relieved of filing a brief.

1

4. A copy of the Subpoena is attached as **Exhibit A**, a copy of the March 6, 2008 Order enforcing the Subpoena is attached as **Exhibit B**, a copy of the March 13, 2008 Order setting the March 20 deposition date is attached as **Exhibit C**; Summerville did not show up.

5. On April 10, 2008, GMA submitted a declaration seeking an order to show cause to find Summerville in contempt, a copy of which is attached as **Exhibit D**. On April 15, 2008, the Court *inter alia* ordered "documents responsive to plaintiff's subpoena to be produced on or before May 15, 2008"; a copy of the Order is attached as **Exhibit E**.

6. On May 23, 2008, Summerville testified that she (1) received orders and inquiries about CHARLOTTE SOLNICKI merchandise by email (pg. 84); (2) communicated "quite often" with employees of CHARLOTTE SOLNICKI by email (pg.91); (3) was the person at Showroom Seven that handled the CHARLOTTE SOLNICKI account (pgs. 118-119); and, (4) received deliveries for CHARLOTTE SOLNICKI and forwarded them to CHARLOTTE SOLNICKI in Argentina via fax and email (pg. 110). Summerville also testified that she received a book at a trade show that stated details regarding CHARLOTTE SOLNICKI's current relationship with another showroom in New York (pgs. 18-19). Relevant portions of the transcript are attached as **Exhibit F**.

7. Summerville concedes that she never turned over her emails with her customers or CHARLOTTE SOLNICKI; this was a violation of the November 29 subpoena and this court's April 15 Order. *See e.g.* **Exhibit F**, pgs. 70-71. We had to adjourn the deposition pending Summerville's production of the document. *See* **Exhibit F**, pgs. 122-123.

8. We engaged in several conferences with Summerville's attorney, Karim Kamal, but still no additional documents were produced. Mr. Kamal advised he was no longer representing Electric Wonderland, Inc.; a copy of Mr. Kamal's letter is attached as **Exhibit G**. However, Mr. Kamal never withdrew his representation of Summerville. *See* **Exhibit H**.

9. A second subpoena was personally served upon Summerville and her employer SHOWROOM SEVEN on May 23, 2008, copies of which are attached as **Exhibits I** and **J** with the affidavits of service following each subpoena. No motion to quash either subpoena was filed; the subpoenas were simply ignored. Summerville is in contempt of the subpoenas of November 29, 2007 and May 23, 2008 and is in violation of the Court's Order dated April 15, 2008. SHOWROOM SEVEN is in violation of the May 23 subpoena.

10. This discovery remains warranted to prove damages at the hearing contemplated by this court's Order of August 29, 2007, which is attached as **Exhibit K**. The subpoenaed documents include correspondence between a company that manufactures infringing goods (i.e. CHARLOTTE SOLNICKI) and a company that acts as the main distributor of those goods within the United States (i.e. SHOWROOM SEVEN). Communications between infringers about the infringing product bear upon GMA's damages and prove the extent in which the parties willfully infringed upon GMA's CHARLOTTE mark.

11. CHARLOTTE SOLNICKI is also in default under Rule 55(a), as shown in the Certificate of Default attached as **Exhibit L**. On June 4, 2008, this court granted GMA's request to file a Motion for Default Judgment against CHARLOTTE SOLNICKI, requiring GMA *inter alia* to bring forth evidence that it would have proffered to meet its burden of proof in its direct case, as well as evidence showing that CHARLOTTE SOLNICKI is a legal entity, and identifying the type of entity; a copy of this Order is attached as **Exhibit M**  Further, the subpoenaed documents may contain information regarding the CHARLOTTE SOLNICKI entity, namely how and through whom it regularly operates, its willfulness regarding the infringement, its whereabouts, and the extent of its infringement, all of which are relevant to the case against CHARLOTTE SOLNICKI.

12. Wherefore, I respectfully request an Order under penalty of contempt, directing Summerville and her employer SHOWROOM SEVEN to comply with the subpoenas dated November 29, 2007 and May 23, 2008.

Dated: New York, New York
August 4, 2008

By: _____
   John P. Bostany (JB 1986)