UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff                Civil Action No.: 07CV3219 (LTS)

  - against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., TIERNEY DIRECT
LLC and JONATHAN SOLNICKI,

                Defendants.
-------------------------------------------------------X

## DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE

    Ronald I. Paltrowitz, Esq., hereby declares under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

    1.    I am Of Counsel to The Bostany Law Firm, attorneys for Plaintiff herein, and respectfully submit this Declaration in support of Plaintiff's "Application" for an Order that KAREN ERICSON ("ERICSON") and PORSHA SUMMERVILLE ("SUMMERVILLE"): (1) be held in contempt of Court for the failure to appear pursuant to lawfully issued *Subpoenas*; (2) be sanctioned in the amount to be determined for each day the contempt has occurred and for each day that the contempt continues; (3) pay plaintiff's attorney's fees in connection with this Order to Show Cause; and (4) for such other relief that this Court deems just, proper and equitable.

    2.    I make this Declaration based upon my review of the files maintained by The Bostany Law Firm as well as my participation in certain proceedings.

3.  ERICSON was served with a *Subpoena*, dated November 29, 2007, requiring her to appear for a deposition at The Bostany Law Firm, 40 Wall Street, 61st Floor, New York, New York 10005 at 10:00 a.m. on December 20, 2007. (A copy of the *Subpoena* is annexed hereto as Exhibit "A".)

4.  ERICSON failed to appear on the date and time and at the place set forth in the *Subpoena* referred to in paragraph 3, *supra*.

5.  On March 6, 2008, this Court ordered that ERICSON appear for a deposition "on a date agreed upon by counsel." (A copy of the Court's Order is annexed hereto as Exhibit "B".)

6.  Thereafter, on March 12, 2008, Declarant wrote to the Court to advise, *inter alia*, that attempts to schedule the ERICSON deposition had been unsuccessful, as counsel for the witness continued to insist that she was unavailable, and requested that the Court order the deposition. (A copy of the letter is annexed hereto as Exhibit "C".)

7.  Although Declarant participated in a subsequent telephone conference with counsel and the Court regarding the ERICSON *Subpoena*, John P. Bostany, Esq. has brought it to my attention that during the telephone conference the Court ordered that the ERICSON deposition be held on April 4, 2008 and that documents be produced prior to that date.

8.  ERICSON did not appear on April 4, 2008 and no documents were produced prior to April 4, 2008.

9.  SUMMERVILLE was served with a *Subpoena*, dated November 29, 2007, requiring her to appear for a deposition at The Bostany Law Firm, 40 Wall Street, 61st Floor, New York, New York 10005 at 10:00 a.m. on December 20, 2007. (A copy of the *Subpoena* is annexed hereto as Exhibit "D".)

10. SUMMERVILLE failed to appear on the date and time and at the place set forth in the *Subpoena* referred to in paragraph 9, *supra*.

11. Thereafter, counsel for SUMMERVILLE entered into a "Stipulation" with Plaintiff's counsel, dated February 15, 2008, pursuant to which SUMMERVILLE's counsel agreed to produce SUMMERVILLE on at 10:00 a.m. on March 20, 2008.

12. The Stipulation was So Ordered by the Court on March 13, 2008. (A copy of the So Ordered Stipulation is annexed hereto as Exhibit "E".)

13. SUMMERVILLE did not appear on March 20, 2008.

14. Neither ERICSON nor SUMMERVILLE has moved to quash either *Subpoena*.

15. Neither the ERICSON *Subpoena* nor the SUMMERVILLE *Subpoena* requires the witness to attend at place outside the limits of Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

16. It is respectfully submitted that Fed.R.Civ.P. 45(e) authorizes the issuance of an order of contempt under the circumstances set forth herein and that a Memorandum of Law should not be required.

17. This Application is being made by Order to Show Cause because plaintiff's rights are in immediate jeopardy of being impaired.

18. Plaintiff has not made any other applications for the relief sought herein.

WHEREFORE, it is respectfully requested that this Court grant the relief requested by Plaintiff herein.

Dated: New York, New York
       April 10, 2008

/s/ Ronald I. Paltrowitz (RP-2746)