UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GMA ACCESSORIES, INC.

             Plaintiff,

      Civil Action No.: 07CV3219 (LTS) (DF)

  - against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC,
GIRLSHOP, INC., SHOWROOM SEVEN
STUDIOS, INC., ELECTRIC WONDERLAND,
INC., SHOWROOM SEVEN INT'L,
SHOWROOM SEVEN,

             Defendants.
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CORRECT PARTY NAME

### PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of Plaintiff's Motion to Correct Party Name in Judgment, pursuant to Rule 60 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") to include SHOWROOM SEVEN and SHOWROOM SEVEN INT'L.

### FACTS

For a comprehensive statement of the facts of this matter, the Court is respectfully referred to the accompanying Declaration of John P. Bostany dated August 8, 2008.

## ARGUMENT

### Point 1:  The Court may correct the name of a party in a judgment because no others would have been noticed to appear before the court if the additional names had been included originally

Pursuant to Rule 60 Fed.R.Civ.P., the court may correct a mistake arising from oversight or omission whenever one is found in an order or judgment.  Where, as here, a corporate entity is named in a lawsuit, properly served, and judgment is rendered against it, the court may correct the name pursuant to Rule 60, entering judgment against a similarly named entity, when the same natural persons would have been notified to appear.  See Fluoro Electric Corporation v. Branford Associates, 289 F.2d 320 (2d Cir. 1973).

In this case, Showroom Seven Studios, Inc. was the entity originally named in the Complaint, and after it was properly served, and upon proper motion, this court granted default judgment against Showroom Seven Studios, Inc.  When the plaintiff originally brought suit in this case, it had no reason to believe the same people who owned Showroom Seven Studios, Inc. were also doing business under the name Showroom Seven and Showroom Seven Int'l.

Had GMA corrected this accidental omission and included these other Showroom Seven entities in the original Complaint, the same natural persons would have been notified to defend in court – namely, Jean-Marc Flack and/or Karen Ericson – and these same persons should have appeared and participated in this action.  There is no dispute that these individuals were aware of these proceedings, both before and after the Court's August 29 Order was entered, and since they knew that they were selling infringing merchandise under the name Showroom Seven, they clearly had notice of the accusation that they were being sued for the very trademark infringement that they were continuing under the name Showroom Seven and Showroom Seven

Int'l. Then, when GMA specifically added Showroom Seven and Showroom Seven Int'l to the Complaint, these individuals continued to ignore the proceeding, allowing defaults to be entered under Rule 55(a).

It is respectfully submitted that adding SHOWROOM SEVEN and SHOWROOM SEVEN INT'L turns out to have been unnecessary as they certainly had notice of GMA's claims and the Order granting default judgment, and should have known that it was effectively against all these SHOWROOM SEVEN entities selling CHARLOTTE merchandise out of 498 7th Avenue, "regardless of [their] legal structure, coporate or partnership; that the party was in substance the same organization of individuals, regardless of name." Id at 324. "The close relationship between the entity which was the object of the suit makes this a proper correction of a 'misnomer'." Id. Moreover the attorneys for all of the 3 entities, just like in Flouro Electric, "are one and the same and have been throughout". Id.

GMA's addition of SHOWROOM SEVEN and SHOWROOM SEVEN INT'L to the complaint provides even further due process to these entities as it allowed them additional opportunity to appear which they really never should have had. However, they did not take advantage of this opportunity and continued to disregard these proceedings. The Third Amended Complaint was both handed to Karen Ericson at her deposition and delivered to SHOWROOM SEVEN's new place of business. See paragraph 12 of accompany Declaration of John P. Bostany and exhibits referred to therein. Accordingly, it is entirely appropriate for this court to correct the August 29 default judgment to include Showroom Seven and Showroom Seven Int'l. See Fluoro Electric Corporation v. Branford Associates, supra.

## CONCLUSION

Wherefore, GMA respectfully requests that this court correct the August 29, 2007 Order, changing all instances of the term "Showroom Seven Studios, Inc." to read, "Showroom Seven Studios, Inc., Showroom Seven, and Showroom Seven Int'l."

Dated: New York, New York
      August 8, 2008

                              Respectfully submitted,

By: _____
John P. Bostany
THE BOSTANY LAW FIRM
Attorneys for Plaintiff
40 Wall Street, 61st Floor
New York, New York 10005
(212) 530-4400