UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

      - against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC,
GIRLSHOP, INC., SHOWROOM SEVEN
STUDIOS, INC., ELECTRIC WONDERLAND,
INC., SHOWROOM SEVEN INT'L,
SHOWROOM SEVEN,

                Defendants.
------------------------------------------------------X

Civil Action No.: 07CV3219 (LTS) (DF)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SUBPOENA

### PRELIMINARY STATEMENT

This action arises out of the sale, advertising, etc. of products by defendants under the Charlotte and Charlotte Solnicki name, which is alleged to infringe upon the plaintiff's CHARLOTTE mark. The case continues as to the manufacturers, wholesalers, and distributors of the infringing merchandise. Only retailers have settled to date. Last year, default judgment was granted as to one distributor. Other wholesalers and the manufacturers are in default. Charlotte B, LLC and Charlotte Solnicki are believed to be the manufacturers that sell to the Showroom Seven entities, which in turn wholesale to retailers.

This memorandum of law is respectfully submitted in support of Plaintiff's Motion to enforce the November 29, 2007 subpoena of PORSCHA SUMMERVILLE for "communications of any type concerning this lawsuit or the mark CHARLOTTE."

## FACTS

For a complete statement of facts relevant to this motion, the court is respectfully directed to the Declaration of John P. Bostany, dated August 4, 2008, and the exhibits annexed thereto.

## ARGUMENT

At the time that the November 29, 2007 subpoena issued, the plaintiff was seeking discovery to prove damages pursuant to an August 29, 2007 Order of the court by Hon. Laura Taylor Swain, United States District Judge, which granted plaintiff's motion for default judgment on liability as to Showroom Seven Studios, Inc. ("SSI"). SSI operated out of 498 7th Avenue and was owned in part by Jean-Marc Flack. Porscha Summerville worked for Mr. Flack and Karen Erickson at Showroom Seven. Until recently, Ms. Summerville and her employer were based out of 498 7th Avenue, 24th floor, the same address listed as Charlotte Solnicki New York Headquarters. Porscha Summerville was listed as the United States salesperson for Charlotte Solnicki.

The need for the discovery originally sought from Ms. Summerville via the November 29, 2007 subpoena has not dissipated due to the settlement of claims against six retailer defendants. It is therefore respectfully submitted that the premise contained in the court's August 13 Order that, "the claims as to which the subpoenaed evidence was originally said to be relevant has since settled," is incorrect. Here, the court has previously enforced the subpoenas as to both Ms. Summerville and Karen Erickson, a partner of the entity employing Ms. Summerville. *See* Orders dated March 6, 2008 and April 15, 2008. Emails with the Charlotte

Solnicki personnel are likely to lead to discoverable evidence concerning bad faith, which is certainly germane in a damages hearing. *See e.g. Rolex Watch U.S.A., Inc. v. Jones*, 2002 WL 596354 at *5 (S.D.N.Y. 2002).

Under Rule 26(d)(2)(A), methods of discovery may be used in any sequence. "A plaintiff may use other discovery tools to obtain evidence to prove a *prima facie* case in a default judgment hearing. Under Rule 45, for example, a plaintiff may subpoena and take the deposition of a non-party, including a defendant who has failed to answer the complaint. Courts have permitted plaintiffs to rely on the subpoenaed testimony of a defaulting defendant to establish a *prima facie* case at a default judgment hearing." *In re Liu*, 282 B.R. 904, 910 (Bkrtcy.C.D.Cal. 2002).

In its order, the court notes that at least one of the parties that was joined after the subpoena was issued is allegedly an employer of Ms. Summerville. However, the court incorrectly concludes that Ms. Summerville would be a "party witness." Inasmuch as all of the entities that could qualify as an employer of Ms. Summerville are in default, Ms. Summerville never became a "party witness" and remains subject to the strictures of Rule 45.

When a party defaults, the defaulting defendant is treated as a non-party with respect to any discovery sought from them, and the plaintiff must conduct discovery under Rule 45. *See Cartier v. Geneve Collections, Inc.*, 2008 WL 552855 (E.D.N.Y. 2008); *See also, La Barbera v. Pass 1234 Trucking, Inc.*, 2008 WL 2564153 at *1 (E.D.N.Y. 2008) ("federal courts have consistently held that a defaulting defendant should be treated as a non-party with respect to any discovery sought") citing *Hawkins v. AMA Mgmt., Ltd.*, 2007 WL 869955 at *2 (W.D.Wash. 2007).

## CONCLUSION

Wherefore, GMA respectfully requests an Order under pain of contempt, directing Summerville to produce the emails that she exchanged with the individuals at Charlotte Solnicki.

Dated: New York, New York
       August 25, 2008

                        Respectfully submitted,

By: _____
John P. Bostany
THE BOSTANY LAW FIRM
Attorneys for Plaintiff
40 Wall Street, 61st Floor
New York, New York 10005
(212) 530-4400