UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

       - against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC,
GIRLSHOP, INC., SHOWROOM SEVEN
STUDIOS, INC., ELECTRIC WONDERLAND,
INC., SHOWROOM SEVEN INT'L, and
SHOWROOM SEVEN

              Defendants.
------------------------------------------------------X

Civil Action No.:  07CV3219 (LTS) (DF)

**DECLARATION OF
JOHN P. BOSTANY**

     John P. Bostany hereby declares, under penalty of perjury pursuant to 28 U.S.C. §
1746, as follows:

    1.  I am attorney for Plaintiff in this proceeding and respectfully make this declaration
based upon my review of the files maintained in the firm's offices as well as my personal
participation in certain proceedings.

    2.  This Declaration is respectfully submitted in support of Plaintiff's application for for
default judgment, an injunction, and leave to conduct damages discovery in aid of a damages
inquest.

    3.  Showroom Seven Studios, Inc. defaulted on June 8, 2007 and on August 29, 2007,
the Court granted default judgment against it.  *See* **Exhibit A.**

    4.  SHOWROOM SEVEN was named as a party on April 2, 2008.  *See* Third Amended
Complaint annexed as **Exhibit B.**  The Summons and Third Amended Complaint were
served on April 7, 2008 at SHOWROOM SEVEN, (*see* **Exhibit C.**), and it was also handed

- 1 -

to Karen Ericson at her deposition on May 22, 2008, (*see* **Exhibit D** at 58-59). Karen Ericson is a manager, and was a founder and former officer; her daughter recently took over her title as Vice President. *See* **Exhibit D** at 6-8**.** Default was entered on July 1, 2008. *See* **Exhibit E**.

5.   On August 19, 2008, the Court denied Plaintiff's request to treat SHOWROOM SEVEN as being subject to default judgment by way reason of the August 29, 2007 Order as to Showroom Seven Studios, Inc. *See* Order, annexed as **Exhibit F.** Plaintiff was granted leave to file this motion for Default Judgment as to SHOWROOM SEVEN. *Id.*

6.   There is no dispute that SHOWROOM SEVEN advertised and sold CHARLOTTE and CHARLOTTE SOLNICKI merchandise. SHOWROOM SEVEN acted as New York Showroom for CHARLOTTE SOLNICKI merchandise. *See* Copy of Contact Page from Charlotte Solnicki Website, annexed as **Exhibit G**; *See also* testimony from Porscha Summerville's, annexed as **Exhibit H** at 44 ("Yes, Charlotte Solnicki was sold by SHOWROOM SEVEN"). Ms. Summerville was an account executive at SHOWROOM SEVEN (*Id.* at 92) who was the person at SHOWROOM SEVEN that handled the CHARLOTTE SOLNICKI account (*Id.* at 118-119).

7.   Further, Ms. Ericson testified that SHOWROOM SEVEN receives a commission from Charlotte Solnicki, and that the commission rate is twelve percent of the invoice amount. *See* **Exhibit D** at 27, 29.

8.   Examples of purchase orders produced pursuant to a subpoena of Ms. Ericson are annexed as **Exhibit I**. A summary of the dollar amount of SHOWROOM SEVEN sales of Charlotte Solnicki merchandise produced by Ms. Ericson is annexed as **Exhibit J**. The commissions earned by SHOWROOM SEVEN allegedly amounts to $953,750.75.

**WHEREFORE**, for the reasons contained in the accompanying memorandum of law, plaintiff seeks a default judgment against SHOWROOM SEVEN as to liability for Trademark Infringement under Count I of the Third Amended Complaint and Trademark Counterfeiting under Count III of the Third Amended Complaint, that an injunction issue pursuant to paragraph B of the Complaint, and that treble damages be awarded in the amount of $2,861,252.25 (i.e. $953,750.75 x 3), with attorneys fees and interest to be determined upon further submissions.

9.  ELECTRIC WONDERLAND, INC. was named as a party on April 2, 2008.  *See* **Exhibit B.**  It was served via the New York Secretary of State on April 4, 2008.  *See* **Exhibit K**.

10.  ELECTRIC WONDERLAND, INC. defaulted and the default was entered on April 30, 2008.  *See* **Exhibit L.**

11.  On June 30, 2008, this court granted permission for plaintiff to file a motion for default judgment against ELECTRIC WONDERLAND, INC.  *See* **Exhibit M**

12.  There is no dispute that ELECTRIC WONDERLAND, INC. sold CHARLOTTE and CHARLOTTE SOLNICKI merchandise.

13.  ELECTRIC WONDERLAND, INC. does business under the assumed name, SHOWROOM SEVEN INTERNATIONAL.  *See* **Exhibit N**.  Some examples of purchase orders for CHARLOTTE and CHARLOTTE SOLNICKI merchandise by SHOWROOM SEVEN INTERNATIONAL produced by Karen Ericson are annexed as **Exhibit O.**

**WHEREFORE,** for the reasons contained in the accompanying memorandum of law, plaintiff seeks a default judgment against ELECTRIC WONDERLAND, INC. as to liability for Trademark Infringement under Count I of the Third Amended Complaint and Trademark Counterfeiting under Count III of the Third Amended Complaint, that an injunction issue pursuant to paragraph B of the Complaint, and that treble damages be awarded in the amount of $2,861,252.25 (i.e. $953,750.75 x 3), with attorneys fees and interest to be determined upon further submissions.

14. CHARLOTTE B, LLC was named as a party on April 2, 2008 within the Third Amended Complaint. *See* **Exhibit B.** CHARLOTTE B, LLC was served on April 10, 2008 via the Delaware Secretary of State. *See* **Exhibit P**.

15. CHARLOTTE B, LLC defaulted, and default was entered on May 2, 2008. *See* **Exhibit Q**.

16. On June 30, 2008, this court granted permission for plaintiff to file a motion for default judgment against CHARLOTTE B, LLC. *See* **Exhibit M.**

17. There is no dispute that CHARLOTTE B, LLC sold CHARLOTTE and CHARLOTTE SOLNICKI merchandise. *See* Declaration of Melina Solnicki, member of Charlotte B, LLC at ¶2, annexed as **Exhibit R** ("Charlotte B is the entity that manufactures and markets the clothing that is at issue in this lawsuit. Charlotte B is the owner of the brand CHARLOTTE SOLNICKI").

18. Deducting the SHOWROOM SEVEN commissions of $953,750.75, the dollar amounts of the cancelled orders of $1,146,405.00, and the dollar amounts of the unshipped orders of $2,233,884.31 from the total booked sales of $8,783,926.11, leaves $4,449,886.05

**WHEREFORE**, for the reasons contained in the accompanying memorandum of law,

plaintiff seeks a default judgment against CHARLOTTE B, LLC as to liability for

Trademark Infringement under Count I of the Third Amended Complaint and Trademark

Counterfeiting under Count III of the Third Amended Complaint, that an injunction issue

pursuant to paragraph B of the Complaint, and that treble damages be awarded in the

amount of $13,349,658.15 (i.e. $4,449,886.05 x 3), with attorneys fees and interest to be

determined upon further submissions.

Dated: New York, New York
       August 27, 2008

Respectfully submitted,

JOHN P. BOSTANY (JB-1986)
THE BOSTANY LAW FIRM
40 Wall Street – 61st Floor
New York, New York 10005