ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GMA ACCESSORIES, INC.,

        Plaintiff,

  -v-                                     No. 07 Civ. 3219 (LTS) (DCF)

BOP LLC, et al.,

        Defendants.
------------------------------------------------------x

<u>MEMORANDUM ORDER GRANTING DEFAULT JUDGMENT MOTIONS AND
INJUNCTION</u>

        In this trademark infringement action, Plaintiff GMA Accessories, Inc. ("GMA") moves for judgment by default against three of the Defendants – Girlshop, Inc. ("Girlshop"), Showroom Seven Studios, Inc. ("Showroom 7"), and Jonathan Solnicki ("Solnicki" and, collectively, "Defendants"). GMA seeks immediate relief in the form of a determination on the issue of liability as to each Defendant and the issuance of a permanent injunction, and requests further proceedings relating to damages. The Clerk of Court has issued a Certificate of Default as to each of the Defendants, each of whom has also been served with the Court's order authorizing the default application and the relevant motion for judgment by default. None of the Defendants has responded to the default judgment motions.

        The Court has jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. For the following reasons, GMA's default judgment motions (docket entries 32 and 45) are granted. This Memorandum Order constitutes the Court's findings of fact and conclusions of law for purposes of Rules 52 and 65 of the Federal Rules of Civil Procedure.

GMA Accessories Def.wpd    Version 8/29/07

Copies mailed Counsel for Plaintiff
Chambers of Judge Swain 8.29.07

By reason of their failure to respond to GMA's Amended Complaint ("Complaint"), Defendants are deemed to have admitted the factual allegations set forth in the Complaint. See Fed. R. Civ. P. 8(d); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The Court makes the following findings of fact based on GMA's allegations in its Complaint and its further evidentiary proffers in connection with the instant motion practice.

ANALYSIS

Findings of Fact

GMA does business as "Capelli New York." (Compl. ¶1.) GMA sells its CHARLOTTE brand clothing to numerous retail outlets, including boutiques, specialty stores and department stores. (Decl. of William Maloof, dated June 18, 2007 ("Maloof Decl.") ¶4.) Since 1999, GMA has been the owner of the registered trademark "CHARLOTTE" in International Classes 18 and 26. This mark was deemed incontestable pursuant to section 15 of the Lanham Act. (Id. ¶¶ 22, 23; see 15 U.S.C. §1065.) Since 2002, GMA has been the owner of the registered mark "CHARLOTTE" in International Class 25. This mark has also been deemed incontestable pursuant to section 15 of the Lanham Act. (Compl. ¶ 27.) Pursuant to an assignment, GMA's use in commerce of the mark dates back to January 2, 1979. GMA is also the owner of the registered mark "CHARLOTTE & Friends." (Id. ¶ 26.) These marks consist of words only, with the dominant word "CHARLOTTE" in block letters. (Id. ¶28.) The CHARLOTTE mark has been in continuous use on a nationwide basis in connection with GMA's products since 1996, and each of GMA's CHARLOTTE registrations predates Defendants' first use of the CHARLOTTE mark. (Id. ¶¶ 18, 20.) GMA has incurred substantial expense in promoting and advertising its products under the CHARLOTTE mark. (Id. ¶19; Maloof Decl. ¶ 7.)

GMA Accessories Def.wpd          Version 8/29/07

Defendants are using the mark CHARLOTTE and/or CHARLOTTE SOLNICKI to display, market, distribute, sell and/or offer for sale merchandise, including clothing, to the public. (Compl. ¶¶ 9, 13; Exs. D, E, H, I, J to Decl. of Andrew T. Sweeney in Support of Motion for Default Judgment as to Jonathan Solnicki; Exs. A, B, C, F to Decl. of Andrew T. Sweeney in Support of Motion for Default Judgment as to Girlshop and Showroom 7 (collectively, "Sweeney Decls.").) Defendants use the mark CHARLOTTE alone and/or in conjunction with the name CHARLOTTE SOLNICKI to identify their goods. (Compl. ¶¶ 31, 32; exhibits to Sweeney Decls.) Defendants were aware of the GMA marks before they began using CHARLOTTE and/or CHARLOTTE SOLNICKI to identify their goods, are intentionally infringing on the GMA marks, and are doing so in bad faith. (Compl. ¶¶ 30, 33, 34.) Defendants failed to conduct a trademark search before using the CHARLOTTE mark. The items on which Defendants use the CHARLOTTE and/or CHARLOTTE SOLNICKI marks are closely related to those for which GMA owns registered trademarks. (Compl. ¶¶ 35, 41; exhibits to Sweeney and Maloof Decls.)

Conclusions of Law

To obtain relief under the Lanham Act, Plaintiffs must show that (1) their marks are entitled to protection and (2) Defendant's use of the marks is likely to cause consumer confusion as to the origin or sponsorship of Defendant's goods. See Virgin Enter. Ltd v. Nawab., 335 F.3d 141, 146 (2d Cir. 2003). The likelihood of confusion is assessed with reference to the nonexclusive factors cited in Polaroid Corp v. Polarad Elec. Corp., 287 F.2d 492 (2d Cir. 1961), where a senior user challenges a junior user's allegedly infringing use of a mark. See Polaroid 287 F.2d at 492; The Sports Auth., Inc. v. Prime Hospitality Corp., 89 F.3d 955, 960 (2d Cir. 1996); Virgin Enter. Ltd., 335 F.3d at 146; Pfizer, Inc. v. Y2K Shipping & Trading, Inc., No. 00 Civ. 5304, 2004 WL

896952, at *2 (E.D.N.Y. Mar. 26, 2004).

    Plaintiff's uncontroverted demonstration that it owns registered, incontestable CHARLOTTE marks for the relevant types of merchandise is sufficient to show that its marks are entitled to protection. The registration of an incontestible mark is conclusive evidence of the validity of the registered mark and of the registrant's exclusive right to use the registered mark in commerce in connection with the relevant goods. 15 U.S.C.A. § 1115(b) (West 2006).

    The Court has considered the six Polaroid factors and finds that viewed in their entirety, on this record, they weigh in Plaintiff's favor. Plaintiff's CHARLOTTE mark is arbitrary as used in connection with its apparel products and has been advertised extensively over a long period of time, and thus is a strong one. The marks are in some instances identical and in all instances share the common, arbitrary term CHARLOTTE, indicating a significant degree of similarity and likelihood of confusion as to source. The first two Polaroid factors thus weigh strongly in Plaintiff's favor. The products are proximate in nature and are in the same broad category of trendy clothing and accessories, although Plaintiff has not shown a practice or intent of marketing precisely the same type of designer fashion-type street clothing offered by Defendants. The third and fourth factors thus weigh in Plaintiff's favor, albeit not as strongly as the first two. Although there has been no demonstration of actual confusion, a showing of actual confusion is not necessary. Savin Corp. v. Savin Group, 391 F.3d 439, 459 (2d Cir. 2004). Furthermore, where there is a high degree of similarity between the goods, consumer sophistication is not a significant factor. See, e.g., The Morningside Group Ltd. v. Morningside Capital Group, LLC, 182 F.3d 133, 143 (2d Cir. 1999).

## CONCLUSION

Having considered the uncontroverted factual record and the relevant law, the Court finds that Plaintiff has proffered sufficient evidence to prevail on the merits of its trademark infringement claim and is entitled to the entry of a permanent injunction against Defendants. Defendants Girlshop, Showroom 7 and Solnicki, their owners, agents, employees and all those acting in concert or active participation with them who receive actual notice of this Order by personal service or otherwise are hereby permanently enjoined from using the word mark CHARLOTTE or any marks similar to or substantially indistinguishable therefrom, including the mark CHARLOTTE SOLNICKI, in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of unauthorized clothing and related merchandise.

The issue of damages will be considered by the Court in the context of the resolution of the damages claims against the other defendants insofar as the damages claims against the other defendants relate to the same sales and merchandising activities.

Dated: New York, New York
      August 29, 2007

                                            LAURA TAYLOR SWAIN
                                            United States District Judge