UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GMA ACCESSORIES, INC.

                Plaintiff,

      - against -

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC, EMINENT, INC.,
SAKS FIFTH AVENUE, INC.,
INTERMIX, INC., WINK NYC, INC.,
LISA KLINE, INC., GIRLSHOP, INC.,
SHOWROOM SEVEN STUDIOS, INC.,
ELECTRIC WONDERLAND, INC.,
SHOWROOM SEVEN INT'L, SHOWROOM
SEVEN, JONATHAN SINGER, GOSI
ENTERPRISES, LTD., TIERNEY DIRECT
LLC and JONATHAN SOLNICKI,

                Defendants.
-----------------------------------------------------------X

**THIRD AMENDED COMPLAINT**

Civil Action No.: 07CV3219 (LTS)



Plaintiff, GMA Accessories, Inc., (hereinafter "GMA"), brings this SECOND AMENDED COMPLAINT against, Defendants CHARLOTTE SOLNICKI, CHARLOTTE B, LLC, GIRLSHOP, INC. (hereinafter "GIRLSHOP"), SHOWROOM SEVEN INT'L, SHOWROOM SEVEN, SHOWROOM SEVEN STUDIOS, INC. (hereinafter "SHOWROOM"), ELECTRIC WONDERLAND, INC. (hereinafter "WONDERLAND"), JONATHAN SOLNICKI ("hereinafter "SOLNICKI"), EMINENT, INC. (hereinafter "EMINENT"), TIERNEY DIRECT LLC (hereinafter "TIERNEY"), INTERMIX, INC. (hereinafter "INTERMIX"), LISA KLINE, INC. (hereinafter "KLINE"), SAKS FIFTH AVENUE, INC. (hereinafter "SAKS"), WINK NYC INC. (hereinafter "WINK"), JONATHAN SINGER (hereinafter "SINGER"), and GOSI ENTERPRISES, LTD (herinafter "GOSI") alleging upon information and belief as follows:

## PARTIES

1. Plaintiff, GMA ACCESSORIES, INC. (hereinafter referred to as "GMA"), is a corporation, duly organized and existing under the laws of the State of New York, with a place of business at 1 East 33rd Street, New York, New York.

2. Capelli is an assumed name of GMA ACCESSORIES, INC.

3. Defendant GIRLSHOP is a corporation duly organized and existing under the laws of the State of New York.

4. Defendants SHOWROOM and WONDERLAND are corporations duly organized and existing under the laws of the State of New York, with a corporate office in the United States located at 498 7th Avenue, 24th Floor, New York, NY 10018.

5. Defendants SHOWROOM SEVEN and SHOWROOM SEVEN INT'L are businesses operating in concert with SHOWROOM and WONDERLAND, owned and operated by the same individuals with a place of business also at 498 7th Avenue, 24th Floor, New York, NY 10018.

6. SHOWROOM SEVEN and SHOWROOM are alter egos.

7. WONDERLAND and SHOWROOM are alter egos.

8. Defendant SOLNICKI is an individual residing in New York and Buenos Aires, Argentina.

9. CHARLOTTE SOLNICKI is either a partnership, consisting of JESSICA SOLNICKI, JONATHAN SOLNICKI and MELINA SOLNICKI; a sole proprietorship owned by JONATHON SOLNICKI; or a foreign or domestic business entity.

10. CHARLOTTE B, LLC is a limited liability company organized and existing pursuant

to the laws of the state of Delaware.

11. CHARLOTTE B, LLC consists of members JESSICA SOLNICKI, JONATHAN SOLNICKI and MELINA SOLNICKI.

12. JONATHAN SOLNICKI is the active and driving force behind CHARLOTTE B, LLC.

13. SOLNICKI, CHARLOTTE B, LLC and CHARLOTTE SOLNICKI are acting in concert and active participation with each other.

14. CHARLOTTE SOLNICKI used and uses SHOWROOM SEVEN as its U.S. Headquarters.

15. CHARLOTTE SOLNICKI was operated out of 108 West 15th Street, Apt. 6C, New York City.

16. CHARLOTTE SOLNICKI and JONATHAN SOLNICKI regularly conducts business at 498 7th Ave, 24th FL, NY, NY and advertises said address as CHARLOTTE SOLNICKI's showroom.

17. WONDERLAND, SHOWROOM, SHOWROOM SEVEN and SHOWROOM SEVEN INT'L have sold CHARLOTTE SOLNICKI brand goods.

18. CHARLOTTE SOLNICKI is the manufacturer of merchandise advertised and/or offered for sale, and/or sold in connection with the mark CHARLOTTE SOLNICKI.

19. On August 29, 2007, this Court issued an injunction with respect to defendant SHOWROOM.

20. WONDERLAND, SHOWROOM, SHOWROOM SEVEN, and SHOWROOM SEVEN INT'L are acting in concert or active participation with each other.

21. WONDERLAND, SHOWROOM SEVEN, SOLNICKI, CHARLOTTE SOLNICKI and SHOWROOM SEVEN INT'L are acting in concert or active participation with

each other.

22. Defendant EMINENT is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 16000 Canary Ave., La Mirada, CA 90638.

23. Defendant INTERMIX is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business located at 48 West 25th Street, 11th Floor, New York, NY 10010.

24. Defendant KLINE is a corporation duly organized and existing under the laws of the state of California, with its principal place of business located at 7207 Melrose Avenue, Los Angeles, CA 90046.

25. Defendant SAKS is a corporation duly organized and existing under the law of the state of Massachusetts, with its principal place of business located at 12 East 49th Street, New York, NY 10017.

26. Defendant TIERNEY a limited liability company doing business as COCO & DELILAH located at 115 Saint Mark's Place, New York, NY 10009.

27. Defendant WINK is a corporation duly organized and existed under the law of the state of New York, with its principal place at 401 Washington Street, 3rd Flr, New York, NY 10013.

28. Defendant SINGER is an individual residing at 441 Glen Cove Road, East Hills, NY 11577.

29. Defendant GOSI is a corporation organized and existing pursuant to the laws of the State of New York, owned and operated by SINGER with a place of business at 73 Middleneck Road, Great Neck, New York.

30. Defendants are using CHARLOTTE and/or CHARLOTTE SOLNICKI to display,

4

market, distribute, sell, and/or offer for sale merchandise to the public.

31. Defendants have in the past displayed, marketed, distributed, sold, and/or offered for sale merchandise in connection with the CHARLOTTE mark (hereinafter "past infringing items").

32. EMINENT uses and has used the website www.revolveclothing.com to further infringe upon the CHARLOTTE mark.

33. SOLNICKI, SHOWROOM, SHOWROOM SEVEN, SHOWROOM SEVEN INT'L, ELECTRIC WONDERLAND, INC. and CHARLOTTE SOLNICKI use and have used the website www.charlottesolnicki.com to further infringe upon the CHARLOTTE mark.

34. TIERNEY uses and has used the website www.coco-delilah.com to further infringe upon the CHARLOTTE mark.

35. INTERMIX uses and has used the website www.intermixonline.com to further infringe upon the CHARLOTTE mark.

36. KLINE uses and has used the website www.lisakline.com to further infringe upon the CHARLOTTE mark.

37. WINK uses and has used the website www.winknyc.com to further infringe upon the CHARLOTTE mark.

38. SINGER and GOSI use and have used the website www.singer22.com to further infringe upon the CHARLOTTE mark.

## JURISDICTION AND VENUE

39. This is an action for unfair competition, federal trademark infringement, federal and state dilution, and common law infringement pursuant to the Lanham Act, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338(a) and (b). The Court has

5

supplemental jurisdiction over the common law trademark infringement and unfair competition claim and the trademark dilution claim under the laws of New York pursuant to 28 U.S.C. Section 1367.

40. Venue is proper under 28 U.S.C. Sec. 1391 (b), and (c) and Sec. 1400 (a).

## FACTS

41. The Mark CHARLOTTE has been continuously used, on a nationwide basis, in connection with GMA's products since at least as early as 1996.

42. GMA has incurred substantial expense in promoting and advertising its products under the Mark.

43. Each of GMA's CHARLOTTE registrations pre-date the Defendants' first use of the CHARLOTTE mark.

44. Under Section 33(b) of the Lanham Act, registration of an incontestable mark is conclusive evidence of the ownership of the mark, the validity of the mark and the exclusive right of the owner to use the mark in commerce.

45. Since 1999, GMA has been and is now the title owner of Registration # 2,216,405 for the mark CHARLOTTE in International Class 26. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

46. Since 1999, GMA has been and is now the title owner of Registration # 2,217,341 for the mark CHARLOTTE in International Class 18. This mark was deemed uncontestable pursuant to section 15 of the Lanham Act.

47. Since 2002, GMA has been and is now the title owner of Registration # 2,535,454 for the mark CHARLOTTE in International Class 25. This mark has been deemed uncontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

48. Since 2002, GMA has been and is now the title owner of Registration # 2,561,025 for the mark CHARLOTTE in International Class 9. This mark has been deemed uncontestable by the United States Patent and Trademark Office pursuant to section 15 of the Lanham Act.

49. GMA has been and is now the title owner of Registration # 3,242,358 for the mark CHARLOTTE in International Class 22.

50. In November of 2001, GMA was assigned all rights to Registration # 1135037. Pursuant to said assignment, GMA's use in commerce of the CHARLOTTE mark dates back to January 2, 1979.

51. The GMA Products consist of, among other things, clothing and fashion accessories.

52. The use of the word CHARLOTTE in connection with GMA's products is arbitrary.

53. Defendants were aware of the GMA marks before they began using CHARLOTTE and/or CHARLOTTE SOLNICKI to identify their goods.

54. Defendants have used the mark CHARLOTTE alone and/or in conjunction with the name CHARLOTTE SOLNICKI to identify their goods.

55. Defendants are now using the mark CHARLOTTE alone and/or in conjunction with the name CHARLOTTE SOLNICKI to identify their goods.

56. Defendants are intentionally infringing upon the CHARLOTTE mark.

57. Defendants are infringing in bad faith.

58. Prior to using the CHARLOTTE mark as described in paragraph 8, Defendants failed to conduct a trademark search.

59. Defendants commenced use of the CHARLOTTE mark as stated in paragraph 38 after December, 2004.

60. The CHARLOTTE mark is inherently distinctive as to GMA's goods.

61. GMA's use of CHARLOTTE has substantial secondary meaning in the marketplace.

62. Since at least summer of 2006, Defendants have advertised and/or used the CHARLOTTE mark as described in paragraph 38.

63. Since at least the summer of 2006, DEFENDANTS as stated in paragraph 38 have sold an infringing line of "CHARLOTTE" brand clothing.

64. Defendants SAKS, INTERMIX, WINK and KLINE received cease and desist letters in May 2007.

65. Defendant TIERNEY received a cease and desist letter in July 2007.

66. Defendant SINGER received a cease and desist letter in August 2007.

67. Defendant EMINENT received a cease and desist letter in July 2006.

68. The past and present infringing items are products closely related to those for which GMA owns registered trademarks.

69. The past and present infringing goods are in Class 25.

70. Plaintiff has priority over defendants in the CHARLOTTE mark for products in Class 25.

## COUNT I – TRADEMARK INFRINGEMENT (FEDERAL)

71. GMA repeats and realleges the allegations of paragraphs 1 through 70 as if fully set forth herein.

72. Long after the adoption and use by GMA of the CHARLOTTE Trademark, and with at least constructive notice of the registration of the GMA Trademarks, Defendants have and continue to knowingly and intentionally use reproductions, copies or colorable imitations of the CHARLOTTE Trademark to market, promote, identify design, manufacture, sell and distribute their products.

73. Defendants have been offering for sale products using a confusingly similar name,

e.g., "CHARLOTTE" Collection, CHARLOTTE and/or CHARLOTTE SOLNICKI.

74. Defendants, by their acts as aforesaid, have taken advantage of the creative skill of PLAINTIFF, and of the good will developed by PLAINTIFF, and have capitalized upon advertisements for CHARLOTTE.

75. The Defendants' use of PLAINTIFF's word mark results in confusion as to sponsorship, association, source and origin of the PLAINTIFF and defendants' products.

76. Defendants have advertised, promoted, marketed and/or sold their products under names CHARLOTTE and/or CHARLOTTE SOLNICKI.

77. Having adopted and used the mark after plaintiff, defendants are the junior users of the mark.

78. Defendants continue to inject their products into commerce with the express intent of profiting from GMA's valuable registered trademarks.

79. The acts of Defendants complained of herein have been without the authorization or consent of GMA.

80. The Defendants' acts have caused and will continue to cause irreparable harm and injury to GMA.

81. The activities of Defendants, complained of herein, constitute infringement of the GMA Trademarks in violation of Section 35 of the Lanham Act, 15 U.S.C. Section 1114(1).

## COUNT II – UNFAIR COMPETITION UNDER NEW YORK'S COMMON LAW

82. As a cause of action and ground for relief, GMA alleges that Defendants are engaged in acts of trademark infringement, unfair competition and misappropriation in

violation of the common law of the state of New York and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 81 as if fully set forth herein.

83. Defendants have infringed PLAINTIFF's trademarks and continue to do so, by manufacturing, marketing and/or selling products that infringe the CHARLOTTE trademark.

84. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact.

85. Upon information and belief, Defendants intend that others rely upon these unfair methods of competition and unfair or deceptive trade practices.

86. Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless Defendants' acts are restrained by this Court, Defendants' deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

87. Defendants' acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with PLAINTIFF, or origin, sponsorship, or affiliation of Plaintiff's products by Defendants.

88. Defendants' acts have harmed PLAINTIFF's reputation and have severely damaged PLAINTIFF's goodwill.

89. Upon information and belief Defendants' acts are an attempt to deceive the public. The public is likely to be confused as to the source and origin of Plaintiff's products.

90. Defendants have misappropriated PLAINTIFF's trade name, and upon information and belief continue to do so, by selling products that are ordered under a mark that is

confusingly similar to PLAINTIFF's line of "CHARLOTTE" products.

91. Defendants' trade name infringement is in violation of the common law of New York.

92. Defendants' aforesaid acts constitute infringement, tarnishment, dilution, misappropriation, and misuse of PLAINTIFF's trademark, unfair competition, palming-off and passing-off against PLAINTIFF, and unjust enrichment by Defendants, all in violation of PLAINTIFF's rights under the common law of New York.

93. Defendants' aforesaid acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association with PLAINTIFF, or origin, sponsorship, or affiliation of Plaintiff's products by Defendants.

94. The public is likely to be confused as to the source, origin, sponsorship, approval or certification of the parties' products.

95. Upon information and belief, Defendants' actions have been willful and deliberate.

96. GMA has suffered, and continues to suffer, substantial and irreparable injury as a result of Defendants' deceptive business practices and therefore PLAINTIFF is entitled to injunctive relief under New York Common Law.

## COUNT III – DEFENDANTS SALE OF COUNTERFEIT GOODS

97. GMA repeats and realleges the allegations of paragraphs 1 through 96 as if fully set forth herein.

98. A "counterfeit mark" is a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom the relief is sought knew such mark was so registered. 15 U.S.C.

11

1116(d)(1)(B)(i).

99. Defendants have used the CHARLOTTE mark in connection with the sale or offering of goods via their respective businesses and websites.

100. Defendants' use of the CHARLOTTE mark is counterfeiting and PLAINTIFF has been irreparably damaged, and will continue to be damaged by the sale of Defendants' counterfeit goods and is entitled to relief, pursuant to 15 U.S.C. Sections 1114(1) and 1116(d)(1)(B)(i).

### COUNT IV – IMPORTATION OF INFRINGING GOODS (FEDERAL)

101. GMA repeats and realleges the allegations of paragraphs 1 through 100 as if fully set forth herein.

102. Defendants have imported and continue to import infringing goods into the United States in violation of 15 U.S.C. Section 1125(b).

103. Defendants' acts are also prohibited by 15 U.S.C. Section 1124.

104. The activities of Defendants, complained of herein, constitute willful and intentional infringement of the GMA Trademarks in violation of 15 U.S.C. Section 1125(b) and 15 U.S.C. Section 1124.

### COUNT V – INFRINGING USE OF DOMAIN NAME (FEDERAL)

105. As a cause of action and ground for relief, GMA alleges that Defendant SOLNICKI is engaged in trademark infringement practices in violation of 15 U.S.C. Section 1125(d), and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 106 as if fully set forth herein.

106. SOLNICKI and CHARLOTTE SOLNICKI registered, traffic in, and use the

domain name www.charlottesolnicki.com .

107.   The registration and use of this domain name is in bad faith and increases the likelihood of confusion or of misunderstanding as to affiliation, connection or association of the Plaintiff's products with the Defendants' products.

108.   PLAINTIFF has not consented to any sponsorship, approval, status, affiliation, or connection with the Defendants' products.

109.   PLAINTIFF has been irreparably damaged, and will continue to be damaged by Defendants' trademark infringement and unfair trade practices and is entitled to relief, pursuant to 15 U.S.C. Section 1125(d)(1)(C).

WHEREFORE, PLAINTIFF prays:

A.   That this Court adjudge that the Defendants have infringed GMA's CHARLOTTE trademark, competed unfairly, engaged in deceptive trade and business practices, as set forth in this Complaint, in violation of PLAINTIFFS' rights under New York Law as well as the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1124 and 1125.

B.   That Defendants, and all owners, suppliers, distributors, sales companies, sales representatives, salespersons, representatives, printers, officers, directors, agents, servants, employees, affiliates, attorneys, successors, and assigns, and all persons in active concert or participation therewith, including but not limited to their distributors and retailers, be preliminarily and permanently enjoined and restrained from (1) reproducing, copying, displaying, the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including CHARLOTTE SOLNICKI and (2) advertising, promoting, importing, selling, marketing, offering for sale or otherwise distributing their infringing products in connection with the word mark CHARLOTTE or any mark similar to, or substantially indistinguishable therefrom, including

CHARLOTTE SOLNICKI and (3) holding themselves out as, or otherwise representing themselves to be, the owners of, or otherwise authorized to use, the "CHARLOTTE" Trademark or (4) from in any other way infringing PLAINTIFF's "CHARLOTTE" word mark or (5) effecting assignments or transfers, forming new entities or associations or utilizing any other means or devices for the purpose of circumventing or otherwise avoiding the prohibitions set forth in numbers (1) through (4) hereof.

C. That Defendants be required to deliver up for destruction all products, brochures, signs, packaging, labels, promotional materials, advertisements, prints, catalogues, wrappers, receptacles, and other written or printed materials that bear the "CHARLOTTE" (including CHARLOTTE SOLNICKI) word mark, and any plates, molds, and other materials for making such infringing products.

D. That Defendants be directed to file with this Court and to serve upon GMA within three (3) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs B and C, pursuant to 15 U.S.C. 1116(a).

E. That GMA recover Defendants' profits arising from Defendants' acts of trademark infringement, false designation of origin, false description or representation, unfair competition, deceptive trade and business practices, pursuant to both New York law and 15 U.S.C. 1117(a).

G. That GMA recover pre-judgment and post-judgment interest on each and every award.

H. That GMA recover its reasonable attorney fees incurred in this action pursuant to 15 U.S.C 1117(a).

I. That GMA have and recover its taxable costs and disbursements incurred in this action pursuant to 15 U.S.C. 1117(a).

J. That GMA have such other and further relief as the Court may deem just and proper.

K. That GMA at its option be awarded statutory damages of $1 million in lieu of actual damages pursuant to 15 U.S.C. Section 1117(c).

L. That the website www.charlottesolnicki.com be removed from the world wide web pursuant to 15 U.S.C. 1125(a)(1)(D).

## JURY DEMAND

GMA hereby requests a trial by jury as to all issues.

Dated: New York, New York
April 1, 2008

Respectfully Submitted,

THE BOSTANY LAW FIRM

By: _____
Ronald I. Paltrowitz (RP-2746)
Attorney for Plaintiff GMA Accessories, Inc.
40 Wall Street, 61st Floor
New York, New York 10005
(212) 530-4400