UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

GMA ACCESSORIES, INC.,

    Plaintiff,

-v-                                            No. 07 Civ. 3219 (LTS)(DCF)

CHARLOTTE SOLNICKI, et al.,

    Defendants.

------------------------------------------------------x



### ORDER[1]

The Court has received Plaintiff's Notice of Motion for an Order Pursuant to Rule 60 in the above-captioned case, as well as the accompanying Declaration and Memorandum of Law. Upon review of the papers, the Court finds no basis in Rule 60 of the Federal Rules of Civil Procedure for the relief Plaintiff requests: changing "Showroom Seven Studios, Inc." to "Showroom Seven Studios, Inc, Showroom Seven, and Showroom Seven Int'l" in the Court's August 29, 2007, Order granting default against Showroom Seven Studios, Inc., thereby obviating the need for Plaintiff to obtain separate default judgments against Showroom Seven and Showroom Seven Int'l. Although Plaintiff does not specify under which section of Rule 60 it is requesting relief, the Court finds that relief is not proper under either Rule 60(a) or any of the sections of Rule 60(b).

Fluoro Electric Corporation v. Branford Associates, 489 F.2d 320 (2d Cir. 1973), cited by Plaintiff in support of its application, is distinguishable. In Fluoro Electric, the named

---

[1] *The ECF system provides notice of the entry of this Order to each party that has both entered an appearance in this case and registered with ECF. The ECF-registered attorneys are responsible for providing notice to any co-counsel whose e-mail addresses are not reflected on the ECF docket for this case, and Plaintiff's counsel, upon receiving notice of this Order, is hereby ordered to fax or otherwise deliver promptly a copy to all parties who are not represented by ECF-registered counsel. A certificate of such further service shall be filed within 5 days from the date hereof. Counsel who have not registered for ECF are ordered to register immediately as filing users in accordance with the Procedures for Electronic Case Filing.*

defendant entity actually did not exist, the partnership that participated in the trial as party defendant was trying to claim it was a separate entity from that named in the complaint <u>after</u> the trial, any distinction between the named and actual entity was blurred beyond recognition, if not actively on the part of the defendant then, at a minimum, permissively, and it was clear from the outset that Plaintiff was attempting to hold defendant partnership, even if improperly named, liable. Fluoro Electric, 489 F.2d at 324-25. Here, Plaintiff is not attempting to merely rename an improperly named defendant, but to add to a default judgment two defendants against whom liability has not yet been determined. The Court finds no basis under Rule 60 in this situation. Plaintiff's motion is denied without prejudice to seek a default judgment against Showroom Seven and Showroom Seven Int'l in accordance with the undersigned's individual practice rules and prior orders of the Court.

This Order resolves docket entry no. 250.

Dated: New York, New York
August 19, 2008

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge