UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
GMA ACCESSORIES, INC., :
:
Plaintiff, : **DECLARATION OF**
: **MELINA SOLNICKI**
v. : **IN SUPPORT OF**
: **MOTION TO**
EMINENT, INC., SAKS FIFTH AVENUE, INC., : **INTERVENE**
INTERMIX, INC., WINK NYC, INC., :
LISA KLINE, INC., GIRLSHOP, INC., : 07 CV 3219 (LTS)
SHOWROOM SEVEN STUDIOS, INC., :
JONATHAN SINGER, LEWIS TIERNEY and :
JONATHAN SOLNICKI, :
:
Defendants, :
:
------------------------------------------------------------- x

   Melina Solnicki, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

   1. I am a member of Charlotte B, LLC ("Charlotte B"), the corporate entity that manufactures and sells clothes and accessories using the mark CHARLOTTE SOLNICKI. My brother, Jonathan Solnicki ("Jonathan"), is also a member of Charlotte B and is one of the named defendants in this action. I submit this declaration in support of Charlotte B's motion to intervene in this action. Other than as expressly set forth, I have personal knowledge of all facts set forth herein.

   2. Charlotte B is the real party in interest in this litigation. Charlotte B is the entity that manufactures and markets the clothing that is at issue in this lawsuit. Charlotte B is the owner of the brand CHARLOTTE SOLNICKI. The claims asserted by the plaintiff of trademark infringement by the use of the marks CHARLOTTE and CHARLOTTE SOLNICKI are properly asserted against Charlotte B, not Jonathan

Solnicki, individually. Charlotte B has a legally protectable interest in the dispute concerning the use of the CHARLOTTE SOLNICKI mark and, unless permitted to intervene in this action, Charlotte B will be irreparably prejudiced.

3. Any disposition in this action will affect Charlotte B's use of its trade name CHARLOTTE SOLNICKI to sell its clothing. Attached hereto as Exhibit A is an Order of permanent injunction on default that has enjoined certain defendants from using the word marks CHARLOTTE or CHARLOTTE SOLNICKI "in connection with the sale, purchase, offering for sale, display, transfer, marketing, advertising or distribution of unauthorized clothing and related merchandise." The business of Charlotte B has already been severely impaired by this injunction because retailers have begun to stop selling Charlotte B's clothing as a result.

4. I understand that the default was entered because my brother Jonathan never received notice of the Summons and Complaint. In fact, Charlotte B did not receive notice of this litigation until September 2007, after the Plaintiff had already secured a default judgment and injunction against certain of the defendants. As soon as Charlotte B became aware of the litigation and, more importantly, that its interests were not being adequately protected in the case, we sought to retain counsel, did so, and then filed this motion to intervene.

5. I have worked extremely hard to develop my business since it started in 2002. I have literally devoted all of my energy to the success of Charlotte B. This lawsuit is causing severe financial harm to the business and without an opportunity to intervene and defend against these baseless allegations on the merits, the company will be irreparably harmed.

6. Accordingly, the Motion to Intervene should be granted and Charlotte B should be permitted to file a Rule 7.1 Statement and Answer and Counterclaims in the form attached hereto as Exhibits B and C, respectively.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 24, 2007
New York, New York

                                              _s/ Melina Solnicki_____
                                              Melina Solnicki