UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
GMA ACCESSORIES, INC.,

    Plaintiff,

v.

CHARLOTTE SOLNICKI,
CHARLOTTE B, LLC,
GIRLSHOP, INC., SHOWROOM SEVEN
STUDIOS, INC., ELECTRIC
WONDERLAND,
INC., SHOWROOM SEVEN INT'L,
SHOWROOM SEVEN,

    Defendant.
-----------------------------------------------------------x

07CV3219 (LTS) (DF)

DECLARATION OF JEAN-MARC FLACK

1.     I am Jean-Marc Flack. I am a principal shareholder, President and Managing Director of Electric Wonderland, Inc. ("Electric Wonderland"). Electric Wonderland operates in part under the assumed name "Showroom Seven International".

2.     Electric Wonderland provides showroom services to the fashion industry. In providing services, Electric Wonderland shows its clients' products to prospective wholesale purchasers. In certain instances, Electric Wonderland brokers and/or processes orders from wholesale purchasers for fulfillment by clients of Electric Wonderland. Electric Wonderland does not directly sell its clients products, does not fulfill orders, does not acquire or maintain any inventory for sale, and does not purchase products from its clients for resale. Electric Wonderland does receive commissions on sales it brokers.

3.  Charlotte Solnicki was a client of Electric Wonderland from approximately from approximately May, 2003 through approximately November, 2007. During that time, Electric Wonderland provided to Charlotte Solnicki the showroom services described in above. Electric Wonderland did not directly sell Charlotte Solnicki products, did not fulfill orders, did not acquire or maintain any inventory of such products for sale, and did not purchase such products from Charlotte Solnicki for resale. Electric Wonderland did receive commissions on sales it brokered for Charlotte Solnicki.

4.  At not time did Electric Wonderland exert any control over the branding of any Charlotte Solnicki product.

5.  At no time while Charlotte Solnicki was a client of Electric Wonderland was Electric Wonderland aware of GMA's "Charlotte" products nor of any possibility that the Charlotte Solnicki products were potentially infringing any third party's trademark rights.

6.  I first learned of the present law suit in or about October, 2007. I immediately conferred with my attorney, Karim Kamal, regarding the matter. I was advised by my Mr. Kamal at that time that the suit was meritless and that my best course of action was not to participate as a party in the action. Having no experience with litigation, I followed the advice of my counsel.

7.  As of approximately August, 2007, Electric Wonderland had ceased active representation of Charlotte Solnicki. As of that time, Electric Wonderland stopped displaying Charlotte Solnicki product samples in its showroom and terminated all promotional activities for Charlotte Solnicki products. As of approximately December 27, 2007, Electric Wonderland had permanently and completely ceased all sales related activities for Charlotte Solnicki products.

8. In or about February, 2008, I was served with a subpoena by Plaintiff for my testimony in the present case. I freely provided that testimony on or about March 18, 2008. My deposition was taken by John Bostony and lasted approximately four hours. Mr. Bostony questioned me extensively on the business of Electric Wonderland, Inc., including questions concerning Electric Wonderland clients, operations, and banking.

9. In or about April, 2008, I was served with a subpoena by Plaintiff for documents in the present case. I made available my files for inspection and copying shortly after being served the subpoena. John Bostony conducted the review and had copied what I estimate to be several hundred pages of documents.

10. During this period, I was never advised by Mr. Kamal that Electric Wonderland had been brought into the case or that Electric Wonderland would default if it did not answer a complaint that had been filed by Plaintiff naming Electric Wonderland and Showroom Seven International as defendants. I believed that Electric Wonderland was cooperating in the case and therefore was acting properly.

11. I now understand that at some time in 2008, Electric Wonderland was served with a complaint naming it and Showroom Seven International as defendants. I do not recall when I first understood that this paper had been served on Electric Wonderland. Being largely inexperienced with litigation, I found the flurry of activity confusing and relied heavily on advice of my attorney, Mr. Kamal, to determine Electric Wonderland's proper course of action.

12. During this time, Mr. Kamal's advice did not change; that is, he never advised me that Electric Wonderland should or must respond to the complaint and become a party to the action.

13. On or about June 23, 2008, Mr. Kamal first informed me that Plaintiff was going forward with a default. Mr. Kamal advised me that Electric Wonderland would need to move to vacate the default and actively defend the suit in order to avoid judgment being entered against it.

14. Mr. Kamal also advised me at that time that the subject matter of the suit was outside the area of his expertise and so Electric Wonderland would need to obtain new legal counsel in connection with the present case. I undertook immediately a search for proper legal representation, leading to the hiring of my present attorney, Jeffrey Sonnabend, in mid-August, 2008.

15. Had I understood correctly the nature of the complaint served on Electric Wonderland at the time of service or any time prior to the entry of default, Electric Wonderland would have responded to the complaint.

16. Electric Wonderland is presently ready and able to defend itself in the present action. I believe that Plaintiff's case against Electric Wonderland is without merit and that Electric Wonderland has valid defenses t Plaintiff's claims.

I swear under penalty of perjury that the foregoing statements are true and correct except for those made upon information and belief, which I believe to be true and correct.

Jean-Marc Flack
President, Electric Wonderland Inc. d/b/a
Showroom Seven Limited
Date: 9/12/08