UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GMA ACCESSORIES, INC.,

                              Plaintiff,                  07 Civ. 3219 (LTS) (DF)

        -against-                                            **MEMORANDUM**
                                                                           **AND ORDER**
BOP, LLC, et al.,

                              Defendants.
------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

      By Order dated November 19, 2008, this Court granted in part a motion by plaintiff GMA Accessories, Inc. ("GMA") for the issuance of a subpoena, pursuant to 28 U.S.C. § 1783, for the deposition of non-party Jonathan Solnicki ("Solnicki"), a United States national residing in Argentina. (Dkt. 280). As set forth in that Order, the Court authorized the issuance of the subpoena, but directed that it be served in accordance with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), as required by Rule 4(f) of the Federal Rules of Civil Procedure. Contending that service of the subpoena has been properly effectuated, but that Solnicki has failed to appear for the scheduled deposition (or to produce documents as required), GMA now moves the Court, pursuant to 28 U.S.C. § 1784, for an order to show cause why Solnicki should not be held in contempt. For the following reasons, the application for an order to show cause is denied, without prejudice.

## DISCUSSION

      GMA states that, pursuant to Article 5 of the Hague Convention, it delivered the subpoena to the Argentine Central Authority for service on Solnicki. Apparently, however,

GMA did not wish to wait for service to be effected in this manner, as it was initially informed that such service could take up to 12 months to complete. (*See* Memorandum of Law in Support of Plaintiff's Motion for Contempt of Jonathan Solnicki, dated May 22, 2009 ("Pl. Mem.") (Dkt. 299), at 3 (citing Declaration of Daniel A. Levy, dated May 5, 2008 (Dkt. 213)).[1]) Therefore, GMA sought to short-cut the process by asking an Argentine attorney to serve the subpoena under the local laws that govern service papers for civil practice within Argentina. (*See* Pl. Mem. at 3; Declaration of Daniel A. Levy, dated May 22, 2009, attached to Plaintiff's Proposed Order to Show Cause, received May 26, 2009 ("Pl. Prop. Order to Show Cause") (Dkt. 298), at ¶ 4, and Ex. B (Declaration of Service of Jessica Lorea, dated Jan. 22, 2009); *see also* Certification of Alexandra Gomez-Jimenez, dated May 20, 2009, ("Gomez-Jimenez Decl."), attached to Pl. Prop. Order to Show Cause, at 4.)

According to GMA, this service was permissible under Article 19 of the Hague Convention, which provides as follows:

> To the extent that the internal law of a contracting State permits methods of transmission, other than those provided for in the preceding articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Hague Convention Art. 19; *see* Pl. Mem. at 3. The case cited by GMA, however, in support of its stated position that service pursuant to the internal laws of Argentina was permissible under this Article (*Zipper v. Nichtern*, No. 03-CV-5796 (NGG)(VVP), 2007 U.S. Dist. LEXIS 24761, at *7 (E.D.N.Y. Mar. 30, 2007), cited in Pl. Mem. at 3), does not address Argentine law at all.

---

[1] The Court notes that the Declaration cited by GMA for this proposition was submitted to the Court *more than one year ago*. Hence, had GMA sought the deposition through Article 5 of the Hague Convention at that time, service presumably would have been completed by now.

2

Rather, that case addresses the laws of Canada. *See Zipper*, 2007 U.S. Dist. LEXIS 24761, at *5-9. Further, just because a nation may permit service of papers, within its borders, in accordance with certain procedures, does not mean that the nation will necessarily permit the same procedures to be used for service of "documents coming from abroad, for service within its territory," as contemplated by Article 19 of the Hague Convention. *See Humble v. Gill*, No. 1:08-cv-00166-JHM-ERG, 2009 U.S. Dist. LEXIS 4552, at *7 (W.D. Ky. Jan. 21, 2009) (noting that Article 19 "does not transform internal methods of intrastate service into methods of interstate service").[2]

Although GMA has enlisted the aid of Argentine counsel to explain Argentine law to this Court (*see* generally Gomez-Jimenez Decl.), this counsel has nowhere in her submission cited or explained any provisions of Argentine law that would permit interstate service by the same means as intrastate service. Thus, while it may be that service under the cited provisions of Argentine law was in fact permissible and appropriate under the Hague Convention, this has not been demonstrated to the Court, and the Court declines to issue an order to show cause in the absence of such a showing.

---

[2] In accepting the sufficiency of service under Canadian law, the court in *Zipper* relied, in part, on *Burda Media, Inc., v. Viertel*, 417 F.3d 292 (2d Cir. 2005), in which the Second Circuit noted that "the Hague Convention provides for several alternate methods of service," including "service pursuant to the internal laws of the state," *id.* at 300; *see also Zipper*, 2007 U.S. Dist. LEXIS 24761, at *7. Neither *Burda*, nor *Zipper*, however, discusses the language of Article 19 or its requirement that the internal law of the contracting state must "permit[] methods of transmission . . . *of documents coming from abroad,* for service within its territory . . . ." Hague Convention, Art. 19 (emphasis added). Indeed, *Burda* does not even mention Article 19, on which GMA now bases its application for an order to show cause.

Further, the Court notes that, in GMA's proposed order to show cause, GMA not only includes provisions that would require Solnicki to show cause why he should not be held in contempt of Court, and why he should not be required to pay both a fine and reasonable attorneys' fees and costs, but also includes a provision that would require Solnicki to show cause why he should not be required, at this time, to produce documents and appear for a deposition in New York (as opposed to in Argentina, as specified by the subpoena). GMA has not presented the Court with any authority to support this last aspect of its requested relief, and, upon any renewed application, it should do so.

## CONCLUSION

For the above stated reasons, GMA's application for an order to show cause, pursuant to 28 U.S.C. § 1784, is denied, without prejudice to renew upon a showing that (1) under Argentine law, Solnicki was served with GMA's subpoena by a permitted method for service of "documents coming from abroad," and (2) it would be appropriate, under 28 U.S.C. § 1784, for the Court to order Solnicki to show cause why he should not now be required to produce documents and to appear for a deposition in New York.

Dated: New York, New York
May 27, 2009

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

all counsel [via ECF]