UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                         :

GMA ACCESSORIES, INC.,
                                         :

                  Plaintiff,                 07 Civ. 3219 (PKC) (DF)
                                         :

          -against-                    **MEMORANDUM**
                                       :                 **AND ORDER**

CHARLOTTE SOLNICKI, et al.,
                                         :

                  Defendants.
------------------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       Before the Court is a renewed motion brought by plaintiff GMA Accessories, Inc. ("GMA") to enforce a subpoena purportedly served on Jonathan Solnicki ("Solnicki").  For the reasons set forth below, GMA's renewed motion (Dkt. 380) is denied without prejudice.

## DISCUSSION

       On November 19, 2008, pursuant to 28 U.S.C. § 1783, this Court granted in part GMA's motion for the issuance of a discovery subpoena directed to Solnicki, a United States national residing in Argentina.  (Dkt. 280.)  Section 1783 authorizes the issuance of a subpoena on a United States national residing in a foreign country.

       On May 26, 2009, GMA moved the Court, under 28 U.S.C. § 1784, for an order to show cause why Solnicki should not be held in contempt for failing to appear for the scheduled deposition or to produce any documents.  (*See* Dkt. 298.)  Section 1784 provides, in relevant part:

> The court of the United States which has issued a subpoena served in a foreign country may order the person who has failed to appear or who has failed to produce a document or other thing as directed therein to show cause before it at a designated time why he should not be punished for contempt.

28 U.S.C. § 1784(a). In order for the Court to issue an order to show cause under Section 1784, however, the subpoena must have been properly served. *See id.* A subpoena issued under Section 1783 (such as the Solnicki subpoena) must be served "in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." 28 U.S.C. § 1783(b). Under the Federal Rules, an individual "may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"). Fed. R. Civ. P. 4(f)(1). The Hague Convention's procedures for service are mandatory here because Argentina, the country in which GMA sought to serve the subpoena on Solnicki, is a signatory to that Convention, *see Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *see also* Advisory Committee Notes to 1993 Amendment to Rule 4(f), and this Court has not ordered any alternative method of service under Rule 4(f)(3).[1]

      The Hague Convention requires that each state establish a central authority to receive requests for service of documents from other countries. *See Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 698. Upon receiving such a request, the central authority must serve the document according to the internal laws of the state or by a method prescribed by the requester that is compatible with local law. *See id.* at 699. As an alternative to serving papers through the central authority, Article 19 of the Hague Convention also allows for any method of service that, under the laws of the country in which service was attempted, is specifically permitted for the service

---

[1] This Court has not found – nor does it now find – any justification for ordering an alternate means of service on Solnicki.

2

of documents coming from abroad.  (*See* Memorandum and Order, dated May 27, 2009 (Dkt. 300) ("5/27/09 Order"), at 2-3, *aff'd by* Memorandum and Order, dated Aug. 28, 2009 (Dkt. 309).)

GMA argued in its initial motion for an order to show cause that it had properly served the subpoena on Solnicki under the Hague Convention by having an Argentine attorney serve the subpoena under local laws that govern the service of papers for civil practice within Argentina. (*See id.* at 2 (citing Memorandum of Law in Support of Plaintiff's Motion for Contempt of Jonathan Solnicki, dated May 22, 2009 (Dkt. 299)).)  This Court found that GMA had failed to demonstrate that the cited provisions of Argentine law in fact applied to interstate service (as opposed to just intrastate service).[2]  (5/27/09 Order at 3.)  Accordingly, the Court denied GMA's motion without prejudice to renew upon a showing that "under Argentine law, Solnicki was served with GMA's subpoena by a permitted method of service of documents coming from abroad."  (*Id*. at 4.)  The Honorable P. Kevin Castel, U.S.D.J., upheld this Order over GMA's objections.  (Dkt. 309.)

GMA now renews its motion for enforcement of the Solnicki subpoena, arguing that Solnicki was properly served by a method of service permitted under Argentine law for documents coming from abroad.[3]  (Memorandum of Law in Support of Plaintiff's Motion for

---

[2] The Court also noted that GMA had failed to provide any authority to support its demand that Solnicki be required to produce documents and appear for a deposition in New York, as opposed to Argentina as specified by the subpoena.  (5/27/09 Order at 4.)  GMA appears to have withdrawn its demand that Solnicki produce documents or appear in New York. (*See* [Proposed] Order to Show Cause, received January 21, 2010 ("GMA's Renewed Motion"), ¶ 2 (Dkt. 380)).)

[3] GMA states that it had also initiated service of process on December 22, 2008 through the Argentine central authority, although GMA has not provided the Court with any status report

Enforcement of Subpoena of Jonathan Solnicki, dated January 21, 2010, at 1.)  According to a declaration of Paul Reyes ("Reyes") (an Argentine attorney), an Argentine judge considering the Solnicki subpoena issued an opinion finding that Argentine Law 22.172, relating to service between Argentine provinces, also applies to the method of service of documents coming from abroad.  (GMA's Renewed Motion, Declaration of Paul Reyes ("Reyes Decl."), ¶¶ 8-10 and Ex. D.)  Further, Reyes himself asserts that Argentine Law 22.172 provides that documents may be served pursuant to the law of the court from which they originate.  (*Id*., ¶ 12.)  Reyes thus concludes that, because the instant subpoena was issued by this Court, any manner of service that would be proper under the rules of this Court satisfies Argentine Law 22.172.  (*Id*., ¶ 14.)

As an initial matter, with respect to the Argentine judicial opinion, it is unclear in what context this matter came before the Argentine court or whether the opinion does in fact state that Argentine Law 22.172 applies to interstate service because, as noted above (*see supra* at n.3), this Court was not provided with an English translation of that opinion.  Moreover, even assuming Argentine Law 22.172 applies to service of documents from abroad (as Reyes contends was found by the Argentine court), the cited statute, on its face, does not appear to provide that the method of service may be based on the law of the originating court.  The English translation of the relevant provision, submitted with the Reyes declaration, states:

---

regarding that attempted means of service.  (*See* GMA's Renewed Motion, Decl. of Paul Reyes, dated Jan. 21, 2010 ("Reyes Decl."), ¶ 4.)  Previously, GMA claimed that it would take up to one year to complete service through the central authority (*see* May 28 Order at 2), which suggests that service by this means should, by now, have been completed.  Although GMA does contend that the Argentine court found that "it was impossible for the Central Authority to effectuate service in time" (*Id*., ¶ 9), the Argentine opinion that GMA cites (which was provided to this Court in Spanish, without an English translation) appears to express support for an extended deadline for service, so as to give Solnicki timely notice of the deposition (*see* Reyes Decl., Ex. D).  GMA gives no indication as to whether it ever followed up on this.

4

> Notices, subpoenas, summons, etc.  Article 6 – It is not
> necessary to communicate to the local court office by official
> letter, to issue notices, subpoenas and summons or to make
> orders for reports in another jurisdiction.  The documents,
> official letters and orders may be delivered to that effect shall
> be governed in their forms by the law of the court trying the
> case and shall be recorded according to current standards
> available at the place where they are issued.
>
> They shall contain, on each of the pages and accompanying
> documents, the seal of the court trying the case and the names of
> persons authorized to intervene in the process.  These shall seek
> the proceedings of the official to whom it corresponds, and this,
> once the official paperwork is complete, the case shall be returned
> to the court trying the case through them.

(Reyes Decl., ¶ 12.)  GMA appears to rely on the statement that "[t]he documents . . . may be delivered to that effect shall be governed in their forms by the law of the court trying the case" for its contention that Argentine law permits service of subpoenas by any method authorized under the law of the originating court.  It may be possible to read the translated word "form" (*i.e.,* the "form [of the delivered documents]") so as to incorporate "method of service," but, particularly when read in the context of the entire provision, it appears more likely that the word "form" refers to the format and/or content of the documents.  Thus, although Reyes opines that Argentine Law 22.172 authorizes service in accordance with the law of the issuing court, the plain language of the translation of the law does not appear to support that conclusion.

In any event, even if the Court were to accept Reyes' analysis of the Argentine court's opinion, as well as his analysis of Argentine Law 22.172, and thus evaluate the validity of service based on the rules of *this* Court, the Court would have to conclude that service was not properly made.  GMA contends that its method of service was proper because this Court

5

"permits service at the usual place of business."[4]  (Reyes Decl., ¶ 14.)  More specifically, GMA submits a declaration of service stating that, on January 16, 2009, an Argentine attorney personally served the subpoena and a Spanish translation upon Solnicki at his place of business: (1) by delivery to a receptionist at "the address listed as the CHARLOTTE SOLNICKI corporate office" in Buenos Aires, Argentina; and (2) by delivery to "a CHARLOTTE SOLNICKI store" in Buenos Aires.  (*See* Reyes Decl., Ex. E (Declaration of Service, dated Jan. 22, 2009) ("Declaration of Service").)

Under the Federal Rules of Civil Procedure, an individual may be served within a judicial district of the United States by personal delivery upon the individual, delivery upon a person of suitable age and discretion at the individual's residence, delivery to an agent authorized to receive service of process, or any method of service that is valid under the law of the state where the issuing court is located or where service is made.  Fed. R. Civ. P. 4(e).  Based on the submitted Declaration of Service, service on Solnicki was not made by personal delivery, delivery to Solnicki's residence, or to an authorized agent.  Thus, for service to be proper under the Federal Rules, it must have been made in accordance with New York state law.

---

[4] GMA also includes a brief argument in its submissions that, in the event an individual cannot be personally served despite due diligence, Article 141 of Argentine Law 25.488 authorizes service at the individual's residence or office.  (*See* Reyes Decl., ¶ 14.)  GMA does not elaborate on the context in which application of Argentine Law 25.488, instead of Argentine Law 22.172, would be appropriate, and it is therefore difficult for the Court to consider this claim.  Moreover, it appears that application of Argentine Law 25.488 would be improper on the record presented, given that GMA has not established that it was unable to serve Solnicki personally despite diligent efforts.

The provision of the New York Civil Practice Law and Rules that most closely tracks GMA's claim to have served Solnicki at his "usual place of business" (Reyes Decl., ¶ 14) is Section 308(2), which authorizes service by delivery

> to a person of suitable age and discretion at the actual place of business. . . of the person to be served. . . and by mailing the [subpoena] by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other.

C.P.L.R. § 308(2).[5]  GMA's purported service does not fully comply with this provision: the Declaration of Service does not state that a copy of the subpoena was mailed to Solnicki, nor does GMA provide any other documentation that suggests the documents were mailed as required. *See Anderson v. GHI Auto Serv., Inc.*, 845 N.Y.S.2d 129, 130 (2d Dep't 2007) (explaining that the serving party bears the burden of proving proper service).

Moreover, an "actual place of business" is defined in the statute as "any location that [the person to be served], through regular solicitation or advertisement, has held out as [his] place of business."  C.P.L.R. § 308(6).  GMA states that it delivered the documents to two CHARLOTTE SOLNICKI locations – the "listed" corporate headquarters and a retail store.  (*See* Declaration of Service.)  Yet in order to qualify as Solnicki's "actual place of business," the location in question must have been held out by Solnicki, through regular solicitation or advertisement, as his place of business, and GMA has the burden of demonstrating that Solnicki did this.  *See Vid v.*

---

[5] Under New York law, a subpoena is generally served in the same manner as a summons.  *See* C.P.L.R. § 2303.

7

*Kaufman*, 724 N.Y.S.2d 756, 757 (2d Dep't 2001) (observing that the plaintiff has the burden of demonstrating that the address where defendant was served was his actual place of business within the meaning of C.P.L.R. § 308(6)).  GMA, having submitted no evidence on this point, has failed to meet this burden.

Accordingly, even accepting, *arguendo*, all of GMA's arguments as to what law should govern the service inquiry, the Court cannot conclude that service of the Solnicki subpoena was proper.

## **CONCLUSION**

For the foregoing reasons, GMA's renewed motion for an order to show cause, pursuant to 28 U.S.C. § 1784 (Dkt. 380), is again denied without prejudice to a showing that service of the subpoena has been properly made.

The Court notes, however, that, at this point, nearly two years have elapsed since the Court initially authorized service of a subpoena on Solnicki.  Given this fact, and notwithstanding that the Court's denial of GMA's motion is without prejudice to renew, GMA is instructed that, if it still wishes to proceed with this subpoena, it should submit a letter to the Court, explaining why the discovery sought is still relevant to any ongoing claim or proceeding

in this action. If it appears that the passage of time has mooted the basis for the subpoena, the Court may vacate its prior Order authorizing the subpoena's issuance.

Dated: New York, New York
       September 24, 2010

                              SO ORDERED

                              _____
                              DEBRA FREEMAN
                              United States Magistrate Judge

Copies to:
All counsel (via ECF)