UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GMA ACCESSORIES, INC.

              Plaintiff,

       Civil Action No.: 07CV3219 (PKC) (DF)

  - against -

              **DECLARATION OF**
CHARLOTTE SOLNICKI,              **JOHN P. BOSTANY**
CHARLOTTE B, LLC,
GIRLSHOP, INC., SHOWROOM SEVEN
STUDIOS, INC., ELECTRIC WONDERLAND,
INC., SHOWROOM SEVEN INT'L, and
SHOWROOM SEVEN

              Defendants.
--------------------------------------------------------X

       John P. Bostany hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

       1.       I am a member of The Bostany Law Firm attorneys for Plaintiff in this proceeding and a member of the Bar of this Court.

       2.       I respectfully submit this Declaration in further support of the September 30, 2010 Declaration of Janet Nina Eshaghoff, on behalf of the plaintiff seeking the reissuance of a second subpoena for the deposition of Jonathan Solnicki and documents.

       3.       We have obtained a translation of the letter dated February 23, 2009 from Judge Delma B. Cabrera that was Exhibit D to the Declaration of Paul-Philippe L. Reyes dated January 21, 2010. A copy of the translation is annexed hereto as **Exhibit A**. It is unclear how this matter got before that tribunal. This Exhibit was received by mail at plaintiff's counsel office with no cover letter attached, addressed to my former associate, Mr. Levy.

       4.       The file shows that Mr. Levy requested that "Process Forwarding International" serve the subpoena on December 22, 2008. See **Exhibit B**. On December 29, 2008 Process

Forwarding International rejected the assignment noting that "discovery was outside the scope of the process service conventions". See **Exhibit C**.

5. On January 5, 2009, Mr. Levy formally requested that the subject subpoena be served upon Jonathan Solnicki via the Ministry of Foreign Affairs. A copy of that request is annexed hereto as **Exhibit D**. The Ministry of Foreign Affairs appears to be the addressee of the letter from Judge Cabrera. See **Exhibit A**.

6. It is reasonable to conclude that at some point the Ministry of Foreign Affairs in Argentina received our request for service and brought the matter before Judge Cabrera. Judge Cabrera is not addressing the propriety of service at the corporate office of Charlotte Solnicki that is outlined in the Reyes Declaration.

7. It appears from the translation that Law 22.172 governed the proceeding. This appears to support Mr. Reyes' conclusion that Law 22.172 applies to documents coming from abroad. In the event there is no statute relating to documents coming from abroad, then service in accordance with the Argentine local laws set forth in the Declaration of Alexandra Gomez Jimenez would appear to apply. A copy of this Declaration filed as Docket # 298 is annexed hereto as **Exhibit E**.

8. The Court noted that it is plaintiff's obligation to show that the corporate office of Charlotte Solnicki where the subpoena was served, was held out by Solnicki as such. Accordingly, annexed hereto as **Exhibit F** [Docket # 298]and **Exhibit G** [Docket # 278-6] are copies of website print outs showing that Charlotte Solnicki's corporate office is Alsina 1237 – 2°A, Capital Federal, Argentina, which is the address where the subpoena was served. In addition, Melina Solnicki, testified that she and Jonathan Solnicki manage the corporate office. See **Exhibit H**.

- 3 -

9. We cannot locate an Affidavit showing that the subpoena was also mailed to Solnicki in January of 2009. Rather than renew the Motion for Contempt and ask this court to follow authority that permits a subpoena to be successfully served where the deponent is likely to have notice, we respectfully ask a that the subpoena be reissued. We will immediately forward it to the Ministry for Foreign Affairs and simultaneously seek to personally serve Jonathan Solnicki.  I respectfully submit as **Exhibit I**, a subpoena with a revised date to allow sufficient time to effectuate service.

Dated: New York, New York
October 27, 2010

Respectfully submitted,

_____
JOHN P. BOSTANY