UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GMA ACCESSORIES, INC.,

                                  Plaintiff,

        -against-

CHARLOTTE SOLNICKI, et al.,

                                Defendants.
------------------------------------------------------------------X

07 Civ. 3219 (PKC) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      Before the Court is a request from plaintiff GMA Accessories Inc. ("Plaintiff") that the Court issue a second subpoena to Jonathan Solnicki, seeking discovery relating to defendant "Charlotte Solnicki," against which Plaintiff supposedly intends to file a motion for a default judgment, at some undetermined, future date. (Letter to the Court from John P. Bostany, Esq., dated October 1, 2010 ("Pl. 10/1/10 Ltr.").) Also before the Court is a request by non-party Hilldun Corporation ("Hilldun") to limit the scope of a subpoena served upon it by Plaintiff on October 13, 2010, also seeking discovery in connection with a potential motion for a default judgment against Charlotte Solnicki. (Letter to the Court from Stefan B. Kalina, Esq., dated Nov. 8, 2010 ("Hilldun Ltr.").)

      For the reasons set forth below, Plaintiff's request for further discovery regarding Charolotte Solnicki is denied, and Plaintiff is directed to proceed to file its motion for a default judgment against this defendant.

## BACKGROUND

### A. Judge Swain's June 30, 20008 Order

On April 2, 2008, Plaintiff filed a Third Amended Complaint, joining numerous defendants, including Charlotte Solnicki. (Dkt. 164.) As defendant Charlotte Solnicki failed to mover, answer, or otherwise respond to Plaintiff's pleading, the Honorable Laura T. Swain, who was then presiding over this case, issued an Order on June 30, 2008, granting Plaintiff leave to move for a default judgment. (Dkt 243.) Judge Swain held that such motion "shall be accompanied by evidence, in admissible form, that Defendant Charlotte Solnicki is a legal entity, of the type of legal entity that Defendant Charlotte Solnicki is[,] evidence that Defendant Charlotte Solnicki has been served with the summons and Complaint in accordance with all applicable laws," and "evidence, in admissible form, of such facts as it would have proffered to meet its burden of proof on its direct case had a trial been held in this action." (*Id.*)

### B. Plaintiff's Subpoena to Jonathan Solnicki

On October 23, 2008, Plaintiff requested that this Court (to which the case was referred for general pretrial supervision) issue a subpoena for the testimony of Jonathan Solnicki, in connection with Plaintiff's anticipated motion for a default judgment against Charlotte Solnicki. According to Plaintiff, Jonathan Solnicki was the "best and/or only person" able to provide information necessary to support the default motion. (Dkt. 279, at 2.) On November 19, 2008, this Court granted, in part, Plaintiff's motion for the issuance of the subpoena. (Dkt. 280.) In addition, on January 8, 2009, this Court separately noted, in another Order, that Plaintiff should be permitted to "conduct limited discovery in aid of determining the appropriate damages to seek on a motion for a default judgment" against defendant Charlotte Solnicki. (Dkt. 287.)

On May 22, 2009, GMA moved before this Court for an order to show cause why Jonathan Solnicki should not be held in contempt for failing to appear for a scheduled deposition or to produce any documents. (*See* Dkt. 298.) Plaintiff, however, failed to demonstrate proper service of the subpoena on Jonathan Solnicki, and, for that reason, this Court denied Plaintiff's motion, without prejudice, on May 27, 2009. (Dkt. 300.) On GMA's appeal, the Honorable P. Kevin Castel, U.S.D.J., to whom the case had been reassigned, upheld this Court's ruling. (Dkt. 309.)

Nearly eight months later, on January 21, 2010, Plaintiff renewed its contempt motion, submitting additional documentation with respect to the same attempt at service relied on by Plaintiff in its original motion. (Dkt. 380.) On September 24, 2010, this Court again denied Plaintiff's renewed motion, as Plaintiff had still failed to demonstrate proper service. (Dkt. 382.)

Plaintiff now requests that the Court issue a second subpoena to Jonathan Solnicki, which Plaintiff states it will then attempt to serve on him personally. (Pl. 10/1/10 Ltr.)

C.   **Plaintiff's Subpoena to Hildun**

On October 13, 2010 – over two years after Judge Swain granted Plaintiff leave to move for a default judgment against Charlotte Solnicki, Plaintiff served a subpoena on Hildun, again apparently seeking discovery in aid of its default motion. (*See* Letter to the Court from John P. Bostany, Esq., dated November 8, 2010 ("Pl. 11/8/10 Ltr."), Ex. 1.) On November 8, 2010, Hildun wrote to the Court, stating that it had produced documents in response to the subpoena, but that Plaintiff was maintaining that this production was insufficient. (Hilldun Ltr.) In its letter, Hilldun argues that Plaintiff's subpoena is overbroad and unduly burdensome, seeks irrelevant documents, and, in any event, was not timely served, in light of the January 29, 2010 cut-off date that had been set for all fact discovery in this action. (*Id.*; *see also* Dkt. 318, 348

3

(setting discovery schedule).) Hilldun also points out that it had already complied with a separate subpoena issued by Plaintiff in 2009. (*Id.*) In response, Plaintiff does not address many of Hilldun's arguments, but asserts generally that the requested discovery is relevant to Plaintiff's claim for damages against Charlotte Solnicki, as, according to Plaintiff, Hilldun has collected substantial sums of money on sales of Charlotte-Solnicki-branded merchandise at the request of Charlotte B, LLC and Jonathan Solnicki. (Pl. 11/8/10 Ltr.)

## DISCUSSION

As set forth above, over two years have passed since Judge Swain granted Plaintiff leave to file a motion for default against defendant Charlotte Solnicki, yet Plaintiff has still not made such a motion. Further, while this Court granted Plaintiff leave to conduct "limited discovery" with respect to its anticipated application for a default judgment, the Court's ruling in that regard was nearly two years ago, and Plaintiff does not appear to have been diligent in pursuing the default. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (noting that a plaintiff has a "duty to process his case diligently").

With respect to its purported need for discovery in aid of its default motion, Plaintiff has never satisfactorily explained to the Court why Jonathan Solnicki could not have been properly served with the subpoena originally issued by the Court, nor has Plaintiff set forth any reason why its initial subpoena on Hilldun was insufficient to enable Plaintiff to obtain the evidence it needed to make its default motion. Under these circumstances, further discovery as to Charlotte Solnicki is not warranted, and the Court finds it appropriate to set a deadline for Plaintiff's motion for a default judgment.

Accordingly, Plaintiff's request for the issuance of a second subpoena directed to Jonathan Solnicki is denied, as is Plaintiff's request for further discovery from Hilldun. If Plaintiff still wishes to proceed with its motion for a default judgment against defendant "Charlotte Solnicki," Plaintiff shall serve and file that motion no later than December 31, 2010.

Dated: New York, New York
       November 23, 2010

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

Stefan B. Kalina, Esq.
Lowenstein Sandler PC
1251 Avenue of the Americas
New York, NY 10020