USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-23-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GMA ACCESSORIES, INC.,

                        Plaintiff,                      07 Civ. 3219 (PKC)

          -against-

                                                    ORDER

CHARLOTTE SOLNICKI, CHARLOTE B, LLC,
GIRLSHOP, INC., SHOWROOM SEVEN
STUDIOS, INC., ELECTRIC WONDERLAND,
INC., SHOWROOM SEVEN INT'L,
SHOWROOM SEVEN,

                        Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff GMA Accessories, Inc. ("GMA") commenced this action on April 20, 2007 by filing a complaint alleging that the defendants violated federal trademark and copyright laws, as well as certain laws of the State of New York. Defendant Charlotte B, LLC ("Charlotte") was not named in the initial complaint, but did appear in this action and file a motion to intervene. (Docket No. 91). That motion was later withdrawn. (Docket No. 162.) Subsequently, GMA filed a Third Amended Complaint on April 2, 2008, which for the first time named Charlotte as a defendant. Charlotte did not respond to that complaint.

        GMA received permission to move for default judgment against Charlotte on June 30, 2008 (Docket No. 240), and served the order granting that permission on Charlotte, through the Secretary of State of Delaware, as agent, on July 10, 2008 (Docket No. 247). GMA then served its first motion for default judgment (Docket No. 264) on Charlotte by mail to an address in Argentina (Docket No. 273). The motion was denied without prejudice to refiling in accordance with this Court's Individual Practices. (Docket No. 308.) GMA filed a new motion for default judgment on October 30, 2009, but did not include any proof of

service. (Docket No. 320.) That motion was denied without prejudice, as it did not provide a declaration of the legal and factual basis for the assertion that this Court has personal jurisdiction over the defendant. (Docket No. 344.) Finally, GMA filed a third motion for default judgment, which was granted on September 14, 2010. However, on later review, it became apparent that plaintiff had not filed any proof that the motion was served on Charlotte, and the default judgment was vacated with leave to renew upon proof of proper service. (Document No. 392.)

GMA has renewed its motion for default judgment, and has filed affidavits reflecting that service of the motion was made upon Charlotte. (Docket Nos. 399, 402, 403.) A Clerk's Certificate of Default was issued on May 2, 2008. Plaintiffs now move for an order granting a default judgment against Charlotte pursuant to Rule 55, Fed. R. Civ. P. As the plaintiffs have complied with Rule 55 and Local Rules 55.1 and 55.2, as well as this Court's individual Default Judgment Procedures, the motion for default judgment is granted.

Plaintiffs submitted a supplemental brief on damages on May 11, 2011. Pursuant to 15 U.S.C. § 1117(c)(2), plaintiffs seek statutory damages on their claim of trademark infringement and counterfeiting, in an amount of $1,000,000. The Lanham Act provides that a plaintiff may elect to pursue statutory damages of not less than $1,000 but not more than $200,000 per violation. 15 U.S.C. § 1117(c)(1). For willful violations, a court may award damages of up to $2,000,000 per mark, per type of good. 15 U.S.C. § 1117(c)(2). The Court has broad discretion to determine the amount of damages, and the text of section 1117(c) does not provide precise guidance as to calculating statutory damages. See generally Sara Lee Corp. v. Bags of New York, Inc., 36 F. Supp. 2d 161, 165-66 (S.D.N.Y. 1999) (Motley, J.). This discretion has led to varying approaches by judges of this District. As

summarized by Magistrate Judge Eaton in a Report and Recommendation adopted by Judge Koeltl: "In determining statutory damages, one judge has awarded the maximum amount of $1,000,000 per mark per type of merchandise. Some judges have awarded $1,000,000 but with no multiplication for multiple marks. However, most judges have issued awards well below the maximums available on the basis of per-mark-per-type-of-goods." Gucci America, Inc. v. MyReplicaHandbag.com, 2008 WL 512789, at *5 (S.D.N.Y. Feb. 26, 2008) (collecting cases).

Because section 1117(c) does not provide guidance, "courts routinely look towards Section 504(c) of the Copyright act, which also allows for statutory damages to be imposed against the willful infringer, and its corresponding caselaw for guidance." Chanel, Inc. v. Gardner, No. 07 Civ. 6679, 2011 WL 204911, at *2 (S.D.N.Y. Jan. 21, 2011). Under that body of law, a court should consider the following:

> (1) The expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [trademark]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Id. (quoting Gucci Am., Inc. v. Duty Free Apparel Ltd., 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004)).

The factual allegations of the complaint are taken as true, due to the defendant's default. Rule 8(b)(6), Fed. R. Civ. P.; Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . .").

Defendant may be deemed a willful infringer by virtue of its default. See All-Star Marketing Group, LLC v. Media Brands Co., Ltd., ___ F. Supp. 2d ___, 2011 WL 9381, at *6 (S.D.N.Y. Jan. 3, 2011) (collecting cases). In this case, the defendant appeared in the case and attempted to intervene, then failed to answer once named in the Third Amended Complaint.

As noted, the Court has wide discretion in calculating statutory damages. Sara Lee Corp., 36 F. Supp. 2d at 165-66. The plaintiffs suggest the Court award $1,000,000. Based solely on the record before me, I conclude that the proposed total award of $1,000,000 would be excessive. Where the evidence indicates that defendants reaped significant profits for its infringing activities, a high statutory damages award may be justified. See, e.g., Gucci America, Inc. v. Duty Free Apparel, Ltd., 315 F. Supp. 2d 511, 520-21 (S.D.N.Y. 2004) (awarding statutory damages of $2 million when evidence showed that infringing activity was responsible for $720,000 in profits). GMA has submitted a spreadsheet showing $4,810,411.89 in purported sales of infringing merchandise. (Declaration in Support of Default Judgment, Exhibit D.) Subtracting the commission due to the seller, GMA argues that the net revenue to the supplier, Charlotte, was $3,856,611.14. This net revenue figure does not reflect the actual profits earned by Charlotte on infringing merchandise.

In exercising my discretion to award statutory damages, I conclude that $200,000 is warranted. This award is sufficient to accomplish the dual goals of deterrence and compensation. Gucci America, 2010 WL 308303, at *3.

-5-

CONCLUSION

The plaintiff's motion for entry of default judgment is GRANTED, and the motion is terminated. (Docket No. 399) Plaintiff is awarded $200,000 in damages as against Charlotte B, LLC.

The Clerk is directed to enter judgment for the plaintiffs.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 23, 2011