UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GMA ACCESSORIES, INC.

                    Plaintiff,                    07 Civ. 3219 (PKC) (DF)

-against                                    MOTION TO QUASH
                                                      SUBPOENA

ELECTRIC WONDERLAND, INC., et. al.

                    Defendants.
-----------------------------------------------------X

      Non-Party Jean-Marc Flack and Defendant Electric Wonderland, Inc. ("Electric Wonderland") respectively move this court to quash a subpoena served by Plaintiff GMA Accessories, Inc. ("GMA") on Jean Marc Flack pursuant to Fed. R. Civ. P. 45 on the grounds that: (1) discovery closed on January 29, 2010; and (2) GMA's subpoena is overly broad in its scope and range of dates of documents it seeks to be produced, or seeks documents which constitute protected matter.

**ARGUMENT**

**I    The Subpoena is Untimely**

      Rule 45 subpoenas may not be used as a means to engage in discovery once the discovery deadline has passed. *Dodson v. CBS Broadcasting, Inc.*, 2005 WL 3177723 at *1 (S.D.N.Y. 2005). A Court may therefore grant a motion to quash a subpoena served on a party where the deadline to complete discovery has passed. *Playboy Enter. Int'l Inc. v. OnLine Entm't, Inc.*, 2003 WL 1567120 at *1-2 (E.D.N.Y. 2003).

The Court confirmed in its order of April 2, 2010 – nearly two years ago – that the cut-off for the completion of all fact discovery was January 29, 2010. Order of April 2, 2010 (ECF Entry No. 348). Despite the January 29, 2010 discovery cutoff – and the Court's admonition about further discovery – GMA now attempts to continue discovery by serving a subpoena on Mr. Flack to testify at a deposition and to produce certain documents. See Exhibit 1. GMA's subpoena is in direct contravention of January 29, 2010 discover cutoff and the Court's April 2, 2010 order, and therefore GMA's subpoena should be quashed because it is untimely.

**II    The Subpoena is Overbroad and Seeks Irrelevant Information**

Irrespective of the untimeliness of GMA's subpoena, the Court may grant a motion to quash a subpoena where the subpoena's requests are overly broad. *Reserve Solutions, Inc. v. Vernaglia*, 2006 WL 1788299 at *1-2 (S.D.N.Y. 2006). Additionally, the Court may grant a motion to quash subpoena requests which seek protected material, such as tax returns. *Ellis v. City of New York*, 243 F.R.D. 109, 111 (S.D.N.Y. 2007)(holding that tax returns are protected due to both the private nature of the information they contain and the public interest of encouraging taxpayers to file accurate returns).

GMA's subpoena requests tax records, credit card records, bank records, and lease agreements from Mr. Flack and Defendant Showroom Seven Studios, Inc. ("SSI"). GMA's request for all federal, state and local income tax returns for Mr. Flack and SSI between 2002-2009 should be quashed because it seeks tax returns, which are protected material. The request further requests documents – both tax returns and "credit card records" – for periods well before and beyond the period of alleged infringement. For these reasons, the subpoena should be quashed.

GMA's request for credit card records is also overly broad because it does not include any temporal limits; nor does it specify the scope of transactions which would be considered "connected" to Charlotte products.

Finally, GMA's request for all bank records for SSI from 2002-2009 is also overly broad because it seeks bank records for a company that did not exist at any time during the period of alleged infringement or thereafter, and further did not exist for the period of time for which records are sought. See Exhibit 2.

## CONCLUSION

In light of the foregoing, Mr. Flack and Electric Wonderland respectfully move the court to quash GMA's subpoena to Jean-Marc Flack.

Dated: December 20, 2011

          Respectfully submitted,
          Jean-Marc Flack and
          Electric Wonderland, Inc., by their attorney,

          _____
          Jeffrey Sonnabend (JS1243)
          SonnabendLaw
          600 Prospect Avenue
          Brooklyn, NY 11215-6012
          718-832-8810
          JSonnabend@SonnabendLaw.com