**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

GMA ACCESSORIES, INC.


                                 Plaintiff,                07 Civ. 3219 (PKC) (DF)


-against                                     **REPLY BRIEF IN SUPPORT OF**
                                                   **MOTION TO QUASH**
                                                 **SUBPOENA**


 ELECTRIC WONDERLAND, INC., et. al.


                                 Defendants.
-------------------------------------------------------X

       Defendant Electric Wonderland, Inc. ("Electric Wonderland") and non-party Jean Marc

Flack hereby reply to Plaintiff GMA Accessories, Inc.'s ("GMA") Opposition to Defendant's

Motion to Quash Subpoena.

### ARGUMENT

**1      GMA's Subpoena was Improperly Served Because Plaintiff Failed to Meet the Requirements of Fed. R. Civ. P. 45**

       Plaintiff first argues that Fed. R. Civ. P. 45 does not apply and that its service of the

subpoena on Mr. Flack was proper.  Plaintiff is wrong on both counts.

       Contrary to Plaintiff's position, Rule 45 does apply to the present situation.  A subpoena

served under Fed. R. Civ. P. 69(a)(2) must comply with the requirements for subpoenas under

Fed. R. Civ. P. 45.  See *Costomar Shipping Co., Ltd. v. Kim-Sail, Ltd.*, F.Supp., 1995 WL 736907

at *1-3 (S.D.N.Y. December 12, 1995)(citing *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*,

713 F.2d 494 (9th Cir. 1983).  These requirements include the requirement that "a subpoena

commanding attendance at a deposition must state the method for recording the testimony," Fed.

R. Civ. P. 45(a)(1)(B), and that "service of a subpoena ... shall be made by delivering a copy [of

the subpoena] ... and, if the person's attendance is commanded, by tendering to that person the

fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

Furthermore, if the subpoena "commands the production of documents, electronically stored

information, or tangible things . . . a notice must be served on each party." *Id.*

Plaintiff contends that its subpoena on Mr. Flack is proper because it aids the execution of

a judgment under Fed. R. Civ. P. 69(a)(2) and because it requests Mr. Flack's attendance for

deposition, as well as the production of documents, pursuant to C.P.L.R. § 5224. Plaintiff's

position (which movants do not concede is correct) is besides the point. Plaintiff has failed to

meet the requirements of Fed. R. Civ. P. 45 because (i) the subpoena does not provide Mr. Flack

with notice of the method for recording the deposition; (ii) Plaintiff has failed to tender to Mr.

Flack the fees for one day's attendance and the mileage; and (iii) no advanced notice was served

on each party as required by Rule 45. Plaintiff's subpoena is therefore defective, and the Court

should quash it as a result.

**2     GMA Cannot Serve a Post-Judgment Subpoena Seeking Personal Assets on a
        Non-Party "Officer" of the Judgment Debtor**

Plaintiff contends that its subpoena of Mr. Flack is proper because he was "an officer of

the judgment debtor." Plaintiff seeks to support this unsupportable position by mangling the

holding of the only case cited in support, *Fasolino Foods Co., Inc. v. Banca Nazionale Del

Lavoro*, 1992 WL 123650 *4 (S.D.N.Y. May 28, 1992).

In *Fasolino Foods Co., Inc.*, the plaintiff obtained a judgment against Fasolino Foods

Co., Inc. and a third party defendant, Antonio Fasolino. *Id*. The court held that a post-judgment

deposition of Mr. Fasolino about his wife's personal assets was proper because the wife was an officer and employee of Fasolino Foods Co., Inc., and therefore the wife might plausibly hold property that the plaintiff was entitled to collect in satisfaction of judgment.  *Id*.

Plaintiff erroneously concludes that *Fasolino Foods Co., Inc.* stands for the proposition that a post-judgment subpoena of a non-party regarding personal information is proper where the non-party was an officer or employee of the judgment debtor.  *Fasolino Foods Co., Inc.* holds no such thing.  *Fasolino Foods Co., Inc.* is explicit in holding that a judgment creditor may properly depose a *judgment debtor* about a non-party's personal information where the non-party might possess property which the judgment creditor is entitled to collect.  Since Mr. Flack is not a judgment debtor from whom Plaintiff seeks to recover judgment in this case, *Fasolino Foods Co., Inc*. is inapplicable here.

Plaintiff's attempt to depose a non-party regarding the personal assets of a non-party "officer" in order to satisfy a judgment is improper, and the Court should grant Defendant's motion to quash Plaintiff's subpoena on Mr. Flack for this reason.

### 3   The Scope of GMA's Subpoena is Improper Because it Seeks Information about the Personal Assets of a Non-Party

Defendant's subpoena on Mr. Flack requests information about Mr. Flack's personal assets, including Mr. Flack's tax records, certain credit card records, and all lease agreements entered into by Mr. Flack.  Plaintiff attempts to justify the subpoena upon Mr. Flack, a non-party to the judgment against Showroom Seven Inc. ("SSI"), by asserting that courts in this Circuit have typically allowed post-judgment subpoenas which seek the production of tax returns, deeds and bank statements, among other information related to the judgment debtor's status.

Plaintiff's argument misses the point entirely – it is not presently the nature of the materials sought that is problematic, but from whom they are sought.

Fed. R. Civ. P. 69(a)(2) does not allow a judgment creditor to issue a post-judgment subpoena  on a non-party for the non-party's records or deposition because "disclosure concerning the assets of a *non-party* is not generally contemplated by Rule 69(a)." *Uniden Corp. of America v. Duce Trading Co., Ltd.*, 1993 WL 286102 at *1 (W.D.N.Y. 1993)(emphasis added).[1]   To the extent that non-parties are reachable at all by Rule 69(a) subpoena, they may "only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets." *Costomar Shipping Co., Ltd. v. Kim-Sail, Ltd.*, F.Supp., 1995 WL 736907 at *3 (S.D.N.Y. 1995).  Thus, discovery from non-parties (non-judgment debtors) is improper under Rule 69(a).

Consistent with this legal fundament are  the very cases cited by Plaintiff.  First, in both *Libaire v. Kaplan,* 760 F.Supp.2d 288, 295 (E.D.N.Y. 2011 ) and *Peterson v. Valenza*, WL 106475, at *1 (S.D.N.Y. 1993), the subpoenas in question were served on the defendant (i.e., the judgment debtor), and thus were proper.  In neither case were any non-party's records sought nor any non-party sought to be deposed.  Plaintiff fails utterly to recognize this critical distinction, and its argument is fatally flawed as a result.  Likewise, Plaintiff falters in relying on *The Edward Andrews Group, Inc. v. Addressing Servs. Co., Inc.*, 2006 WL 1214984, at *1 (S.D.N.Y. 2006).  In *Edwards Andrews Group* the court enforced a post-judgment subpoena which sought

---

[1]   In very limited circumstances, Rule 69(a) discovery against a non-party may be permitted where a plaintiff alleges sufficient facts to suggest a finding of impropriety between the non-party and judgment debtor.  See, e.g.,  *Jacobson v. Moller & Moller, Inc.*, 2007 WL 1989260 at *2 (E.D.N.Y.,2007); *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977).  No such allegations have been made here, and Plaintiff can cite no facts to support such an allegation, despite having deposed Mr. Flack previously in the case.

only the financial information of the judgment debtor, not information of any non-party. *Id.*

Thus, Plaintiff's reliance on the case is misguided because, like *Libaire* and *Peterson,* it does not

concern a non-party's financial records.

Since Plaintiff's subpoena on Mr. Flack improperly seeks documents regarding personal

assets of a non-party, non-judgment debtor, the Court should grant Defendant's motion to quash

Plaintiff's subpoena on Mr. Flack.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court Quash GMA's

subpoena on Mr. Flack.

Dated: December 28, 2011

> Respectfully submitted,
> Electric Wonderland, Inc. and Jean-Marc
> Flack, by their attorney,
>
> _____
> Jeffrey Sonnabend (JS1243)
> SonnabendLaw
> 600 Prospect Avenue
> Brooklyn, NY 11215-6012
> 718-832-8810
> JSonnabend@SonnabendLaw.com